ORIGINAL

1  ERIC C. SOHLGREN, Bar No. 161710
   ecs@paynefears.com
2  LINDLEY P. FRALEY, Bar No. 223421
   lpf@paynefears.com
3  PAYNE & FEARS LLP
   Attorneys at Law
4  4 Park Plaza, Suite 1100
   Irvine, CA 92614
5  Telephone: (949) 851-1100
   Facsimile: (949) 851-1212
6
   ERIC A. WELTER
7  eaw@welterlaw.com
   WELTER LAW FIRM PC
8  720 Lynn Street, Suite B
   Herndon, VA 20170
9  Telephone: (703) 435-8500
   Facsimile: (703) 435-8851
10
11 Attorneys for Defendant
   7-ELEVEN, INC.
12



13
14            UNITED STATES DISTRICT COURT
15       FOR THE SOUTHERN DISTRICT OF CALIFORNIA
16
   KIMBERLY ALEKSICK,                CASE NO. '08 CV 0059 J WMc
17 individually and on behalf of other
   members of the general public
18 similarly situated,               PETITION AND NOTICE OF
                                     REMOVAL OF CIVIL ACTION
19        Plaintiffs,                UNDER 28 U.S.C. §§ 1332, 1441 AND
                                     1446
20        v.
21 7-ELEVEN, INC., a Texas
   Corporation, MICHAEL TUCKER;
22 an individual; and DOES 1-50,
   Inclusive,
23
          Defendants.
24
25
26
27        Defendant 7-Eleven, Inc. ("7-Eleven") hereby gives notice pursuant to 28
28 U.S.C. §§ 1332, 1441 and 1446 of the removal to this Court of the action

                                      1
─────────────────────────────────────────────
NOTICE OF REMOVAL

1 | commenced against it in the Superior Court of the State of California, County of
2 | Imperial, styled <u>Kimberly Aleksick v. 7-Eleven, Inc., et al.</u> (ECU03615) ("State
3 | Court Action"). The following facts support this removal:

### PROCEDURAL HISTORY

5 |     1.     On or about April 16, 2007, Plaintiff Kimberly Aleksick ("Plaintiff")
6 | filed a Complaint against 7-Eleven and its franchisee Michael Tucker in the
7 | Superior Court for the State of California, County of Imperial. Attached hereto as
8 | Exhibit "A" is a true and correct copy of the Complaint, Civil Case Cover Sheet
9 | and Summons.

10 |     2.     On June 1, 2007, 7-Eleven filed its Answer to the Complaint.
11 | Attached hereto as Exhibit "B" is a true and correct copy of 7-Eleven's Answer.

12 |     3.     The Superior Court noticed a Case Management Conference for
13 | August 14, 2007. Attached hereto as Exhibit "C" is a true and correct copy of the
14 | Court's Notice.

15 |     4.     The Court continued the Case Management Conference to August 23,
16 | 2007 in an Order dated August 8, 2007. Attached hereto as Exhibit "D" is a true
17 | and correct copy of the Court's Order.

18 |     5.     On July 11, 2007, 7-Eleven filed a *Pro Hac Vice* Application for the
19 | admission of Eric A. Welter. Attached hereto as Exhibit "E" is a true and correct
20 | copy of the Application.

21 |     6.     On July 17, 2007, 7-Eleven filed a Case Management Statement.
22 | Attached hereto as Exhibit "F" is a true and correct copy of the Statement.

23 |     7.     On July 18, 2007, Plaintiff's counsel filed a Notice of Plaintiff's
24 | Counsel's Unavailability to Appear at the Case Management Conference and
25 | Request to Continue the CMC, along with a Proposed Order granting the Request.
26 | Attached hereto as Exhibit "G" is a true and correct copy of the Notice, Request,
27 | and Proposed Order.

28 |

NOTICE OF REMOVAL

8.    On July 19, 2007, Defendant Michael Tucker filed an Answer to Plaintiff's Complaint. Attached hereto as Exhibit "H" is a true and correct copy of Mr. Tucker's Answer.

9.    On July 19, 2007, Plaintiff filed a Notice of No Opposition to the *Pro Hac Vice* Application for Eric A. Welter. Attached hereto as Exhibit "I" is a true and correct copy of the Notice.

10.    On July 25, 2007, Plaintiff filed a Case Management Statement for the Case Management Conference on August 14, 2007. Attached hereto as Exhibit "J" is a true and correct copy of the Statement.

11.    On July 31, 2007, Defendant Michael Tucker filed a Case Management Statement for the Case Management Conference on August 14, 2007. Attached hereto as Exhibit "K" is a true and correct copy of the Statement.

12.    On August 1, 2007, the Court issued a Notice of Hearing for the *Pro Hac Vice* Application of Eric A. Welter. Attached hereto as Exhibit "L" is a true and correct copy of the Notice of Hearing.

13.    On August 8, 2007, 7-Eleven filed a Notice of Intent to Appear at the Case Management Conference by Telephone. Attached hereto as Exhibit "M" is a true and correct copy of the Notice.

14.    On August 8, 2007, the Court issued an Order continuing the Case Management Conference to August 23, 2007. Attached hereto as Exhibit "N" is a true and correct copy of the Court's Order.

15.    On August 23, 2007, the Court issued a Case Management Order setting a Case Management Conference for September 25, 2007. Attached hereto as Exhibit "O" is a true and correct copy of the Court's Case Management Order.

16.    7-Eleven provided notice of the Class Action Case Conference to all Parties. Attached hereto as Exhibit "P" is a true and correct copy of the Notice of Class Action Case Conference.

1    17.    On September 6, 2007, attorneys for Michael Tucker provided a

2    Notice of Change of Firm Name. Attached hereto as Exhibit "Q" is a true and

3    correct copy of the Notice of Change of Firm Name.

4    18.    On September 12, 2007, 7-Eleven filed a Case Management

5    Statement. Attached hereto as Exhibit "R" is a true and correct copy of the Case

6    Management Statement.

7    19.    On September 12, 2007, the Court granted Eric A. Welter's *Pro Hac*

8    *Vice* Application. Attached hereto as Exhibit "S" is a true and correct copy of the

9    Court's Order.

10    20.    On September 25, 2007, the Court issued a Case Management Order

11    setting a Case Management Conference for December 21, 2007. Attached hereto

12    as Exhibit "T" is a true and correct copy of the Court's Order.

13    21.    On December 4, 2007, 7-Eleven filed a Case Management Statement

14    and a Notice of Intent to Appear Telephonically. Attached hereto as Exhibit "U" is

15    a true and correct copy of the Case Management Statement and Notice.

16    22.    On December 5, 2007, Defendant Michael Tucker filed a Case

17    Management Statement. Attached hereto as Exhibit "V" is a true and correct copy

18    of the Statement.

19    23.    On December 17, 2007, Plaintiff filed an *Ex Parte* Application for an

20    Order Compelling "Pioneer/Belaire" Notice, or in the Alternative, For An Order

21    Shortening Time To Hear Plaintiff's Request for an Order Compelling

22    "Pioneer/Belaire" Notice. Attached hereto as Exhibit "W" is a true and correct

23    copy of the Application.

24    24.    On December 13, 2007, Plaintiff's counsel faxed to counsel for 7-

25    Eleven Plaintiff's First Amended Complaint ("FAC"). Attached hereto as Exhibit

26    "X" is a true and correct copy of the FAC.

27    25.    On January 9, 2008, 7-Eleven timely filed an answer to Plaintiff's

28    FAC. Attached hereto as Exhibit "Y" is a true and correct copy of the Answer.

4

26.    Exhibits "A" through "Y" hereto constitute the pleadings, process and orders served upon or by 7-Eleven in the State Court Action.

## JURISDICTION

27.    The original Complaint contained several causes of action based on alleged violations of the California Labor Code by Tucker. Count 1 alleged violations of the California Labor Code by Tucker for failure to provide meal or rest breaks, failure to pay overtime compensation, requiring employees to pay for uniforms, and noncompliant wage stubs. Count 2 alleged a claim under Business and Professions Code section 17200 for the same alleged violations.

28.    The original Complaint did not state a federal question and was not removable on the basis of diversity jurisdiction because Tucker is a resident of California.

29.    The original Complaint was not removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Plaintiff's original Complaint framed the putative class as "Plaintiff and her former co-workers" (*Compl.* ¶ 10) and "Plaintiff and similarly situated employees" (*Compl.* ¶ 11). Plaintiff was an employee of franchisee Michael Tucker. Even assuming that 7-Eleven was found to be Plaintiff's "employer," which was extremely unlikely under California law (see ¶ 4 below), there was no legal basis in the original Complaint to extrapolate the putative class to franchisees other than Michael Tucker. As such, Plaintiff's "co-workers" would not likely have numbered over the 100 required for jurisdiction under the CAFA nor would 7-Eleven have been able to establish an amount in controversy greater than $5,000,000 as required by the CAFA.

30.    The claims in the original Complaint were all premised upon alleged Labor Code violations by 7-Eleven's franchisee, Michael Tucker. The California courts have repeatedly upheld the independent contractor relationship between 7-Eleven and its franchisees, holding that 7-Eleven is not the employer of its

NOTICE OF REMOVAL

franchisee's employees nor is it an agent of the franchisee.  Singh v. 7-Eleven, Inc., 2007 WL 715488 (N.D.Cal. 2007); Cislaw v. Southland Corp., 4 Cal.App.4th 1284 (1992); Wickham v. Southland Corp., 168 Cal.App.3d 49 (1985); see also Chelkova v. Southland Corp., 771 N.E.2d 1100 (Ill. App. 2002); Daves v. Southland Corp., 2000 WL 60199 (Wash. App. 2000); Hatcher v. Augustus, 956 F.Supp. 387 (E.D.N.Y. 1997).  Indeed, there is a paucity of reported decisions nationwide holding franchisors liable for the wage and hour violations of its franchisee.  See, e.g., Howell v. Chick-Fil-A, Inc., 1993 WL 603296, *2 n.2 (N.D.Fla. 1993) (noting in FLSA case brought by employee of franchisee against franchisor that that court has "not discovered a reported case in which a franchisor has been held liable to an employee of an independent contractor.").  Thus, given that the original Complaint involved at most two 7-Eleven stores operated by franchisee Michael Tucker, the original Complaint did not satisfy the jurisdictional limits under the CAFA.

31.    On December 17, 2007, 7-Eleven received Plaintiff's First Amended Complaint by facsimile.

32.    The First Amended Complaint is a substantially new complaint.  It includes new claims against 7-Eleven that are fundamentally different from those in the original Complaint.  The new claims include negligence, negligence per se, and negligent interference with prospective economic advantage, and a claim for penalties under California Labor Code section 2699.

33.    Plaintiff's "negligence" claims seek to impose direct liability on 7-Eleven for its practices in providing payroll services to its franchisees.  Thus, the "negligence" claims do not depend on a finding that 7-Eleven was Plaintiff's "employer."  These claims, for the first time, potentially implicate all of 7-Eleven's approximately 1,200 franchise stores in California.

34.    Removal here is governed by 28 U.S.C. § 1446(b).  Section 1446(b) provides, in pertinent part, "[i]f the case stated by the initial pleading is not

6

1    removable, a notice of removal may be filed within thirty days after receipt by the

2    defendant, through service or otherwise, of a copy of an amended pleading,

3    motion, order or other paper from which it may first be ascertained that the case is

4    one which is or has become removable."

5        35.     The three "negligence" claims asserted directly against 7-Eleven in

6    the First Amended Complaint are not dependent upon 7-Eleven's status as an

7    "employer." Rather, the First Amended Complaint asserts a completely new

8    theory of liability directly against 7-Eleven: that 7-Eleven acted negligently in

9    operating its payroll system for its franchisees. (*See, e.g., First Amd. Compl.*

10    ¶¶ 22, 24-25). As discussed in more detail below, the First Amended Complaint is

11    an amended pleading from which it may first be ascertained that the case is

12    removable, and 7-Eleven has filed this removal within thirty (30) days of its

13    receipt.

