CM-110

| PLAINTIFF/PETITIONER: KIMBERLY ALEKSICK | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: 7-ELEVEN, INC., et al., | ECU 03615 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff claims that she was not properly compensated for overtime, and not provided rest periods and meal periods; additionally that she did not receive proper pay stubs and was not reimbursed for uniform expenses.

Defendant Tucker denies each and every allegation, and further alleges that plaintiff is not a proper class representative or proper representative for the section 17200 action.

[ ] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request  [X] a jury trial  [ ] a nonjury trial     *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  [ ]  The trial has been set for *(date):*
    b.  [ ]  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  [X]  days *(specify number):* 8-10 days
    b.  [ ]  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial  [ ]  by the attorney or party listed in the caption  [ ]  by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  Fax number:
    f.  E-mail address:
    g.  Party represented:
    [ ]  Additional representation is described in Attachment 8.

9.  **Preference**
    [ ]  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel  [ ] has  [X] has not     provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b.  [ ]  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.  [ ]  The case has gone to an ADR process *(indicate status):*

**CM-110**

| PLAINTIFF/PETITIONER: KIMBERLY ALEKSICK | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:7-ELEVEN, INC., et al., | ECU 03615 |

10. d.  The party or parties are willing to participate in *(check all that apply):*
   - (1) [X]  Mediation
   - (2) [  ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   - (3) [  ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   - (4) [  ]  Binding judicial arbitration
   - (5) [  ]  Binding private arbitration
   - (6) [  ]  Neutral case evaluation
   - (7) [  ]  Other *(specify):*

   e. [  ]  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. [  ]  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. [  ]  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
   [  ]  The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
   a. [  ]  Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: [  ] Yes  [  ] No
   c. [  ]  Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   [  ] Bankruptcy  [  ] Other *(specify):*
   Status:

**14. Related cases, consolidation, and coordination**
   a. [  ]  There are companion, underlying, or related cases.
   - (1)  Name of case:
   - (2)  Name of court:
   - (3)  Case number:
   - (4)  Status:
   [  ]  Additional cases are described in Attachment 14a.
   b. [  ]  A motion to [  ] consolidate [  ] coordinate will be filed by *(name party):*

**15. Bifurcation**
   [  ]  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
   [X]  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Motion to dismiss 17200 cause of action.

**Exhibit V, Page 123**

CM-110

| PLAINTIFF/PETITIONER: KIMBERLY ALEKSICK | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: 7-ELEVEN, INC., et al., | ECU 03615 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendant Michael Tucker | Deposition of Plaintiff | 02/29/08 |
| Defendant Michael Tucker | Written discovery | 02/29/08 |

(Dates are dependent on court's determination of class certifica

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☐ none ☒ attached as Attachment 21.

**22.** Total number of pages attached *(if any)*: 4

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 5, 2007

Paul C. Johnson, Jr.
_____
(TYPE OR PRINT NAME)

▶ *Paul C. Johnson*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

Exhibit V, Page 124

MC-025

| SHORT TITLE: Aleksick v. 7-Eleven, Inc., et al. | CASE NUMBER:<br>ECU 03615 |
| --- | --- |

**ATTACHMENT** (Number): 21 _____          Page 5 ___ of 9 ___
(This Attachment may be used with any Judicial Council form.)          (Add pages as required)

See attached Case Management Orders.

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]          **ATTACHMENT**
to Judicial Council Form          Legal Solutions®

Exhibit V, Page 125

RECEIVED

OCT 0 1 2007

BY

| SUPERIOR COURT OF CALIFORNIA COUNTY OF IMPERIAL | FOR COURT USE ONLY |
|---|---|
| Plaintiff/Petitioner: Kimberly Aleksick | FILED SEP 25 2007 |
| Defendant/Respondent: 7 Eleven Inc., et al. | |
| CASE MANAGEMENT ORDER | CASE NO. ECU03615 |

The court has reviewed the case management statement(s) of ☐Plaintiff(s) ☐Defendant(s) ☐Cross-complainant(s) ☐Cross-defendant(s) ☐Other: _____

The Court orders/finds:
☐The case management conference scheduled herein is vacated.
☐The case management conference was held on _____.
☒The case management conference is continued to 12/21/2007 at 8:30am in Department 7.

☐CASE DESIGNATION:
☐The court finds that the case is amenable to disposition within ☐12 months ☐18 months ☐24 months of the filing of the Complaint.
☐The court finds that the case is exempt from differential case management pursuant to California Rules of Court, Rule 209(d).

☐ARBITRATION:
☐The court finds that the case is amenable to arbitration. The case is referred to arbitration, with arbitration to be completed by _____.
☐The court finds the case to be exempt from arbitration.

☐TRIAL:
☐The matter is set for a ☐jury ☐court trial on _____. A jury trial is demanded by ☐plaintiff(s) ☐defendant(s) ☐Other: _____.
☐A Settlement Conference shall be held on _____.
☐A Trial Management Conference is set for _____.
☐The case is not ready to be set for trial because:
☐All parties have not appeared or been defaulted.
☐Other: _____.

☐Other: _____.

IT IS SO ORDERED.

Dated: 9-25-07                    _____
                                 JUDGE OF THE SUPERIOR COURT

**Exhibit V, Page 126**

**Declaration of Mailing**

STATE OF CALIFORNIA  )
COUNTY OF IMPERIAL   )

I am a citizen of the United States over the age of 18 years, a resident of Imperial County and not a party to the within action.  My business address is:

**SUPERIOR COURT, COUNTY OF IMPERIAL
939 WEST MAIN STREET
EL CENTRO, CA  92243**

On September 25, 2007, I served a copy of the attached: Case Management Order by placing a true copy thereof enclosed in a sealed envelope with postage fully paid thereon, in the United States mail at El Centro, California, addressed as follows:

William B. Sullivan, Esq.
2330 Third Avenue
San Diego, CA  92101

Paul C. Johnson, Jr., Esq.
402 West Broadway
24th Floor
San Diego, CA  92101

Lindley P. Fraley, Esq.
4 Park Plaza
Suite 1100
Irvine, CA  92614

Eric A. Welter, Esq.
720 Lynn Street
Suite B
Herndon, VA  20170

 I declare under penalty of perjury that the foregoing is true and correct.  Executed at El Centro, California on September 25, 2007.

 Jose O. Guillen, Court Executive Officer

 Regina Osuna, Deputy Clerk

**Exhibit V, Page 127**

REC'D AUG 2 7 2007

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF IMPERIAL | FOR COURT USE ONLY |
|---|---|
| Plaintiff/Petitioner: Kimberly Aleksick<br><br>Defendant/Respondent: 7-Eleven Inc, et al. | FILED<br><br>AUG 2 3 2007<br>SUPERIOR COURT<br>IMPERIAL COUNTY, CA.<br>JOSE O. GUILLEN, CLERK<br>BY _____ DEPUTY |
| CASE MANAGEMENT ORDER | CASE NO. ECU03615 |

The court has reviewed the case management statement(s) of ☐Plaintiff(s) ☐Defendant(s) ☐Cross-complainant(s) ☐Cross-defendant(s) ☐Other: _____

The Court orders/finds:
☐The case management conference scheduled herein is vacated.
☐The case management conference was held on _____.
☒The case management conference is continued to 09/25/2007 at 8:30am in Department 7.

☐CASE DESIGNATION:
   ☐The court finds that the case is amenable to disposition within ☐12 months ☐18 months ☐ 24 months of the filing of the Complaint.
   ☐The court finds that the case is exempt from differential case management pursuant to California Rules of Court, Rule 209(d).

☐ARBITRATION:
   ☐The court finds that the case is amenable to arbitration. The case is referred to arbitration, with arbitration to be completed by _____.
   ☐The court finds the case to be exempt from arbitration.

☐TRIAL:
   ☐The matter is set for a ☐jury ☐court trial on _____. A jury trial is demanded by ☐ plaintiff(s) ☐defendant(s) ☐Other: _____.
   ☐A Settlement Conference shall be held on _____.
   ☐A Trial Management Conference is set for _____.
   ☐The case is not ready to be set for trial because:
      ☐All parties have not appeared or been defaulted.
      ☐Other: _____.

☐Other: _____.

IT IS SO ORDERED.

Dated: _____8·23·07_____     _____
                         JUDGE OF THE SUPERIOR COURT

**Exhibit V, Page 128**

**Declaration of Mailing**

STATE OF CALIFORNIA )
COUNTY OF IMPERIAL   )

I am a citizen of the United States over the age of 18 years, a resident of Imperial County and not a party to the within action.  My business address is:

**SUPERIOR COURT, COUNTY OF IMPERIAL**
**939 WEST MAIN STREET**
**EL CENTRO, CA 92243**

On <u>August 23, 2007,</u> I served a copy of the attached: <u>Case Management Order</u> by placing a true copy thereof enclosed in a sealed envelope with postage fully paid thereon, in the United States mail at El Centro, California, addressed as follows:

William B. Sullivan, Esq.
2330 Third Avenue
San Diego, CA 92101

Paul C. Johnson, Jr., Esq.
402 West Broadway
24th Floor
San Diego, CA 92101

Lindley P. Fraley, Esq.
4 Park Plaza
Suite 1100
Irvine, CA 92614

Eric A. Welter, Esq.
720 Lynn Street
Suite B
Herndon, VA 20170

  I declare under penalty of perjury that the foregoing is true and correct.  Executed at El Centro, California on <u>August 23, 2007.</u>

Jose O. Guillen, Court Executive Officer

Regina Osuna, Deputy Clerk

**Exhibit V, Page 129**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | COURT USE ONLY |
|---|---|---|
| A. Daniel Bacalski (SBN 56488)<br>Paul C. Johnson, Jr. (SBN 189311)<br>**BACALSKI, OTTOSON & DUBÉ LLP**<br>402 West Broadway, 24th Floor<br>San Diego, CA 92112-0270<br>ATTORNEY FOR: Defendant, Michael Tucker | (619) 239-4340<br>(619) 239-0116 | |

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL** | |
|---|---|
| PLAINTIFF(S):    KIMBERLY ALEKSICK | JUDGE:    YEAGER<br>DEPT.:    7 |
| DEFENDANT(S):    7-ELEVEN, INC., et al. | DATE:<br>TIME: |
| **PROOF OF SERVICE** | CASE NUMBER: ECU 03615 |

I declare that:  I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, State of California, where the mailing occurs; and my business address is 402 West Broadway, 24th Floor, P.O. Box 120270, San Diego, California 92112-0270.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business. I caused to be served the **CASE MANAGEMENT STATEMENT** by placing a copy of the document in a separate envelope addressed to each addressee, respectively, as follows:

| Counsel for Plaintiff, KIMBERLY ALEKSICK: | Counsel for Defendant, 7-ELEVEN, INC.: |
|---|---|
| WILLIAM B. Sullivan, Esq.<br>SULLIVAN & CHRISTIANI, LLP<br>2330 Third Avenue<br>San Diego, CA 92101<br>(619) 702-6760<br>Fax: (619) 702-6761 | Eric C. Sohlgren, Esq.<br>Laurel E. Adcock, Esq.<br>PAYNE & FEARS, LLP<br>4 Park Plaza Suite 1100<br>Irvine, CA 92614<br>(949) 851-1100<br>Fax: (949) 851-1212 |
| Co-Counsel for Defendant, 7-ELEVEN:<br><br>Eric A. Welter, Esq.<br>WELTER LAW FIRM, P.C.<br>720 Lynn Street, Suite "B"<br>Herndon, VA 20170<br>(703) 435-8500<br>Fax: (703) 435-8851 | |

☒    **BY MAIL** by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing documents for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day in a sealed envelope with postage thereon fully prepaid at San Diego, California in the ordinary course of a business day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 5, 2007, at San Diego, California.    _Marsha L. Johnson_
Marsha Lynn Johnson

1

**Exhibit V, Page 130**

**EXHIBIT W**

17-Dec-2007 12:50 PM    5/22

1     William B. Sullivan [CSB No. 171637]
       Eric J. Palmer [CSB No. 231207]
2     SULLIVAN & CHRISTIANI, LLP
       2330 Third Avenue
3     San Diego, California 92101
       (619) 702-6760 * (619) 702-6761 FAX
4

5     Attorneys for Plaintiff KIMBERLY ALEKSICK

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF IMPERIAL

| | |
|---|---|
| 10   KIMBERLY ALEKSICK, individually and | CASE NO. ECU03615 |
| 11   on behalf of other members of the general <br> public similarly situated, | (CLASS ACTION) |
| 12   | PLAINTIFF'S NOTICE OF *EX PARTE* |
|                Plaintiff, | APPLICATION FOR ORDER |
| 13      v. | COMPELLING "PIONEER/BELAIRE" <br> NOTICE, OR IN THE ALTERNATIVE FOR |
| 14   | AN ORDER SHORTENING TIME TO <br> HEAR PLAINTIFF'S REQUEST FOR AN |
| 15   7-ELEVEN, INC., a Texas Corporation; <br> MICHAEL TUCKER, an individual; and | ORDER COMPELLING <br> "PIONEER/BELAIRE" NOTICE; |
| 16   DOES 1-50, Inclusive, | {PROPOSED} ORDER |
| 17           Defendants | Date:       December 21, 2007 |
| 18   | Time:      8:30 a.m. <br> Dept.:      7 |
|   | Judge:     Hon. Christopher W. Yeager |

19

20     TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

21        PLEASE TAKE NOTICE that on Friday, December 21, 2007, at 8:30 a.m., or as soon

22   thereafter as the matter may be heard in Department 7 of the above-entitled court, located at 939 Main

23   Street, El Centro, California 92243, Plaintiff, KIMBERLY ALEKSICK, shall bring an bring an *Ex*

24   *Parte* Application for an Order compelling a "Pioneer/Belaire" notice, or in the alternative for an Order

25   shortening time to hear Plaintiff's request for an order compelling a "Pioneer/Belaire" notice.

26   ///

27   ///

28

PhDrm/6329\Pldgs\ExParte-PioneerBelaireNotice-dec12-07.wpd

PLAINTIFF'S NOTICE OF *EX PARTE* APPLICATION FOR ORDER COMPELLING PIONEER/BELAIRE
NOTICE

1    Plaintiff's *Ex Parte* Application will be based on all of the pleadings, records, and papers on

2    file herein, this Notice, the Memorandum of Points and Authorities in Support Thereof, the

3    Declaration of Eric J. Palmer, and on all the evidence, both oral and documentary, which shall be

4    produced at the hearing of the Application.

