1   ERIC C. SOHLGREN, Bar No. 161710
    ecs@paynefears.com
2   LINDLEY P. FRALEY, Bar No. 223421
    lpf@paynefears.com
3   PAYNE & FEARS LLP
    Attorneys at Law
4   4 Park Plaza, Suite 1100
    Irvine, CA 92614
5   Telephone: (949) 851-1100
    Facsimile: (949) 851-1212
6
7   ERIC A. WELTER
    eaw@welterlaw.com
    WELTER LAW FIRM PC
8   720 Lynn Street, Suite B
    Herndon, VA 20170
9   Telephone: (703) 435-8500
    Facsimile: (703) 435-8851
10
11  Attorneys for Defendant
    7-ELEVEN, INC.
12

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

13              **UNITED STATES DISTRICT COURT**

14          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

15

16  KIMBERLY ALEKSICK,                    CASE NO.: 08 CV 0059 J WMc
    individually and on behalf of other
17  members of the general public          **DECLARATION RE:**
    similarly situated,
18                                          **(1) SERVICE OF PETITION AND
                Plaintiffs,                 NOTICE OF REMOVAL UPON
19                                          PLAINTIFF;**
          v.
20                                          **(2) FILING OF NOTICE TO CLERK
    7-ELEVEN, INC., a Texas                 IN IMPERIAL COUNTY SUPERIOR
21  Corporation, MICHAEL TUCKER; an         COURT**
    individual; and DOES 1-50, Inclusive,
22                                          **(3) FILING OF PROOFS OF
                Defendants.                 SERVICE**
23

24

25        I, Lindley P. Fraley, declare as follows:

26

27        1.    I am an attorney duly licensed to practice before this Court and

28  before all of the courts of the State of California, and I am an associate with the law

firm of Payne & Fears LLP, counsel of record for Defendant 7-ELEVEN, INC. ("defendant"). I have personal knowledge of the matters set forth in this declaration and, if called as a witness, could and would testify competently thereto.

2.    On January 10, 2008, I caused Defendant's Petition and Notice of Removal of Civil Action Under 28 U.S.C. §§ 1441 and 1446 (the "Notice of Removal") to be filed with this Court.

## NOTICE TO THE CLERK OF THE SUPERIOR COURT

3.    On January 10, 2008, after filing the Notice of Removal in this Court, I caused Defendant's Notice to Clerk of the Superior Court, County of Imperial, of Removal of Civil Action to United States District Court for the Southern District of California (the "Notice to Clerk"), to be filed in the Imperial County Superior Court, where this action had been pending. A copy of the Notice of Removal was attached as Exhibit "A" to the Notice to Clerk. A true and correct copy of the Notice to Clerk, file-stamped by the Imperial County Superior Court, is attached as Exhibit "A" hereto.

## NOTICE TO PLAINTIFF

4.    On January 10, 2008, after filing the Notice of Removal with this Court, I caused Defendant's Notice to Plaintiff of Removal of Civil Action to United States District Court for the Southern District of California (the "Notice to Plaintiff") to be served upon Plaintiff. A true and correct copy of the Notice to Plaintiff is attached as Exhibit "B" hereto.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOFS OF SERVICE

5.    Attached hereto as Exhibit "C" is a proof of service of the Notice of Removal upon Plaintiff.

6.    Attached hereto as Exhibit "D" is a proof of service of the Notice to Clerk upon Plaintiff.

7.    Attached hereto as Exhibit "E" is a proof of service of the Notice to Plaintiff upon Plaintiff.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this Declaration is executed this 11th day of January 2008, at Irvine, California.

_Lindley P. Fraley_
Lindley P. Fraley

-3-

1
2

# INDEX OF EXHIBITS

3    EXHIBIT "A":    Notice to Clerk

4    EXHIBIT "B":    Notice to Plaintiff

5    EXHIBIT "C":    Proof of Service of Notice of Removal Upon
                     Plaintiff
6
     EXHIBIT "D":    Proof of Service of Notice to Clerk upon Plaintiff
7
     EXHIBIT "E":    Proof of Service of Notice to Plaintiff upon
8                    Plaintiff

9

10    381852.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT "A" DECLARATION OF PROOF OF SERVICE**

14-Jan-2008 09:49 AM    17145411978    4/6
01/14/2008  10:42  17145411978          FIRST LEGAL                    PAGE  04/06
01/11/2008  17:10 FAX  7083379111      DILLON'S                        ☑004/008

01/11/2008  14:04  17145411978          FIRST LEGAL

1   PAYNE & FEARS LLP
    Attorneys at Law
2   Eric C. Sohlgren, Bar No. 161710
    Lindley P. Fraley, Bar No. 224321
3   4 Park Plaza, Suite 1100
    Irvine, CA 92614
4   Telephone: (949) 851-1100
    Facsimile: (949) 851-1212
5
    WELTER LAW FIRM, P.C.
6   Eric A. Welter, Virginia Bar No. 38193
    720 Lynn Street, Suite B
7   Herndon, Virginia 20170
    Telephone: 703-435-8500
8   Facsimile:  703-435-8851

9   Attorneys for Defendant
    7-ELEVEN, INC.
10

**ENDORSED**

**JAN 11 2008**

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY MONICA ____

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  FOR THE COUNTY OF IMPERIAL

13   KIMBERLY ALEKSICK, individually and on      CASE NO. ECU03615
     behalf of other members of the general public
14   similarly situated,                          Assigned for All Purposes to:
                                                   Hon. Christopher W. Yeager, Department 7
15                  Plaintiff,
                                                   NOTICE TO CLERK OF THE
16         v.                                      SUPERIOR COURT, COUNTY OF
                                                   IMPERIAL, OF REMOVAL OF CIVIL
17   7-ELEVEN, INC., a Texas Corporation;          ACTION TO UNITED STATES
     MICHAEL TUCKER; an individual; and DOES       DISTRICT COURT FOR THE
18   1-50, Inclusive.,                             SOUTHERN DISTRICT OF
                                                   CALIFORNIA
19                  Defendants.

20

21                                                 Date Action Filed:  April 16, 2007

22

23          TO THE CLERK OF THE SUPERIOR COURT, COUNTY OF IMPERIAL:

24

25          PLEASE TAKE NOTICE that on January 10, 2008, defendant 7-ELEVEN, INC.

26   filed in the United States District Court for the Southern District of California its Petition and

27   Notice of Removal of Civil Action.  A copy of this Petition and Notice is attached as Exhibit "A"

28   hereto.

_____
        NOTICE TO CLERK OF THE SUPERIOR COURT RE: REMOVAL OF CIVIL ACTION

**EXHIBIT A, PAGE 4**

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d), the filing of the Petition and Notice in the United States District Court, together with the filing of a copy thereof with this Superior Court, effects the removal of this action, and this Superior Court may proceed no further unless and until the action is remanded.

DATED: JANUARY 11, 2008          PAYNE & FEARS LLP

By: _____
                    LINDLEY P. FRALEY

Attorneys for Defendant
7-ELEVEN, INC.

381856

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT A, PAGE 5**

-2-

NOTICE TO CLERK OF THE SUPERIOR COURT RE: REMOVAL OF CIVIL ACTION

1

## INDEX OF EXHIBITS

2

3    EXHIBIT "A":        PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
                         28 U.S.C. §§ 1441 AND 1446
4

5

6

7

8

9

10

11

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A, PAGE 6**

NOTICE TO CLERK OF THE SUPERIOR COURT RE: REMOVAL OF CIVIL ACTION

**EXHIBIT "A" TO NOTICE TO THE CLERK**

**EXHIBIT A, PAGE 7**

ERIC C. SOHLGREN, Bar No. 161710
ecs@paynefears.com
LINDLEY P. FRALEY, Bar No. 223421
lpf@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

ERIC A. WELTER
eaw@welterlaw.com
WELTER LAW FIRM PC
720 Lynn Street, Suite B
Herndon, VA 20170
Telephone: (703) 435-8500
Facsimile: (703) 435-8851

Attorneys for Defendant
7-ELEVEN, INC.