14        36.     The State Court Action is a civil action of which this Court has

15    original jurisdiction under 28 U.S.C. § 1332(d), and is one which may be removed

16    to this Court by 7-Eleven pursuant to 28 U.S.C. § 1441, in that:

17          a.   7-Eleven is a corporation incorporated in and under the laws of the

18              State of Texas, and it is and has been at all material times a citizen of

19              that state. 7-Eleven's corporate headquarters and principal place of

20              business is in Dallas, Texas. 7-Eleven is not a citizen of the State of

21              California. (*See First Amd. Compl.* ¶ 5).

22          b.   Plaintiff is a resident of the State of California. (*First Amd. Compl.* ¶

23              4).

24          c.   According to Plaintiff, the potential class consists of 5,000

25              individuals. (*First Amd. Comp.* ¶ 11). Assuming that the putative

26              class now includes the employees of 7-Eleven's approximately 1,200

27              franchise stores in California (which the original Complaint could not

28              have), 7-Eleven's records indicate there were approximately 19,000

NOTICE OF REMOVAL

individuals employed by its franchisees in California for some period
of time during 2006.

d.  The matter in controversy exceeds the sum or value of $5,000,000,
    exclusive of interest and costs.  To determine the amount in
    controversy, the Court "must assume that the allegations in the
    complaint are true."  <u>Forever Living Prods. U.S. Inc. v. Geyman</u>, 471
    F.Supp.2d 980, 986 (D.Ariz. 2006); <u>Kenneth Rothschild Trust v.
    Morgan Stanley Dean Witter</u>, 199 F.Supp.2d 993, 1001 (C.D.Cal.
    2002).

    (a)  Plaintiff alleges that the potential class consists of 5,000
         individuals, "100%" of whom were denied meal and rest
         breaks and not provided the mandated payment required by
         law. (*FAC*, ¶¶ 11, 14A).

         1.  Under Plaintiff's sixth claim for relief under California
             Labor Code section 2699, an employer is liable for a
             $100 penalty for the initial violation and $200 for each
             subsequent violation.  The relevant limitations period for
             this claim is one year.  Cal. Code Civ. Proc. § 340.
             Assuming that Plaintiff's allegation that 100% of the
             class was denied the meal and rest breaks during each
             work week during the one year limitations period, the
             potential damages on this claim amounts to $51,500,000
             (5,000 * $100 + 5,000 * $200 * 51).

         2.  The minimum wage in California during a substantial
             part of the potential class period here was $6.75.  The
             relevant limitations period on Plaintiff's section 17200
             restitution claim is four years.  California Bus. & Prof.
             Code § 17208.  Based on Plaintiff's allegations that

NOTICE OF REMOVAL

"100%" of the employees in California were deprived of meal and rest breaks and not paid the hour of pay due each week due to 7-Eleven's payroll system, the potential damages on that claim would amount to $7,020,000 ($6.75 a week * 52 weeks * 5,000 putative class members* 4 years).

(b)   7-Eleven's records indicate that there were approximately 19,000 individuals employed by its 1,215 franchise stores in California in 2006 and that the average hourly wage of those individuals as of February 2007 was $8.48.

   1.  Looking again at Plaintiff's claim under California Labor Code § 2699, assuming only two violations per putative plaintiff during the one-year limitations period, the potential damages on this claim alone would amount to $5,700,000 (19,000 * 300).

   2.  Looking at Plaintiff's meal and rest break claim, assuming that the putative class members were not paid the statutorily required one-hour of pay for each week during the year prior to the commencement of this case, the potential damages on this claim would amount to $8,378,240 (19,000 * 52 * 8.48).

e.  7-Eleven has established the elements necessary for removal under the CAFA, 28 U.S.C. § 1332(d).

37.   The United States District Court for the Southern District of California, San Diego Division, is the District Court of the United States and the Division thereof embracing the place where the State Court Action is pending prior to removal.

NOTICE OF REMOVAL

## **CONCLUSION**

38.     Because 7-Eleven has established the necessary elements for removal pursuant to 28 U.S.C. § 1332(d), 7-Eleven respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED:  January 10, 2008                    PAYNE & FEARS LLP


By: *Lindley P. Fraley*
       LINDLEY P. FRALEY

                              Attorneys for Defendant
                              7-ELEVEN, INC.

381800

10

1

### INDEX OF EXHIBITS

2

*Alesick vs. 7-Eleven, Inc.*

3

4  Exhibit "A":      Summons and Complaint and Civil Cover Sheet

5  Exhibit "B":      Defendant's Answer to Complaint

6  Exhibit "C":      Court's Notice of CMC on August 14, 2007

7  Exhibit "D":      Court's Order to continue Case Management Conference

8  Exhibit "E":      *Pro Hac Vice* Application for admission of Eric A. Welter

9  Exhibit "F":      Case Management Statement (7-Eleven)

10
   Exhibit "G":      Notice of Plaintiff's Counsel's Unavailability to Appear at
11                   CMC, Request Continue CMC, and [Proposed] Order

12  Exhibit "H":     Defendant Michael Tucker's Answer to Complaint

13  Exhibit "I":     Notice of No Opposition to *Pro Hac Vice* Application

14  Exhibit "J":     Case Management Statement filed by Plaintiff (8/14/07)

15  Exhibit "K":     Case Management Statement filed by Michael Tucker (8/14/07)

16  Exhibit "L":     Court's Notice of Hearing for the *Pro Hac Vice* Application

17
   Exhibit "M":      Notice of Intent to Appear at the CMC by Telephone (7-Eleven)
18

19  Exhibit "N":     Court's Order Continuing CMC to August 23, 2007
    Exhibit "O":     Court's Case Management Order for September 25, 2007

20
   Exhibit "P":      Notice of Class Action Case Conference (7-Eleven)
21

22  Exhibit "Q":     Notice of Change of Firm Name (Michael Tucker's Attorneys)

23  Exhibit "R":     Case Management Statement (7-Eleven)

24  Exhibit "S":     Court's Order Granting *Pro Hac Vice* Application

25  Exhibit "T":     Case Management Order setting CMC for December 21, 2007

26  Exhibit "U":     Case Management Statement and Notice to Appear
                     Telephonically at CMC (7-11)
27
   Exhibit "V":      Case Management Statement (Michael Tucker)
28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1    Exhibit "W":        Ex Parte Application for an Order (Plaintiff)

2    Exhibit "X":        First Amended Complaint (Plaintiff)

3    Exhibit "Y":        Answer to First Amended Complaint (7-Eleven)

4

5    381967.1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT A**

F 4/14

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| William B. Sullivan [CSB No. 171637] | |

Eric J. Palmer [CSB No. 231207]
SULLIVAN & CHRISTIANI, LLP
2330 Third Ave., San Diego, California 92101
TELEPHONE NO.: (619) 702-6760    FAX NO.: (619) 702-6761
ATTORNEY FOR *(Name):* Plaintiff KIMBERLY ALEKSICK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL
STREET ADDRESS: 939 Main Street
MAILING ADDRESS: 939 Main Street
CITY AND ZIP CODE: El Centro, California 92243
BRANCH NAME:

**FILED**

APR A A 2007

SUPERIOR COURT
IMPERIAL COUNTY'S CA.
JOSE G. GUADIAN, CLERK
_____ DEPUTY

CASE NAME:
ALEKSICK v. 7-ELEVEN, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: ECU 0 3015 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: 9 DEPT: Jeffrey Zimmerman |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action *(specify):* Two (2)

5. This case ☑ is ☐ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 16, 2007

_____
(TYPE OR PRINT NAME)

►

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc. www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403 Standards of Judicial Administration, § 19 www.courtinfo.ca.gov |

**Exhibit A, Page 11**


**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
7-ELEVEN, INC., a Texas Corporation; and DOES 1 through 50
Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KIMBERLY ALEKSICK, individually and on behalf of other members
of the general public similarly situated.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
APR 1 6 2007
SUPERIOR COURT
IMPERIAL COUNTY CA.
JOSE O. GUILLEN, CLERK
BY_____ DEPUTY
MONICA ORTEGA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* EC U 03615 |
| --- | --- |

Superior Court of California
939 Main Street
El Centro, California 92243

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William B. Sullivan, SULLIVAN & CHRISTIANI LLP
2330 Third Ave., San Diego, California 92101

| DATE: APR 1 6 2007 | JOSE O. GUILLEN Clerk, by _____, Deputy |
| --- | --- |
| *(Fecha)* | *(Secretario)* *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* 7-ELEVEN, Inc.
   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 American LegalNet, Inc. www.USCourtForms.com |
| --- | --- | --- |

**Exhibit A, Page 12**




SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Michael Tucker, an individual

7-ELEVEN, INC., a Texas Corporation; and DOES 1 through 50
Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KIMBERLY ALEKSICK, individually and on behalf of other members
of the general public similarly situated.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED**

APR 16 2007

SUPERIOR COURT
IMPERIAL COUNTY
JOSE Q. GUILLEN, CLERK
BY MONICA PEREZ
DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* ECU036015 |
|---|---|

Superior Court of California
939 Main Street
El Centro, California 92243

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William B. Sullivan, SULLIVAN & CHRISTIANI LLP
2330 Third Ave., San Diego, California 92101

| DATE: *(Fecha)* | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* 7-ELEVEN, Inc. , a TEXAS CORPORATION

   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*

4. ☑ by personal delivery on *(date):* 5/3/07

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

**Exhibit A, Page 13**



F 4/16
I 4/16

1  William B. Sullivan [CSB No. 171637]
   Eric J. Palmer [CSB No. 231207]
2  **SULLIVAN & CHRISTIANI, LLP**
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4

5  Attorneys for Plaintiff KIMBERLY ALEKSICK

6



FILED

APR 1 6 2007

SUPERIOR COU...
IMPERIAL COUNTY CA.
JOSL... ...TERSON, CLERK
BY _____ DEPUTY

7                                                   Assigned for all purposes to Judge
                                                    Joseph... ...tterson

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF IMPERIAL**

10  KIMBERLY ALEKSICK, individually and )   CASE NO.  ECU03615
    on behalf of other members of the general )
11  public similarly situated,                )   (CLASS ACTION)
                                               )
12              Plaintiff,                     )   **COMPLAINT FOR:**
                                               )
13     v.                                      )   1. **VIOLATION  OF  LABOR  CODE;**
                                               )      **(CLASS ACTION) and**
14                                             )
    7-ELEVEN, INC., a Texas Corporation;       )   2. **VIOLATION OF BUSINESS AND**
15  MICHAEL TUCKER, an individual; and         )      **PROFESSIONS CODE SECTION**
    DOES 1-50, Inclusive,                      )      **17200 (CLASS ACTION)**
16                                             )
              Defendants.                      )
17                                             )

18  _____

19

20          COMES NOW Plaintiff KIMBERLY ALEKSICK, (hereinafter "Plaintiff"), and alleges for her

21  Complaint as follows:

22  1.   This Court has jurisdiction over this matter in that all parties are residents of the State of

23       California and the amount in controversy exceeds the statutory minimum limit of this Court. This

24       class action is brought pursuant to Section 382 of the California Code of Civil Procedure. The

25       monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of

26       the Superior Court and will be established according to proof at trial.  The monetary damages

27       sought on behalf of each and every member of the class and as aggregate class damages exceed

28       those jurisdictional limits as well.  However, the claims of individual class members, including

         Plaintiff, are under $75,000.00 jurisdictional threshold for federal court. Furthermore, there is no

F:\Data\6329\Pldgs\Aleksick class action complaint.wpd

                                                              CLASS ACTION COMPLAINT

                                                       **Exhibit A, Page 14**

1    federal question at issue, as Wage and Hour protections and remedies related thereto are based

2    solely on California Law and Statutes, including the Labor Code, Civil Code, Code of Civil

3    Procedure, and Business and Professions Code.

4    2.    Venue is proper before this Court in that some or all of the events, acts and happenings as alleged

5    herein occurred within the jurisdiction of the above-entitled court.

6    3.    Venue before this Court is proper in that certain wrongful acts which gave rise to Plaintiff's

7    injuries occurred in Imperial County in the State of California.

8    4.    At all relevant times herein, Plaintiff KIMBERLY ALEKSICK (Hereinafter "Plaintiff") was and

9    is an individual residing in Imperial County in the State of California.

10    5.    Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein,

11    Defendant 7-ELEVEN, INC. (hereinafter "Defendant Employer"), was and is a Texas

12    Corporation doing business in Imperial County in the State of California.

13    6.    Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein,

14    Defendant MICHAEL TUCKER (hereinafter "TUCKER") was and is residing and doing

15    business in Imperial County in the State of California.