5

6

7    Dated:  12/17/07                             SULLIVAN & CHRISTIANI, LLP

8

9                                                 William B. Sullivan,
                                                    Eric J. Palmer,
10                                                 Attorneys for Plaintiff
                                                  KIMBERLY ALEKSICK
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F:\Doc\A328\Pldgs\ExParte-Pioneer/Belaire\Notice-decl 12-07.wpd

**Exhibit W, Page 132**

1   William B. Sullivan [CSB No. 171637]
    Eric J. Palmer [CSB No. 231207]
2   SULLIVAN & CHRISTIANI, LLP
    2330 Third Avenue
3   San Diego, California 92101
    (619) 702-6760 * (619) 702-6761 FAX
4

5   Attorneys for Plaintiff KIMBERLY ALEKSICK

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF IMPERIAL

10  KIMBERLY ALEKSICK, individually and  )  CASE NO. ECU03615
    on behalf of other members of the general  )
11  public similarly situated,            )  (CLASS ACTION)
                               )
12                              )  POINTS AND AUTHORITIES IN SUPPORT
             Plaintiff,          )  OF  PLAINTIFF'S  *EX PARTE*
13      v.                        )  APPLICATION FOR ORDER
                              )  COMPELLING "PIONEER/BELAIRE"
14                             )  NOTICE, OR IN THE ALTERNATIVE,
    7-ELEVEN, INC., a Texas Corporation;   )  FOR AN ORDER SHORTENING TIME TO
15  MICHAEL TUCKER, an individual; and  )  HEAR PLAINTIFF'S REQUEST FOR AN
    DOES 1-50, Inclusive,            )  ORDER  COMPELLING
16                              )  "PIONEER/BELAIRE"  NOTICE;
             Defendants         )  [PROPOSED] ORDER
17                              )
    _____ )
18                            Date:        December 21, 2007
                            Time:        8:30 a.m.
19                            Dept.:       7
                            Judge:     Hon. Christopher W. Yeager
20             I.   SUMMARY OF REQUEST

21       Plaintiff KIMBERLY ALEKSICK (hereinafter "ALEKSICK") respectfully applies to this

22  Court for an Order compelling the parties in the above captioned matter to provide a notice to all

23  potential Class Members notifying said Class Members of the pending litigation, and providing them

24  the opportunity to "Opt-Out" of the dissemination of their individual names, addresses and telephone

25  numbers. This request is brought pursuant to *Pioneer Electronics (USA), Inc. v. Superior Court* (2007)

26  40 Cal.4th 360, 373; *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 562.

27  //

28  //

Z:\Data\635P\Plgs\ExParte-Pioneer/Belaire\P&A-dec12-07.wpd

**Exhibit W, Page 133**

17-Dec-2007 12:50 PM    8/22

1  Specifically, ALEKSICK, requests the Court order the following actions:

2 A) That counsel for both parties "meet and confer" within five (5) court days on a proposed joint

3   notice to all proposed Class members. A redacted copy of a proposed notice to employee

4   class members from a separate, unrelated litigation is filed herewith as Exhibit "A";

5 B) That the notice be mailed to all proposed Class Members within five (5) court days of the

6   Court's Order; and

7 C) That the Court mandate that proposed Class members shall have thirty (30) calendar days to

8   **"Opt-Out"** or have their contact and employment information disclosed to Plaintiff's counsel.

9     II.  **VERIFIED FACTUAL SUMMARY**

10   The facts relevant to this motion are verified below. In law and motion practice, factual

11 summaries are commonplace and useful provided each fact mentioned is supported by admissible

12 evidence and preferably if each such factual allegation is followed by an appropriate reference to the

13 alleged evidence supporting the motion. However, if no admissible evidence supports the party's

14 alleged facts, the court must disregard "facts" contained in an unverified statement. Calcor Space

15 Facility, Inc. v. Superior Court (1997) 53 Cal. App.4th 216, 224.

16   This is a Wage and Hour Class Action, asserting allegations regarding Meal/Rest periods and

17 Itemized Wage Statements ("pay stubs".) Plaintiff ALEKSICK filed her controlling Class Action

18 Complaint in the Imperial County Superior Court on April 16, 2007. (Please see Declaration of Eric

19 J. Palmer.)

20   In an attempt to comply with her pre-class certification proof obligations, Plaintiff

21 ALEKSICK has requested information and documents **directly relevant** to the Class "commonality"

22 element. Cal. Code of Civil Procedure § 382. (Please see Declaration of Eric J. Palmer.)

23   In consideration of the Imperial County Superior Court's "Fast Track" system, and in order

24 to expedite both the discovery and class certification processes in this matter, Plaintiff applies *Ex parte*

25 for an Order compelling a joint notice to all putative Class members, pursuant to the Pioneer/Belaire

26 line of authority, or in the alternative, for an Order shortening time to hear ALEKSICK'S request for

27 an Order compelling said notice. (Please see Declaration of Eric J. Palmer.)

28 //

POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER COMPELLING PIONEER/BELAIRE NOTICE - CASE NO. ECU 03615

Z:\Data\6329\Pldgs\ExParte-Pioneer\Belaire\P&A-dec12-07.wpd

2

**Exhibit W, Page 134**

### III. PLAINTIFF'S REQUEST

**A. THE CALIFORNIA SUPREME COURT HAS ESTABLISHED THE PROPRIETY AND REASONABLENESS OF THE PROPOSED NOTICE**

The controlling California law regarding the production of employee contact and employment information pre-Certification is set forth in the Pioneer Electronics (USA), Inc. v. Superior Court (2007) 40 Cal.4th 360, 373 and Belaire-West Landscape, Inc. v. Superior Court (2007) 149 Cal.App.4th 554, 562. These cases establish parameters and propriety of such notice.

**i. The Pioneer Electronics Decision**

In Pioneer Electronics, supra, the plaintiff brought a Class Action representing purchasers of defective DVD players against the seller. On appeal before the California Supreme Court, the issue presented was whether the defendant seller could oppose plaintiff's request for identifying class member information during civil discovery proceedings based on the class members' right to privacy.

In holding for the *plaintiff*, the Supreme Court reasoned that, "[c]ontact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case." Pioneer, supra, 40 Cal.4th at p. 373. Thus, the Court *permitted* disclosure of identifying class member information, pre-certification, to plaintiff, following a notice to class members allowing a sufficient opportunity to object to the production of their personal information:

> For all the foregoing reasons, we think the trial court properly evaluated the alternatives, balanced the competing interests, and **permitted the disclosure of contact information** regarding Pioneer's complaining customers unless, following proper notice to them, they registered a written objection. These customers had *no* reasonable expectation of any greater degree of privacy, and *no* serious invasion of their privacy interests would be threatened by requiring them affirmatively to object to disclosure. Pioneer, supra, at pp. 373-374. (Emphasis added.)

**ii. The Belaire-West Landscape Decision**

In the subsequent decision of Belaire-West Landscape, Inc. v. Superior Court, supra, the Court of Appeal *confirmed* that the holding of Pioneer Electronics, a consumer class action case, was equally applicable to employment class actions, such as the instant litigation.

In Belaire, two former employees brought a putative class action against their former employer alleging "wage and hour" violations. As in Pioneer, the defendant opposed the plaintiff's request for

POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR ORDER COMPELLING PIONEER/BELAIRE NOTICE - CASE NO. ECU 03615

Z:\Dai\#A329\Pldgs\ExParte-PioneerBelaire\P&A-dec12-07.wpd

3

Exhibit W, Page 135

1    class member identifying information on privacy grounds.  In finding for the *plaintiff*, the Court of

2    Appeal adopted the reasoning of the California Supreme Court:

3        The *Pioneer* analysis leads us to conclude that **opt-*out*** notices will also suffice
         here...While it is unlikely that the employees anticipated broad dissemination of their
4        contact information when they gave it to Belaire-West, that does not mean that they
         would wish it to be withheld from a class action plaintiff who seeks relief for
5        violations of employment laws. Just as the dissatisfied Pioneer customers could be
         expected to want their information revealed to a class action plaintiff who might
6        obtain relief for the defective DVD players, *so can current and former Belaire-*
         *West employees reasonably be expected to want their information disclosed to a*
7        *class action plaintiff who may ultimately recover for them unpaid wages that they*
         *are owed.* (Belaire West, supra, 149 Cal.App.4th at p. 561.)(Emphasis added.)

8

9    **B.    THE REQUESTED TIME PARAMETERS ARE REASONABLE**

10       Plaintiff has brought the instant *Ex Parte* request, in part, in consideration of the system

11   adopted by the Imperial County Superior Court and the Judicial Council of California.

12       Pursuant to California Rules of Court 710, 711, and 712(a), all California trial courts are to

13   adopt local rules for the disposition of general civil cases which are consistent with  California

14   Government Code § 68603, *et seq*. (The Trial Court Delay Reduction Act, "the Act".)

15       Under the Act, the goal for resolution of unlimited civil cases is: 75% disposed of within 12

16   months, 85% disposed of within 18 months, and **100% within 2 years after filing.** (Cal. Govt. Code

17   § 68603, et seq..; please see also Cal. Rule of Court 3.714(b)(1).)

18       Based on the foregoing, Plaintiff ALEKSICK contends that it would be in the best interest of

19   the Class, and far less burdensome on the Court, for the proposed Pioneer/Belaire Notice to be issued

20   within five (5) court days from the date of the Order.  Having the proposed Class members authorize

21   the disclosure of their contact and employment information will expedite both discovery and the class

22   certification process in this matter by avoiding further colloquies between the parties' counsel on

23   whether said information should be disclosed.  (Declaration of Palmer.)

24   ///

25   ///

26   ///

27   ///

28   ///

POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER
COMPELLING PIONEER/BELAIRE NOTICE - CASE NO. ECU 03615
4

Z:\Data\03129\Pldgs\ExParte-Pioneer/Belaire\P&A-drc12-07.wpd

**Exhibit W, Page 136**

17-Dec-2007 12:50 PM          11/22

# V. CONCLUSION

Based on the foregoing arguments and authorities, Plaintiff ALEKSICK respectfully requests the Court grant ALEKSICK's *Ex Parte* Application and Order the following:

- ○ The Parties to this matter are to "meet and confer" and agree within five (5) court days on a proposed joint notice to putative class members, informing them of Plaintiff ALEKSICK's request for contact and employment information;

- ○ Defendant 7-ELEVEN, INC. shall mail the joint notice to all putative Class members within 5 court days;

- ○ Putative Class members shall thereon have thirty (30) calendar days to exclude themselves from Plaintiff's request by "opting out";

- ○ Immediately after the 30 day "opt out" period, Defendant shall produce the full name, last known home address, and last known home telephone number of all putative class members who have not "opted out" and excluded themselves from Plaintiff's request.

- ○ In the alternative, ALEKSICK requests that the Court issue an Order shortening time to hear ALEKSICK'S request for an Order compelling a "Pioneer/Belaire" notice.

Dated: 12/17/07

SULLIVAN & CHRISTIANI, LLP

William B. Sullivan,
Eric J. Palmer,
Attorneys for Plaintiff KIMBERLY ALEKSICK

Z:\Data\63291\Pldgs\ExParte-PioneerBelaire\P&A-dec12-07.wpd

POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER
COMPELLING PIONEER/BELAIRE NOTICE - CASE NO. ECU 03615

5

**Exhibit W, Page 137**

17-Dec-2007 12:50 PM          12/22

1                           {PROPOSED} ORDER

2        Having considered Plaintiff ALEKSICK's *Ex Parte* Application, and the oral arguments of

3   counsel, this Court hereby orders as follows:

4        1)    Plaintiff ALEKSICK's *Ex Parte* Application is hereby granted;

5        2)    Counsel for Plaintiff ALEKSICK and counsel for Defendants MICHAEL TUCKER and 7-

6              ELEVEN, INC. shall "meet and confer" and agree within five (5) court days from the date of

7              this Order on a proposed joint notice to putative class members, informing them of Plaintiff

8              ALEKSICK's request for contact and employment information;

9        3)    Defendants MICHAEL TUCKER and 7-ELEVEN, INC shall mail, via 1st Class United States

10             mail, the joint notice to all putative Class members within 5 court days from the date of this

11             Order;

12       4)    Putative Class members shall thereon have thirty (30) calendar days from the date of mailing

13             to exclude themselves from Plaintiff's request by providing written notice of their intent to

14             "opt out" of Plaintiff's request for information;

15       5)    No later than two (2) business days following the end of the "opt out" period described in

16             paragraph (4), supra, Defendants MICHAEL TUCKER and 7-ELEVEN, INC. shall produce

17             to Plaintiff's counsel: the full name, last known home address, and last known home telephone

18             number of all putative class members who have not "opted out" and excluded themselves

19             from Plaintiff's request.

20

21   **IT IS SO ORDERED.**

22

23   Dated: _____                   _____

24                                                Honorable Christopher W. Yeager
                                                  Imperial County Superior Court of California
25

26

27

28

Z:\Dmn\632Pl\ldgs\ExParte-PioneerBelaire\P&A-dec12-07.wpd

POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER COMPELLING PIONEER/BELAIRE NOTICE - CASE NO. ECU 03613

6

**Exhibit W, Page 138**

17-Dec-2007 12:50 PM          13/22

1    William B. Sullivan [CSB No. 171637]
     Eric J. Palmer [CSB No. 231207]
2    SULLIVAN & CHRISTIANI, LLP
     2330 Third Avenue
3    San Diego, California 92101
     (619) 702-6760 * (619) 702-6761 FAX
4

5    Attorneys for Plaintiff KIMBERLY ALEKSICK

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF IMPERIAL

10   KIMBERLY ALEKSICK, individually and  )   CASE NO. ECU03615
     on behalf of other members of the general )
11   public similarly situated,               )   (CLASS ACTION)
                                              )
12                                            )   DECLARATION OF ERIC J. PALMER IN
                        Plaintiff,            )   SUPPORT OF PLAINTIFF'S *EX PARTE*
13        v.                                  )   APPLICATION  FOR  ORDER
                                              )   COMPELLING  "PIONEER/BELAIRE"
14                                            )   NOTICE, OR IN THE ALTERNATIVE FOR
     7-ELEVEN, INC., a Texas Corporation;     )   AN  ORDER  SHORTENING  TIME  TO
15   MICHAEL TUCKER, an individual; and       )   HEAR PLAINTIFF'S REQUEST FOR AN
     DOES 1-50, Inclusive,                    )   ORDER    COMPELLING
16                                            )   "PIONEER/BELAIRE" NOTICE
                        Defendants            )
17                                            )   Date:       December 21, 2007
                                              )   Time:       8:30 a.m.
18   ─────────────────────────────────────   )   Dept.:      7
                                                  Judge:      Hon. Christopher W. Yeager
19

20
     I, Eric J. Palmer, declare as follows:
21
          1.   I am an attorney licensed to practice law before this Court and am employed with the law firm
22
               of Sullivan & Christiani, LLP, attorneys of record for Plaintiff KIMBERLY ALEKSICK in
23
               the above-captioned matter. I make this declaration in support of Plaintiff's    *Ex Parte*
24
               Application for an Order compelling a "Pioneer/Belaire" Notice, or in the alternative, for an
25
               Order shortening time to hear Plaintiff's Request for an Order compelling a "Pioneer/Belaire"
26
               Notice.
27
     ///
28

     ───────────────────────────────────────
                                             DECLARATION OF ERIC J PALMER IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR
                                             ORDER COMPELLING PIONEER/BELAIRE
     P:\Data\4329\Pldgs\ExParte-Pioneer Belaire\Dec-EJP-doc12-07.wpd

**Exhibit W, Page 139**

17-Dec-2007 12:50 PM                  14/22

2.  I have personal knowledge of the facts set forth in this declaration and if called to testify as a witness I could and would do so.

3.  On April 16, 2007, this office caused to be filed in the El Centro Superior Court a Class Action Complaint on behalf of KIMBERLY ALEKSICK, alleging Meal/Rest period violations and Itemized Wage Statement violations against the named Defendants in the above captioned matter.

4.  This office has propounded written discovery on the named Defendants requesting, among other things, contact and employment information for all putative class members falling within the operative statutory period.  Said discovery is tailored to investigate the "commonality" requirements necessary for Class certification pursuant to California Code of Civil Procedure section 382, *et seq.*, and California Rules of Court 3.764, 3.765.