FILED

2008 JAN 10   PM 3: 46

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____
                              DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

KIMBERLY ALEKSICK,
individually and on behalf of other
members of the general public
similarly situated,

       Plaintiffs,

    v.

7-ELEVEN, INC., a Texas
Corporation, MICHAEL TUCKER;
an individual; and DOES 1-50,
Inclusive,

       Defendants.

CASE NO. 08 CV 0059 J WMC

PETITION AND NOTICE OF
REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332, 1441 AND
1446

    Defendant 7-Eleven, Inc. ("7-Eleven") hereby gives notice pursuant to 28

U.S.C. §§ 1332, 1441 and 1446 of the removal to this Court of the action

1

NOTICE OF REMOVAL

**EXHIBIT A, PAGE 8**

commenced against it in the Superior Court of the State of California, County of Imperial, styled <u>Kimberly Aleksick v. 7-Eleven, Inc., et al.</u> (ECU03615) ("State Court Action").  The following facts support this removal:

## **PROCEDURAL HISTORY**

1.      On or about April 16, 2007, Plaintiff Kimberly Aleksick ("Plaintiff") filed a Complaint against 7-Eleven and its franchisee Michael Tucker in the Superior Court for the State of California, County of Imperial.  Attached hereto as Exhibit "A" is a true and correct copy of the Complaint, Civil Case Cover Sheet and Summons.

2.      On June 1, 2007, 7-Eleven filed its Answer to the Complaint. Attached hereto as Exhibit "B" is a true and correct copy of 7-Eleven's Answer.

3.      The Superior Court noticed a Case Management Conference for August 14, 2007.  Attached hereto as Exhibit "C" is a true and correct copy of the Court's Notice.

4.      The Court continued the Case Management Conference to August 23, 2007 in an Order dated August 8, 2007.  Attached hereto as Exhibit "D" is a true and correct copy of the Court's Order.

5.      On July 11, 2007, 7-Eleven filed a *Pro Hac Vice* Application for the admission of Eric A. Welter.  Attached hereto as Exhibit "E" is a true and correct copy of the Application.

6.      On July 17, 2007, 7-Eleven filed a Case Management Statement. Attached hereto as Exhibit "F" is a true and correct copy of the Statement.

7.      On July 18, 2007, Plaintiff's counsel filed a Notice of Plaintiff's Counsel's Unavailability to Appear at the Case Management Conference and Request to Continue the CMC, along with a Proposed Order granting the Request. Attached hereto as Exhibit "G" is a true and correct copy of the Notice, Request, and Proposed Order.

2

NOTICE OF REMOVAL

**EXHIBIT A, PAGE 9**

1    8.    On July 19, 2007, Defendant Michael Tucker filed an Answer to

2  Plaintiff's Complaint.  Attached hereto as Exhibit "H" is a true and correct copy of

3  Mr. Tucker's Answer.

4    9.    On July 19, 2007, Plaintiff filed a Notice of No Opposition to the *Pro*

5  *Hac Vice* Application for Eric A. Welter.  Attached hereto as Exhibit "I" is a true

6  and correct copy of the Notice.

7    10.   On July 25, 2007, Plaintiff filed a Case Management Statement for the

8  Case Management Conference on August 14, 2007.  Attached hereto as Exhibit "J"

9  is a true and correct copy of the Statement.

10    11.   On July 31, 2007, Defendant Michael Tucker filed a Case

11  Management Statement for the Case Management Conference on August 14, 2007.

12  Attached hereto as Exhibit "K" is a true and correct copy of the Statement.

13    12.   On August 1, 2007, the Court issued a Notice of Hearing for the *Pro*

14  *Hac Vice* Application of Eric A. Welter.  Attached hereto as Exhibit "L" is a true

15  and correct copy of the Notice of Hearing.

16    13.   On August 8, 2007, 7-Eleven filed a Notice of Intent to Appear at the

17  Case Management Conference by Telephone.  Attached hereto as Exhibit "M" is a

18  true and correct copy of the Notice.

19    14.   On August 8, 2007, the Court issued an Order continuing the Case

20  Management Conference to August 23, 2007.  Attached hereto as Exhibit "N" is a

21  true and correct copy of the Court's Order.

22    15.   On August 23, 2007, the Court issued a Case Management Order

23  setting a Case Management Conference for September 25, 2007.  Attached hereto

24  as Exhibit "O" is a true and correct copy of the Court's Case Management Order.

25    16.   7-Eleven provided notice of the Class Action Case Conference to all

26  Parties.  Attached hereto as Exhibit "P" is a true and correct copy of the Notice of

27  Class Action Case Conference.

28

**EXHIBIT A, PAGE 10**

NOTICE OF REMOVAL

17.    On September 6, 2007, attorneys for Michael Tucker provided a Notice of Change of Firm Name.  Attached hereto as Exhibit "Q" is a true and correct copy of the Notice of Change of Firm Name.

18.    On September 12, 2007, 7-Eleven filed a Case Management Statement.  Attached hereto as Exhibit "R" is a true and correct copy of the Case Management Statement.

19.    On September 12, 2007, the Court granted Eric A. Welter's *Pro Hac Vice* Application.  Attached hereto as Exhibit "S" is a true and correct copy of the Court's Order.

20.    On September 25, 2007, the Court issued a Case Management Order setting a Case Management Conference for December 21, 2007.  Attached hereto as Exhibit "T" is a true and correct copy of the Court's Order.

21.    On December 4, 2007, 7-Eleven filed a Case Management Statement and a Notice of Intent to Appear Telephonically.  Attached hereto as Exhibit "U" is a true and correct copy of the Case Management Statement and Notice.

22.    On December 5, 2007, Defendant Michael Tucker filed a Case Management Statement.  Attached hereto as Exhibit "V" is a true and correct copy of the Statement.

23.    On December 17, 2007, Plaintiff filed an *Ex Parte* Application for an Order Compelling "Pioneer/Belaire" Notice, or in the Alternative, For An Order Shortening Time To Hear Plaintiff's Request for an Order Compelling "Pioneer/Belaire" Notice.  Attached hereto as Exhibit "W" is a true and correct copy of the Application.

24.    On December 13, 2007, Plaintiff's counsel faxed to counsel for 7-Eleven Plaintiff's First Amended Complaint ("FAC").  Attached hereto as Exhibit "X" is a true and correct copy of the FAC.

25.    On January 9, 2008, 7-Eleven timely filed an answer to Plaintiff's FAC.  Attached hereto as Exhibit "Y" is a true and correct copy of the Answer.

4

**EXHIBIT A, PAGE 11**

26.    Exhibits "A" through "Y" hereto constitute the pleadings, process and orders served upon or by 7-Eleven in the State Court Action.

## **JURISDICTION**

27.    The original Complaint contained several causes of action based on alleged violations of the California Labor Code by Tucker.  Count 1 alleged violations of the California Labor Code by Tucker for failure to provide meal or rest breaks, failure to pay overtime compensation, requiring employees to pay for uniforms, and noncompliant wage stubs.  Count 2 alleged a claim under Business and Professions Code section 17200 for the same alleged violations.

28.    The original Complaint did not state a federal question and was not removable on the basis of diversity jurisdiction because Tucker is a resident of California.