16    7.    Plaintiff is presently unaware of the true names, capacities and liability of Defendants named

17    herein as DOES 1 through 50, inclusive. Accordingly, Plaintiff will seek leave of court to amend

18    this Complaint to allege their true names and capacities after the same have been ascertained.

19    8.    Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

20    Defendants is responsible in some manner for the wrongs and damages as herein alleged, and in

21    so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and

22    in doing the actions mentioned below was acting within the course and scope of his or her

23    authority as such agent, servant, partner, and employee with the permission and consent of the

24    co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said Defendants.

25    Wherever it is alleged herein that any act or omission was done or committed by any specially

26    named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same

27    act or omission was also done and committed by each and every Defendant named as a DOE,

28    both separately and in concert or conspiracy with the named Defendant or Defendants.

9.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,

F:\Data\63279\Pldgs\Aleksick class action complaint.wpd                2                CLASS ACTION COMPLAINT

1    including DOES 1 through 50, are, and at all times herein mentioned were, either individuals,

2    sole proprietorships, partnerships, registered professionals, corporations, alter egos, or other legal

3    entities which were licensed to do and/or were doing business in the County of San Diego, State

4    of California at all times relevant to the subject matter of this action.

5                                 **CLASS ACTION ALLEGATIONS**

6    10.   As more specifically set forth below, Plaintiff is bringing this action on behalf of an ascertainable

7        class and a well-defined community of interest among the class members. Code of Civil

8        Procedure Section 382; <u>Richmond v. Dart Industries, Inc.</u> (1981) 29 Cal.3d 426, 470.

9        Throughout her employment, Plaintiff and her former co-workers were knowingly denied and/or

10       refused mandated relieved meal and rest periods, in violation of Labor Code Section 512.

11       Defendant Employer and TUCKER ("Defendants") further failed to provide Plaintiff and her

12       former co-workers one hour of pay at their regular rate of pay for each day the meal and rest

13       periods were not provided, in violation of Labor Code Section 226.7, despite such knowledge.

14       Moreover, Plaintiff and other employees of Defendants regularly worked in excess of eight (8)

15       hours a day and/or forty (40) hours a week without receiving appropriate overtime compensation.

16       Further, Plaintiff and other employees of Defendants were required to purchase uniforms using

17       their own monies, in violation of Labor Code section 2802.  Additionally, Plaintiff did not

18       receive itemized wage statements ("pay-stubs") which were compliant with the provisions of

19       Labor Code section 226.

20   11.   Plaintiff brings this action on the grounds that she and other similarly situated employees

21       employed by Defendants were and are improperly denied earned overtime compensation,

22       mandated wages resulting from missed meal and rest periods, improperly required to purchase

23       work uniforms with their own wages, and improperly issued statutorily non-compliant pay-stubs.

24       <u>Sav-On Drug Stores, Inc. v. Superior Court</u> (2004) 34 Cal.4th 319.  The class of present and

25       former employees is believed to number approximately five thousand (5000.)

26   12.   The approximately 5000 member class is ascertainable via their experience as present or past

27       employees of Defendants.

28   13.   The class members share a community of interest and an injury in fact as Defendants have

       violated California compensation laws, thereby depriving the class members of money earned

1    by them.

2    14.    This action involves questions of law and fact common to the class in that Plaintiff is bringing

3    this action on behalf of a class of Defendants' current and former employees who were and/or

4    are improperly denied mandated meal and rest periods, overtime compensation, statutorily

5    compliant pay stubs, and were and/or are improperly required to purchase work uniforms with

6    their own wages. The subject matter of this action both as to factual and legal matters is such that

7    there are questions of law and fact common to the class which predominate over questions

8    affecting only individual members, including, among other things the following:

9        A.    Statistically, one hundred percent (100%) of the class members were not "authorized and

10            permitted" to take their legally mandated meal and rest periods, and/or were not provided

11            the legally mandated payment for not receiving relieved meal and rest periods. 100% of

12            the class members were required by Defendants to purchase work uniforms using their

13            own wages. 100% of the class members did not receive statutorily compliant pay-stubs

14            during the operative class period.

15        B.    The duties and responsibilities of the class members Plaintiff is representing were similar

16            and comparable. Any variations in job activities between the individual class members

17            are legally insignificant to the issues presented by this action since the central facts

18            remain, to wit, Plaintiff and the other class members were improperly denied the

19            mandated meal and rest periods, overtime compensation, pay-stubs, and were improperly

20            required to purchase work uniforms using their own wages.

21    14.    The class on whose behalf the action is brought is so numerous that joinder of all parties

22    individually would be impractical. Plaintiff is bringing this action on behalf of approximately

23    5000 current and/or former employees of Defendants who share a common or general interest,

24    and it would be impracticable for those current or former employees to bring the action

25    individually.

26    15.    Plaintiff's claims in this action are typical of the class Plaintiff is generally representing. Plaintiff

27    and other members in the class were required and instructed by Defendants to perform work

28    during their mandated meal and rest periods and were not provided the mandated relieved and

off-duty meal and rest breaks. Defendants further failed to provide Plaintiff and other members

F:\Data\6329\Pldgs\Aleksick class action complaint.wpd         4         CLASS ACTION COMPLAINT

**Exhibit A, Page 17**

in her class one hour of pay at their regular rate of pay for each day the meal and rest periods were not provided, in violation of Labor Code Section 226.7. Defendants further failed to pay overtime compensation to Plaintiff and other class members for work performed in excess of 8 hours a day and/or 40 hours a week, in violation of Labor Code Section 510. Defendants further failed to provide Plaintiff and other class members statutorily compliant pay-stubs in accordance with Labor Code Section 226. Defendants further required Plaintiff and other class members to purchase work uniforms using their own wages. Plaintiff seeks proper compensation and restitution on behalf of herself and other members in the class for the foregoing irregularities.

16. Plaintiff can fairly and adequately protect the interests of all the members of the class she is representing in this action. Plaintiff's experience and knowledge of her former employers' Wage and Hour practices and its policy regarding Meal and Rest periods, Overtime compensation, issuing pay-stubs, and employee uniform purchases, in addition to Plaintiff's familiarity with the job duties of the class members she is representing, entitle her to adequately and fairly represent the class.

17. Plaintiff has satisfied the three prong "community of interest" requirement in California Code of Civil Procedure Section 382. Specifically, and as set forth above, (a) this action involves predominant common questions of law or fact in that Plaintiff brings this action on behalf of the approximately 5000 member class who were denied overtime compensation mandated relieved meal and rest periods, and required wages under Labor Code Section 226.7 and Title 8, California Code of Regulations Section 11010(11)(C) also known as Wage Order 1 and therefore, like Plaintiff, were improperly compensated, (b) Plaintiff's claims and damages are typical of the class Plaintiff represents in that, as mentioned above, Plaintiff seeks on behalf of herself and the class members she represents wages for failure to provide them the required meal and rest periods, including required wages under Labor Code Section 226.7 and Title 8, California Code of Regulations Section 11010(11)(C), and (c) Plaintiff's experience and knowledge of her former employer's Wage and Hour practices and its policy regarding meal and rest periods, in addition to Plaintiff's familiarity with the job duties of the class members she is representing, entitle her to adequately and fairly represent the class.

 

## FACTUAL BACKGROUND

18. In or about 2005, Plaintiff commenced working in a position titled by Defendants as "Sales Associate." Plaintiff's employment with Defendants continued until her involuntary termination on February 20, 2007. Throughout her employment with Defendants, Plaintiff performed her job in a capable and competent manner, and was commended for doing so. Throughout her employment with Defendants, both Defendants exercised control over the wages, hours, and/or working conditions of Plaintiff and her fellow employees, and both Defendants possessed the right to terminate Plaintiffs' employment.

19. Plaintiff and other members in her class were required and instructed by Defendants to perform work during their mandated meal and rest periods and therefore were not provided the mandated relieved and off-duty meal and rest breaks, in violation of Labor Code Sections 512 and 226.7 and Title 8, California Code of Regulations Section 11010(11)(C) also known as Wage Order 1. Plaintiff and other members in her class were not provided one hour of pay at their regular rate of pay for each day the meal and rest period was not provided, in violation of Labor Code Section 226.7. Plaintiff and other members in her class were not compensated for work performed in excess of 8 hours a day and/or 40 hours a week. Plaintiff and other members in her class were not provided statutorily compliant itemized wage statements ("pay-stubs".) Plaintiff and other members in her class were required by Defendants to purchase and clean work uniforms using their own wages.

### FIRST CAUSE OF ACTION
#### Violation of Labor Code - Class Action
#### (By The Class Against All Defendants)

20. Plaintiff hereby incorporates by reference paragraphs 1 through 19 above, as though fully set forth herein.

21. California Labor Code § 226.7(a) states that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

22. Under applicable state law, employees who work more than five (5) hours a day are entitled to a meal period of at least thirty (30) minutes, and a second meal period of at least thirty (30)

**Exhibit A, Page 19**

 

1    minutes if they work more than ten (10) hours in a day.  (Labor Code § 512(a).)

2    23.    Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall

3           be considered an "on duty" meal period and counted as time worked.  Title 8, California Code

4           of Regulations Section 11010(11)(C) also known as Wage Order 1.

5    24.    An employer who fails to provide meal or rest periods as required by an applicable Wage Order

6           must pay the employee one additional hour of pay at the employee's regular rate of pay for each

7           workday that the meal or rest period was not provided.  (Labor Code § 226.7(b); IWC Wage

8           Orders 1-2001 through 13-2001, 15-2001.)

9    25.    During the course of her employment, Plaintiff and other employees were required by Defendants

10          to work through their lunches and perform work during their meal and rest periods, and therefore,

11          Plaintiff and other members in her class were denied relieved and off-duty meal and rest periods.

12   26.    Defendants willfully failed and refused to pay Plaintiff and other employees one additional hour

13          of pay at their regular rate of pay for each workday that a meal or rest period was not provided

14          as required by Labor Code Section 226.7.

15   27.    California Labor Code § 226 states, in part, that each pay period, Defendants shall provide its

16          employees an accurate Itemized Wage Statement, showing (in part) the gross wages earned and

17          the total hours earned by each employee.

18   28.    During the course of her employment, Plaintiff and other employees were not provided statutorily

19          compliant Itemized Wage Statements ("pay-stubs") by Defendants.

20   29.    As a direct result of Defendants' willful failure and refusal to (a) provide the mandated meal or

21          rest period or pay one additional hour of pay at the regular rate of pay for each workday that a

22          meal or rest period was not provided, and (b) failure to comply with Labor Code section 226,

23          Plaintiff and other employees have suffered injury, loss and harm all to their damages in a sum

24          according to proof.  On behalf of the class, Plaintiff hereby seeks compensatory damages, back

25          pay (or penalty), and prejudgement interest, and the payment of one hour of pay at the regular rate

26          of pay, for each day the Meal or Rest period was not provided.

27   30.    California Labor Code § 510(a) states that, "Eight hours of labor constitutes a day's work. Any

28          work in excess of eight hours in one workday and any work in excess of 40 hours in any one

             workweek and the first eight hours worked on the seventh day of work in any one workweek shall

F:\Data\6129\Pidge\Alehsick class action complaint.wpd                7                    CLASS ACTION COMPLAINT

**Exhibit A, Page 20**

1    be compensated at the rate of no less than one and one-half times the regular rate of pay for an

2    employee."

3    31.  During the course of her employment, Plaintiff and other employees were not compensated at

4    one and one half (1½) times their regular rate of pay for hours worked in excess of 8 hours a

5    day and/or 40 hours a week. As a result, Plaintiff and other employees have suffered injury,

6    loss and harm all to their damages in a sum according to proof.

7    32.  Labor Code section 2802(a) states that, "[a]n employer shall indemnify his or her employee for

8    all necessary expenditures or losses incurred by the employee in direct consequence of the

9    discharge of his or her duties, or of his or her obedience to the directions of the employer."

10    33.  During the course of her employment, Plaintiff and other employees were required by Defendants

11    to purchase, using their own funds, custom pants, shirts, and shoes as part of their "work

12    uniforms." Additionally, Plaintiff and other employees were required to clean all or part of their

13    "work uniforms." Plaintiff and other employees were not reimbursed by Defendants for these

14    expenditures.