5.  This office appears *Ex parte* in the instant matter for an Order compelling notice to all putative class members of this office's request for the dissemination of contact and employment information for said class members.  This notice is to be issued in line with the recent decisions of Pioneer Electronics (USA), Inc. v. Superior Court (2007) 40 Cal.4th 360, 373; Belaire-West Landscape, Inc. v. Superior Court (2007) 149 Cal.App.4th 554, 562, (a "Pioneer/Belaire" notice.)

6.  This office has previously issued "Pioneer/Belaire" notices with defense counsel in several other "wage and hour" class action litigations.  In all of these cases, the "Pioneer/Belaire" notice has expedited the process of obtaining class member contact and employment information by greatly reducing the need for further discovery, motions, and depositions as to this information.

7.  A true and correct redacted copy of a "Pioneer/Belaire" notice from separate, unrelated, "wage and hour" class action is attached hereto as Exhibit "A."

///
///
///

F:\Data\d329\Pldgs\ExParte-PioneerBelaire\DeclEJP-dec12-07.wpd

DECLARATION OF ERIC J PALMER IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR ORDER COMPELLING PIONEER/BELAIRE

2

**Exhibit W, Page 140**

17-Dec-2007 12:50 PM                    15/22

8.  Any putative class member who objects to having their contact and/or employment information disseminated to this office will have an adequate opportunity to exclude themselves from this office's request.

9.  On Thursday, December 13, 2007, at approximately 11:20 a.m., this office notified all counsel for the named defendants of the instant *Ex Parte* Application and hearing date. A true and correct copy of said correspondence and the facsimile transmittal sheet are attached hereto as Exhibit "B."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ___17th___ day of December 2007.


Eric J. Palmer
Declarant

17-Dec-2007 12:50 PM    16/22

# EXHIBIT A

**Exhibit W, Page 142**

**DRAFT**

October 13, 2007 4:19 PM

October 13, 2007

Dear current and former ███████ employees:

A lawsuit is currently pending against ███████████, LLC ("███████") in California Superior Court, in the County of San Diego. In the lawsuit, the plaintiff (a former ███████ housekeeper), alleges that ███████ failed to pay its employees overtime compensation, provide reimbursement for expenses incurred during the scope of employment, provide itemized pay stubs required by California law and failed to provide its employees with meal and rest periods as required by California law. ███████ denies the plaintiff's claims and maintains it has fully complied with all applicable laws.

The plaintiff in the case seeks to bring this lawsuit as a class action on behalf of all current and former ███████ employees who worked as employees for ███████ or the company which preceded it, any time since June 4, 2003. The Court has not yet determined whether to allow this lawsuit to proceed on behalf of anyone other than the named plaintiff. If, however, the Court allows this case to proceed as a class action, you may be a member of this potential class.

The attorneys for the plaintiff have asked ███████ to disclose to them the names and home addresses of persons who might be included in the class so that they may contact potential class members to gather information about whether the claims alleged are common among past and present ███████ employees. If you do not wish to have ███████ disclose your contact information to the plaintiff's attorneys, you must sign the enclosed postcard and return it to counsel for ███████, ██████████, ██████ ██████ ██████, ███████████████, San Diego, CA ██████, by no later than _____. If you do not return the enclosed card, your name and home address will be given to plaintiff's counsel. If you are contacted by either plaintiff's or ███████ counsel, you have no obligation to speak to them or to any other person about the case. You will not be rewarded or punished in any way based on your decision to allow or not allow your contact information to be conveyed to the plaintiff's attorneys. ███████ will not retaliate in any way against you if you choose to speak with plaintiff's counsel or otherwise participate in the case.

Very truly yours,

374699.1

**Exhibit W, Page 143**

17-Dec-2007 12:50 PM    18/22

# EXHIBIT B

17-Dec-2007 12:50 PM                    19/22

# SULLIVAN & CHRISTIANI

A LIMITED LIABILITY PARTNERSHIP

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

2330 Third Avenue
San Diego, California 92101
PHONE (619) 702-6760
FACSIMILE (619) 702-6761

LAS VEGAS

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2016

December 13, 2007

*Via U.S. Mail and Facsimile: (619) 239-0116*
*(703) 435-8851*
*(949) 851-1212*

Paul C. Johnson, Jr., Esq.
Bacalski, Ottoson, & Dubé, LLP
402 West Broadway, 24th Floor
San Diego, CA 92101-3542

Eric C. Sohlgren, Esq.
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, CA 92614

Eric A. Welter, Esq. (Virginia)
WELTER LAW FIRM, P.C.
720 Lynn Street, Suite B
Herndon, VA 20170

Re:     Kimberly Aleksick v. 7-Eleven, Inc.
        Case No.: ECU03615

Dear Gentlemen:

Enclosed please find Plaintiff's First Amended Complaint in the above referenced matter. Thank you for your assistance throughout this litigation.

As discussed with Mr. Sullivan at the initial Case Management Conference, this Amended Complaint incorporates, among other theories, a cause of action asserting a violation of Labor Code section 2699, *et seq.* against Defendant 7-Eleven. At this time, Plaintiff does not intend to further amend the Complaint.

Given the above, and as previously discussed, please allow this correspondence to serve as a proposal that all parties agree to schedule a telephone conference to discuss the present parameters and timing of discovery. Among other issues, it is my understanding that Mr. Welter desires to limit certain discovery. I believe that an understanding by all parties, prior to the upcoming December 21, 2007 Case Management Conference, will assist both counsel and the Court.

F:\Data\6359\Co\PAC.counsel.12.12.07.wpd

**Exhibit W, Page 145**

17-Dec-2007 12:50 PM                20/22

Additionally, please allow this correspondence to serve as notice that Plaintiff has scheduled an *Ex-Parte* Conference, on Friday, December 21, 2007, at 8:30 a.m. The purpose of this *Ex-Parte* will be to request the Court Order the dissemination of a Pioneer Electronics/Belaire Notice, to all proposed Class Members, regarding the production of contact information on the proposed Class Members.

This office can make itself available, at any time between 9 a.m. and 5 p.m. (Pacific Standard Time), upon 48 hours notice. As such, it is respectfully requested that you contact the undersigned, at your earliest convenience, to schedule the pre-CMC teleconference.

Again, thank you for your assistance throughout this matter. Should you have any questions or comments, please do not hesitate to contact my office.

Very truly yours,

Eric J. Palmer

Enclosure
cc:    William B. Sullivan, Esq.

F:\Data\6359\CoAFAC.counsel.12.12.07.wpd

**Exhibit W, Page 146**

17-Dec-2007 12:50 PM                31/22

# SULLIVAN & CHRISTIANI, LLP
## 2330 THIRD AVENUE
## SAN DIEGO, CALIFORNIA 92101

### TELEPHONE 619-702-6760
### FACSIMILE 619-702-6761

**Facsimile Coversheet**

Date:  December 13, 2007            Time Sent:_____a.m/p.m.

Total Number of Pages Including Cover Sheet:  45

To:         Eric A. Welter, Esq.
            Eric C. Sohlgren, Esq.
            Paul C. Johnson, Jr., Esq.

Firms:      WELTER LAW FIRM, P.C.
            PAYNE & FEARS LLP
            BACALSKI, OTTOSON, & DUBÉ LLP

From:       Eric J. Palmer, Esq.
            Sullivan & Christiani, LLP

Facsimile Numbers:     (703) 435-8851
                       (949) 851-1212
                       (619) 239-0116

Re:      .      Aleksick v. 7-Eleven, Inc., et al. (Case No. ECU 03615)

Our File Number:    69-6329

Comments:    Please review enclosed correspondence.

Operator:    MM

If you have not properly received this facsimile, please call us at 619-702-6760.  Our fax number is 619-702-6761.

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service.  Thank you.

17-Dec-2007 12:50 PM                    23/23

BROADCAST REPORT

TIME  : 12/13/2007 11:21
NAME  :
FAX   :
TEL   :
SER.# : 000F6J325863

| PAGE(S) | 46 |
|---------|----|

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|-------|-------|-----------------|----------|---------|--------|---------|
| 12/13 | 10:59 | 17034350051 | 08:49 | 46 | OK | ECM |
| 12/13 | 11:09 | 19498511212 | 06:13 | 45 | OK | ECM |
| 12/13 | 11:16 | 2390116 | 05:30 | 46 | OK | ECM |

BUSY: BUSY/NO RESPONSE
NG  : POOR LINE CONDITION
CV  : COVERPAGE
PC  : PC-FAX

**Exhibit W, Page 148**

17-Dec-2007 12:50 PM                    1/22

**FILE COPY**

# SULLIVAN & CHRISTIANI, LLP
## 2330 THIRD AVENUE
## SAN DIEGO, CALIFORNIA 92101

### TELEPHONE 619-702-6760
### FACSIMILE 619-702-6761

### Facsimile Coversheet

**Date:** December 17, 2007          **Time Sent:** _____ a.m/p.m.

**Total Number of Pages Including Cover Sheet:** 22

**To:**        Eric A. Welter, Esq.
               Eric C. Sohlgren, Esq.
               Paul C. Johnson, Jr., Esq.

**Firms:**     WELTER LAW FIRM, P.C.
               PAYNE & FEARS LLP
               BACALSKI, OTTOSON, & DUBÉ LLP

**From:**      Eric J. Palmer, Esq.
               Sullivan & Christiani, LLP

**Facsimile Numbers:**      (703) 435-8851
                            (949) 851-1212
                            (619) 239-0116

**Re:**        <u>Aleksick v. 7-Eleven, Inc., et al.</u> (Case No. ECU 03615)

**Our File Number:**    69-6329

**Comments:**    Please review enclosed correspondence. *Ex parte* papers enclosed.

**Operator:**    MM

If you have not properly received this facsimile, please call us at 619-702-6760. Our fax number is 619-702-6761.

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

# SULLIVAN & CHRISTIANI

### A LIMITED LIABILITY PARTNERSHIP

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

**2330 Third Avenue**
**San Diego, California 92101**
PHONE (619) 702-6760
FACSIMILE (619) 702-6761

LAS VEGAS

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2016

December 17, 2007

Eric A. Welter, Esq. (Virginia)
WELTER LAW FIRM, P.C.
720 Lynn Street, Suite B
Herndon, VA 20170

*Via Facsimile Only:  (703) 435-8851*

Re:     Kimberly Aleksick v. 7-Eleven, Inc.
Case No.: ECU03615

Dear Mr. Welter:


Please allow this correspondence to serve as a reply to your December 17, 2007 letter in the above referenced matter. As Mr. Sullivan will not be in the San Diego office today, I have taken the opportunity to address your concerns. Thank you for your assistance throughout this litigation.

To address your first issue, I have reviewed Mr. Sullivan's notes, and they confirm a discussion with you regarding the filing of Amended Complaint(s). Succinctly, Mr. Sullivan represented that he informed you that, due to the Administrative Requirements under Labor Code section 2699, *et seq.*, he informed you that he would not be filing an Amended Complaint until he could enclose all available theories of relief. Succinctly, it appears that Mr. Sullivan did not want to file a First Amended Complaint when he knew a Second Amended Complaint would be required due to the section 2699 claim.

Respectfully, the discovery propounded and responded to supports the above representation. The Negligence Cause of Action (among others) addresses 7-ELEVEN's actions/inactions as "Book-Keeper/Payroll Provider." We have sent you discovery on this issue (as it is also relevant to the "employer") tag, and your office has responded, affirming that 7-ELEVEN required its Franchisees to use the services of 7-ELEVEN.


///

F:\Data\4329\Cor\Welter.12.17.07.wpd

**Exhibit W, Page 150**

17-Dec-2007 12:59 PM                    1/22

While I acknowledge and appreciate your objection to the filing of the First Amended Complaint, I must note that you fail to provide the foundation for your objection. As the section 2699 filing is a matter of right, and as pursuant to California law, Amendments should be freely granted, I fail to see the reason for any objection.

However, we cannot (and would not attempt to) stop you from attempting to have this set for a Motion Hearing. It reasonably follows though, that even if an Amendment in this case was denied, a second lawsuit would be filed, asserting the same claims. Perhaps this is an issue that can be addressed during the upcoming telephone conference.

Second, I will leave the decision regarding the Pioneer/Belaire *Ex Parte* for the teleconference. However, and respectfully, I believe you are mistaken as to the parameters of our request.

A Pioneer/Belaire Notice is not a "Class Notice" as the term is ordinarily used, at least by this firm and this community. The Pioneer/Belaire Notice simply informs the potential Class Members that a Class Action has been filed on "Wage and Hour" grounds, that Plaintiff will be seeking the names, addresses and telephone numbers of the Class Members, and provides the potential Class Members the opportunity to "Opt-Out" from the provision of such information to the Plaintiff. Such a notice does not usually provide any more specific information, as such is normally not required. Additionally, please note that the process usually requires a "Meet and Confer" with all counsel before the Notice is sent out, and we have specifically requested such a meeting.

The statutory basis for this Pioneer/Belaire Notice request (and all others filed by this firm) is the "Fast Track" requirements, as set forth under California Government Code § 68603, *et seq.* (The "Trial Court Delay Reduction Act") and California Rule of Court 3.714(b)(1.) Under this statute, this case should proceed to Trial within two years. This case is already several months old, and we anticipate a lengthy discovery process. Again, as much as you have the right to object, please understand that our actions - such as avoiding filing a Second, then a Third Amended Complaint - are meant to expedite this process, in line with California requirements.

As to your third issue, I must respectfully disagree with your position. Succinctly, if we were to propound discovery seeking Class Member information before we received a Pioneer/Belaire Notice, we would expect you to object on privacy grounds. There would then be a delay of several months, which would be contrary to California law.

Additionally, the Pioneer/Belaire Notice is not premature, in that (a) both the original and the Amended Complaint plead a class action, the only pre-requisite to such Notice, and (b) due to the normal "Meet and Confer" process, the Notice will not be sent out until it is formally before the Court.

////

P:\Data\6329\Corr\Wolter.12.17.07.wpd

**Exhibit W, Page 151**

17-Dec-2007 12:50 PM                    4/22

     Finally, enclosed please find Plaintiff's *Ex Parte* papers. Hopefully, these will address some of your concerns. Once I can confirm the availability of Mr. Sullivan for Wednesday, December 19, I will contact your office.

     Again, thank you for your assistance throughout this matter. Should you have any questions or comments, please do not hesitate to contact my office.

                              Very truly yours,

                              Eric J. Palmer

Enclosure
cc:   William B. Sullivan, Esq.
       Eric C. Sohlgren, Esq.
       Paul C. Johnson, Esq.

F:\Data\6329\Cor\Weber.12.17.07.wpd

**Exhibit W, Page 152**

**EXHIBIT X**

# SULLIVAN & CHRISTIANI, LLP

2330 THIRD AVENUE
SAN DIEGO, CALIFORNIA 92101

TELEPHONE 619-702-6760
FACSIMILE 619-702-6761

### Facsimile Coversheet

**Date:** December 13, 2007          **Time Sent:** _____ a.m/p.m.

**Total Number of Pages Including Cover Sheet:** 45

**To:**           Eric A. Welter, Esq.
                  Eric C. Sohlgren, Esq.
                  Paul C. Johnson, Jr., Esq.