29.    The original Complaint was not removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Plaintiff's original Complaint framed the putative class as "Plaintiff and her former co-workers" (*Compl.* ¶ 10) and "Plaintiff and similarly situated employees" (*Compl.* ¶ 11).  Plaintiff was an employee of franchisee Michael Tucker.  Even assuming that 7-Eleven was found to be Plaintiff's "employer," which was extremely unlikely under California law (see ¶ 4 below), there was no legal basis in the original Complaint to extrapolate the putative class to franchisees other than Michael Tucker.  As such, Plaintiff's "co-workers" would not likely have numbered over the 100 required for jurisdiction under the CAFA nor would 7-Eleven have been able to establish an amount in controversy greater than $5,000,000 as required by the CAFA.

30.    The claims in the original Complaint were all premised upon alleged Labor Code violations by 7-Eleven's franchisee, Michael Tucker.  The California courts have repeatedly upheld the independent contractor relationship between 7-Eleven and its franchisees, holding that 7-Eleven is not the employer of its

NOTICE OF REMOVAL

**EXHIBIT A, PAGE 12**

1    franchisee's employees nor is it an agent of the franchisee. <u>Singh v. 7-Eleven, Inc.</u>,

2    2007 WL 715488 (N.D.Cal. 2007); <u>Cislaw v. Southland Corp.</u>, 4 Cal.App.4th 1284

3    (1992); <u>Wickham v. Southland Corp.</u>, 168 Cal.App.3d 49 (1985); <u>see</u> <u>also</u>

4    <u>Chelkova v. Southland Corp.</u>, 771 N.E.2d 1100 (Ill. App. 2002); <u>Daves v.</u>

5    <u>Southland Corp.</u>, 2000 WL 60199 (Wash. App. 2000); <u>Hatcher v. Augustus</u>, 956

6    F.Supp. 387 (E.D.N.Y. 1997). Indeed, there is a paucity of reported decisions

7    nationwide holding franchisors liable for the wage and hour violations of its

8    franchisee. <u>See</u>, <u>e.g.</u>, <u>Howell v. Chick-Fil-A, Inc.</u>, 1993 WL 603296, *2 n.2

9    (N.D.Fla. 1993) (noting in FLSA case brought by employee of franchisee against

10    franchisor that that court has "not discovered a reported case in which a franchisor

11    has been held liable to an employee of an independent contractor."). Thus, given

12    that the original Complaint involved at most two 7-Eleven stores operated by

13    franchisee Michael Tucker, the original Complaint did not satisfy the jurisdictional

14    limits under the CAFA.

15        31.    On December 17, 2007, 7-Eleven received Plaintiff's First Amended

16    Complaint by facsimile.

17        32.    The First Amended Complaint is a substantially new complaint. It

18    includes new claims against 7-Eleven that are fundamentally different from those

19    in the original Complaint. The new claims include negligence, negligence per se,

20    and negligent interference with prospective economic advantage, and a claim for

21    penalties under California Labor Code section 2699.

22        33.    Plaintiff's "negligence" claims seek to impose direct liability on

23    7-Eleven for its practices in providing payroll services to its franchisees. Thus, the

24    "negligence" claims do not depend on a finding that 7-Eleven was Plaintiff's

25    "employer." These claims, for the first time, potentially implicate all of 7-Eleven's

26    approximately 1,200 franchise stores in California.

27        34.    Removal here is governed by 28 U.S.C. § 1446(b). Section 1446(b)

28    provides, in pertinent part, "[i]f the case stated by the initial pleading is not

NOTICE OF REMOVAL                                                    **EXHIBIT A, PAGE 13**

1  removable, a notice of removal may be filed within thirty days after receipt by the
2  defendant, through service or otherwise, of a copy of an amended pleading,
3  motion, order or other paper from which it may first be ascertained that the case is
4  one which is or has become removable."

5      35.    The three "negligence" claims asserted directly against 7-Eleven in
6  the First Amended Complaint are not dependent upon 7-Eleven's status as an
7  "employer." Rather, the First Amended Complaint asserts a completely new
8  theory of liability directly against 7-Eleven: that 7-Eleven acted negligently in
9  operating its payroll system for its franchisees. (*See, e.g., First Amd. Compl.*
10  ¶¶ 22, 24-25). As discussed in more detail below, the First Amended Complaint is
11  an amended pleading from which it may first be ascertained that the case is
12  removable, and 7-Eleven has filed this removal within thirty (30) days of its
13  receipt.

14      36.    The State Court Action is a civil action of which this Court has
15  original jurisdiction under 28 U.S.C. § 1332(d), and is one which may be removed
16  to this Court by 7-Eleven pursuant to 28 U.S.C. § 1441, in that:

    a. 7-Eleven is a corporation incorporated in and under the laws of the
State of Texas, and it is and has been at all material times a citizen of
that state. 7-Eleven's corporate headquarters and principal place of
business is in Dallas, Texas. 7-Eleven is not a citizen of the State of
California. (*See First Amd. Compl.* ¶ 5).

    b. Plaintiff is a resident of the State of California. (*First Amd. Compl.* ¶ 4).

    c. According to Plaintiff, the potential class consists of 5,000
individuals. (*First Amd. Comp.* ¶ 11). Assuming that the putative
class now includes the employees of 7-Eleven's approximately 1,200
franchise stores in California (which the original Complaint could not
have), 7-Eleven's records indicate there were approximately 19,000

7

**EXHIBIT A, PAGE 14**

NOTICE OF REMOVAL

1    individuals employed by its franchisees in California for some period

2    of time during 2006.

3    d.  The matter in controversy exceeds the sum or value of $5,000,000,

4        exclusive of interest and costs.  To determine the amount in

5        controversy, the Court "must assume that the allegations in the

6        complaint are true."  <u>Forever Living Prods. U.S. Inc. v. Geyman</u>, 471

7        F.Supp.2d 980, 986 (D.Ariz. 2006); <u>Kenneth Rothschild Trust v.</u>

8        <u>Morgan Stanley Dean Witter</u>, 199 F.Supp.2d 993, 1001 (C.D.Cal.

9        2002).

10       (a)    Plaintiff alleges that the potential class consists of 5,000

11              individuals, "100%" of whom were denied meal and rest

12              breaks and not provided the mandated payment required by

13              law. (<i>FAC,</i> ¶¶ 11, 14A).

14       1.  Under Plaintiff's sixth claim for relief under California

15           Labor Code section 2699, an employer is liable for a

16           $100 penalty for the initial violation and $200 for each

17           subsequent violation.  The relevant limitations period for

18           this claim is one year.  Cal. Code Civ. Proc. § 340.

19           Assuming that Plaintiff's allegation that 100% of the

20           class was denied the meal and rest breaks during each

21           work week during the one year limitations period, the

22           potential damages on this claim amounts to $51,500,000

23           (5,000 * $100 + 5,000 * $200 * 51).

24       2.  The minimum wage in California during a substantial

25           part of the potential class period here was $6.75.  The

26           relevant limitations period on Plaintiff's section 17200

27           restitution claim is four years.  California Bus. & Prof.

28           Code § 17208.  Based on Plaintiff's allegations that

8

**EXHIBIT A, PAGE 15**

1            "100%" of the employees in California were deprived of

2            meal and rest breaks and not paid the hour of pay due

3            each week due to 7-Eleven's payroll system, the potential

4            damages on that claim would amount to $7,020,000

5            ($6.75 a week * 52 weeks * 5,000 putative class

6            members* 4 years).

7       (b)    7-Eleven's records indicate that there were approximately

8            19,000 individuals employed by its 1,215 franchise stores

9            in California in 2006 and that the average hourly wage of

10           those individuals as of February 2007 was $8.48.