15    34.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is

16    presently unaware of the precise amount of these expenses and fees and prays leave of court to

17    amend this Complaint when the amounts are more fully known.

18

19

20

### SECOND CAUSE OF ACTION
#### Violation of Business and Professions Code §17200 - Class Action
#### (By The Class Against All Defendants)

21

22    35.  Plaintiff hereby incorporates by reference paragraphs 1 through 34 as though fully set forth

23    herein.

24    36.  Plaintiff is an ex-employee and direct victim of Defendants' illegal business acts and practices

25    referenced in this complaint, and has lost money as a result of such practices, and is suing both

26    in her individual capacity and on behalf of former or current employees of Defendants who share

27    a common or general interest in the damages as a result of the illegal practices. Specifically,

28    Plaintiff is bringing this claim on behalf of Defendant Employer's current and former employees

who are/were improperly denied mandated relived meal and rest periods and required wages

**Exhibit A, Page 21**

1  under Labor Code Section 226.7, denied overtime compensation under Labor Code Section 510,

2  denied statutorily compliant pay-stubs under Labor Code Section 226, and required to purchase

3  and clean uniforms using their funds, a violation of Labor Code Section 2802. The class of

4  present and former employees is believed to be approximately 5000 members.

5  37.  The approximately 5000 member class is ascertainable via their experience as present or past

6  employees of Defendant Employer. The members share a community of interest, and an injury

7  in fact, as Defendant Employer has violated California compensation laws, thereby depriving the

8  class members of money earned by them. Based on the facts set forth above, it would be

9  impracticable to proceed in individual actions.

10  38.  Plaintiff has suffered an injury in fact pursuant to Business and Professions Code Section 17204,

11  and has lost money as a result of Defendant Employer's illegal practices, in that she was

12  improperly denied Wages in violation of Labor Code Section 226.7, throughout her employment

13  with Defendant Employer.

14  39.  Plaintiff is bringing this action on behalf of an ascertainable class, who share a community of

15  interest, pursuant to Business and Professions Code Section 17203 and Code of Civil

16  Procedure Section 382, who share a common or general interest in the damages as a result of

17  the illegal practices, in that those individuals on whose behalf the action is brought have also

18  lost money as a result of Defendants' practices, by denying them proper payment of Wages under

19  Labor Code Section 226.7, denying them overtime compensation under Labor Code Section 510,

20  denying them statutorily compliant pay-stubs under Labor Code Section 226, and requiring them

21  to purchase and clean uniforms using their funds, a violation of Labor Code Section 2802, and

22  that it would be impracticable to proceed in as an individual plaintiff action.

23  40.  As set forth above, during the course of Plaintiff's employment, Defendants failed and refused

24  to properly pay Plaintiff, and other employees, mandated meal and rest periods and one hour of

25  pay at the employees' regular rate of pay for each day the meal and rest periods were not

26  provided. (Labor Code Sections 226.7, 512; Title 8, California Code of Regulations Section

27  11010(11)(C).) Defendants failed and refused to properly pay Plaintiff, and other employees

28  overtime compensation for hours worked in excess of 8 hours a day and/or 40 hours a week.

(Labor Code Section 510.) Defendants failed and refused to provide Plaintiff, and other

F:\Data\632P\Pdgn\Aleksick class action complaint.wpd                     9                     CLASS ACTION COMPLAINT

1    employees statutorily compliant pay-stubs. (Labor Code Section 226.) Defendants improperly

2    required Plaintiff and other employees to purchase and clean work uniforms using their funds.

3    (Labor Code section 2802.)

4    41.  California Business and Professions Code § 17200 *et seq.*, prohibits any unlawful, unfair, or

5         fraudulent business act or practice.

6    42.  Plaintiff's allegations herein are based upon the business acts and practices of the Defendants.

7    43.  Defendants' acts and practices as described herein above are unlawful, in that they violate the

8         California Labor Code.

9    44.  As a direct result of Defendants' unlawful business acts and practices, Plaintiff, and other

10        employees, have been denied wages earned, and have therefore been damaged in amount to be

11        proven. Accordingly, Plaintiff prays for restitution and injunctive damages in an amount to be

12        proven.

13   45.  Plaintiff is informed and believes, and on that basis alleges, that the unlawful business practices

14        alleged above are continuing in nature and are widespread practices engaged by Defendants.

15   46.  On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against

16        Defendants, to enjoin them from continuing to engage in the illegal conduct alleged herein.

17   47.  On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages.

18   48.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is

19        presently unaware of the precise amount of these expenses and fees and prays leave of court to

20        amend this Complaint when the amounts are more fully known.

21                                **PRAYER FOR RELIEF**

22        WHEREFORE, Plaintiff on her own behalf and on behalf of the members of the class and the

23   general public, prays for judgment as follows:

24   1.   For an order certifying the proposed class;

25   2.   Upon the First Cause of Action, for compensatory damages according to proof as set forth in

26        California Labor Code § 226, California Labor Code § 226.7, California Labor Code § 510, and

27        California Labor Code § 2802, for failing to provide statutorily compliant itemized wage

28        statements ("pay-stubs"), failing to provide overtime compensation for hours worked in excess

1   of 8 hours a day and/or 40 hours a week, denying mandated meal and rest periods and other

2   wages resulting from failure to count work employees performed during meal breaks as time

3   worked, and for improperly requiring employees to purchase work uniforms using their own

4   funds;

5   3.   Upon the First Cause of Action, for waiting time penalties according to proof pursuant to

6       California Labor Code § 203;

7   4.   Upon the First Cause of Action, for penalties pursuant to California Labor Code §§ 558, 1199,

8       and Title 8, California Code of Regulations Section 11010 Section 20.

9   5.   For compensatory damages in an amount to be proven;

10  6.   For lost back pay in an amount to be proven;

11  7.   On behalf of the ascertainable class, for a permanent injunction against Defendant Employer

12      restraining, preventing, and enjoining Defendant Employer from engaging in the illegal practices

13      alleged, and to ensure compliance with Labor Code section 226;

14  8.   On behalf of the ascertainable class, for restitution damages on behalf of the Section 17200

15      claimants who share a common or general interest;

16  9.   For an award of interest, including prejudgement interest, pursuant to Labor Code Section 218.6;

17  10.  For an award of attorneys' fees and costs of suit herein pursuant to Labor Code Sections 226,

18      2802, 1194 and 218.5;

19  11.  For an award of punitive and exemplary damages where permissible;

20  12.  For such other relief as the court deems just and proper.

21

22

23

24  Dated: 4/16/07                          SULLIVAN & CHRISTIANI, LLP

25

26

27                                          William B. Sullivan,
                                            Eric J. Palmer,
28                                          Attorneys for Plaintiff KIMBERLY ALEKSICK

F:\Data\A329\Pldgs\Aleksick class action complaint.wpd          11          CLASS ACTION COMPLAINT

**Exhibit A, Page 24**

**EXHIBIT B**

6/1

1  PAYNE & FEARS LLP
   Attorneys at Law
2  Eric C. Sohlgren, Bar No. 161710
   Laurel E. Adcock, Bar No. 223421
3  4 Park Plaza, Suite 1100
   Irvine, CA 92614
4  Telephone: (949) 851-1100
   Facsimile: (949) 851-1212
5
6  WELTER LAW FIRM, P.C.
   720 Lynn Street, Suite B
7  Herndon, VA 20170
   Telephone: (703) 435-8500
8  Facsimile: (703) 435-8851

   Attorneys for Defendant
9  7-ELEVEN, INC.

ENDORSED

JUN 0 1 2007

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY BECKY GUERRERO
DEPUTY

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                         **COUNTY OF IMPERIAL**

12  KIMBERLY ALEKSICK, individually and on        CASE NO. ECU03615
    behalf of other members of the general public
13  similarly situated,                           Assigned for All Purposes to:
                                                  Judge: The Hon. Joseph Zimmerman
14              Plaintiff,                         Department: 9

15        v.                                      **ANSWER OF DEFENDANT 7-ELEVEN,
                                                  INC. TO PLAINTIFF'S COMPLAINT**
16  7-ELEVEN, INC., a Texas Corporation;
    MICHAEL TUCKER, an individual; and DOES
17  1-50, inclusive,                              Date Action Filed:  April 16, 2007
                                                  Trial Date:         None Set
18              Defendants.

19

20                         **GENERAL DENIAL**

21

22          Defendant 7-Eleven, Inc. ("Defendant") for itself and for no other defendant, denies,

23  generally and specifically, each and every allegation contained in the Complaint for Damages filed herein

24  by Plaintiff Kimberly Aleksick ("Plaintiff").  Defendant further denies, generally and specifically, that

25  Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of

26  Defendant or on the part of any agent or employee of Defendant, or any of them.

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

_____
                    ANSWER TO COMPLAINT

                                              **Exhibit B, Page 25**

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.     The Complaint, and each alleged cause of action therein, fails to state sufficient facts to constitute a claim upon which relief may be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2.     The Complaint, and each alleged cause of action therein, is barred, in whole or in part, by the applicable statutes of limitation, including but not limited to Code of Civil Procedure sections 338(a), 340(a), 340 (b) and 343; Labor Code section 203; and Business and Professions Code section 17208.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

3.     The Complaint, and each cause of action alleged therein, is barred because Plaintiff failed to satisfy the procedural prerequisites prior to filing the action or to exhaust available administrative remedies in a timely manner.

**FOURTH AFFIRMATIVE DEFENSE**

**(Proper Compensation)**

4.     Defendant is informed and believes that Plaintiff's claims are barred in

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-2-
ANSWER TO COMPLAINT

**Exhibit B, Page 26**



1  whole or in part because at all times mentioned in the Complaint, Plaintiff was compensated

2  properly pursuant to the requirements contained in the California Labor Code and the Wage

3  Orders of the California Industrial Welfare Commission.

4

5  ### FIFTH AFFIRMATIVE DEFENSE

6  ### (Lack of Standing)

7

8        5.     Plaintiff, as a private litigant, lacks standing to bring a claim for damages

9  under California Business and Professions Code section 17200 *et seq.*

10

11  ### SIXTH AFFIRMATIVE DEFENSE

12  ### (Good Faith Belief)

13

14        6.     The Complaint, and each alleged cause of action therein, is barred, in whole

15  or in part, because Defendant did not employ Plaintiff, and even if Defendant had employed

16  Plaintiff, Defendant acted in good faith conformity with and reliance on regulations, orders,

17  rulings interpretations, practices or policies of the California Industrial Welfare Commission and

18  the California Division of Labor Standards Enforcement.

19

20  ### SEVENTH AFFIRMATIVE DEFENSE

21  ### (Legitimate Business Reason)

22

23        7.     The Complaint, and each alleged cause of action therein, is barred, in whole

24  or in part, because each employment action of which Plaintiff complains, if it occurred at all, was

25  taken for legitimate business reasons that did not violate public policy or any statutory prohibition.

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Exhibit B, Page 27

 

### EIGHTH AFFIRMATIVE DEFENSE

#### (Justification)

8.    Plaintiff's Complaint, and each cause of action alleged therein, is barred because Defendant's actions with respect to the subject matter in each of the alleged causes of action was undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further Defendant's purpose to engage in and continue their business activities.

### NINTH AFFIRMATIVE DEFENSE

#### (No Ratification)

9.    Defendant is not liable for damages because if any person engaged in intentional, willful or unlawful conduct as alleged in Plaintiff's Complaint, he or she did so without the knowledge, authorization or ratification of Defendant.

### TENTH AFFIRMATIVE DEFENSE

#### (No Commonality)

10.    The Complaint, and each alleged cause of action therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff has not identified an ascertainable class; (b) Plaintiff is an inadequate representative of the purported class; (c) Plaintiff cannot establish typicality of claims; and (d) the individualized nature of the putative class's claims make class treatment inappropriate.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-4-
ANSWER TO COMPLAINT

Exhibit B, Page 28

ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

11.    The Complaint, and each alleged cause of action therein, is barred, in whole or in part, by Plaintiff's failure to mitigate damages as required by law.