**Firms:**        WELTER LAW FIRM, P.C.
                  PAYNE & FEARS LLP
                  BACALSKI, OTTOSON, & DUBÉ LLP

**From:**         Eric J. Palmer, Esq.
                  Sullivan & Christiani, LLP

**Facsimile Numbers:**      (703) 435-8851
                            (949) 851-1212
                            (619) 239-0116

**Re:**           Aleksick v. 7-Eleven, Inc., et al. (Case No. ECU 03615)

**Our File Number:**   69-6329

**Comments:**     Please review enclosed correspondence.

**Operator:**     MM

If you have not properly received this facsimile, please call us at 619-702-6760. Our fax number is 619-702-6761.

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

**Exhibit X, Page 153**

# SULLIVAN & CHRISTIANI

A LIMITED LIABILITY PARTNERSHIP

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

2330 Third Avenue
San Diego, California 92101
PHONE (619) 702-6760
FACSIMILE (619) 702-6761

LAS VEGAS

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2016

December 13, 2007

*Via U.S. Mail and Facsimile:* (619) 239-0116
(703) 435-8851
(949) 851-1212

Paul C. Johnson, Jr., Esq.
Bacalski, Ottoson, & Dubé, LLP
402 West Broadway, 24th Floor
San Diego, CA 92101-3542

Eric A. Welter, Esq. (Virginia)
WELTER LAW FIRM, P.C.
720 Lynn Street, Suite B
Herndon, VA 20170

Eric C. Sohlgren, Esq.
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, CA 92614

Re:     Kimberly Aleksick v. 7-Eleven, Inc.
        Case No.: BCU03615

Dear Gentlemen:

Enclosed please find Plaintiff's First Amended Complaint in the above referenced matter. Thank you for your assistance throughout this litigation.

As discussed with Mr. Sullivan at the initial Case Management Conference, this Amended Complaint incorporates, among other theories, a cause of action asserting a violation of Labor Code section 2699, *et seq.* against Defendant 7-Eleven. At this time, Plaintiff does not intend to further amend the Complaint.

Given the above, and as previously discussed, please allow this correspondence to serve as a proposal that all parties agree to schedule a telephone conference to discuss the present parameters and timing of discovery. Among other issues, it is my understanding that Mr. Welter desires to limit certain discovery. I believe that an understanding by all parties, prior to the upcoming December 21, 2007 Case Management Conference, will assist both counsel and the Court.

F:\Data\0329\Cor\PAC.amend.12.12.07.wpd

Additionally, please allow this correspondence to serve as notice that Plaintiff has scheduled an *Ex-Parte* Conference, on Friday, December 21, 2007, at 8:30 a.m. The purpose of this *Ex-Parte* will be to request the Court Order the dissemination of a Pioneer Electronics/Belaire Notice, to all proposed Class Members, regarding the production of contact information on the proposed Class Members.

This office can make itself available, at any time between 9 a.m. and 5 p.m. (Pacific Standard Time), upon 48 hours notice. As such, it is respectfully requested that you contact the undersigned, at your earliest convenience, to schedule the pre-CMC teleconference.

**Exhibit X, Page 154**

Very truly yours,

Eric J. Palmer

Enclosure
cc:    William B. Sullivan, Esq.

Exhibit X, Page 155

1  William B. Sullivan [CSB No. 171637]
   Eric J. Palmer [CSB No. 231207]
2  SULLIVAN & CHRISTIANI, LLP
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4

5  Attorneys for Plaintiff KIMBERLY ALEKSICK,
   individually and on behalf of other members of the
6  general public similarly situated,

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF IMPERIAL

10 KIMBERLY ALEKSICK, individually and    )   CASE NO. ECU 03615
   on behalf of other members of the general )
11 public similarly situated,                )   (CLASS ACTION)
                                              )
12            Plaintiff,                       )   FIRST AMENDED COMPLAINT
                                              )   FOR:
13     v.                                      )
                                              )   1. NEGLIGENCE (CLASS ACTION);
14 7-ELEVEN, INC., a Texas Corporation;       )
   MICHAEL TUCKER, an individual; and         )   2. NEGLIGENCE *PER SE* (CLASS
15 DOES 1-50, Inclusive,                      )      ACTION);
                                              )
16            Defendants.                      )   3. NEGLIGENT INTERFERENCE
                                              )      WITH PROSPECTIVE ECONOMIC
17 _____ )         ADVANTAGE (CLASS ACTION);

18                                                4. VIOLATION OF LABOR CODE;
                                                     (CLASS ACTION);
19
                                                 5. VIOLATION OF BUSINESS AND
20                                                  PROFESSIONS CODE SECTION
                                                    17200 (CLASS ACTION);
21
                                                 6. VIOLATION OF LABOR CODE
22                                                  SECTION 2699, et seq.
                                                    (REPRESENTATIVE ACTION)
23

24     COMES NOW Plaintiff KIMBERLY ALEKSICK, (hereinafter "Plaintiff"), and alleges for her

25 Complaint as follows:

26 1.  This Court has jurisdiction over this matter in that all parties are residents of the State of

27     California and the amount in controversy exceeds the statutory minimum limit of this Court. This

28     Class action is brought pursuant to Section 382 of the California Code of Civil Procedure, and

P:\Tasks\6329\Pldzt\Aleksick class action.FAC.wpd                    First Amended Complaint - ECU03615

**Exhibit X, Page 156**

1   this Representative action is brought pursuant to Labor Code section 2699, *et seq.* With respect

2   to the Class action, the monetary damages and restitution sought by Plaintiff exceed the minimal

3   jurisdiction limits of the Superior Court and will be established according to proof at trial. The

4   monetary damages sought on behalf of each and every member of the class and as aggregate class

5   damages exceed those jurisdictional limits as well. However, the claims of individual class

6   members, including Plaintiff, are under the $75,000.00 jurisdictional threshold for federal court.

7   Furthermore, there is no federal question at issue, as Wage and Hour protections and remedies

8   related thereto are based solely on California Law and Statutes, including the Labor Code, Civil

9   Code, Code of Civil Procedure, and Business and Professions Code.

10  2.   Venue is proper before this Court in that some or all of the events, acts and happenings as alleged

11       herein occurred within the jurisdiction of the above-entitled court.

12  3.   Venue before this Court is proper in that certain wrongful acts which gave rise to Plaintiff's

13       injuries occurred in Imperial County in the State of California.

14  4.   At all relevant times herein, Plaintiff KIMBERLY ALEKSICK (Hereinafter "Plaintiff") was and

15       is an individual residing in Imperial County in the State of California.

16  5.   Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein,

17       Defendant 7-ELEVEN, INC. (hereinafter "Defendant 7-ELEVEN"), was and is a Texas

18       Corporation doing business in Imperial County in the State of California.

19  6.   Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein,

20       Defendant MICHAEL TUCKER (hereinafter "TUCKER") was and is, residing and doing

21       business in Imperial County in the State of California.

22  7.   Plaintiff is presently unaware of the true names, capacities and liability of Defendants named

23       herein as DOES 1 through 50, inclusive. Accordingly, Plaintiff will seek leave of court to amend

24       this Complaint to allege their true names and capacities after the same have been ascertained.

25  8.   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

26       Defendants is responsible in some manner for the wrongs and damages as herein alleged, and in

27       so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and

28       in doing the actions mentioned below was acting within the course and scope of his or her

1    authority as such agent, servant, partner, and employee with the permission and consent of the

2    co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said Defendants.

3    Wherever it is alleged herein that any act or omission was done or committed by any specially

4    named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same

5    act or omission was also done and committed by each and every Defendant named as a DOE,

6    both separately and in concert or conspiracy with the named Defendant or Defendants.

7  9.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,

8    including DOES 1 through 50, are, and at all times herein mentioned were, either individuals,

9    sole proprietorships, partnerships, registered professionals, corporations, alter egos, or other legal

10   entities which were licensed to do and/or were doing business in the County of San Diego, State

11   of California at all times relevant to the subject matter of this action.

12                        **CLASS ACTION ALLEGATIONS**

13 10. As more specifically set forth below, Plaintiff is bringing this action on behalf of an ascertainable

14   class and a well-defined community of interest among the class members. Code of Civil

15   Procedure Section 382; <u>Richmond v. Dart Industries, Inc.</u> (1981) 29 Cal.3d 426, 470.

16   Throughout her employment, Plaintiff and her former co-workers were knowingly denied and/or

17   refused mandated relieved meal and rest periods, in violation of Labor Code Section 512.

18   Defendant 7-ELEVEN and TUCKER ("Defendants") further failed to provide Plaintiff and her

19   former co-workers one hour of pay at their regular rate of pay for each day the meal and rest

20   periods were not provided, in violation of Labor Code Section 226.7, despite such knowledge.

21   Moreover, Plaintiff and other employees of Defendants regularly worked (at times, in excess of

22   eight (8) hours a day and/or forty (40) hours a week) without receiving appropriate compensation,

23   including but not limited to minimum wage and or overtime compensation. Further, Plaintiff and

24   other employees of Defendants were required to purchase uniforms using their own monies

25   without reimbursement, in violation of Labor Code section 2802. Additionally, Plaintiff and

26   other employees did not receive itemized wage statements ("pay-stubs") which were compliant

27   with the provisions of Labor Code section 226.

28

**Exhibit X, Page 158**

11.  Plaintiff brings this action on the grounds that she and other similarly situated employees employed by Defendants were and are improperly denied earned compensation (including minimum wage and overtime compensation), denied mandated wages resulting from missed meal and rest periods, improperly required to purchase work uniforms without reimbursement, and improperly issued statutorily non-compliant pay-stubs. Sav-On Drug Stores, Inc. v. Superior Court (2004) 34 Cal.4th 319. The class of present and former employees is believed to number approximately five thousand (5000.)

12.  The approximately 5000 member class is ascertainable via their experience as present or past employees of Defendants, and/or as individuals who experienced Defendant 7-ELEVEN acting as "Bookkeeper/Payroll Provider" while they were employed for a 7-ELEVEN store.

13.  The class members share a community of interest and an injury in fact as Defendants have violated California laws, thereby depriving the class members of money earned by them.

14.  This action involves questions of law and fact common to the class in that Plaintiff is bringing this action on behalf of a class of Defendants' current and former employees who were and/or are improperly denied mandated meal and rest periods, overtime compensation, statutorily compliant pay stubs, and were and/or are improperly required to purchase work uniforms with their own wages. The subject matter of this action both as to factual and legal matters is such that there are questions of law and fact common to the class which predominate over questions affecting only individual members, including, among other violations, the following:

   A.  Statistically, one hundred percent (100%) of the class members were not "authorized and permitted" to take their legally mandated meal and rest periods, and were not provided the legally mandated payment for not receiving relieved meal and rest periods. One hundred percent of the class members were required by Defendants to purchase work uniforms using their own wages. None of the class members received statutorily compliant pay-stubs during the operative class period.

   B.  Statistically, one hundred percent (100%) of the class members were not provided appropriate compensation, including minimum wage and overtime compensation, due to an illegal "rounding" method, the result of which would improperly deduct actual time

1    worked by the Class Members, such that the Class Members were compensated at a lesser

2    rate.

3    C.    Statistically, one hundred percent (100%) of the class members were not provided

4    compliant Itemized Wage Statements, in that, among other deficiencies, the actual hours

5    worked, and the gross wages earned, were not accurate.

6    D.    Statistically, one hundred percent (100%) of the class members were damaged when

7    Defendant 7-ELEVEN, acting as self professed "Bookkeeper" and/or "Payroll Provider,"

8    breached its Duty of Care and proximately caused damage, in the form of monetary loss,

9    to each of the Class Members.

10    15.    The duties and responsibilities of the class members Plaintiff is representing were similar and

11    comparable.  Any variations in job activities between the individual class members are legally

12    insignificant to the issues presented by this action since the central facts remain, to wit, Plaintiff

13    and the other class members were improperly denied the mandated meal and rest periods,

14    compensation, pay-stubs, and were improperly required to purchase work uniforms using their

15    own wages.

16    16.    The class on whose behalf the action is brought is so numerous that joinder of all parties

17    individually would be impractical.  Plaintiff is bringing this action on behalf of approximately

18    5000 current and/or former employees of Defendants who share a common or general interest,

19    and it would be impracticable for those current or former employees to bring the action

20    individually.

21    17.    Plaintiff's claims in this action are typical of the class Plaintiff is generally representing. To wit,

22    Plaintiff and other members in the class were required and instructed by Defendants to perform

23    work during their mandated meal and rest periods and were not provided the mandated relieved

24    and off-duty meal and rest breaks. Defendants further failed to provide Plaintiff and other

25    members in her class one hour of pay at their regular rate of pay for each day the meal and rest

26    periods were not provided, in violation of Labor Code Section 226.7. Defendants further failed

27    to properly pay compensation to Plaintiff and other class members for work performed by them.

28    Defendants further failed to provide Plaintiff and other class members statutorily compliant pay-

**Exhibit X, Page 160**

1  stubs in accordance with Labor Code Section 226. Defendants further required Plaintiff and

2  other class members to purchase work uniforms using their own wages. Plaintiff seeks proper

3  compensation and restitution on behalf of herself and other members in the class for the

4  foregoing irregularities.

5  18. Plaintiff can fairly and adequately protect the interests of all the members of the class she is

6  representing in this action. Plaintiff's experience and knowledge of her former employers' Wage

7  and Hour practices and its policy regarding Meal and Rest periods, compensation, issuing pay-

8  stubs, and employee uniform purchases, in addition to Plaintiff's familiarity with the job duties

9  of the class members she is representing, entitle her to adequately and fairly represent the class.

10  19. Plaintiff has satisfied the three prong "community of interest" requirement in California Code

11  of Civil Procedure Section 382. For example, and as set forth above, (a) this action involves

12  predominant common questions of law or fact in that Plaintiff brings this action on behalf of the

13  approximately 5000 member class who were denied compensation, mandated relieved meal and

14  rest periods, and required wages under Labor Code Section 226.7 and Title 8, California Code

15  of Regulations Section 11070(11)(C) also known as Wage Order 7 and therefore, like Plaintiff,

16  were improperly compensated, (b) Plaintiff's claims and damages are typical of the class Plaintiff

17  represents in that, as mentioned above, Plaintiff seeks on behalf of herself and the class members

18  she represents wages for failure to provide them the required meal and rest periods, including

19  required wages under Labor Code Section 226.7 and Title 8, California Code of Regulations

20  Section 11070(11)(A) and (B), and (c) Plaintiff's experience and knowledge of her former

21  employer's Wage and Hour practices and its policy regarding meal and rest periods, in addition

22  to Plaintiff's familiarity with the job duties of the class members she is representing, entitle her

23  to adequately and fairly represent the class.

24  **FACTUAL BACKGROUND**

25  20. In or about 2005, Plaintiff commenced working in a position titled by Defendants as "Sales

26  Associate." Plaintiff's employment with Defendants continued until her involuntary termination

27  on February 20, 2007. Throughout her employment with Defendants, Plaintiff performed her job

28  in a capable and competent manner, and was commended for doing so. Throughout her

P:\Data\X329\Pldgs\Alekhick class action.FAC.wpd                6                First Amended Complaint - ECU03615

1    employment with Defendants, both Defendants exercised control over the wages, hours, and/or

2    working conditions of Plaintiff and her fellow employees, and both Defendants possessed the

3    right to terminate Plaintiffs' employment, by and through their represented roles as Franchisor

4    and Franchisee. Additionally, and separate and distinct from its obligation as an employer,

5    Defendant 7-ELEVEN required all of its represented Franchisees to delegate the role of

6    Bookkeeper and Payroll Provider to Defendant 7-ELEVEN, and to provide certain

7    documentation - including "time and wage authorizations for your Store employees" - to

8    Defendant 7-ELEVEN. Defendant 7-ELEVEN would thereafter configure and process payroll

9    to the Class Members, including Plaintiff.