11        1.   Looking again at Plaintiff's claim under California Labor

12           Code § 2699, assuming only two violations per putative

13           plaintiff during the one-year limitations period, the

14           potential damages on this claim alone would amount to

15           $5,700,000 (19,000 * 300).

16        2.   Looking at Plaintiff's meal and rest break claim,

17           assuming that the putative class members were not paid

18           the statutorily required one-hour of pay for each week

19           during the year prior to the commencement of this case,

20           the potential damages on this claim would amount to

21           $8,378,240 (19,000 * 52 * 8.48).

22     e.   7-Eleven has established the elements necessary for removal under the

23       CAFA, 28 U.S.C. § 1332(d).

24     37.     The United States District Court for the Southern District of

25 California, San Diego Division, is the District Court of the United States and the

26 Division thereof embracing the place where the State Court Action is pending prior

27 to removal.

28

**EXHIBIT A, PAGE 16**

NOTICE OF REMOVAL

1

**CONCLUSION**

2       38.    Because 7-Eleven has established the necessary elements for removal

3   pursuant to 28 U.S.C. § 1332(d), 7-Eleven respectfully requests that this Court

4   exercise its removal jurisdiction over this action.

5

6   DATED:  January 10, 2008                 PAYNE & FEARS LLP

7

8                                    By: _Lindley P Fraley_

9                                          LINDLEY P. FRALEY

10                                      Attorneys for Defendant

11                                      7-ELEVEN, INC.

12

13  381800

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

EXHIBITS "A" TO "Y" TO THE PETITION AND

NOTICE OF REMOVAL HAS ALREADY BEEN

SUBMITTED TO THE COURT, AND DUE TO

HIGH VOLUME OF PAGES ARE NOT BEING

INCLUDED IN THIS DOCUMENT.


(SEE INDEX OF EXHIBITS AND PAGE NUMBERS
WHICH WERE PREVIOUSLY FILED WITH THE COURT
AS PAPER COPIES)


WE WILL GLADLY RESUBMIT (VIA E-FILE) COPIES
OF THESE EXHIBITS, AT THE COURT'S REQUEST


EXHIBIT A, PAGE 18

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

# INDEX OF EXHIBITS

*Alesick vs. 7-Eleven, Inc.*

|              |                                                                                           | *Pages* |
| ------------ | ----------------------------------------------------------------------------------------- | ------- |
| Exhibit "A"  | Summons and Complaint and Civil Cover Sheet                                               | 11-24   |
| Exhibit "B"  | Defendant's Answer to Complaint                                                            | 25-34   |
| Exhibit "C"  | Court's Notice of CMC on 8/14/07                                                           | 35      |
| Exhibit "D"  | Court's Order to continue Case Management Conference                                       | 36-38   |
| Exhibit "E"  | *Pro Hac Vice* Application for admission of Eric A. Welter                                 | 39-52   |
| Exhibit "F"  | Case Management Statement (7-Eleven)                                                       | 53-57   |
| Exhibit "G"  | Notice of Plaintiff's Counsel's Unavailability to Appear at CMC, Request Continue CMC, and [Proposed] Order | 58-63   |
| Exhibit "H"  | Defendant Michael Tucker's Answer to Complaint                                             | 64-68   |
| Exhibit "I"  | Notice of No Opposition to *Pro Hac Vice* Application                                      | 69-71   |
| Exhibit "J"  | Case Management Statement filed by Plaintiff (8/14/07)                                     | 72-78   |
| Exhibit "K"  | Case Management Statement filed by Michael Tucker (8/14/07)                                | 79-83   |
| Exhibit "L"  | Court's Notice of Hearing for the *Pro Hac Vice* Application                               | 84      |
| Exhibit "M"  | Notice of Intent to Appear at the CMC by Telephone (7-Eleven)                              | 85-89   |
| Exhibit "N"  | Court's Order Continuing CMC to 8/23/07                                                    | 90-91   |
| Exhibit "O"  | Court's Case Management Order for 9/25/07                                                  | 92-93   |
| Exhibit "P"  | Notice of Class Action Case Conference (7-Eleven)                                          | 94-97-  |
| Exhibit "Q"  | Notice of Change of Firm Name (Michael Tucker's Attorneys)                                 | 98-99   |
| Exhibit "R"  | Case Management Statement (7-Eleven)                                                       | 100-106 |
| Exhibit "S"  | Court's Order Granting *Pro Hac Vice* Application                                          | 107-109 |
| Exhibit "T"  | Case Management Order setting CMC for 12/21/07                                             | 110-111 |

**EXHIBIT A, PAGE 19**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | | |
|---|---|---|
| Exhibit "U" | Case Management Statement and Notice to Appear Telephonically at CMC (7-Eleven) | 112-120 |
| Exhibit "V" | Case Management Statement (Michael Tucker) | 121-130 |
| Exhibit "W" | Ex Parte Application for an Order (Plaintiff) | 131-152 |
| Exhibit "X" | First Amended Complaint (Plaintiff) | 153-199 |
| Exhibit "Y" | Answer to First Amended Complaint (7-Eleven) | 200-211 |

382402.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT A, PAGE 20**

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## PROOF OF SERVICE

*Alesick vs. 7-Eleven, Inc.*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On January 10, 2008, I served the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1441 AND 1446** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

### SEE ATTACHED SERVICE LIST

☐  **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐  **(By Personal Service)** I caused to be delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐  **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☒  **(By Overnight Courier)**  served the above referenced document(s) enclosed in a sealed  package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐  **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 10, 2008, at Irvine, California.

*Laura Niedringhaus*
LAURA NIEDRINGHAUS

**EXHIBIT A, PAGE 21**

1

## SERVICE LIST

2

3    William B. Sullivan, Esq.              Attorneys For Plaintiff
     SULLIVAN & CHRISTIANI, LLP             KIMBERLY ALEKSICK

4    2330 Third Avenue
     San Diego, CA 92101

5    Tel: (619) 702-6760
     Fax: (619) 702-6761

6    Eric A. Welter, Esq.                   Attorneys for Defendant
     **WELTER LAW FIRM, P.C.**              7-ELEVEN, INC.

7    720 Lynn St., Suite B
     Herndon, Virginia 20170

8    Tel: (703) 435-8500
     Fax: (703) 435-8851

9

10   Paul C. Johnson Jr.                    Attorneys for Defendant
     Bacalski & Ottoson, LLP                Michael Tucker

11   402 W. Broadway, Fl. 24
     San Diego, CA 92101

12   Tel: (619) 239-4340
     Fax: (619) 239-0116

13

14

15

16   381945.1

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT A, PAGE 22**

PROOF OF SERVICE

**EXHIBIT "B" DECLARATION OF PROOF OF SERVICE**

1    PAYNE & FEARS LLP
     Attorneys at Law
2    Eric C. Sohlgren, Bar No. 161710
     Lindley P. Fraley, Bar No. 224321
3    4 Park Plaza, Suite 1100
     Irvine, CA 92614
4    Telephone: (949) 851-1100
     Facsimile: (949) 851-1212
5
     WELTER LAW FIRM, P.C.
6    Eric A. Welter, Virginia Bar No. 38193
     720 Lynn Street, Suite B
7    Herndon, Virginia 20170
     Telephone: 703-435-8500
8    Facsimile: 703-435-8851
9    Attorneys for Defendant
     7-ELEVEN, INC.
10

11                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                       **FOR THE COUNTY OF IMPERIAL**

13   KIMBERLY ALEKSICK, individually and on          CASE NO. ECU03615
     behalf of other members of the general public
14   similarly situated,                             Assigned for All Purposes to:
                                                      Hon. Christopher W. Yeager, Department 7
15                   Plaintiff,
                                                      **NOTICE TO PLAINTIFF OF REMOVAL**
16           v.                                       **OF CIVIL ACTION TO UNITED**
                                                      **STATES DISTRICT COURT FOR THE**
17   7-ELEVEN, INC., a Texas Corporation;            **SOUTHERN DISTRICT OF**
     MICHAEL TUCKER; an individual; and DOES         **CALIFORNIA**
18   1-50, Inclusive.,
19                   Defendants.
20                                                    Date Action Filed:  April 16, 2007
21

22           TO PLAINTIFF KIMBERLY ALEKSICK AND HER ATTORNEYS OF

23   RECORD:

24

25           PLEASE TAKE NOTICE that on January 10, 2008, defendant 7-ELEVEN, INC.

26   filed in the United States District Court for the Southern District of California its Petition and

27   Notice of Removal of Civil Action.  A copy of this Petition and Notice is attached as Exhibit "A"

28   hereto.