TWELFTH AFFIRMATIVE DEFENSE

(Offset)

12.    Plaintiff's damages, if any, must be reduced by amounts Plaintiff owes to Defendant.

THIRTEENTH AFFIRMATIVE DEFENSE

(Uncertainty)

13.    Plaintiff's losses, if any, are speculative and uncertain or both, and therefore not compensable.

FOURTEENTH AFFIRMATIVE DEFENSE

(No Punitive or Exemplary Damages)

14.    Plaintiff's prayer for punitive and exemplary damages is barred on the ground that punitive and exemplary damages are not available under the statutory causes of action pled by Plaintiff.  Even if they were available, the acts or omissions alleged by Plaintiff were made in good faith by Defendant, and Defendant had reasonable grounds for believing that the alleged acts or omissions were not in violation of the California Labor Code, and therefore no punitive or exemplary damages are available.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-5-
ANSWER TO COMPLAINT

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Causation by Plaintiff)**

15.    Plaintiff's Complaint, and each alleged cause of action therein, is barred, in whole or in part, because any damages or injuries that Plaintiff allegedly suffered were caused by Plaintiff's own conduct and actions, and not because of any unlawful conduct or actions by Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

16.    The Complaint, and each alleged cause of action therein, is barred by the doctrine of unclean hands because of Plaintiff's conduct and actions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

17.    Plaintiff's Complaint, and each cause of action alleged therein, is barred because Plaintiff is estopped from asserting each of the claims alleged therein.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

18.    Plaintiff's Complaint, and each cause of action alleged therein, is barred because Plaintiff has waived the right, by reason of her conduct and actions, to assert each of the claims alleged herein.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-6-
ANSWER TO COMPLAINT

1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Laches)

19.     Plaintiff's Complaint, and each cause of action alleged therein, is barred by the doctrine of laches.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence Doctrine)

20.     Plaintiff's alleged causes of action, and each of them, and Plaintiff's claims for damages, back wages and penalties may be barred by after acquired evidence of misconduct by Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (No Liability for Acts of Other Defendants)

21.     Defendant is not liable for the alleged acts of Michael Tucker and Tuckers 7-Eleven on the grounds that Tuckers 7-Eleven and Michael Tucker are independent contractors and are not employees or agents of Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Plaintiff not employed by Defendant)

22.     Plaintiff's alleged causes of action, and each of them, against 7-Eleven, Inc. are barred on the grounds that 7-Eleven Inc. did not employ Plaintiff or any putative class member.

-7-
ANSWER TO COMPLAINT

Exhibit B, Page 31

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

WHEREFORE, Defendant prays for judgment as follows:

1.     That judgment be entered in favor of Defendant and against Plaintiff;

2.     That the Complaint herein be dismissed in its entirety with prejudice;

3.     That Defendant be awarded its costs of suit herein;

4.     That Defendant be awarded reasonable attorney's fees as determined by the Court; and

5.     For such other and further relief as the Court may deem just and proper.

DATED: June 1, 2007          PAYNE & FEARS LLP

                             By: _____
                                      LAUREL E. ADCOCK

                             Attorneys for Defendant
                             7-ELEVEN, INC.

355198.1

-8-
ANSWER TO COMPLAINT

Exhibit B, Page 32

**PROOF OF SERVICE**

*Alesick vs. 7-Eleven, Inc.*
*Case No. ECU03615*

ENDORSED
JUN 0 1 2007
SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY BECKY GUERRERO

STATE OF CALIFORNIA, COUNTY OF ORANGE

   I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

   On June 1, 2007, I served the following document(s) described as **ANSWER OF DEFENDANT 7-ELEVEN, INC. TO PLAINTIFF'S COMPLAINT** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

### SEE ATTACHED SERVICE LIST

☒ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐ **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 1, 2007, at Irvine, California.

LISA N. IWATA

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

PROOF OF SERVICE

**Exhibit B, Page 33**

## SERVICE LIST

1

2

3  William B. Sullivan, Esq.                    Attorneys For Plaintiff,
   SULLIVAN & CHRISTIANI, LLP                   KIMBERLY ALEKSICK
   2330 Third Avenue
4  San Diego, CA 92101
   Tel: (619) 702-6760
5  Fax: (619) 702-6761

6  Eric A. Welter, Esq.                         Attorneys for Defendant
   WELTER LAW FIRM, P.C.                        7-ELEVEN, INC.
7  720 Lynn St., Suite B
   Herndon, Virginia 20170
8  Tel:  (703) 435-8500
   Fax: (703) 435-8851

9

10

11

12  354893.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Exhibit B, Page 34

**EXHIBIT C**

F 4/16
I 4/10



| **SUPERIOR COURT OF STATE OF CALIFORNIA**<br>**COUNTY OF IMPERIAL** | **FILED**<br>APR 1 6 2007<br>SUPERIOR COURT<br>IMPERIAL COUNTY CA.<br>JOSE O. GUILLEN, CLERK<br>BY _____ DEPUTY |
|---|---|
| Kimberly Aleksick<br><br>                        **Plaintiff/Petitioner**<br><br>vs.<br><br>7-Eleven Inc et al<br>                        **Defendant/Respondent** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | **CASE No ecu03615** |

1.  NOTICE is given that a CASE MANAGEMENT CONFERENCE has been scheduled as follows:

| | | |
|---|---|---|
| **Date:  08-14-2007** | **Time: 8:30 a.m.** | **Dept.:7** |
| Address of court:  Imperial County Courthouse, 939 West Main Street, El Centro, CA 92243 | | |

2.  You must file and serve a completed Case Management Conference Statement at least fifteen (15) days before the case management conference.

3.  You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4.  At the case management conference the court may make pretrial orders, including the following:

    a)  An order establishing a discovery schedule.

    b)  An order referring the case to arbitration.

    c)  An order dismissing fictitious defendants.

    d)  An order scheduling exchange of expert witness information.

    e)  An order setting subsequent conferences and the trial date.

    f)  Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code § 68600 et seq.).

5.  Parties wishing to appear by telephone must comply with CRC 3.670 and local Rule 10.07.

6.  **DATED:**    APR 1 6 2007

                Jose O. Guillen, Clerk by, _____, Deputy

---

**-- SANCTIONS --**

**If you do not file the Case Management Conference Statement required by CRC 3.725, or attend the case management conference or participate effectively in the conference, the Court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money).**

---

NOTICE OF CASE MANAGEMENT CONFERENCE

                    CRC 3.725 and Imperial County Local Rule 3.10
                    Government Code §68600 et seq.

ICSC  C-114 01/07

**Exhibit C, Page 35**

**EXHIBIT D**

7/12

ENDORSED
FILED AUG 0 8 2007
JOSE O. GUILLEN
BY O. Grooms
DEPUTY

FILED

AUG 8 2007

SUPERIOR COURT
IMPERIAL COUNTY CA.
JOSE O. GUILLEN, CLERK
BY _____ DEPUTY

ECS
LPF
E. Welter
Laura

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF IMPERIAL

| | |
|---|---|
| KIMBERLY ALEKSICK, individually and on behalf of other members of the general public similarly situated, | CASE NO. ECU03615 |
| | (CLASS ACTION) |
| Plaintiff, | [PROPOSED] ORDER GRANTING PLAINTIFF'S REQUEST TO CONTINUE THE CASE MANAGEMENT CONFERENCE |
| v. | |
| 7-ELEVEN, INC., a Texas Corporation; MICHAEL TUCKER, an individual; and DOES 1-50, Inclusive, | Dept. 9 |
| Defendants | |

Having considered Plaintiff's counsel's request to continue the Case Management Conference

(CMC) in the above-captioned matter to Thursday, August 23, 2007 at 8:30 a.m., and good cause

appearing therefore, the court grants Plaintiff's request to continue the CMC to Thursday, August 23,

2007 at 8:30 a.m.

**IT IS HEREBY ORDERED**

///

///

///

///

///

Z:\Data\6329\Pldg\proposed order granting application to continue the CMC.wpd

**Exhibit D, Page 36**

1     **IT IS SO ORDERED**

2          The Case Management Conference in this matter is continued to Thursday, August 23, 2007 at 8:30

3     a.m.

4

5     Dated: 8-8-07

          Judge of the Superior Court
6          Dept. 9

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Z:\Data\6329\Pldgs\proposed order granting application to continue the CMC.wpd          2



# PROOF OF SERVICE

*Kimberly Aleksick v. 7-Eleven, Inc., et al.*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On July 12, 2007, I served the following document(s) described as **[PROPOSED] ORDER GRANTING APPLICATION OF ERIC A. WELTER TO APPEAR AS COUNSEL** *PRO HAC VICE* on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

William B. Sullivan, Esq.                 Attorneys For PLAINTIFF
Eric J. Palmer, Esq.                       **KIMBERLY ALEKSICK**
SULLIVAN & CHRISTIANI, LLP
2330 Third Avenue
San Diego, CA  92101
Tel: (619) 702-6760
Fax: (619) 702-6761

☒  **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐  **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐  **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐  **(By Overnight Courier)** · served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☒  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 12, 2007, at Irvine, California.

*Laura Niedringhaus*
LAURA NIEDRINGHAUS

362342.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

PROOF OF SERVICE

**Exhibit D, Page 38**

**EXHIBIT E**

07/11/2007  22:34   9494742993          ASAP CORPORATE SVCS              PAGE  11

PAYNE & FEARS LLP
Eric C. Sohlgren, Bar No. 161710
Lindley P. Fraley, Bar No. 223421
4 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

WELTER LAW FIRM, P.C.
Eric A. Welter, Virginia Bar No. 38193
720 Lynn Street, Suite B
Herndon, VA 20170
Telephone: (703) 435-8500
Facsimile:  (703) 435-8851

Attorneys for Defendant
7-Eleven, Inc.

**ENDORSED**
**JUL 1 2 2007**
SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY ADRIANA GARCIA
DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF IMPERIAL

| | |
|---|---|
| KIMBERLY ALEKSICK, | CASE NO. ECU03615 |
| Plaintiff, | Assigned for all purposes to the Christopher W. Yeager |
| v. | **NOTICE OF MOTION AND APPLICATION OF ERIC A. WELTER TO APPEAR AS COUNSEL *PRO HAC VICE*; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 7-ELEVEN, INC.; MICHAEL TUCKER; and DOES 1-50, Inclusive, | |
| Defendants. | |

Hearing Date:     August 10, 2007
Time:             8:30 a.m.
Department:       7

Date Action Filed:  April 16, 2007
Trial Date:         None set

**TO ALL PARTIES AND ATTORNEYS OF RECORD IN THIS ACTION:**

**PLEASE TAKE NOTICE THAT** on August 10, 2007, at 8:30 a.m. in

Department 7 of the above-entitled Court located at 939 Main Street, El Centro, California

92243, defendant 7-Eleven, Inc. ("7-Eleven"), will and hereby does move for an Order

permitting Virginia attorney Eric A. Welter to appear as counsel *pro hac vice* for 7-Eleven in this

action.

MOTION AND APPLICATION TO APPEAR PRO HAC VICE

**Exhibit E, Page 39**



7-Eleven's Motion is based on this Notice of Motion, the Application of Eric A. Welter to Appear *Pro Hac Vice,* and all papers in support thereof, including the Memorandum of Points and Authorities, the Declaration of Lindley P. Fraley, and the Declaration of Eric A. Welter, all of which are filed concurrently herewith, the complete files and records of this action, and such further oral or documentary evidence as may be presented at or before the hearing on this Motion.

DATED:  July 11, 2007

PAYNE & FEARS LLP

By: _____
       LINDLEY P. FRALEY

Attorneys for Defendant
7-Eleven, Inc.