10   21.  Pursuant to the Franchise Agreement between Defendant 7-ELEVEN and Defendant TUCKER,

11      and 7-ELEVEN, 7-ELEVEN assumed various statutory duties, as well as a basic Duty of Care.

12      (Please see Exhibit "D".) 7-ELEVEN failed to provide Plaintiff and her former co-workers one

13      hour of pay at their regular rate of pay for each day the meal and rest periods were not provided,

14      in violation of Labor Code Section 226.7, despite such knowledge. Moreover, Plaintiff and other

15      employees of Defendants regularly worked, and at times in excess of eight (8) hours a day and/or

16      forty (40) hours a week, without receiving appropriate and represented compensation, including

17      minimum wage and overtime compensation. Despite such knowledge, Defendant 7-ELEVEN

18      failed to provide Plaintiff or other employees with the compensation required by statute, and at

19      the represented amount provided to the employee Class Members. Further, Plaintiff and other

20      employees of Defendants were required to purchase uniforms using their own monies, in

21      violation of Labor Code section 2802. Additionally, Plaintiff and other employees did not

22      receive itemized wage statements ("pay-stubs") from 7-ELEVEN which were compliant with the

23      provisions of Labor Code section 226.

24   22.  Within its purview of Bookkeeper/Payroll Provider, Defendant 7-ELEVEN failed to

25      authorize and/or provide the One-Hour Wage required by California law where a worker

26      has not experienced a 30 minute completely relieved "Meal Period," despite being aware

27      of the specific time periods in which Plaintiff and other Class Members did not receive

28      said 30 minute completely relieved "Meal Periods." Additionally, Defendant 7-ELEVEN

**Exhibit X, Page 162**

1   used an illegal "rounding" method to lessen the reported actual hours worked by the Class

2   Members, resulting in the Class Members receiving lesser compensation.

3

4                           **FIRST CAUSE OF ACTION**
                               **Negligence - Class Action**

5            **(By The Class Against Defendant 7-ELEVEN, Inc.)**

6   23.  Plaintiff hereby incorporates by reference paragraphs 1 through 22 above, as though fully set

7        forth herein.

8   24.  Throughout the operative time period, Defendant 7-ELEVEN owed Plaintiff and the other Class

9        Members a Duty of Care. To wit, Defendant 7-ELEVEN    - by and through its operative

10       "Franchise Agreements" - required that each purported Franchisee (to which Defendant

11       TUCKER is an example) delegate the role of Bookkeeper and Payroll Provider to Defendant 7-

12       ELEVEN, and to provide certain documentation - including "time and wage authorizations for

13       your Store employees" - to Defendant 7-ELEVEN. Each of the Class Members, including

14       Plaintiff, fit within the definition of the 7-ELEVEN term "Store employee." Defendant 7-

15       ELEVEN would thereafter configure and process payroll to all the Class Members, including

16       Plaintiff. Defendant 7-ELEVEN assumed the Duty of Care by and through the Franchise

17       Agreements 7-ELEVEN itself created. The Duty of Care included the duty to provide each Class

18       Member with all monies earned and/or legally owing to the Class Members. In fact, the

19       assumption of this Duty of Care was so important to 7-ELEVEN that a Franchisees failure to use

20       7-ELEVEN as Bookkeeper/Payroll Provider was legal cause for 7-ELEVEN to rescind the

21       operative Franchise Agreement.

22   25.  Throughout the operative time period, Defendant 7-ELEVEN breached its Duty of Care to

23       Plaintiff and the other Class Members. To wit, and as examples, 7-ELEVEN failed to comply

24       with California State legal requirements regarding the payment of minimum and overtime wages,

25       as well as the payment of wages for non-compliant Meal and Rest Periods. Specifically, despite

26       the knowledge that certain employees would receive less than the 30-minute time period

27       (knowledge gained through documentation 7-ELEVEN itself required to be filled out, and

28       processed using a 7-ELEVEN created "system") Defendant 7-ELEVEN failed to process or pay

**Exhibit X, Page 163**

1    the additional "one-hour wage" required by State law. Additionally, 7-ELEVEN used an illegal

2    "rounding" system of employee work time calculation, where the actual work time provided by

3    employees would be re-configured by 7-ELEVEN, resulting in a decrease in the amount of work-

4    time reported and paid to the Class Members. Defendant 7-ELEVEN breached its Duty of Care

5    to provide each Class Member with all monies earned and/or legally owing to the Class

6    Members. This decrease violated State wage and hour laws,  including but not limited to

7    minimum wage and overtime requirements.

8   26.  The failure by Defendant 7-ELEVEN to comply with the operative Duty of Care caused damage

9       to Plaintiff and the other Class Members.

10  27.  As a direct result of Defendant 7-ELEVEN's Breach of its' Duty of Care, Plaintiff and the other

11       Class Members have suffered Damages.

## SECOND CAUSE OF ACTION
### Negligence *Per Se* - Class Action
### (By The Class Against Defendant 7-ELEVEN)

16  28.  Plaintiff hereby incorporates by reference paragraphs 1 through 27 above, as though fully set

17       forth herein.

18  29.  The State of California has enacted and codified various protections, in favor of employees, in

19       regard to the payment of wages earned during employ. For example, California Labor Code

20       section 1194 provides as follows:

21         (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less
than the legal minimum wage or the legal overtime compensation applicable to the
22         employee is entitled to recover in a civil action the unpaid balance of the full amount of this
minimum wage or overtime compensation, including interest thereon, reasonable attorney's
23         fees, and costs of suit. (b) The amendments made to this section by Chapter 825 of the
Statutes of 1991 shall apply only to civil actions commenced on or after January 1, 1992.

24  30.  The State of California has also enacted and codified those person(s) to whom the duties to

25       ensure the above employee protections apply. These statutes, exemplified below, establish

26       required duties upon employers and "other person(s) acting individually" or "on behalf of an

27       employer."

28

**Exhibit X, Page 164**

31.  For example, California Labor Code section 1197.1 provides, in pertinent part, as follows:

Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows: ...

32.  California Labor Code section 1199 provides as follows:

Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following: (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission. (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission. (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission.

33.  California Labor Code section 558 provides, in pertinent part, as follows:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: ...

34.  During the course of the operative Class Period, Defendant 7-ELEVEN owed a duty of care to Plaintiff and the other Class Members to ensure that each Class Member was fully and completely paid all wages earned, and reimbursable expenses incurred, during their employ. To require its represented "Franchisees" to use 7-ELEVEN as Payroll-Processor/Bookkeeper (and, as a result, all Class Members to experience 7-ELEVEN Payroll-Processing), 7-ELEVEN incurred a duty of care in performing the functions of said positions. Further, 7-ELEVEN assumed these statutory duties pursuant to the Franchise Agreement, where the purported Franchisees failure to assign this duty to 7-ELEVEN was proper grounds for 7-ELEVEN to rescind and/or cancel the contract.

35.  Defendant 7-ELEVEN breached  its' Duty of Care to the Class Members.  7-ELEVEN breached multiple Labor Code sections, including those referenced above, as well as 226, 226.7, 510, 512, and 2802. For example, Defendant 7-ELEVEN possessed knowledge of the time taken by each Class Member during the above referenced Meal Periods, and those specific occasions in which the time taken did not comply with the statutory requirement. Defendant 7-ELEVEN was aware of the statutory requirement to provide a Wage of One-Hour where the Meal Period was not fully provided. Despite having the responsibility of providing said Wage

**Exhibit X, Page 165**

1   of One-Hour, 7-ELEVEN did not provide this wage. As a second example, 7-ELEVEN used

2   an illegal "rounding" system of employee work time calculation, where the actual work time

3   provided by employees would be re-configured by 7-ELEVEN, resulting in a decrease in the

4   amount of work-time reported and paid to the Class Members. This decrease violated State

5   wage and hour laws, including but not limited to minimum wage and overtime requirements.

6   36.   Defendant 7-ELEVEN's Breach of its' Duty of Care to Plaintiff and the other Class Members

7         was a proximate and substantial factor in bringing about the subsequent damages.   The

8         violation of these statutes resulted from an occurrence the nature of which the Labor Code

9         statutes were designed to prevent, and Plaintiff and the other class members were of the class

10        of persons for whose protection the Labor Codes were adopted.

11  37.   As a direct result of Defendant 7-ELEVEN's Breach of its' Duty of Care, Plaintiff and the

12        other Class Members have suffered Damages.

13

14                              **THIRD  CAUSE OF ACTION**
                  **Negligent Interference With Prospective Economic Advantage - Class Action**
15                       **(By The Class Against Defendant 7-ELEVEN)**

16  38.   Plaintiff hereby incorporates by reference paragraphs 1 through 37 above, as though fully set

17        forth herein.

18  39.   Throughout the operative time period, an economic relationship existed between all Class

19        Members and third parties, containing a future economic benefit and advantage to the Class

20        Members. To wit, the Class as defined includes only those California based individuals who

21        were employed by purported 7-ELEVEN Franchisees, who were "third party" entities separate

22        and distinct from Defendant 7-ELEVEN. The future economic benefit and advantage included

23        the total wages due, from the third parties to the Class Members, for all the work performed

24        by the Class Members.

25  40.   At all relevant time periods, Defendant 7-ELEVEN knew of the economic relationship between

26        the Class Members and the third party entities. In fact, 7-ELEVEN references the Class

27        Members (as, among other terms, "Store employees") in the "Franchise Agreements" 7-

28

F:\Doc\6533P\Pldgs\Akislck class action.FAC.wpd                11              First Amended Complaint - ECU03615

1    ELEVEN entered into with each of the third parties.

2    41.    Defendant 7-ELEVEN engaged in wrongful conduct. To wit, Defendant 7-ELEVEN required

3          each of the third party Franchisees to use 7-ELEVEN as "Bookkeeper/ Payroll Provider as a

4          condition necessary to a continued relationship. Defendant 7-ELEVEN possessed knowledge

5          of the time taken by each Class Member during the above referenced Meal Periods, and those

6          specific occasions in which the time taken did not comply with the statutory requirement.

7          Defendant 7-ELEVEN was aware of the statutory requirement to provide a Wage of One-Hour

8          where the Meal Period was not fully provided. Despite having the responsibility of providing

9          said Wage of One-Hour, 7-ELEVEN did not provide this wage. As a second example, 7-

10         ELEVEN used an illegal "rounding" system of employee work time calculation, where the

11         actual work time provided by employees would be re-configured by 7-ELEVEN, resulting in

12         a decrease in the amount of work-time reported and paid to the Class Members. Succinctly,

13         Defendant 7-ELEVEN failed to provide each Class Member with all monies earned and/or

14         legally owing to the Class Members. This decrease violated State wage and hour laws,

15         including but not limited to minimum wage and overtime requirements.

16   42.    It was reasonably foreseeable that this wrongful conduct would interfere with or disrupt the

17         above referenced economic relationship if Defendant 7-ELEVEN failed to exercise due care.

18         To wit, if 7-ELEVEN failed to provide compensation to the Class Members in accordance with

19         California law, the Class Members would (and did) receive less of an economic benefit as a

20         result of their relationship with the third parties.

21   43.    The economic relationship between the Class Members and the third parties was actually

22         interfered with or disrupted. To wit, the Class Members failed to receive wages due on those

23         occasions where said Class Members failed to receive a compliant Meal or Rest Period, and

24         received less of an economic benefit on those occasions where Defendant 7-ELEVEN used an

25         illegal "rounding" technique to deprive Class Members of actual hours worked.

26   ///

27   ///

28

**Exhibit X, Page 167**

44.   The above described conduct caused the Class Members damage. Specifically, the Class Members lost portions of the economic benefit from the economic relationship.

### FOURTH CAUSE OF ACTION
### Violation of Labor Code - Class Action
### (By The Class Against All Defendants)

45.   Plaintiff hereby incorporates by reference paragraphs 1 through 44 above, as though fully set forth herein.

46.   California Labor Code § 226.7(a) states that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

47.   Under applicable state law, employees who work more than five (5) hours a day are entitled to a meal period of at least thirty (30) minutes, and a second meal period of at least thirty (30) minutes if they work more than ten (10) hours in a day.  (Labor Code § 512(a).)

48.   Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. Title 8, California Code of Regulations Section 11070(11)(A) and (B), also know as Wage Order 4.

49.   An employer who fails to provide meal or rest periods as required by an applicable Wage Order must pay the employee one additional hour of pay at the employee's regular rate of pay for each workday that the meal or rest period was not provided.  (Labor Code § 226.7(b); IWC Wage Orders 1-2001 through 13-2001, 15-2001.)

50.   During the course of her employment, Plaintiff and other employees were required by Defendants  to work through their lunches and perform work during their meal and rest periods, and therefore, Plaintiff and other members in her class were denied relieved and off-duty meal and rest periods.

51.   Defendants willfully failed and refused to pay Plaintiff and other employees one additional hour of pay at their regular rate of pay for each workday that a meal or rest period was not provided as required by Labor Code Section 226.7.

**Exhibit X, Page 168**

52.  California Labor Code § 226 states, in part, that each pay period, Defendants shall provide its employees an accurate Itemized Wage Statement, showing (in part) the gross wages earned and the total hours earned by each employee.

53.  During the course of her employment, Plaintiff and other employees were not provided statutorily compliant Itemized Wage Statements ("pay-stubs") by Defendants.

54.  As a direct result of Defendants' willful failure and refusal to (a) provide the mandated meal or rest period or pay one additional hour of pay at the regular rate of pay for each workday that a meal or rest period was not provided, and (b) failure to comply with Labor Code section 226, Plaintiff and other employees have suffered injury, loss and harm all to their damages in a sum according to proof. On behalf of the class, Plaintiff hereby seeks compensatory damages, back pay (or penalty), and prejudgement interest, and the payment of one hour of pay at the regular rate of pay, for each day the Meal or Rest period was not provided.

55.  California Labor Code § 510(a) states that, "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Further, California law requires the payment of compensation for all time worked.

56.  During the course of her employment, Plaintiff and other employees were not properly or legally compensated, including the failure to receive compensation at one and one half (1½) times their regular rate of pay for hours worked in excess of 8 hours a day and/or 40 hours a week. As a result, Plaintiff and other Class Members have suffered injury, loss and harm all to their damages in a sum according to proof.

57.  Labor Code section 2802(a) states that, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

58.  During the course of her employment, Plaintiff and other employees were required by

1    Defendants to purchase, using their own funds, custom pants, shirts, and shoes as part of their

2    "work uniforms." Additionally, Plaintiff and other employees were required to clean all or part

3    of their "work uniforms." Plaintiff and other employees were not reimbursed by Defendants

4    for these expenditures.

5    59.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Plaintiff is

6    presently unaware of the precise amount of these expenses and fees and prays leave of court

7    to amend this Complaint when the amounts are more fully known.

8

9                            **FIFTH CAUSE OF ACTION**
                Violation of Business and Professions Code §17200 – Class Action

10                        (By The Class Against All Defendants)

11   60.    Plaintiff hereby incorporates by reference paragraphs 1 through 59 as though fully set forth

12    herein.