                                              **EXHIBIT B, PAGE 23**

                           NOTICE TO PLAINTIFF RE: REMOVAL OF CIVIL ACTION

1    DATED:  JANUARY 11, 2008         PAYNE & FEARS LLP

2

3                                      By: _____

4                                           LINDLEY P. FRALEY

5                                      Attorneys for Defendant
                                       7-ELEVEN, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT B, PAGE 24**

-2-

NOTICE TO PLAINTIFF RE: REMOVAL OF CIVIL ACTION

EXHIBIT "A" TO NOTICE TO PLAINTIFF

EXHIBIT B, PAGE 25

ERIC C. SOHLGREN, Bar No. 161710
ecs@paynefears.com
LINDLEY P. FRALEY, Bar No. 223421
lpf@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

ERIC A. WELTER
eaw@welterlaw.com
WELTER LAW FIRM PC
720 Lynn Street, Suite B
Herndon, VA 20170
Telephone: (703) 435-8500
Facsimile: (703) 435-8851

Attorneys for Defendant
7-ELEVEN, INC.

FILED
2008 JAN 10 PM 3: 46
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

KIMBERLY ALEKSICK,
individually and on behalf of other
members of the general public
similarly situated,

                    Plaintiffs,

          v.

7-ELEVEN, INC., a Texas
Corporation, MICHAEL TUCKER;
an individual; and DOES 1-50,
Inclusive,

                    Defendants.

CASE NO. 08 CV 0059 J WMC

PETITION AND NOTICE OF
REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332, 1441 AND
1446

     Defendant 7-Eleven, Inc. ("7-Eleven") hereby gives notice pursuant to 28

U.S.C. §§ 1332, 1441 and 1446 of the removal to this Court of the action

1

NOTICE OF REMOVAL

**EXHIBIT B, PAGE 26**

1   commenced against it in the Superior Court of the State of California, County of

2   Imperial, styled <u>Kimberly Aleksick v. 7-Eleven, Inc., et al.</u> (ECU03615) ("State

3   Court Action"). The following facts support this removal:

4   **PROCEDURAL HISTORY**

5      1.    On or about April 16, 2007, Plaintiff Kimberly Aleksick ("Plaintiff")

6   filed a Complaint against 7-Eleven and its franchisee Michael Tucker in the

7   Superior Court for the State of California, County of Imperial. Attached hereto as

8   Exhibit "A" is a true and correct copy of the Complaint, Civil Case Cover Sheet

9   and Summons.

10     2.    On June 1, 2007, 7-Eleven filed its Answer to the Complaint.

11  Attached hereto as Exhibit "B" is a true and correct copy of 7-Eleven's Answer.

12     3.    The Superior Court noticed a Case Management Conference for

13  August 14, 2007. Attached hereto as Exhibit "C" is a true and correct copy of the

14  Court's Notice.

15     4.    The Court continued the Case Management Conference to August 23,

16  2007 in an Order dated August 8, 2007. Attached hereto as Exhibit "D" is a true

17  and correct copy of the Court's Order.

18     5.    On July 11, 2007, 7-Eleven filed a *Pro Hac Vice* Application for the

19  admission of Eric A. Welter. Attached hereto as Exhibit "E" is a true and correct

20  copy of the Application.

21     6.    On July 17, 2007, 7-Eleven filed a Case Management Statement.

22  Attached hereto as Exhibit "F" is a true and correct copy of the Statement.

23     7.    On July 18, 2007, Plaintiff's counsel filed a Notice of Plaintiff's

24  Counsel's Unavailability to Appear at the Case Management Conference and

25  Request to Continue the CMC, along with a Proposed Order granting the Request.

26  Attached hereto as Exhibit "G" is a true and correct copy of the Notice, Request,

27  and Proposed Order.

28

**EXHIBIT B, PAGE 27**

NOTICE OF REMOVAL

8.    On July 19, 2007, Defendant Michael Tucker filed an Answer to Plaintiff's Complaint. Attached hereto as Exhibit "H" is a true and correct copy of Mr. Tucker's Answer.

9.    On July 19, 2007, Plaintiff filed a Notice of No Opposition to the *Pro Hac Vice* Application for Eric A. Welter. Attached hereto as Exhibit "I" is a true and correct copy of the Notice.

10.    On July 25, 2007, Plaintiff filed a Case Management Statement for the Case Management Conference on August 14, 2007. Attached hereto as Exhibit "J" is a true and correct copy of the Statement.

11.    On July 31, 2007, Defendant Michael Tucker filed a Case Management Statement for the Case Management Conference on August 14, 2007. Attached hereto as Exhibit "K" is a true and correct copy of the Statement.

12.    On August 1, 2007, the Court issued a Notice of Hearing for the *Pro Hac Vice* Application of Eric A. Welter. Attached hereto as Exhibit "L" is a true and correct copy of the Notice of Hearing.

13.    On August 8, 2007, 7-Eleven filed a Notice of Intent to Appear at the Case Management Conference by Telephone. Attached hereto as Exhibit "M" is a true and correct copy of the Notice.

14.    On August 8, 2007, the Court issued an Order continuing the Case Management Conference to August 23, 2007. Attached hereto as Exhibit "N" is a true and correct copy of the Court's Order.

15.    On August 23, 2007, the Court issued a Case Management Order setting a Case Management Conference for September 25, 2007. Attached hereto as Exhibit "O" is a true and correct copy of the Court's Case Management Order.

16.    7-Eleven provided notice of the Class Action Case Conference to all Parties. Attached hereto as Exhibit "P" is a true and correct copy of the Notice of Class Action Case Conference.

**EXHIBIT B, PAGE 28**

17.    On September 6, 2007, attorneys for Michael Tucker provided a Notice of Change of Firm Name. Attached hereto as Exhibit "Q" is a true and correct copy of the Notice of Change of Firm Name.

18.    On September 12, 2007, 7-Eleven filed a Case Management Statement. Attached hereto as Exhibit "R" is a true and correct copy of the Case Management Statement.

19.    On September 12, 2007, the Court granted Eric A. Welter's *Pro Hac Vice* Application. Attached hereto as Exhibit "S" is a true and correct copy of the Court's Order.

20.    On September 25, 2007, the Court issued a Case Management Order setting a Case Management Conference for December 21, 2007. Attached hereto as Exhibit "T" is a true and correct copy of the Court's Order.

21.    On December 4, 2007, 7-Eleven filed a Case Management Statement and a Notice of Intent to Appear Telephonically. Attached hereto as Exhibit "U" is a true and correct copy of the Case Management Statement and Notice.

22.    On December 5, 2007, Defendant Michael Tucker filed a Case Management Statement. Attached hereto as Exhibit "V" is a true and correct copy of the Statement.