355759.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-2-
MOTION AND APPLICATION TO APPEAR PRO HAC VICE

**Exhibit E, Page 40**

## APPLICATION OF ERIC A. WELTER TO APPEAR *PRO HAC VICE*

Eric A. Welter, Esq., hereby applies to the Court to appear *pro hac vice*, or alternatively by consent of this Court, to represent defendant 7-Eleven, Inc., in the above-entitled action. This Application is made on the following grounds:

1.      The applicant is a resident of the State of Virginia, residing at 400 Lawford Drive SW, Leesburg, Virginia 20175 and maintaining an office at Welter Law Firm, P.C., 720 Lynn Street, Suite B, Herndon, Virginia 20170;

2.      The applicant is admitted to practice and is in good standing in the State of Virginia; the U.S. District Court for the District of Columbia; the Maryland Court of Appeals; the Supreme Court of Minnesota; the Supreme Court of Nebraska; and the United States Supreme Court;

3.      The applicant is in good standing in those courts;

4.      The applicant has not been suspended or disbarred by any court;

5.      Lindley P. Fraley of the law firm of Payne & Fears LLP, 4 Park Plaza, Suite 1100, Irvine, California 92614, (949) 851-1100, is an active member in good standing of the State Bar of California and has appeared herein as counsel of record for Defendant, and will serve as associate counsel for Defendant;

6.      The accompanying declaration by the applicant meets the requirements of California Rule of Court 983; and

7.      The exigencies of the case require Mr. Welter's admission.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-3-

1    Alternatively, the applicant requests that this Court grant its consent pursuant to

2  its inherent powers and allow applicant to appear in California in the pending, above-entitled

3  action. *Birbrower, Montalbano, Condon & Frank, P.C.* v. *Superior Court*, 17 Cal. 4th 119, 70

4  Cal. Rptr. 2d 304, 309 (1998).

5

6  DATED:  July 11, 2007                    PAYNE & FEARS LLP

7

8                                           By: _____
                                                        LINDLEY P. FRALEY

9                                           Attorneys for Defendant
                                            7-Eleven, Inc.

10   355759.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-4-
**Exhibit E, Page 42**

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.**    **California Rule of Court 983 Authorizes an Attorney Not Licensed to Practice in California to Appear as Counsel *Pro Hac Vice***

Rule 983 of the California Rules of Court provides for the admission of counsel not licensed by the State Bar of California to appear as counsel *pro hac vice* before the Superior Court. The requirements for such admission are: (1) that the applicant is admitted to practice and is in good standing in the highest court of another state or in a federal court; (2) that the applicant is not a California resident, nor is he regularly engaged in substantial professional practice or other business activities in California; (3) that the applicant is not currently suspended or disbarred by any court; (4) that a member in good standing of the State Bar of California be associated with the applicant as counsel of record; and (5) that the applicant submit a verified declaration stating various personal and professional information.

This application meets all of the above requirements. Mr. Welter is an attorney in the State of Virginia and has been a member in good standing of the Supreme Court of Virginia since 1995; the United States District Court for the District of Columbia since 1994; the Maryland Court of Appeals since 2004; the Supreme Court of Minnesota since 1992; the Supreme Court of Nebraska since 2000; and the United States Supreme Court since 2004. Further, Mr. Welter has never been suspended, disbarred or had any disciplinary action taken against him in any of these states, nor is any such action pending against him.

The need for Mr. Welter's admission *pro hac vice* arises from the logistical needs of this case. Mr. Welter seeks admission *pro hac vice* in this matter because he is long-time counsel to 7-Eleven. Mr. Welter has extensive knowledge of 7-Eleven's business operations, employment policies, and the facts and circumstances of the Orange County litigation, and his admission *pro hac vice* will be both cost effective and judicially efficient throughout the course

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-5-

1   of the litigation.  Accordingly, Defendant respectfully requests that Mr. Welter be allowed to

2   appear as counsel herein *pro hac vice*.

3

4   **B.**    **This Court Has the Authority Under California Law to Allow an Attorney Not**

5         **Licensed to Practice in California to Appear in California in a Pending Action By**

6         **Consent of Court**

7

8        Alternatively, should this Court find that Rule 983 does not allow a *pro hac vice*

9   appearance in this case, it has inherent power to allow an attorney to practice before it.  As the

10  Supreme Court of California has recognized, "an out-of-state attorney not licensed to practice in

11  California may be permitted, *by consent of a trial judge*, to appear in California in a particular

12  pending action." *Birbrower, Montalbano, Condon & Frank, P.C. v. Superior Ct.*, 17 Cal. 4th

13  119, 70 Cal. Rptr. 2d 304, 309-10 (Cal. 1998) (emphasis in original) (citing *In re McCue*, 211

14  Cal. 57, 67, 293 P. 47 (1930), and 1 WITKIN, CAL. PROCEDURE, *Attorneys* § 402 (4th ed. 1996)).

15  As the Declaration of Mr. Welter demonstrates, he has passed the Virginia Bar Exam, and has

16  remained a member in good standing in the States of Virginia, Minnesota and Nebraska and the

17  U.S. District Court for the District of Columbia.  He has never been suspended or disbarred by

18  any court.

19

20       Therefore, Defendant respectfully requests that Mr. Welter be permitted, by

21  consent of this Court, to appear in California in the above-entitled pending action.

22

23  DATED: July 11, 2007         PAYNE & FEARS LLP

24

25                  By: _Lindley P. Fraley_

                         LINDLEY P. FRALEY

26                 Attorneys for Defendant

27   355759.1                7-Eleven, Inc.

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-6-

**Exhibit E, Page 44**

 

## PROOF OF SERVICE

*Kimberly Aleksick v. 7-Eleven, Inc., et al.*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On July 12, 2007, I served the following document(s) described as **NOTICE OF MOTION AND APPLICATION OF ERIC A. WELTER TO APPEAR AS COUNSEL** *PRO HAC VICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF* on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

William B. Sullivan, Esq.          **Attorneys For PLAINTIFF**
Eric J. Palmer, Esq.               **KIMBERLY ALEKSICK**
SULLIVAN & CHRISTIANI, LLP
2330 Third Avenue
San Diego, CA 92101
Tel: (619) 702-6760
Fax: (619) 702-6761

☒  **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐  **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐  **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☒  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 12, 2007, at Irvine, California.

*Laura Niedringhaus*
LAURA NIEDRINGHAUS

362342.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100



07/11/2007   22:34    9494742993           ASAP CORPORATE SVCS                    PAGE   02



ENDORSED
JUL 12 2007
SUPERIOR COURT
IMPERIAL COUNTY
JOBE O. GUILLEN, CLERK
BY ADRIANA GARCIA
DEPUTY

1    PAYNE & FEARS LLP
     Eric C. Sohlgren, Bar No. 161710
2    Lindley P. Fraley, Bar No. 223421
     4 Park Plaza, Suite 1100
3    Irvine, CA 92614
     Telephone: (949) 851-1100
4    Facsimile: (949) 851-1212

5    WELTER LAW FIRM, P.C.
     Eric A. Welter, Virginia Bar No. 38193
6    720 Lynn Street, Suite B
     Herndon, VA 20170
7    Telephone: (703) 435-8500
     Facsimile:  (703) 435-8851

8

     Attorneys for Defendant
9    7-Eleven, Inc.

10                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                       **COUNTY OF IMPERIAL**

12    KIMBERLY ALEKSICK,                  CASE NO. ECU03615

13            Plaintiff,              Assigned for all purposes to the Hon.
                                   Christopher W. Yeager
14        v.
                                   **DECLARATION OF LINDLEY P.**
15    7-ELEVEN, INC.; MICHAEL TUCKER; and    **FRALEY IN SUPPORT OF**
     DOES 1-50, Inclusive,                 **DEFENDANT 7-ELEVEN INC.'S**
16                                       **APPLICATION FOR ADMISSION** *PRO*
               Defendants.            *HAC VICE* **OF ERIC A. WELTER**
17

18                                      Hearing Date:    August 10, 2007
                                     Time:           8:30 a.m.
19                                      Department:      7

20                                      Date Action Filed: April 16, 2007
                                     Trial Date:       None set

21           I, Lindley P. Fraley, hereby declare as follows:

22

23           1.      I am an attorney licensed to practice law before this Court and all courts of

24    the State of California. I am an associate with the law firm of Payne & Fears LLP, attorneys of

25    record for 7-ELEVEN, INC., ("7-Eleven") defendant herein. I have personal knowledge of the

26    facts set forth below and, if called and sworn as a witness, I could and would testify competently

27    to them. I submit this Declaration in support of 7-Eleven's Motion and Application of Eric A.

28    Welter to Appear as Counsel *Pro Hac Vice*.

       SOHLGREN DECL. RE: 7-ELEVEN INC.'S PRO HAC VIC APP. FOR ADMISSION OF ERIC WELTER

**Exhibit E, Page 46**

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

ORIGINAL

2.      Attached hereto as Exhibit "A" is a true and correct copy of a check issued by Payne & Fears LLP to the State Bar of California in the amount of fifty dollars ($50.00), which constitutes the *pro hac vice* admission fee for applicant Eric A. Welter. I caused this check to be submitted to the State Bar of California together with its service copy of this application.

3.      If the application is granted, I intend to remain counsel of record for 7-Eleven. In the unforeseen event that I am unable to personally remain counsel of record for 7-Eleven, another member of the firm who is a member in good standing of the State Bar of California will assume my duties.

4.      The above-entitled matter has just been filed. Mr. Welter has been the longstanding employment litigation counsel for Defendant, and he resides in the State of Virginia. It is 7-Eleven's strong desire to have Mr. Welter be involved in representing it in this matter.

I have read the foregoing and declare under penalty of perjury under the laws of the State of California that it is true and correct and that this Declaration is executed this 11th day of July, 2007, at Irvine, California.

_Lindley P. Fraley_
LINDLEY P. FRALEY

355755.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-2-

 

## PROOF OF SERVICE

*Kimberly Aleksick v. 7-Eleven, Inc., et al.*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On July 12, 2007, I served the following document(s) described as **DECLARATION OF LINDLEY P. FRALEY IN SUPPORT OF DEFENDANT 7-ELEVEN INC.'S APPLICATION FOR ADMISSION** *PRO HAC VICE* **OF ERIC A. WELTER** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

William B. Sullivan, Esq.          Attorneys For PLAINTIFF
Eric J. Palmer, Esq.               **KIMBERLY ALEKSICK**
SULLIVAN & CHRISTIANI, LLP
2330 Third Avenue
San Diego, CA 92101
Tel: (619) 702-6760
Fax: (619) 702-6761

☒  **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐  **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐  **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐  **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☒  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 12, 2007, at Irvine, California.

*Laura Niedringhaus*

LAURA NIEDRINGHAUS

362342.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

PROOF OF SERVICE

**Exhibit E, Page 48**

JUL 11 2007  10:37          THE STATE BAR OF CA          415 538 2180    P.16

FILE COPY

PAYNE & FEARS LLP
Eric C. Sohlgren, Bar No. 161710
Lindley P. Fraley, Bar No. 223421
4 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

WELTER LAW FIRM, P.C.
Eric A. Welter, Virginia Bar No. 38193
720 Lynn Street, Suite B
Herndon, VA 20170
Telephone: (703) 435-8500
Facsimile: (703) 435-8851

Attorneys for Defendant
7-Eleven, Inc.

THE STATE BAR OF CALIFORNIA
OFFICE OF SPECIAL ADMISSIONS
AND SPECIALIZATION

JUL 13 2007

CONFIRMATION RECEIPT
$: 50    INT'L:
P: 7    SB FILE #: 46755

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF IMPERIAL

| | |
|---|---|
| KIMBERLY ALEKSICK,<br><br>Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC.; MICHAEL TUCKER; and DOES 1-50, Inclusive,<br><br>Defendants. | CASE NO. ECU03615<br><br>Assigned for all purposes to the Hon. Christopher W. Yeager<br><br>DECLARATION OF LINDLEY P. FRALEY IN SUPPORT OF DEFENDANT 7-ELEVEN INC.'S APPLICATION FOR ADMISSION *PRO HAC VICE* OF ERIC A. WELTER<br><br>Hearing Date:    August 10, 2007<br>Time:    8:30 a.m.<br>Department:    7<br><br>Date Action Filed:  April 16, 2007<br>Trial Date:    None set |

I, Lindley P. Fraley, hereby declare as follows:

1.    I am an attorney licensed to practice law before this Court and all courts [of] the State of California. I am an associate with the law firm of Payne & Fears LLP, attorneys of record for 7-ELEVEN, INC., ("7-Eleven") defendant herein. I have personal knowledge of the facts set forth below and, if called and sworn as a witness, I could and would testify competently to them. I submit this Declaration in support of 7-Eleven's Motion and Application of Eric A. Welter to Appear as Counsel *Pro Hac Vice.*

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100



2.      I reside at 400 Lawford Drive SW, Leesburg,, Virginia 20175, and maintain my office at Welter Law Firm, P.C., 720 Lynn Street, Suite B, Herndon, Virginia 20170. I was admitted to practice before the Supreme Court of Virginia in 1995; the District of Columbia Court of Appeals in 1994; the Maryland Court of Appeals in 2004; the Supreme Court of Minnesota in 1992; the Supreme Court of Nebraska in 2000; and the United States Supreme Court in 2004. I am a member in good standing in these courts (I am currently an inactive member of the Nebraska and Minnesota Bars) and am not currently suspended or disbarred in any court.