13   61.    Plaintiff is a direct victim of Defendants' illegal and unfair business acts and practices

14    referenced in this complaint, and has lost money as a result of such practices, and is suing both

15    in her individual capacity and on behalf of former or current employees of Defendants and/or

16    recipients of Payroll-Processing and Bookkeeping who share a common or general interest in

17    the damages as a result of the illegal practices.  Specifically, Plaintiff is bringing this claim on

18    behalf of Defendants' current and former employees and/or recipients of Payroll-Processing

19    and Bookkeeping who are/were improperly denied mandated relived meal and rest periods and

20    required wages under Labor Code Section 226.7, denied proper  compensation, including

21    minimum wage and overtime compensation under Labor Code Section 510, denied statutorily

22    compliant pay-stubs under Labor Code Section 226, and required to purchase and clean

23    uniforms using their funds, a violation of Labor Code Section 2802.  The class of present and

24    former employees is believed to be approximately 5000 members.

25   62.    The approximately 5000 member class is ascertainable via their experience as present or past

26    employees of Defendant 7-Eleven and/or recipients of Payroll-Processing and Bookkeeping.

27    The members share a community of interest, and an injury in fact, as Defendant 7-ELEVEN

28

**Exhibit X, Page 170**

1    has violated California compensation laws, thereby depriving the class members of money

2    earned by them. Based on the facts set forth above, it would be impracticable to proceed in

3    individual actions.

4   63.   Plaintiff has suffered an injury in fact pursuant to Business and Professions Code Section

5      17204, and has lost money as a result of Defendant 7-ELEVEN's illegal practices, in that she

6      was improperly denied Wages in violation of Labor Code Section 226.7, throughout her

7      employment and experience with the Payroll-Processing/Bookkeeping of Defendants.

8   64.   Plaintiff is bringing this action on behalf of an ascertainable class, who share a community of

9      interest, pursuant to Business and Professions Code Section 17203 and Code of Civil

10      Procedure Section 382, who share a common or general interest in the damages as a result of

11      the illegal practices, in that those individuals on whose behalf the action is brought have also

12      lost money as a result of Defendants' practices, by denying them proper payment of Wages

13      under Labor Code Section 226.7, denying them proper compensation, including compensation

14      under Labor Code Section 510, denying them statutorily compliant pay-stubs under Labor

15      Code Section 226, and requiring them to purchase and clean uniforms using their funds, a

16      violation of Labor Code Section 2802, and that it would be impracticable to proceed in as an

17      individual plaintiff action.

18   65.   As set forth above, during the course of Plaintiff's employment, Defendants failed and refused

19      to properly pay Plaintiff, and other employees and/or Payroll-Processing Recipients, mandated

20      meal and rest periods and one hour of pay at the employees' regular rate of pay for each day

21      the meal and rest periods were not provided. (Labor Code Sections 226.7, 512;     Title 8,

22      California Code of Regulations Section 11070(11)(A) and (B).) Defendants failed and refused

23      to properly pay Plaintiff, and other employees and/or Payroll-Processing Recipients overtime

24      compensation for hours worked in excess of 8 hours a day and/or 40 hours a week. (Labor

25      Code Section 510.) Defendants failed and refused to provide Plaintiff, and other employees

26      and/or Payroll-Processing Recipients statutorily compliant pay-stubs. (Labor Code Section

27      226.) Defendants improperly required Plaintiff and other employees and/or Payroll-Processing

28

**Exhibit X, Page 171**

| | |
|---|---|
| 1 | Recipients to purchase and clean work uniforms using their funds. (Labor Code section 2802.) |
| 2 | 66. California Business and Professions Code § 17200 *et seq.*, prohibits any unlawful, unfair, or |
| 3 | frandulent business act or practice. |
| 4 | 67. Plaintiff's allegations herein are based upon the business acts and practices of the Defendants. |
| 5 | 68. Defendants' acts and practices as described herein above are unlawful, in that they violate the |
| 6 | California Labor Code. |
| 7 | 69. As a direct result of Defendants' unlawful business acts and practices, Plaintiff, and other |
| 8 | employees and/or Payroll-Processing Recipients, have been denied wages earned, and have |
| 9 | therefore been damaged in amount to be proven. Accordingly, Plaintiff prays for restitution |
| 10 | and injunctive damages in an amount to be proven. |
| 11 | 70. Plaintiff is informed and believes, and on that basis alleges, that the unlawful business |
| 12 | practices alleged above are continuing in nature and are widespread practices engaged by |
| 13 | Defendants. |
| 14 | 71. On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against |
| 15 | Defendants, to enjoin them from continuing to engage in the illegal conduct alleged herein. |
| 16 | 72. On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages. |
| 17 | 73. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is |
| 18 | presently unaware of the precise amount of these expenses and fees and prays leave of court |
| 19 | to amend this Complaint when the amounts are more fully known. |

**SIXTH CAUSE OF ACTION**
Violation of Labor Code Section 2699, *et seq.* - Representative Action
(By The Class Against 7-Eleven, Inc.)

| | |
|---|---|
| 22, 23 | 74. Plaintiff hereby incorporates by reference paragraphs 1 through 73 as though fully set forth herein. |
| 24, 25, 26 | 75. At all times mentioned herein, Defendant 7-ELEVEN, INC. was subject to the Labor Codes and Industrial Welfare Commission Wage Orders of the State of California, including, but not limited to, California Labor Code section 2699, *at seq.* |
| 27 | 76. Plaintiff Class Representative has exhausted her Administrative Remedies and pre-filing |

**Exhibit X, Page 172**

1    requirements pursuant to California Labor Code section 2699.3.  To wit, on June 6, 2007,
2    counsel for Plaintiff Class Representative gave written notice, via Certified Mail, to the
3    California Labor & Workforce Development Agency regarding the specific provisions of the
4    California Labor Code Section violated by Defendant 7-ELEVEN, INC., as well as the facts
5    and theories in support. (A true and correct copy of this letter is attached hereto as Exhibit
6    "A.") On July 11, 2007, the California Labor & Workforce Development Agency sent written
7    notice that they do not intend to investigate the claim, thus allowing Plaintiff to proceed.  (A
8    true and correct copy of this letter is attached hereto as Exhibit "B.") Further, on or about
9    September 24, 2007, counsel for Plaintiff Class Representative gave amended written notice,
10   via Certified Mail, to the California Labor & Workforce Development Agency regarding the
11   specific provisions of the California Labor Code Section violated by Defendant 7-ELEVEN,
12   INC., as well as the facts and theories in support. (A true and correct copy of this letter is
13   attached hereto as Exhibit "C.")  The statutory period for the California Labor & Workforce
14   Development Agency to send written notice that they intend to investigate the claim has
15   expired, thus allowing Plaintiff to proceed.

16   77.   At all times mentioned herein, Defendant 7-ELEVEN, INC. was not only acting as an
17         "Employer" for Plaintiff and the Class, but was also a "person acting either individually or as
18         an officer, agent or employee of another person," as that term is used within California Labor
19         Code sections 1197.1 and 1199.

20   78.   California Labor Code section 1197.1 provides, in pertinent part, as follows: "Any employer
21         or other person acting either individually or as an officer, agent or employee of another person,
22         who pays or causes to be paid to any employee a wage less than the minimum fixed by an order
23         of the commission shall be subject to a civil penalty as follows: (1) For any initial violation that
24         is intentionally committed, one hundred dollars ($100) for each underpaid employee for each
25         pay period for which the employee is underpaid. (2) For each subsequent violation for the same
26         specific offense, two hundred dollars ($250) for each underpaid employee for each pay period
27         for with the employee is underpaid regardless of whether the initial violation is intentionally
28         committed." California Labor Code section 1199 provides, in pertinent part, as follows: "Any

**Exhibit X, Page 173**

1       employer or other person acting either individually or as an officer, agent or employee of

2       another person is guilty of a misdemeanor and punishable by a fine of not less than one

3       hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any

4       of the following: (a) requires or causes an employee to work for longer hours than those fixed,

5       or under conditions of labor prohibited by an order of the commission; (b) pays or causes to

6       be paid to any employee a wage less than the minimum fixed by an order of the commission;

7       c) violates or refuses or neglects to comply with any provision of this chapter or any order or

8       ruling of the commission."

9   79.   Throughout the Class Period, Defendant 7-ELEVEN, INC. provided bill-paying, payroll-

10       processing and record-keeping, in terms of financial records and wage payments, for 7-Eleven

11       store employees, including Sales Associates. Further, Defendant 7-ELEVEN, INC. required

12       its employees and/or its Franchisees employees to comply with various mandates of 7-

13       ELEVEN, INC. as a condition of employment and/or continued employment.

14   80.   Throughout the Class Period, Plaintiff and the remaining class members were not provided

15       their legally mandated meal and rest periods, and were not provided the legally mandated

16       payment for not receiving relieved meal and rest periods. Further, many of the conditions of

17       employment and/or continued employment violated provisions of the Labor Code and orders

18       of the commission.

19   81.   The California Supreme Court, in Murphy v. Kenneth Cole (2007) 40 Cal.4th 1094, has

20       recently confirmed that the legally mandated "Meal Period Payment" is a Wage.

21   82.   California law holds that Minimum Wage laws apply to each and every hour worked, and that

22       it is illegal to withhold from any employee any Wage earned by that employee. Armenta v.

23       Osmose, Inc. (2006) 135 Cal.App.4th 314.

24   83.   Although Defendant 7-ELEVEN, INC. possessed the opportunity and the obligation to provide

25       this Wage to Plaintiff and the remaining Class Members, it failed to pay or cause to be paid

26       said Wages. Defendant 7-ELEVEN, INC. thus failed to pay, or cause to be paid, the Minimum

27       Wage to Plaintiff and the remaining Class Members. Additionally, although Defendant 7-

28       ELEVEN, INC. possessed the opportunity and the obligation to Plaintiff and the remaining

**Exhibit X, Page 174**

1    Class Members, it failed to comply with the provisions of the Labor Code and orders of the

2    commission, it failed to comply.

3  84.  As a direct result of Defendant 7-Eleven Inc.'s failure to pay, or cause to be paid, the Minimum

4    Wage to Plaintiff and the remaining Class Members, and its failure to comply with the

5    provisions of the Labor Code and orders of the commission, Plaintiff and the remaining Class

6    Members have been damaged.

7  85.  As California Labor Code section 2699 provides for civil penalties recoverable by Plaintiff on

8    behalf of herself and the Class by and through Labor Code section 2699.3, and as Plaintiff has

9    complied with the pre-filing requirements, Plaintiff and the Class may recover the penalties

10    pursuant to Labor Code section 2699, as more specifically set forth in the below Prayer For

11    Relief.

12  86.  Plaintiff and the Class also seek an award of reasonable Attorney's fees and costs pursuant to

13    Labor Code section 2699(g)(1), and interest, pursuant to Labor Code section 218.6.

14

15                      **PRAYER FOR RELIEF**

16    WHEREFORE, Plaintiff on her own behalf and on behalf of the members of the Class and the

17  general public, prays for judgment as follows:

18  1.  For an order certifying the proposed Class;

19  2.  For compensatory damages according to proof as set forth in California Labor Code § 226,

20    California Labor Code § 226.7, California Labor Code § 510, California Labor Code section

21    1194 and California Labor Code § 2802, for failing to provide statutorily compliant itemized

22    wage statements ("pay-stubs"), failing to provide proper compensation, including but not

23    limited to minimum wage and overtime compensation, denying mandated meal and rest

24    periods and other wages resulting from failure to count work employees performed during meal

25    breaks as time worked, and for improperly requiring employees to purchase work uniforms

26    using their own funds;

27  3.  For waiting time penalties according to proof pursuant to California Labor Code § 203;

28

**Exhibit X, Page 175**

1    4.    For civil penalties pursuant to California Labor Code §§ 2699, 201, 203, 226, 226.7, 510, 512,

2          1174, 1174.5, 1194, 1197.1, 1199 and 226(e), and Title 8, California Code of Regulations

3          Section 11070 Section 20.

4    5.    For compensatory damages in an amount to be proven;

5    6.    For lost back pay in an amount to be proven;

6    7.    On behalf of the ascertainable class, for a permanent injunction against Defendant Employer

7          restraining, preventing, and enjoining Defendant Employer from engaging in the illegal

8          practices alleged, and to ensure compliance with Labor Code section 226;

9    8.    On behalf of the ascertainable Class, for restitution damages on behalf of the Section 17200

10          claimants who share a common or general interest;

11    9.    For an award of interest, including prejudgement interest, pursuant to Labor Code Section

12          218.6;

13    10.    For an award of attorneys' fees and costs of suit herein pursuant to Labor Code Sections 2699

14          *et seq.*, 226, 2802, 1194 and 218.

15    11.    For an award of punitive and exemplary damages where permissible; and

16    12.    For such other relief as the court deems just and proper.

17

18

19    Dated: **12/11/07**

                              SULLIVAN & CHRISTIANI, LLP

20

21

22                               William B. Sullivan,

23                               Eric J. Palmer,

                                Attorneys for Plaintiff KIMBERLY ALEKSICK

24                               individually and on behalf of other members of

                              The general public similarly situated

25

26

27

28

**Exhibit X, Page 176**

# EXHIBIT A

**Exhibit X, Page 178**

# SULLIVAN & CHRISTIANI

### A LIMITED LIABILITY PARTNERSHIP

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

**2330 Third Avenue
San Diego, California 92101
PHONE (619) 702-6760
FACSIMILE (619) 702-6761**

LAS VEGAS

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2016

June 1, 2007

Labor and Workforce Development Agency                    *Via Certified U.S. Mail Only*
801 K Street, Suite 2101
Sacramento, CA 95814

Re:    Kimberly Aleksick v. 7-Eleven, Inc.

Dear Administrator:

Please allow this correspondence to serve as "written notice," as required by California Labor Code section 2699.3(a)(1), of the specific provisions of the California Labor Code believed to have been violated by 7-Eleven, Inc. in the above referenced matter. Thank you for your assistance on this issue.

The specific provisions alleged to have been violated by 7-Eleven, Inc. are as follows:

### CALIFORNIA LABOR CODE SECTION 1197.1

Facts and Theories supporting the allegation: Our client, Kimberly Aleksick, worked as a "Sales Associate" for 7-Eleven, Inc. and its Franchisee, Michael Tucker, for approximately two years, from approximately February, 2005 to February, 2007. Please Note: Although Ms. Aleksick contends that 7-Eleven, Inc. was one of her employers, for purposes of the instant request, she contends that the entity was also acting as an "other person" as set forth within the above statute.

Throughout the term of her employment, 7-Eleven, Inc. acted as the record-keeper for all "Sales Associates," including Ms. Aleksick. 7-Eleven, Inc. retained sole discretion to act as record-keeper, and required its' Franchisees, including Mr. Tucker, to agree to allow 7-Eleven, Inc. to act as sole record-keeper, bill payer and payroll provider (Please see Exhibit A). No "Sales Associate" or any other employee could be paid until the record-keeping/bill-paying/payroll provisions were performed.

**Exhibit X, Page 179**

As part of its' actions as record-keeper, 7-Eleven, Inc. would create "Store Employee Time Cards" for each operative pay period. (Please see Exhibit B). The "Store Employee Time Cards" would record when the employee would clock "in" and "out" each time such punches were performed, on a daily basis. The "Time Cards" recorded the time specifically, down to the operative minute.

Importantly, even a cursory review of the "Time Cards" would show that many of the 30-minute "Meal Periods," required by California Labor Code sections 512 and 226.7, were not being provided. Further, and despite complaints to 7-Eleven employees (other than Mr. Tucker), there is no evidence that the "Meal Period Payments," required by California Labor Code section 226.7 and which constitute wages, were ever provided to Ms. Aleksick.