23.    On December 17, 2007, Plaintiff filed an *Ex Parte* Application for an Order Compelling "Pioneer/Belaire" Notice, or in the Alternative, For An Order Shortening Time To Hear Plaintiff's Request for an Order Compelling "Pioneer/Belaire" Notice. Attached hereto as Exhibit "W" is a true and correct copy of the Application.

24.    On December 13, 2007, Plaintiff's counsel faxed to counsel for 7-Eleven Plaintiff's First Amended Complaint ("FAC"). Attached hereto as Exhibit "X" is a true and correct copy of the FAC.

25.    On January 9, 2008, 7-Eleven timely filed an answer to Plaintiff's FAC. Attached hereto as Exhibit "Y" is a true and correct copy of the Answer.

**EXHIBIT B, PAGE 29**

26.    Exhibits "A" through "Y" hereto constitute the pleadings, process and orders served upon or by 7-Eleven in the State Court Action.

## JURISDICTION

27.    The original Complaint contained several causes of action based on alleged violations of the California Labor Code by Tucker. Count 1 alleged violations of the California Labor Code by Tucker for failure to provide meal or rest breaks, failure to pay overtime compensation, requiring employees to pay for uniforms, and noncompliant wage stubs. Count 2 alleged a claim under Business and Professions Code section 17200 for the same alleged violations.

28.    The original Complaint did not state a federal question and was not removable on the basis of diversity jurisdiction because Tucker is a resident of California.

29.    The original Complaint was not removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Plaintiff's original Complaint framed the putative class as "Plaintiff and her former co-workers" (*Compl.* ¶ 10) and "Plaintiff and similarly situated employees" (*Compl.* ¶ 11). Plaintiff was an employee of franchisee Michael Tucker. Even assuming that 7-Eleven was found to be Plaintiff's "employer," which was extremely unlikely under California law (see ¶ 4 below), there was no legal basis in the original Complaint to extrapolate the putative class to franchisees other than Michael Tucker. As such, Plaintiff's "co-workers" would not likely have numbered over the 100 required for jurisdiction under the CAFA nor would 7-Eleven have been able to establish an amount in controversy greater than $5,000,000 as required by the CAFA.

30.    The claims in the original Complaint were all premised upon alleged Labor Code violations by 7-Eleven's franchisee, Michael Tucker. The California courts have repeatedly upheld the independent contractor relationship between 7-Eleven and its franchisees, holding that 7-Eleven is not the employer of its

5

**EXHIBIT B, PAGE 30**

1   franchisee's employees nor is it an agent of the franchisee.  Singh v. 7-Eleven, Inc.,
2   2007 WL 715488 (N.D.Cal. 2007); Cislaw v. Southland Corp., 4 Cal.App.4th 1284
3   (1992); Wickham v. Southland Corp., 168 Cal.App.3d 49 (1985); see also
4   Chelkova v. Southland Corp., 771 N.E.2d 1100 (Ill. App. 2002); Daves v.
5   Southland Corp., 2000 WL 60199 (Wash. App. 2000); Hatcher v. Augustus, 956
6   F.Supp. 387 (E.D.N.Y. 1997).  Indeed, there is a paucity of reported decisions
7   nationwide holding franchisors liable for the wage and hour violations of its
8   franchisee.  See, e.g., Howell v. Chick-Fil-A, Inc., 1993 WL 603296, *2 n.2
9   (N.D.Fla. 1993) (noting in FLSA case brought by employee of franchisee against
10  franchisor that that court has "not discovered a reported case in which a franchisor
11  has been held liable to an employee of an independent contractor.").  Thus, given
12  that the original Complaint involved at most two 7-Eleven stores operated by
13  franchisee Michael Tucker, the original Complaint did not satisfy the jurisdictional
14  limits under the CAFA.
15        31.    On December 17, 2007, 7-Eleven received Plaintiff's First Amended
16  Complaint by facsimile.
17        32.    The First Amended Complaint is a substantially new complaint.  It
18  includes new claims against 7-Eleven that are fundamentally different from those
19  in the original Complaint.  The new claims include negligence, negligence per se,
20  and negligent interference with prospective economic advantage, and a claim for
21  penalties under California Labor Code section 2699.
22        33.    Plaintiff's "negligence" claims seek to impose direct liability on
23  7-Eleven for its practices in providing payroll services to its franchisees.  Thus, the
24  "negligence" claims do not depend on a finding that 7-Eleven was Plaintiff's
25  "employer."  These claims, for the first time, potentially implicate all of 7-Eleven's
26  approximately 1,200 franchise stores in California.
27        34.    Removal here is governed by 28 U.S.C. § 1446(b).  Section 1446(b)
28  provides, in pertinent part, "[i]f the case stated by the initial pleading is not

6

**EXHIBIT B, PAGE 31**

NOTICE OF REMOVAL

1  removable, a notice of removal may be filed within thirty days after receipt by the

2  defendant, through service or otherwise, of a copy of an amended pleading,

3  motion, order or other paper from which it may first be ascertained that the case is

4  one which is or has become removable."

5      35.    The three "negligence" claims asserted directly against 7-Eleven in

6  the First Amended Complaint are not dependent upon 7-Eleven's status as an

7  "employer."  Rather, the First Amended Complaint asserts a completely new

8  theory of liability directly against 7-Eleven:  that 7-Eleven acted negligently in

9  operating its payroll system for its franchisees.  (*See, e.g., First Amd. Compl.*

10 ¶¶ 22, 24-25).  As discussed in more detail below, the First Amended Complaint is

11 an amended pleading from which it may first be ascertained that the case is

12 removable, and 7-Eleven has filed this removal within thirty (30) days of its

13 receipt.

14     36.    The State Court Action is a civil action of which this Court has

15 original jurisdiction under 28 U.S.C. § 1332(d), and is one which may be removed

16 to this Court by 7-Eleven pursuant to 28 U.S.C. § 1441, in that:

17         a.  7-Eleven is a corporation incorporated in and under the laws of the

18             State of Texas, and it is and has been at all material times a citizen of

19             that state.  7-Eleven's corporate headquarters and principal place of

20             business is in Dallas, Texas.  7-Eleven is not a citizen of the State of

21             California.  (*See First Amd. Compl.* ¶ 5).

22         b.  Plaintiff is a resident of the State of California.  (*First Amd. Compl.* ¶

23             4).

24         c.  According to Plaintiff, the potential class consists of 5,000

25             individuals.  (*First Amd. Comp.* ¶ 11).  Assuming that the putative

26             class now includes the employees of 7-Eleven's approximately 1,200

27             franchise stores in California (which the original Complaint could not

28             have), 7-Eleven's records indicate there were approximately 19,000

7

NOTICE OF REMOVAL

1    individuals employed by its franchisees in California for some period

2    of time during 2006.

3    d.    The matter in controversy exceeds the sum or value of $5,000,000,

4         exclusive of interest and costs.  To determine the amount in

5         controversy, the Court "must assume that the allegations in the

6         complaint are true."  Forever Living Prods. U.S. Inc. v. Geyman, 471

7         F.Supp.2d 980, 986 (D.Ariz. 2006); Kenneth Rothschild Trust v.

8         Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1001 (C.D.Cal.

9         2002).

10        (a)    Plaintiff alleges that the potential class consists of 5,000

11               individuals, "100%" of whom were denied meal and rest

12               breaks and not provided the mandated payment required by

13               law. (*FAC*, ¶¶ 11, 14A).

14            1.   Under Plaintiff's sixth claim for relief under California

15                 Labor Code section 2699, an employer is liable for a

16                 $100 penalty for the initial violation and $200 for each

17                 subsequent violation.  The relevant limitations period for

18                 this claim is one year.  Cal. Code Civ. Proc. § 340.