3.      I applied to appear *pro hac vice* in *Garcia v. 7-Eleven*, Case No. CV817485, Superior Court of Santa Clara County, on August 11, 2003. The application was granted by the Court on September 23, 2003.

4.      I applied to appear *pro hac vice* in *Ali v. 7-Eleven, Inc.*, Case No. 05CC05050, Superior Court of Orange County on May 25, 2005. The application was granted by the Court on June 30, 2005.

5.      I applied to appear *pro hac vice* in *Love v. 7-Eleven, Inc.*, Case No. ECU03181, Superior Court of Imperial County on September 1, 2006. The application was granted by the Court on September 26, 2006.

6.      I request permission of the Court to appear as counsel *pro hac vice* in this matter in association with attorneys of record Eric C. Sohlgren and Lindley P. Fraley, Payne & Fears LLP, Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, California 92614, (949) 851-1100.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

WELTER DECL. RE: 7-ELEVEN INC.'S PRO HAC VIC APP. FOR ADMISSION OF ERIC WELTER

Exhibit E, Page 50

1        I have read the foregoing and declare under penalty of perjury under the laws of

2    the State of California that it is true and correct and that this Declaration is executed this 14th

3    day of June, 2007, at Herndon, Virginia.

4

5                           ERIC A. WELTER

6

7

8

9

10

11

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-




**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## PROOF OF SERVICE

*Kimberly Aleksick v. 7-Eleven, Inc., et al.*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On July 12, 2007, I served the following document(s) described as **DECLARATION OF ERIC A. WELTER IN SUPPORT OF DEFENDANT 7-ELEVEN INC.'S APPLICATION FOR ADMISSION *PRO HAC VICE* OF ERIC A. WELTER** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

William B. Sullivan, Esq.              Attorneys For PLAINTIFF
Eric J. Palmer, Esq.                   **KIMBERLY ALEKSICK**
SULLIVAN & CHRISTIANI, LLP
2330 Third Avenue
San Diego, CA 92101
Tel: (619) 702-6760
Fax: (619) 702-6761

☒ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐ **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 12, 2007, at Irvine, California.

*Laura Niedringhaus*
LAURA NIEDRINGHAUS

362342.1

PROOF OF SERVICE                    **Exhibit E, Page 52**

**EXHIBIT F**

07/16/2007  22:32   9494742993                    ASAP CORPORATE SVCS                   PAGE  02

# ORIGINAL

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Eric C. Sohlgren, State Bar No. 161710<br>Lindley P. Fraley, State Bar No. 223421<br>Payne & Fears LLP<br>4 Park Plaza, Suite 1100<br>Irvine, CA 92614<br>TELEPHONE NO.: (949) 851-1100    FAX NO. *(Optional):* (949) 851-1212<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* 7-Eleven, Inc. | FOR COURT USE ONLY<br><br>**ENDORSED**<br><br>JUL 17 2007<br><br>SUPERIOR COURT<br>IMPERIAL COUNTY<br>JOBE O. GUILLEN, CLERK<br>BY MONICA PEREZ<br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Imperial
STREET ADDRESS: 939 West Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: El Centro, 92243
BRANCH NAME: Imperial County Courthouse

PLAINTIFF/PETITIONER: Kimberly Alcksick

DEFENDANT/RESPONDENT: 7-Elevcn, Inc.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one):  [X] **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | [ ] **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | ECU03615 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: August 14, 2007      Time: 8:30 a.m.      Dept.: 7      Div.:      Room:

Address of court *(if different from the address above)*:

---

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. [X] This statement is submitted by party *(name):* 7-ELEVEN
   b. [ ] This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in  [X] complaint  :  [ ] cross-complaint    *(describe, including causes of action):*
      Plaintiff seeks recovery for: (1) violation of Labor Code (class action) and (2) violation of Business and Professions Code Section 17200 (class action).

---

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Legal<br>Solutions<br>Plus | Page 1 of 4<br>Cal. Rules of Court,<br>rules 3.720-3.730

**Exhibit F, Page 53**

CM-110

| PLAINTIFF/PETITIONER: Kimberly Aleksick | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:7-Eleven, Inc. | ECU03615 |

4.    b.    Provide a brief statement of the case, including any damages, *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff seeks relief for wage/hour violations under the California Labor Code. Plaintiff worked as an employee of a 7-Eleven franchisee, Michael Tucker. Plaintiff seeks to hold 7-Eleven liable as the "employer" in this case even though Tucker was an independent contractor franchisee and there was no employment relationship between Plaintiff and 7-Eleven.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.    **Jury or nonjury trial**
The party or parties request    ☐ a jury trial    ☒ a nonjury trial    *(If more than one party, provide the name of each party requesting a jury trial):*

6.    **Trial date**
a.    ☐    The trial has been set for *(date):*
b.    ☒    No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.    Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
6/27/08; 7/7 - 7/28/08 conflicting trial.

7.    **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.    ☒    days *(specify number):* 2-3
b.    ☐    hours (short causes) *(specify):*

8.    **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial    ☐ by the attorney or party listed in the caption    ☒ by the following:
a.    Attorney: Eric A. Welter
b.    Firm: Welter Law Firm, P.C.
c.    Address: 720 Lynn Street, Suite B, Herndon, VA 20170
d.    Telephone number: 703-435-8500
e.    Fax number: 703-435-8851
f.    E-mail address: caw@welterlaw.com
g.    Party represented: 7-Eleven, Inc.
☐    Additional representation is described in Attachment 8.

9.    **Preference**
☐    This case is entitled to preference *(specify code section):*

10.    **Alternative Dispute Resolution (ADR)**
a.    Counsel    ☐ has    ☒ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.    ☐    All parties have agreed to a form of ADR. ADR will be completed by *(date):*  Plaintiff did not provide copy of ADR.
c.    ☐    The case has gone to an ADR process *(indicate status):*

**Exhibit F, Page 54**

CM-110

| PLAINTIFF/PETITIONER: Kimberly Aleksick | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: 7-Eleven, Inc. | ECU03615 |

10. d.   The party or parties are willing to participate in *(check all that apply):*

   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☒ Other *(specify):* 7-Eleven is willing to participate in mediation after resolution of class certification.

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. **Settlement conference**

   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

14. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

15. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**
   ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Motion for summary adjudication and/or summary judgment, if the facts are supportive.

**Exhibit F, Page 55**

CM-110

| PLAINTIFF/PETITIONER: Kimberly Aleksick | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: 7-Eleven, Inc. | ECU03615 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| 7-Eleven | Deposition of Plaintiff | 11/1/2007 |
| 7-Eleven | Deposition of Michael Tucker | 11/1/2007 |
| All Parties | Class Discovery | 12/31/2007 |
| All Parties | Merits Discovery | 6 months after resolution of class certification |

c. ☒ The following discovery issues are anticipated *(specify)*:
Whether class and merits discovery should be bifurcated.

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:
7-Eleven requests that the Court hold a conference pursuant to CRC 3.762 to establish a schedule for class/employer discovery and class certification motion prior to permitting merits discovery.

**20. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☒ none   ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*: _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 17, 2007

Lindley P. Fraley
    (TYPE OR PRINT NAME)                 ▶ *Lindley P. Fraley* (SIGNATURE OF PARTY OR ATTORNEY)

    (TYPE OR PRINT NAME)                 ▶ (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

**CASE MANAGEMENT STATEMENT**

**Exhibit F, Page 56**




**PROOF OF SERVICE**

*Kimberly Aleksick v. 7-Eleven, Inc., et al.*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On July 17, 2007 I served the following document(s) described as **CASE MANAGEMENT STATEMENT** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

William B. Sullivan, Esq.          Attorneys For PLAINTIFF
Eric J. Palmer, Esq.               **KIMBERLY ALEKSICK**
SULLIVAN & CHRISTIANI, LLP
2330 Third Avenue
San Diego, CA 92101
Tel: (619) 702-6760
Fax: (619) 702-6761

☒    **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐    **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐    **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 17, 2007, at Irvine, California.

*Laura Niedringhaus*
LAURA NIEDRINGHAUS

362342.1

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT G**

19-Jul-2007 10:01 AM    1/6

**FILE COPY**

7/9

1  William B. Sullivan [CSB No. 171637]
   Eric J. Palmer [CSB No. 231207]
2  SULLIVAN & CHRISTIANI, LLP
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4
5  Attorneys for Plaintiff KIMBERLY ALEKSICK
6
7
8             SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                        COUNTY OF IMPERIAL
10  KIMBERLY ALEKSICK, individually and  )  CASE NO. ECU03615
    on behalf of other members of the general  )
11  public similarly situated,           )  (CLASS ACTION)
                                         )
12                                       )  NOTICE OF PLAINTIFF'S COUNSEL'S
                   Plaintiff,            )  UNAVAILABILITY TO APPEAR AT THE
13                                       )  CASE MANAGEMENT CONFERENCE
        v.                               )  AND REQUEST TO CONTINUE THE
14                                       )  CMC; [PROPOSED] ORDER GRANTING
    7-ELEVEN, INC., a Texas Corporation; )  PLAINTIFF'S REQUEST ATTACHED
15  MICHAEL TUCKER, an individual; and   )
    DOES 1-50, Inclusive,                )
16                                       )
                   Defendants            )
17                                       )
18  _____    )
19
20      TO THE COURT, ALL PARTIES HEREIN, AND THEIR ATTORNEYS OF RECORD:
21      PLEASE TAKE NOTICE that counsel for Plaintiff KIMBERLY ALEKSICK, William B. Sullivan,
22  will not be available to appear at the Case Management Conference scheduled for August 14, 2007;
23  8:30 a.m. in Dept. 9 of the above-entitled court, in regard to the above-captioned matter.
    ///
24  ///
25  ///
26  ///
27  ///
28

Z:\Data\6325\Pldgs\application to continue the CMC.wpd

**Exhibit G, Page 58**

1     William Sullivan is scheduled to attend a wedding in New York that conflicts with the CMC

2 hearing. It is respectfully requested that the court continue the CMC to Thursday, August 23, 2007 at

3 8:30 a.m.

4

5 Respectfully submitted,

6

7 Dated: 7/19/07

                                 **SULLIVAN & CHRISTIANI, LLP**

8

9                                        William B. Sullivan,

10                                        Eric J. Palmer,

                                       Attorneys for Plaintiff

11                                        KIMBERLY ALEKSICK

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Z:\Data\63297\fdg\application to continue the CMC.wpd

2



1
2
3
4
5
6
7
8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                              COUNTY OF IMPERIAL
10   KIMBERLY ALEKSICK, individually and )    CASE NO. ECU03615
     on behalf of other members of the general )
11   public similarly situated,                )   (CLASS ACTION)
                                              )
12                                            )   [PROPOSED] ORDER GRANTING
                   Plaintiff,                 )   PLAINTIFF'S REQUEST TO CONTINUE
13          v.                                )   THE CASE MANAGEMENT
                                              )   CONFERENCE
14                                            )
     7-ELEVEN, INC., a Texas Corporation;     )   Dept. 9
15   MICHAEL TUCKER, an individual; and       )
     DOES 1-50, Inclusive,                    )
16                                            )
                   Defendants                 )
17                                            )
18
19          Having considered Plaintiff's counsel's request to continue the Case Management Conference
20   (CMC) in the above-captioned matter to Thursday, August 23, 2007 at 8:30 a.m., and good cause
21   appearing therefore, the court grants Plaintiff's request to continue the CMC to Thursday, August 23,
22   2007 at 8:30 a.m.
23       IT IS HEREBY ORDERED
24   ///
25   ///
26   ///
27   ///
28   ///

Z:\Data\6329\Pldgs\proposed order granting application to continue the CMC.wpd



**Exhibit G, Page 60**

1    **IT IS SO ORDERED**

2      The Case Management Conference in this matter is continued to Thursday, August 23, 2007 at 8:30

3    a.m.