Based upon the above, Ms. Aleksick contends that, by failing to compensate her the wages due for absent or deficient Meal Periods, 7-Eleven, Inc. - as (at least) an "other person" - paid or caused to be paid amounts less than the minimum wage required by the Labor Code, and are thus liable under the above referenced statute.

To confirm, 7-Eleven, Inc. is a "person" as defined within California Labor Code section 18. As the sole record-keeper, bill payer and payroll provider, 7-Eleven, Inc. paid or caused to be paid amounts less than the minimum wage required by the Labor Code. Finally, the "Meal Period Payment" required by Labor Code section 226.7 is dis-positively a "wage," as recently confirmed by the California Supreme Court in Murphy v. Kenneth Cole, 40 Cal 4th 1094.

Again, thank you for your assistance and instruction throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

Eric J. Palmer, Esq.

Enclosures

*Certified Mail* Carbon-Copy: CSC - Lawyers Incorporating Service; 7-Eleven California Agent for
                Service of Process
                2730 Gateway Oaks Dr. Ste 100
                Sacramento, CA 95833

                7-Eleven, Inc.
                2711 North Haskell Ave;
                Dallas, TX 75204

**Exhibit X, Page 180**

# EXHIBIT A

Home » Franchising » The 7-Eleven Franchise System



PRODUCTS & SERVICES  ▸ CAREERS  ▸ FRANCHISING  ▸ NEWS ROOM  ▸ REAL ESTATE          Search

▸ About 7-Eleven   ▸ Contact Us   ▸ Store Locator   ▸ Site Index·  ▸ Lottery Resul

- Franchising Home
- The 7-Eleven Franchise System
- Current Opportunities
- Featured Opportunities
- Business Conversion Program
- Upcoming Events
- Contact Us

# Franchising

## The 7-Eleven Franchise System

**World-Famous Trademark; World-Class Opportunity**
The 7-Eleven Franchise System offers a world-class opportunity to franchise and operate a neighborhood convenience store under the auspices of a world-famous trademark.

7-Eleven's relationship with its Franchisees is multi-faceted. We are not only a franchisor; we also serve as landlord, financing source, record keeper and consultant to the Franchisee. We take an active role in the Franchisee's business because our success is predicated on their success.

### Exceptional Services

7-Eleven provides many services some franchisors either do not provide or, if available, require additional fees. For example:

- We obtain and bear the ongoing cost of the land, building and store equipment
- We pay water, sewer, gas and electric utilities
- We pay for any building rent and property taxes
- We provide financing for all normal store operating expenses
- We provide record keeping, bill paying and payroll services for store operations
- We provide a support structure and a field consultant who meets weekly with the Franchisee to help provide the opportunity to maximize store performance and profitability

### Investment in Technology

Our investment in technology and ordering systems leads the industry, and our business model uses technology to put the customer at the center of every decision. We've constructed innovative processes to understand and respond to the immediate needs of our customers, and have invested hundreds of millions in the development of a proprietary Retail Information POS scanning system that can:

- Enable the Franchisee to always have the products their customers want
- Help simplify store operations
- Facilitate staffing and delegation

### Reasonable Financial Investment

With a moderate investment, you can have an opportunity to reap the benefits of the longevity, stability and proven results of a global

Check produ sell!

**Exhibit X, Page 182**

# EXHIBIT B

Exhibit X, Page 183



01/04/07

Pay End: 01/04/07

SSN: ***-**-2297

Name: KIMBERLY A ALEKSICK

| Date | Pay Code | In | Out | Hours | Amount | Deductions | Mgr Mod |
|------|----------|-----|-----|-------|--------|-----------|---------|
| 12/29/05 | 20 | 00:00 | 00:00 | 0.00 | | 50.00 | |
| 12/29/06 | RR | 08:16 | 12:36 | 4.33 | | | |
| 12/29/06 | RR | 13:04 | 16:02 | 2.96 | | | |
| 01/01/07 | RR | 08:11 | 16:07 | 7.93 | | | |
| 01/02/07 | RR | 08:00 | 14:00 | 6.00 | | | |
| 01/02/07 | RR | 14:25 | 16:07 | 1.70 | | | M |
| 01/03/07 | RR | 08:18 | 10:04 | 1.76 | | | M |
| 01/03/07 | RR | 10:04 | 12:45 | 2.68 | | | M |
| 01/03/07 | RR | 13:23 | 16:05 | 2.70 | | | |
| 01/04/07 | RR | 08:13 | 12:23 | 4.16 | | | |
| 01/04/07 | RR | 12:50 | 16:04 | 3.10 | | | |
| | | | | 37.32 | | 50.00 | |

Employee Charges:    2.58

4/4/03-changed close of business time from 12 noon to 12a.m. as requested by the
franchisee [Michael Tubbey]-rj

x _____

# EXHIBIT B



Governor
Arnold
Schwarzenegger

Secretary
Victoria L. Bradshaw

Agricultural
Labor
Relations
Board

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

# Labor & Workforce Development Agency

July 11, 2007


Eric J. Palmer, Esq.
Sullivan & Christiani
2330 Third Avenue
San Diego, Ca. 92101

CSC-7-Eleven CA Agent for Service of Process
2730 Gateway Oaks Dr., Suite 100
Sacramento, Ca. 95833

Re:    LWDA No: 2317
       Employer:  7-Eleven
       Employee:  Kimberly Aleksick

Dear Employer and Representative of the Employee:

This is to inform you that the Labor and Workforce Development Agency (LWDA) received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked June 6, 2007 and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "…civil penalties recovered by aggrieved employees shall be distributed as follows:  75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code".  Labor Code Section 2699(l) specifies "[T]he superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part".

Consequently you must advise us of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement.

Sincerely,

Robert A. Jones

Robert A. Jones
Deputy Secretary

**Exhibit X, Page 187**

# EXHIBIT C

**Exhibit X, Page 189**

# SULLIVAN & CHRISTIANI

### A LIMITED LIABILITY PARTNERSHIP

**NORTHERN CALIFORNIA**

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3058

**2330 Third Avenue**
**San Diego, California 92101**
**PHONE (619) 702-6760**
**FACSIMILE (619) 702-6761**

**LAS VEGAS**

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2016

September 24, 2007

Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

*Via Certified U.S. Mail Only*

Re:     Kimberly Aleksick v. 7-Eleven, Inc.

Dear Administrator:

Please allow this correspondence to serve as a **supplemental** "written notice," as required by California Labor Code section 2699.3(a)(1), of the specific provisions of the California Labor Code believed to have been violated by 7-Eleven, Inc. in the above referenced matter. We have previously provided notice on this case; newly learned information requires notification of further violations. Thank you for your assistance on this issue.

The specific provisions alleged to have been violated by 7-Eleven, Inc. are as follows:

CALIFORNIA LABOR CODE SECTIONS 201, 203, 226, 226.7, 510, 512, 1174, 1194 and 1199

Facts and Theories supporting the allegation: Our client, Kimberly Aleksick, worked as a "Sales Associate" for 7-Eleven, Inc. and its Franchisee, Michael Tucker, for approximately two years, from approximately February, 2005 to February, 2007.

Supplemental investigation leads to the conclusion that 7-Eleven, Inc. acted as an "employer" to all California-based 7-Eleven Associates, as it retained control and ultimate decision-making capability over the employment activities of said employees. In particular, 7-Eleven, Inc. retained absolute control over the Time-Sheets documenting the start and end time of the employees Meal Periods. These Time-

**Exhibit X, Page 190**

Sheet documents clearly show Meal Period "shorts," and we have been unable to locate any evidence of the payment of the one-hour wage required by California law in lieu of compliant Meal Periods.

Again, thank you for your assistance and instruction throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

Eric J. Palmer, Esq.

Enclosures

*Certified Mail* Carbon-Copy:

CSC - Lawyers Incorporating Service
7-Eleven California Agent for Service of Process
2730 Gateway Oaks Dr. Ste 100
Sacramento, CA 95833

7-Eleven, Inc.
2711 North Haskell Ave;
Dallas, TX 75204

**Exhibit X, Page 191**



CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

Sent To  7-Eleven, Inc.
Street, Apt. No.;
or PO Box No. 2711 North Haskell Avenue
City, State, ZIP+4  Dallas, TX 75204





U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

| | | |
|---|---|---|
| Postage | 9 | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To
Labor + Workforce Deve. Agency

Street, Apt. No.;
or PO Box No.  801 K Street, Ste. 2101

City, State, ZIP+4
Sacramento, CA 95814

7002 0510 0002 8215 4230

CERTIFIED MAIL

**Exhibit X, Page 194**

```
Postalment of Bankers Hill
       415 Laurel St.
   San Diego, Ca.  92101
    Tel (619)232-1832
    Fax (619)232-1834


USPS First Cl  8 @ 10.09    80.72
LABOR AND WORK FORCE      Deickmann
7002051000028215424?
C1 CORPORATION                  ??
7002051000028216354
LAIDLAW TRANSIT                 ??
7002051000028216722
SCRIPPS HEALTH
7002051000028215427B
LABOR AND WORK FORCE   (VICKER)
7002051000028216428S
LABOR AND WORK FORCE (ALEKSICK)
7002051000028216423O
CSC LAWYER INC. (ALEKSICK)
700205100002821642B1
7 ELEVEN    (Aleksick)
700205100002821S3762
Stamps       8 @ 0.45        2.70

   SUBTOTAL              83.42
   TAX                    0.00
   TOTAL                 83.42
TEND Cash               100.00
   CHANGE                16.58

Customer: None selected

#78658                09/24/2007
                       04:18 PM
```

# EXHIBIT D

**Exhibit X, Page 197**

12.     **Bookkeeping and Financial Matters.**

(a)     <u>Bookkeeping; Inspection of Records.</u> We have the right to maintain Bookkeeping Records with respect to your operation of the Store as part of our records. You may perform or obtain any additional bookkeeping you wish. Either party may inspect records of the operation of the Store prepared or obtained by the other party where the records are maintained during normal business hours.

(b)     <u>Deposits; Cash Payments for Daily Purchases/Operating Expenses.</u>

(1)     You agree to:

(i)     properly prepare and date the Cash Report and submit it on time;

(ii)     deposit all Receipts into Store safes or other currency control devices as designated by us before depositing such Receipts in the Bank or night depository we designate;

(iii)     deposit the Receipts for each Collection Period within twenty-four (24) hours after the end of the Collection Period in the Bank or night depository we designate, except for cash you spend from that day's Receipts for Purchases or Operating Expenses paid on that day, provided that you properly report, and provide us with invoices related to, such cash expenditures for Purchases and/or Operating Expenses; and

(iv)     deliver to us, at the times we specify, written verification by the Bank of the deposit (this verification must be dated as of the next day the bank is open for business immediately following the end of the Collection Period).

(2)     If we request, you agree to deliver the Receipts (except for authorized and documented cash expenditures for Purchases and Operating Expenses) to us rather than depositing the Receipts in the Bank. We have the right at any time to require that you cease paying for Purchases and/or Operating Expenses with cash out of the Receipts or limit those Purchases and/or Operating Expenses that you are permitted to make with cash out of the Receipts.

(3)     You understand and agree that we may withdraw or use for our benefit any amounts you deposit in the Bank or deliver to us at any time, without paying any interest or other compensation to you. You agree that we have the right to apply Receipts first to the payment of the 7-Eleven Charge and then to amounts that we pay on your behalf. We will pay interest on credit balances in the Open Account as specified by Paragraph 13(c).

(c)     <u>Reports and Other Bookkeeping Information.</u>

(1)     You agree to prepare and furnish to us, on forms, at times (including at each courier pick-up), and in the manner (including submission in an electronic format) that we require:

(i) daily summaries of Purchases;

(ii) daily reports of Receipts;

(iii) time and wage authorizations for your Store employees on a weekly or other periodic basis that we require;

(iv) all information we request regarding the vendors from which you make purchases;

(v) actual sales data; and

(vi) all additional reports that we may reasonably require from time to time.

(2)     We may require you to prepare or furnish any required reports using in-store computers, cash register equipment or other types of equipment in the Store.

Form 4400019  2/04 Uniform
Page 8 of 34 - Agreement

**Exhibit X, Page 198**

MARKET/STORE #2131 - 22818 B

(3)    You agree to deliver or furnish to us, with the frequency and at the times we require, copies of bank drafts, vendor and other receipts, invoices for Purchases, and receipts and bills for Operating Expenses. You also agree to keep us currently advised electronically or in writing, as we specify, of all your actual retail selling prices (which you alone will set) and of all discounts, allowances, and/or premiums you receive. In addition, you agree to use electronic equipment we provide to order, check-in and scan all products that are capable of being handled in those ways. You further agree to keep (for such time period that we specify from time to time, such time period not to exceed seven (7) years) and make available to us any records, electronic documents, or other documents relating to the operation of the Store that we request you to retain and/or make available. You acknowledge that we are relying on the accuracy of all information you and your employees provide, including all payroll information. You agree that all information that you and your employees provide will be truthful, accurate, complete, and in compliance with all applicable laws and with all policies or requirements we implement from time to time, provided that any changes in policies or requirements will not change the fundamental requirements of Paragraph 12(c)(1). A further description of bookkeeping practices to be used at the Store and our bookkeeping dispute resolution procedures are included in the On-Line Systems Support Guide; however, such bookkeeping dispute resolution procedures do not supercede the dispute resolution provisions contained in Paragraphs 29 and 30, and we are not required to comply with such bookkeeping dispute resolution procedures as a condition to the exercise of our rights under Paragraphs 29 and 30.

(d)    Electronic Invoices. If we have an arrangement with any of your vendors to pay for Purchases through Electronic Invoices, you agree not to pay, or request that we pay, such vendors in any manner other than through Electronic Invoices in accordance with our requirements related to Electronic Invoice payments.

(e)    Financial Summaries and Assistance That We Provide You. If you are not in Material Breach of this Agreement, we agree to: (1) provide you with Financial Summaries; (2) pay, on your behalf and in accordance with the vendors' payment terms, after you approve and submit them to us, bank drafts and invoices for Purchases (as verified by the vendor statements or the appropriate vendor), bills for Operating Expenses and the payroll for your Store employees; provided, however, that we have the right to immediately pay all Electronic Invoices upon receipt and without your prior approval, subject to your right to dispute the accuracy of such Electronic Invoices with the vendor after payment; (3) pay you draw checks as provided in Paragraph 11; and (4) assist you in preparing and filing your business tax reports and returns (except your income tax, related personal tax returns, and governmental census reports) to the extent the information is available from the Bookkeeping Records. You authorize us to collect discounts and allowances that were not already deducted from invoices, and to charge you for the market value of any premiums you receive based upon Purchases. You acknowledge that we may prepare Interim Financial Summaries at any time.

(f)    7-Eleven Store Information System. You agree to use the 7-Eleven Store Information System in connection with your operation of the Store in accordance with our requirements. You agree that we own all information and data compiled by or stored in the 7-Eleven Store Information System, and that we will have electronic access to, and the right to use in any manner we elect (including selling and retaining all proceeds from such sales) the information compiled and managed by or stored in the 7-Eleven Store Information System or any other store information systems used at or by the Store at the times and in the manner that we specify. You may not in any way use or disclose all or any part of the information or data compiled by or stored in the 7-Eleven Store Information System, except in connection with your operation of the Store and as needed to effectively work with your Store suppliers. You may not sell all or any part of the information or data compiled by or stored in the 7-Eleven Store Information System to any individual or entity.