19                 Assuming that Plaintiff's allegation that 100% of the

20                 class was denied the meal and rest breaks during each

21                 work week during the one year limitations period, the

22                 potential damages on this claim amounts to $51,500,000

23                 (5,000 * $100 + 5,000 * $200 * 51).

24            2.   The minimum wage in California during a substantial

25                 part of the potential class period here was $6.75.  The

26                 relevant limitations period on Plaintiff's section 17200

27                 restitution claim is four years.  California Bus. & Prof.

28                 Code § 17208.  Based on Plaintiff's allegations that

8

**EXHIBIT B, PAGE 33**

"100%" of the employees in California were deprived of meal and rest breaks and not paid the hour of pay due each week due to 7-Eleven's payroll system, the potential damages on that claim would amount to $7,020,000 ($6.75 a week * 52 weeks * 5,000 putative class members* 4 years).

(b) 7-Eleven's records indicate that there were approximately 19,000 individuals employed by its 1,215 franchise stores in California in 2006 and that the average hourly wage of those individuals as of February 2007 was $8.48.

1. Looking again at Plaintiff's claim under California Labor Code § 2699, assuming only two violations per putative plaintiff during the one-year limitations period, the potential damages on this claim alone would amount to $5,700,000 (19,000 * 300).

2. Looking at Plaintiff's meal and rest break claim, assuming that the putative class members were not paid the statutorily required one-hour of pay for each week during the year prior to the commencement of this case, the potential damages on this claim would amount to $8,378,240 (19,000 * 52 * 8.48).

e. 7-Eleven has established the elements necessary for removal under the CAFA, 28 U.S.C. § 1332(d).

37. The United States District Court for the Southern District of California, San Diego Division, is the District Court of the United States and the Division thereof embracing the place where the State Court Action is pending prior to removal.

9

**EXHIBIT B, PAGE 34**

## CONCLUSION

38.    Because 7-Eleven has established the necessary elements for removal pursuant to 28 U.S.C. § 1332(d), 7-Eleven respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: January 10, 2008              PAYNE & FEARS LLP


By: _____
        LINDLEY P. FRALEY

                        Attorneys for Defendant
                        7-ELEVEN, INC.

381800

                                    10
**EXHIBIT B, PAGE 35**

NOTICE OF REMOVAL

EXHIBITS "A" TO "Y" TO THE PETITION AND

NOTICE OF REMOVAL HAS ALREADY BEEN

SUBMITTED TO THE COURT, AND DUE TO

HIGH VOLUME OF PAGES ARE NOT BEING

INCLUDED IN THIS DOCUMENT.


(SEE INDEX OF EXHIBITS AND PAGE NUMBERS
WHICH WERE PREVIOUSLY FILED WITH THE COURT
AS PAPER COPIES)


WE WILL GLADLY RESUBMIT (VIA E-FILE) COPIES
OF THESE EXHIBITS, AT THE COURT'S REQUEST


**EXHIBIT B, PAGE 36**

1

## INDEX OF EXHIBITS

2

*Alesick vs. 7-Eleven, Inc.*

3                                                                                  *Pages*

| | | |
|---|---|---|
| Exhibit "A" | Summons and Complaint and Civil Cover Sheet | 11-24 |
| Exhibit "B" | Defendant's Answer to Complaint | 25-34 |
| Exhibit "C" | Court's Notice of CMC on 8/14/07 | 35 |
| Exhibit "D" | Court's Order to continue Case Management Conference | 36-38 |
| Exhibit "E" | *Pro Hac Vice* Application for admission of Eric A. Welter | 39-52 |
| Exhibit "F" | Case Management Statement (7-Eleven) | 53-57 |
| Exhibit "G" | Notice of Plaintiff's Counsel's Unavailability to Appear at CMC, Request Continue CMC, and [Proposed] Order | 58-63 |
| Exhibit "H" | Defendant Michael Tucker's Answer to Complaint | 64-68 |
| Exhibit "I" | Notice of No Opposition to *Pro Hac Vice* Application | 69-71 |
| Exhibit "J" | Case Management Statement filed by Plaintiff (8/14/07) | 72-78 |
| Exhibit "K" | Case Management Statement filed by Michael Tucker (8/14/07) | 79-83 |
| Exhibit "L" | Court's Notice of Hearing for the *Pro Hac Vice* Application | 84 |
| Exhibit "M" | Notice of Intent to Appear at the CMC by Telephone (7-Eleven) | 85-89 |
| Exhibit "N" | Court's Order Continuing CMC to 8/23/07 | 90-91 |
| Exhibit "O" | Court's Case Management Order for 9/25/07 | 92-93 |
| Exhibit "P" | Notice of Class Action Case Conference (7-Eleven) | 94-97- |
| Exhibit "Q" | Notice of Change of Firm Name (Michael Tucker's Attorneys) | 98-99 |
| Exhibit "R" | Case Management Statement (7-Eleven) | 100-106 |
| Exhibit "S" | Court's Order Granting *Pro Hac Vice* Application | 107-109 |
| Exhibit "T" | Case Management Order setting CMC for 12/21/07 | 110-111 |

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT B, PAGE 37**

| | | | |
|---|---|---|---|
| Exhibit "U" | Case Management Statement and Notice to Appear Telephonically at CMC (7-Eleven) | | 112-120 |
| Exhibit "V" | Case Management Statement (Michael Tucker) | | 121-130 |
| Exhibit "W" | Ex Parte Application for an Order (Plaintiff) | | 131-152 |
| Exhibit "X" | First Amended Complaint (Plaintiff) | | 153-199 |
| Exhibit "Y" | Answer to First Amended Complaint (7-Eleven) | | 200-211 |

382402.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT B, PAGE 38**

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

*Alesick vs. 7-Eleven, Inc.*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On January 10, 2008, I served the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1441 AND 1446** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

## SEE ATTACHED SERVICE LIST

☐ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐ **(By Personal Service)** I caused to be delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☒ **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 10, 2008, at Irvine, California.

*Laura Niedringhaus*
LAURA NIEDRINGHAUS

**EXHIBIT B, PAGE 39**

**SERVICE LIST**

1

2

3    William B. Sullivan, Esq.          Attorneys For Plaintiff
     SULLIVAN & CHRISTIANI, LLP         KIMBERLY ALEKSICK
     2330 Third Avenue
4    San Diego, CA 92101
     Tel: (619) 702-6760
5    Fax: (619) 702-6761

6    Eric A. Welter, Esq.               Attorneys for Defendant
     WELTER LAW FIRM, P.C.              7-ELEVEN, INC.
7    720 Lynn St., Suite B
     Herndon, Virginia 20170
8    Tel: (703) 435-8500
     Fax: (703) 435-8851

9

10   Paul C. Johnson Jr.                Attorneys for Defendant
     Bacalski & Ottoson, LLP            Michael Tucker
11   402 W. Broadway, Fl. 24
     San Diego, CA 92101
12   Tel: (619) 239-4340
     Fax: (619) 239-0116

13

14

15

16   381945.1

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT B, PAGE 40**

PROOF OF SERVICE

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

## PROOF OF SERVICE

2

*Alesick vs. 7-Eleven, Inc.*
*Case No. ECU03615*

3

4    STATE OF CALIFORNIA, COUNTY OF ORANGE

5    I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

6

7    On January 11, 2008, I served the following document(s) described as **NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

8

9

## SEE ATTACHED SERVICE LIST

10

11    ☐    **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

12

13

14    ☐    **(By Personal Service)** I caused to be delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

15

16    ☐    **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

17

18

19    ☒    **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

20

21

22    ☐    **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

23    ☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24

Executed on January 11, 2008, at Irvine, California.