4

5    Dated:_____                    _____

6                                            Judge of the Superior Court
                                           Dept. 9

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Z:\Data\4329\Pldgs\proposed order granting application to continue the CMC.wpd

19-Jul-2007 10:01 AM                    5/6



## SULLIVAN & CHRISTIANI, LLP
2330 Third Avenue
San Diego, California 92101
619-702-6760 fax 619-702-6761

KIMBERLY ALEKSICK vs. 7-ELEVEN, INC., et al.
IMPERIAL COUNTY SUPERIOR COURT
EL CENTRO COURTHOUSE
CASE NO. ECU03615
Declaration of Service
CCP Sections 1013(a) and 2015.5

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 2330 Third Avenue, San Diego, California 92101.

On **July 19, 2007**, I served the following documents described as follows: **NOTICE OF PLAINTIFF'S COUNSEL'S UNAVAILABILITY TO APPEAR AT THE CASE MANAGEMENT CONFERENCE AND REQUEST TO CONTINUE THE CMC; [PROPOSED] ORDER GRANTING PLAINTIFF'S REQUEST ATTACHED; [PROPOSED] ORDER GRANTING PLAINTIFF'S REQUEST TO CONTINUE THE CASE MANAGEMENT CONFERENCE**, in this action by placing true copies thereof as follows:

[ X ] by placing [   ] the original [ X ] a true copy thereof as follows:

[ ]     BY MAIL

    [ ]     I deposited such envelope in the mail at San Diego, California. The envelope was mailed thereon with postage thereon fully prepaid.

    [ ]     As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date for deposit for mailing in affidavit.

[ x ]   BY FACSIMILE TRANSMISSION.   I transmitted said documents consisting of 6 (including this page) to the addressee(s) on the attached service list via facsimile. The transmission was reported as complete and without error.

[ ]     BY FEDERAL EXPRESS MAIL.   I delivered said envelope to the Federal Express office located in San Diego, California to be delivered to the offices of the addressee...

[ X ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **July 19, 2007**, at San Diego, California.

_____
Habib Hasbini

**Exhibit G, Page 62**


19-Jul-2007 10:21 AM                    6/6

**KIMBERLY ALEKSICK vs. 7-ELEVEN, INC., et al.**
IMPERIAL COUNTY SUPERIOR COURT
EL CENTRO COURTHOUSE
CASE NO. ECU03615
*SERVICE LIST*

**Payne & Fears LLP**
Eric C. Sohlgren, Esq.
Lindley P. Fraley, Esq.
4 Park Plaza, Suite 1100
Irvine, CA 92614
Tel: (949) 851-8500
Fax: (949) 851-1212
*Attorney for Defendant*
*7-Eleven, Inc.*

**Welter Law Firm, P.C**
Eric A. Welter, Virginia, Esq.
720 Lynn Street, Suite B
Herndon, VA 20170
Tel: (703) 435-8500
Fax: (703) 435-8851
*Attorney for Defendant*
*7-Eleven, Inc.*

**Bacalski & Ottoson, LLP**
Paul C. Johnson Jr. [CSB No. 189311]
402 W Broadway Fl 24
San Diego, CA 92101
Tel: (619) 239-4340
Fax: (619) 239-0116
*Attorney for Defendant*
*Michael Tucker*

**Exhibit G, Page 63**

**EXHIBIT H**

ECS
LPF    7/19
E. Welter  7/23
Laura

1    A. Daniel Bacalski, Jr. (SBN 56488)
      Paul C. Johnson, Jr. (SBN 189311)
2    **BACALSKI, OTTOSON & DUBÉ, LLP**
      402 West Broadway, 24th Floor
3    Post Office Box 120270
      San Diego, CA 92112-0270
4    (619) 239-4340/FAX: (619) 239-0116

5

      Attorneys for Defendant:
6    MICHAEL TUCKER

7

8            **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF IMPERIAL - EL CENTRO**

10    KIMBERLEY ALEKSICK, et al.,     )    CASE NO. ECU 03615
                                  )
11              Plaintiffs,      )    **ANSWER TO COMPLAINT BY**
                                  )    **DEFENDANT, MICHAEL TUCKER**
12                                     )
      v.                                )    Judge:     Hon. Christopher W. Yeager
13    7-ELEVEN, INC., et al.,        )    Dept.:      7
                                   )    Comp. Filed: 4-16-07
14            Defendants.     )
                                   )
15    _____ )

16

17        Defendant Michael Tucker answers the Complaint herein as follows:

18                             **GENERAL DENIAL**

19        Pursuant to the provisions of Section 431.30 of the Code of Civil Procedure, this

20    answering Defendant denies generally and specifically each and every allegation contained in

21    the Complaint, and the whole thereof, and denies that Plaintiff sustained damages as alleged,

22    or at all, by reason of any act, breach or omission on the part of this answering Defendant.

23                         AFFIRMATIVE DEFENSES

24                                  I

25                  **(Failure to State a Cause of Action)**

26        As a first separate and distinct affirmative defense, this answering Defendant alleges that

27    the Complaint and the cause of action contained therein fail to state facts sufficient to constitute

28    a cause of action against this answering Defendant.

**Exhibit H, Page 64**



## II

### (Failure to Mitigate Damages)

As a further, separate, and distinct affirmative defense, this answering Defendant alleges that Plaintiff has failed to mitigate damages, and to the extent of this failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

## III

### (Statute of Limitations)

As a further, separate, and distinct affirmative defense, this answering Defendant alleges that the Complaint and each cause of action alleged therein is barred by the applicable statute of limitations, including but not limited to Code of Civil Procedure sections 338(a), 340(a), 340(b), 339, and 343; Labor Code section 203; and Business and Professions Code section 17208.

## IV

### (Failure to Exhaust Administrative Remedies)

As a further, separate, and distinct affirmative defense, this answering Defendant alleges that the Complaint and each cause of action alleged therein is barred by Plaintiff's failure to exhaust her administrative remedies.

## V

### (Lack of Standing)

As a further, separate and distinct affirmative defense, Defendant alleges that the Plaintiff, as an uninjured private litigant, lacks standing under Business & Professions Code section 17204 to bring this action as a representative plaintiff.

## VI

### (Good Faith)

As a further, separate and distinct affirmative defense, Defendant alleges that he at all times acted in a good faith belief that he was in conformity with all applicable Labor Code and regulatory requirements, Wage Orders, and policies and procedures of the Industrial Welfare Commission, the Division of Labor Standards Enforcement, and the Labor Commissioner.

**Exhibit H, Page 65**

2

ANSWER TO COMPLAINT BY DEFENDANT, MICHAEL TUCKER

K:\ALEKSICK V. TUCKER\PLEADINGS\Answer.wod

 

1

**VII**

2

**(Taking Advantage of One's Own Wrong)**

3

As a further, separate and distinct affirmative defense to Plaintiff's Complaint, Defendant

4

alleges that the Complaint and the purported causes of action are barred by the doctrine that

5

no one can take advantage of one's own wrong.

6

**VIII**

7

**(Improper Class Action)**

8

As a further, separate and distinct affirmative defense, Defendant alleges that the

9

Complaint and the causes of action alleged therein are not suitable for treatment as a class

10

action, because, among other reasons, (1) Plaintiff has not identified an ascertainable class, (2)

11

Plaintiff is not a proper class representative, and (3) questions of law and fact affecting

12

individual class members predominate over such questions common to the class.

13

**IX**

14

**(Offset)**

15

As a further, separate and distinct affirmative defense, Defendant alleges that Plaintiff's

16

damages, if any, must be offset by amounts due to Defendant from Plaintiff.

17

**X**

18

**(Speculative Damages)**

19

As a further, separate and distinct affirmative defense, Defendant alleges that Plaintiff's

20

damages are uncertain and speculative, and therefore not recoverable herein.

21

**XI**

22

**(No Punitive Damages)**

23

As a further, separate and distinct affirmative defense, Defendant alleges that punitive

24

and/or exemplary damages are not available to Plaintiff under the causes of action alleged; and

25

further alleges that even if such damages are available, Plaintiff is not entitled to such damages

26

because Defendant acted at all times in good faith and without fraud, oppression, or malice.

27

///

28

///

**Exhibit H, Page 66**

3

ANSWER TO COMPLAINT BY DEFENDANT, MICHAEL TUCKER

K:\ALEKSICK V. TUCKER\PLEADINGS\Answer.wpd




## XII

### (Waiver)

As a further, separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action therein, are barred because Plaintiff has waived the right by her conduct and actions to assert each of the claims alleged therein.

## XIII

### (Estoppel)

As a further, separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint and each of the causes of action therein are barred because Plaintiff is estopped from asserting each of the claims therein.

## XIV

### (Additional Defenses)

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses.  Defendant reserves the right to assert additional affirmative defenses in the event further investigation and discovery indicate they would be appropriate.

WHEREFORE, Defendant prays judgment in its favor and against Plaintiff as follows:

(1)    That Plaintiff take nothing by way of its Complaint and the same be dismissed against Defendant;

(2)    That in the event the Plaintiff recover judgment against Defendant, any liability and damages required to be paid by Defendant be limited to the percentage of fault actually attributed to Defendant;

(3)    That Defendant be awarded his costs of suit incurred in this action; and,

(4)    For such other further relief as the Court may deem just and proper.

Dated: July 19, 2007                    BACALSKI, OTTOSON & DUBÉ, LLP

                    BY:    _Paul C. Johnson_
                    A. Daniel Bacalski, Jr.
                    Paul C. Johnson, Jr.
                    Attorneys for MICHAEL TUCKER

**Exhibit H, Page 67**

4

ANSWER TO COMPLAINT BY DEFENDANT, MICHAEL TUCKER

K:\ALEKSICK V. TUCKER\PLEADINGS\Answer.wpd

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): <br> A. Daniel Bacalski (SBN 56488) <br> Paul C. Johnson, Jr. (SBN 189311) <br> **BACALSKI & OTTOSON, LLP** <br> 402 West Broadway, 24th Floor <br> San Diego, CA 92112-0270 <br> ATTORNEY FOR: Defendant, Michael Tucker | TELEPHONE NO.: <br><br> (619) 239-4340 <br> (619) 239-0116 | COURT USE ONLY |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL** | |
| PLAINTIFF(S):  KIMBERLY ALEKSICK | JUDGE:  YEAGER <br> DEPT.:  7 <br> DATE: <br> TIME: |
| DEFENDANT(S):  7-ELEVEN, INC., et al. | |
| **PROOF OF SERVICE** | CASE NUMBER: ECU 03615 |

I declare that:  I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, State of California, where the mailing occurs; and my business address is 402 West Broadway, 24th Floor, P.O. Box 120270, San Diego, California 92112-0270.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.  I caused to be served the following document(s):

### ANSWER TO COMPLAINT BY DEFENDANT, MICHAEL TUCKER

by placing a copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

| Counsel for Plaintiff, KIMBERLY ALEKSICK: <br><br> William B. Sullivan, Esq. <br> SULLIVAN & CHRISTIANI, LLP <br> 2330 Third Avenue <br> San Diego, CA 92101 <br> (619) 702-6760 <br> Fax: (619) 702-6761 | Counsel for Defendant, 7-ELEVEN, INC.: <br><br> Eric C. Sohlgren, Esq. <br> Laurel E. Adcock, Esq. <br> PAYNE & FEARS, LLP <br> 4 Park Plaza Suite 1100 <br> Irvine, CA 92614 <br> (949) 851-1100 <br> Fax: (949) 851-1212 |
|---|---|
| Co-Counsel for Defendant, 7-ELEVEN: <br><br> Eric A. Welter, Esq. <br> WELTER LAW FIRM, P.C. <br> 720 Lynn Street, Suite "B" <br> Herndon, VA 20170 <br> (703) 435-8500 <br> Fax: (703) 435-8851 | |

☒   **BY MAIL** by placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the firm's practice of collecting and processing documents for mailing.  Under that practice it would be deposited with the U.S. Postal Service on the same day in a sealed envelope with postage thereon fully prepaid at San Diego, California in the ordinary course of a business day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 19, 2007, at San Diego, California.

_Debra J Hood_
DEBRA J. HOOD

**Exhibit H, Page 68**