13.    Open Account; Financing; and Minimum Net Worth.

(a)    Open Account. As part of the Bookkeeping Records, we agree to establish and maintain an Open Account for you. You agree to pay us any unpaid balance in the Open Account upon expiration or termination of the Agreement or earlier as provided in Paragraph 13(b). We will debit all Purchases, Operating Expenses, draw payments to you and amounts you owe us which relate directly or indirectly to the operation of the

Form 4400019 2/04 Uniform
Page 9 of 34 - Agreement

**Exhibit X, Page 199**

**EXHIBIT Y**

09-Jan-2008 05:38 PM    +    2/2
JAN-08-08 06:40PM    FROM-FIRST LEGAL SUPPORT    +    T-073    P.02/02    F-696

1  PAYNE & FEARS LLP
   Attorneys at Law
2  Eric C. Sohlgren, Bar No. 161710
   Lindley P. Fraley, Bar No. 223421
3  4 Park Plaza, Suite 1100
   Irvine, CA 92614
4  Telephone: (949) 851-1100
   Facsimile: (949) 851-1212
5
6  WELTER LAW FIRM, P.C.
   Eric A. Welter (Virginia Bar No. 38193)
7  720 Lynn Street, Suite B
   Herndon, VA 20170
8  Telephone: (703) 435-8500
   Facsimile: (703) 435-8851
9  Attorneys for Defendant
   7-ELEVEN, INC.
10



**ENDORSED**

JAN 09 2008

SUPERIOR COURT
IMPERIAL COUNTY
JOSE G. GUILLEM, CLERK
BY ADRIANA GARCIA
DEPUTY

11       SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              COUNTY OF IMPERIAL

13  KIMBERLY ALEKSICK, individually and on        CASE NO. ECU03615
    behalf of other members of the general public
14  similarly situated,                           Assigned for All Purposes to:
                                                   Judge: The Hon. Christopher Yeager
15              Plaintiff,                         Department: 7

16       v.                                        ANSWER OF DEFENDANT 7-ELEVEN,
                                                   INC. TO PLAINTIFF'S FIRST
17  7-ELEVEN, INC., a Texas Corporation;           AMENDED COMPLAINT
    MICHAEL TUCKER, an individual; and DOES
18  1-50, inclusive,
                                                   Date Action Filed: April 16, 2007
19              Defendants.                         Trial Date:        None Set

20

21                        GENERAL DENIAL

22

23       Defendant 7-Eleven, Inc. ("Defendant") for itself and for no other defendant, denies,

24  generally and specifically, each and every allegation contained in the First Amended Complaint for

25  Damages filed herein by Plaintiff Kimberly Aleksick ("Plaintiff"). Defendant further denies, generally

26  and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on

27  the part of Defendant or on the part of any agent or employee of Defendant, or any of them.

28

_____
ANSWER TO FIRST AMENDED COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.    The First Amended Complaint, and each alleged cause of action therein, fails to state sufficient facts to constitute a claim upon which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

2.    The First Amended Complaint, and each alleged cause of action therein, is barred, in whole or in part, by the applicable statutes of limitation, including but not limited to Code of Civil Procedure §§ 338(a), 340(a), 340 (b) and 343; Labor Code §§ 203; and Business and Professions Code § 17208.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

3.    The First Amended Complaint, and each cause of action alleged therein, is barred because Plaintiff failed to satisfy the procedural prerequisites prior to filing the action or to exhaust available administrative remedies in a timely manner.

Exhibit Y, Page 201

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

**FOURTH AFFIRMATIVE DEFENSE**

2

**(Proper Compensation)**

3

4      4.      Defendant is informed and believes that Plaintiff's claims are barred in

5   whole or in part because at all times mentioned in the First Amended Complaint, Plaintiff was

6   compensated properly pursuant to the requirements contained in the California Labor Code and

7   the Wage Orders of the California Industrial Welfare Commission.

8

9

**FIFTH AFFIRMATIVE DEFENSE**

10

**(Lack of Standing)**

11

12      5.      Plaintiff, as a private litigant, lacks standing to bring a claim for damages

13   under California Business and Professions Code section 17200 *et seq.*

14

15

**SIXTH AFFIRMATIVE DEFENSE**

16

**(Good Faith Belief)**

17

18      6.      The First Amended Complaint, and each alleged cause of action therein, is

19   barred, in whole or in part, because Defendant did not employ Plaintiff, and even if Defendant had

20   employed Plaintiff, Defendant acted in good faith conformity with and reliance on regulations,

21   orders, rulings interpretations, practices or policies of the California Industrial Welfare

22   Commission and the California Division of Labor Standards Enforcement.

23

24

25

26

27

28

-3-

ANSWER TO FIRST AMENDED COMPLAINT

**Exhibit Y, Page 202**

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## SEVENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reason)

7.     The First Amended Complaint, and each alleged cause of action therein, is barred, in whole or in part, because each employment action of which Plaintiff complains, if it occurred at all, was taken for legitimate business reasons that did not violate public policy or any statutory prohibition.

## EIGHTH AFFIRMATIVE DEFENSE

### (Justification)

8.     Plaintiff's First Amended Complaint, and each cause of action alleged therein, is barred because Defendant's actions with respect to the subject matter in each of the alleged causes of action was undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further Defendant's purpose to engage in and continue their business activities.

## NINTH AFFIRMATIVE DEFENSE

### (No Ratification)

9.     Defendant is not liable for damages because if any person engaged in intentional, willful or unlawful conduct as alleged in Plaintiff's First Amended Complaint, he or she did so without the knowledge, authorization or ratification of Defendant.

-4-

ANSWER TO FIRST AMENDED COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## TENTH AFFIRMATIVE DEFENSE

### (No Commonality)

10.      The First Amended Complaint, and each alleged cause of action therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff has not identified an ascertainable class; (b) Plaintiff is an inadequate representative of the purported class; (c) Plaintiff cannot establish typicality of claims; and (d) the individualized nature of the putative class's claims make class treatment inappropriate.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

11.      The First Amended Complaint, and each alleged cause of action therein, is barred, in whole or in part, by Plaintiff's failure to mitigate damages as required by law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Offset)

12.      Plaintiff's damages, if any, must be reduced by amounts Plaintiff owes to Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

13.      Plaintiff's losses, if any, are speculative and uncertain or both, and therefore not compensable.

-5-

ANSWER TO FIRST AMENDED COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive or Exemplary Damages)**

14.     Plaintiff's prayer for punitive and exemplary damages is barred on the ground that punitive and exemplary damages are not available under the statutory causes of action pled by Plaintiff. Even if they were available, the acts or omissions alleged by Plaintiff were made in good faith by Defendant, and Defendant had reasonable grounds for believing that the alleged acts or omissions were not in violation of the California Labor Code, and therefore no punitive or exemplary damages are available.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Causation by Plaintiff)**

15.     Plaintiff's First Amended Complaint, and each alleged cause of action therein, is barred, in whole or in part, because any damages or injuries that Plaintiff allegedly suffered were caused by Plaintiff's own conduct and actions, and not because of any unlawful conduct or actions by Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Proximate Cause and Failure To Exercise Ordinary Care by Plaintiff)**

16.     If any loss, injury, damage or detriment occurred as alleged in the Complaint, the loss, injury, damage or detriment was caused and contributed to by the actions of Plaintiff, and, as Plaintiff did not exercise ordinary care on her own behalf, her own acts and omissions proximately caused and contributed to the loss, injury, damage or detriment alleged by Plaintiff and Plaintiff's recovery from Defendants, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

-6-

Exhibit Y, Page 205

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Duty)

17.    Plaintiff's First Amended Complaint, and each alleged cause of action therein, is barred, in whole or in part, because Defendant did not owe any duty to Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Breach)

18.    Plaintiff's First Amended Complaint, and each alleged cause of action therein, is barred, in whole or in part, because Defendant did not breach any duty with respect to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Breach of Loyalty/Bad Faith)

19.    Plaintiff's First Amended Complaint, and each alleged cause of action therein, is barred, in whole or in part, because Defendant acted in bad faith and breached her duty of loyalty under Labor Code §§ 2860, 2861 and 2863.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Representative Action)

20.    Plaintiff's claim under Labor Code § 2699 is barred, in whole or in part, because such a claim may only be pled as a class action.

-7-

ANSWER TO FIRST AMENDED COMPLAINT

**Exhibit Y, Page 206**

1

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

2

**(Unclean Hands)**

3

4    21.    The First Amended Complaint, and each alleged cause of action therein, is

5   barred by the doctrine of unclean hands because of Plaintiff's conduct and actions.

6

7

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

8

**(Estoppel)**

9

10    22.    Plaintiff's First Amended Complaint, and each cause of action alleged

11   therein, is barred because Plaintiff is estopped from asserting each of the claims alleged therein.

12

13

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

14

**(Waiver)**

15

16    23.    Plaintiff's First Amended Complaint, and each cause of action alleged

17   therein, is barred because Plaintiff has waived the right, by reason of her conduct and actions, to

18   assert each of the claims alleged herein.

19

20

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

21

**(Laches)**

22

23    24.    Plaintiff's First Amended Complaint, and each cause of action alleged

24   therein, is barred by the doctrine of laches.

25

26

27

28

-8-

ANSWER TO FIRST AMENDED COMPLAINT

**Exhibit Y, Page 207**

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence Doctrine)

25.    Plaintiff's alleged causes of action, and each of them, and Plaintiff's claims for damages, back wages and penalties may be barred by after acquired evidence of misconduct by Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Liability for Acts of Other Defendants)

26.    Defendant is not liable for the alleged acts of Michael Tucker and Tuckers 7-Eleven on the grounds that Tuckers 7-Eleven and Michael Tucker are independent contractors and are not employees or agents of Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff Not Employed by Defendant)

27.    Plaintiff's alleged causes of action, and each of them, against 7-Eleven, Inc. are barred on the grounds that 7-Eleven Inc. did not employ Plaintiff or any putative class member.

-9-
ANSWER TO FIRST AMENDED COMPLAINT

**Exhibit Y, Page 208**

WHEREFORE, Defendant prays for judgment as follows:

1.    That judgment be entered in favor of Defendant and against Plaintiff;

2.    That the Complaint herein be dismissed in its entirety with prejudice;

3.    That Defendant be awarded its costs of suit herein;

4.    That Defendant be awarded reasonable attorney's fees as determined by the Court; and

5.    For such other and further relief as the Court may deem just and proper.

DATED:  January 9, 2007          PAYNE & FEARS LLP

By: _____
        LINDLEY P. FRALEY

Attorneys for Defendant
7-ELEVEN, INC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-10-
ANSWER TO FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

*Alesick vs. 7-Eleven, Inc.*
*Case No. ECU03615*

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

    On January 9, 2008, I served the following document(s) described as **ANSWER OF DEFENDANT 7-ELEVEN, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

**SEE ATTACHED SERVICE LIST**

☒   **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐   **(By Personal Service)** I caused to be delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐   **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐   **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐   **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 9, 2008, at Irvine, California.

*Laura Niedringhaus*
LAURA NIEDRINGHAUS

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**Exhibit Y, Page 210**

1
2

## SERVICE LIST

3  William B. Sullivan, Esq.                Attorneys For Plaintiff
4  SULLIVAN & CHRISTIANI, LLP               KIMBERLY ALEKSICK
   2330 Third Avenue
5  San Diego, CA 92101
   Tel: (619) 702-6760
6  Fax: (619) 702-6761

7  Eric A. Welter, Esq.                     Attorneys for Defendant
   WELTER LAW FIRM, P.C.                    7-ELEVEN, INC.
8  720 Lynn St., Suite B
   Herndon, Virginia 20170
9  Tel: (703) 435-8500
   Fax: (703) 435-8851

10
11 Paul C. Johnson Jr.                      Attorneys for Defendant
   Bacalski & Ottoson, LLP                  Michael Tucker
12 402 W. Broadway, Fl. 24
   San Diego, CA 92101
13 Tel: (619) 239-4340
   Fax: (619) 239-0116
14
15
16
   365308.1
17
18
19
20
21
22
23
24
25
26
27
28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

PROOF OF SERVICE

**Exhibit Y, Page 211**

1

## PROOF OF SERVICE

2

*Alesick vs. 7-Eleven, Inc.*

3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

4

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

5

6

On January 10, 2008, I served the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1441 AND 1446** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

7

8

9

## SEE ATTACHED SERVICE LIST

10

☐ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

11

12

13

14

☐ **(By Personal Service)** I caused to be delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

15

16

17

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

18

19

☒ **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

20

21

22

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

23

24

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25

Executed on January 10, 2008, at Irvine, California.

26

27

*Laura Niedringhaus*
LAURA NIEDRINGHAUS

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## SERVICE LIST

| | |
|---|---|
| William B. Sullivan, Esq.<br>SULLIVAN & CHRISTIANI, LLP<br>2330 Third Avenue<br>San Diego, CA 92101<br>Tel: (619) 702-6760<br>Fax: (619) 702-6761 | Attorneys For Plaintiff<br>KIMBERLY ALEKSICK |
| Eric A. Welter, Esq.<br>**WELTER LAW FIRM, P.C.**<br>720 Lynn St., Suite B<br>Herndon, Virginia 20170<br>Tel: (703) 435-8500<br>Fax: (703) 435-8851 | Attorneys for Defendant<br>7-ELEVEN, INC. |
| Paul C. Johnson Jr.<br>Bacalski & Ottoson, LLP<br>402 W. Broadway, Fl. 24<br>San Diego, CA 92101<br>Tel: (619) 239-4340<br>Fax: (619) 239-0116 | Attorneys for Defendant<br>Michael Tucker |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

381945.1

PROOF OF SERVICE

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
Kimberly Aleksick

## DEFENDANTS
7-Eleven, Inc. a Texas Corporation; Michael Tucker an individual

FILED
2008 JAN 10 PM 3: 51

'08 CV 0059 J WMc
SOUTHERN DISTRICT OF CALIFORNIA

BY FAX

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Dallas County, Dallas, TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
William B. Sullivan, Bar No. 171637
SULLIVAN & CHRISTIANI, LLP
2330 Third Avenue
San Diego, CA 92101

ATTORNEYS (IF KNOWN)
Eric C. Sohlgren, Bar No. 16171
Lindley P. Fraley, Bar No. 223421
Payne & Fears LLP
4 Park Plaza, Suite 1100
Irvine, CA 92614

Eric A. Welter
VA Bar No. 38193
WELTER LAW FIRM
720 Lynn St. Ste. B
Herndon, VA 20170

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION  (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. 1332(a) - The parties satisfy the class action diversity removal jurisdiction as plaintiff's suit was filed as a class action on behalf of all California employees and seeks in excess of $5 million dollars in damages.

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [X] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Exceeds $5 mil.

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES  [X] NO

## VIII. RELATED CASE(S) IF ANY    (See instructions):
JUDGE _____    Docket Number _____

DATE
January 10, 2008

SIGNATURE OF ATTORNEY OF RECORD
_Lindley P. Fraley_

PAID #350  1/10/08 BH  RCPT# 146308

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

:

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 146305      — BH**

**January 10, 2008**
**15:49:59**

**Civ Fil Non—Pris**
USAO #.: 08CV0059 CIVIL FILING
Judge..: NAPOLEON A JONES, JR
Amount.:                    $350.00 CK
Check#.: BC# 65778

**Total—>   $350.00**

FROM: ALEKSICK V. 7—ELEVEN
       CIVIL FILING