25

26

_Laura Niedringhaus_
LAURA NIEDRINGHAUS

27

28

**EXHIBIT B, PAGE 41**

1

## SERVICE LIST

2

3    William B. Sullivan, Esq.              Attorneys For Plaintiff
     SULLIVAN & CHRISTIANI, LLP             KIMBERLY ALEKSICK
4    2330 Third Avenue
     San Diego, CA 92101
5    Tel: (619) 702-6760
     Fax: (619) 702-6761

6    Eric A. Welter, Esq.                   Attorneys for Defendant
     **WELTER LAW FIRM, P.C.**              7-ELEVEN, INC.
7    720 Lynn St., Suite B
     Herndon, Virginia 20170
8    Tel: (703) 435-8500
     Fax: (703) 435-8851

9

10   Paul C. Johnson Jr.                    Attorneys for Defendant
     Bacalski & Ottoson, LLP                Michael Tucker
11   402 W. Broadway, Fl. 24
     San Diego, CA 92101
12   Tel: (619) 239-4340
     Fax: (619) 239-0116

13

14

15

16   365308.1

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT B, PAGE 42**

PROOF OF SERVICE

**EXHIBIT "C" DECLARATION OF PROOF OF SERVICE**

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## PROOF OF SERVICE

*Alesick vs. 7-Eleven, Inc.*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On January 10, 2008, I served the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1441 AND 1446** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

### SEE ATTACHED SERVICE LIST

☐ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐ **(By Personal Service)** I caused to be delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☒ **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 10, 2008, at Irvine, California.

*Laura Niedringhaus*
LAURA NIEDRINGHAUS

**EXHIBIT C, PAGE 43**

PROOF OF SERVICE

1

## SERVICE LIST

2

3
William B. Sullivan, Esq.                 Attorneys For Plaintiff
SULLIVAN & CHRISTIANI, LLP                KIMBERLY ALEKSICK

4
2330 Third Avenue
San Diego, CA 92101

5
Tel: (619) 702-6760
Fax: (619) 702-6761

6
Eric A. Welter, Esq.                      Attorneys for Defendant
WELTER LAW FIRM, P.C.                     7-ELEVEN, INC.

7
720 Lynn St., Suite B
Herndon, Virginia 20170

8
Tel: (703) 435-8500
Fax: (703) 435-8851

9

10
Paul C. Johnson Jr.                       Attorneys for Defendant
Bacalski & Ottoson, LLP                   Michael Tucker

11
402 W. Broadway, Fl. 24
San Diego, CA 92101

12
Tel: (619) 239-4340
Fax: (619) 239-0116

13

14

15

16    381945.1

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT C, PAGE 44**

PROOF OF SERVICE

**EXHIBIT "D" DECLARATION OF PROOF OF SERVICE**

14-Jan-2008 09:49 AM    17145411978    6/6
01/14/2008  10:42    17145411978    FIRST LEGAL    PAGE  06/06
01/11/2008 17:11 FAX  7603379111    DILLON'S    ☑008/006
  01/11/2008  14:04    17145411978    FIRST LEGAL    PAGE  08/99

**PROOF OF SERVICE**

ENDORSED
JAN 1 1 2008

*Alesiok vs. 7-Eleven, Inc.*
*Case No. ECU03615*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On January 11, 2008, I served the following document(s) described as **NOTICE TO CLERK OF THE SUPERIOR COURT, COUNTY OF IMPERIAL, OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

**SEE ATTACHED SERVICE LIST**

☐    **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐    **(By Personal Service)** I caused to be delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐    **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☒    **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐    **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 11, 2008, at Irvine, California.

*Laura Niedringhaus*
LAURA NIEDRINGHAUS

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

PROOF OF SERVICE

**EXHIBIT D, PAGE 45**

1

## SERVICE LIST

2

3
William B. Sullivan, Esq.              Attorneys For Plaintiff
SULLIVAN & CHRISTIANI, LLP    KIMBERLY ALEKSICK

4
2330 Third Avenue
San Diego, CA 92101

5
Tel: (619) 702-6760
Fax: (619) 702-6761

6
Eric A. Welter, Esq.                   Attorneys for Defendant

7
WELTER LAW FIRM, P.C.          7-ELEVEN, INC.
720 Lynn St., Suite B

8
Herndon, Virginia 20170
Tel:  (703) 435-8500

9
Fax: (703) 435-8851

10
Paul C. Johnson Jr.                    Attorneys for Defendant
Bacalski & Ottoson, LLP            Michael Tucker

11
402 W. Broadway, Fl. 24
San Diego, CA 92101

12
Tel: (619) 239-4340
Fax: (619) 239-0116

13

14

15

16      381945.1

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT D, PAGE 46**

**EXHIBIT "E" DECLARATION OF PROOF OF SERVICE**

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**PROOF OF SERVICE**

*Alesick vs. 7-Eleven, Inc.*
*Case No. ECU03615*

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

    On January 11, 2008, I served the following document(s) described as **NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

**SEE ATTACHED SERVICE LIST**

☐    **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐    **(By Personal Service)** I caused to be delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐    **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet.  Said transmission was reported complete and without error.

☒    **(By Overnight Courier)**  served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐    **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on January 11, 2008, at Irvine, California.

*Laura Niedringhaus*
LAURA NIEDRINGHAUS

**EXHIBIT E, PAGE 47**

<u>**SERVICE LIST**</u>

William B. Sullivan, Esq.       Attorneys For Plaintiff
SULLIVAN & CHRISTIANI, LLP   KIMBERLY ALEKSICK
2330 Third Avenue
San Diego, CA 92101
Tel: (619) 702-6760
Fax: (619) 702-6761

Eric A. Welter, Esq.         Attorneys for Defendant
**WELTER LAW FIRM, P.C.**     7-ELEVEN, INC.
720 Lynn St., Suite B
Herndon, Virginia 20170
Tel:  (703) 435-8500
Fax: (703) 435-8851

Paul C. Johnson Jr.         Attorneys for Defendant
Bacalski & Ottoson, LLP     Michael Tucker
402 W. Broadway, Fl. 24
San Diego, CA 92101
Tel: (619) 239-4340
Fax: (619) 239-0116

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

365308.1

**EXHIBIT E, PAGE 48**

PROOF OF SERVICE

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**PROOF OF SERVICE**

*USDC – Southern District - 08 CV 0059 J WMc*
*Alesick vs. 7-Eleven, Inc.*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

    I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On January 14, 2008, I served the following document(s) described as **DECLARATION RE: (1) SERVICE OF PETITION AND NOTICE OF REMOVAL UPON PLAINTIFF; (2) FILING OF NOTICE TO CLERK IN IMPERIAL COUNTY SUPERIOR COURT; AND (3) FILING OF PROOFS OF SERVICE** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

**SEE ATTACHED SERVICE LIST**

☒     **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐     **(By Personal Service)** I caused to be delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐     **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐     **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐     **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒     **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 14, 2008, at Irvine, California.

LAURA NIEDRINGHAUS

## SERVICE LIST

William B. Sullivan, Esq.
SULLIVAN & CHRISTIANI, LLP
2330 Third Avenue
San Diego, CA 92101
Tel: (619) 702-6760
Fax: (619) 702-6761

Attorneys For Plaintiff
KIMBERLY ALEKSICK

Eric A. Welter, Esq.
**WELTER LAW FIRM, P.C.**
720 Lynn St., Suite B
Herndon, Virginia 20170
Tel: (703) 435-8500
Fax: (703) 435-8851

Attorneys for Defendant
7-ELEVEN, INC.

Paul C. Johnson Jr.
Bacalski & Ottoson, LLP
402 W. Broadway, Fl. 24
San Diego, CA 92101
Tel: (619) 239-4340
Fax: (619) 239-0116

Attorneys for Defendant
Michael Tucker

381945.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28