William B. Sullivan  [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff KIMBERLY ALEKSICK

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY ALEKSICK, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC., a Texas Corporation; MICHAEL TUCKER, an individual; and Does 1 through 50, Inclusive,<br><br>Defendants. | **CASE NO.** 08-CV-59<br><br>**(CLASS ACTION)**<br><br>**NOTICE OF MOTION TO REMAND TO STATE COURT**<br><br>*Oral Argument Requested*<br><br>*Document Electronically Filed*<br><br>Date:  March 3, 2008<br>Time:  8:30 a.m.<br>Dept:  12<br>Judge: Hon. Napoleon A. Jones, Jr. |

**PLEASE TAKE NOTICE** that on March 3, 2008, at 8:30 a.m., or as soon thereafter as counsel may be heard, Sullivan & Christiani, LLP for Plaintiff Kimberly Aleksick, shall move before the United States District Court for the Southern District of California for the entry of an Order Remanding the action to Imperial County Superior Court on the following grounds:

1.  Notice of Removal is untimely as the original Complaint gave sufficient notice that the amount in controversy exceeded the Class Action Fairness Act requirements; and

2.  Notice of Removal is untimely as "other papers" provided notice of both the meal/rest period claims and Labor Code section 2699 penalties as early as June 1, 2007.

**ORIGINAL**

1        **PLEASE TAKE FURTHER NOTICE** that counsel for the moving party shall rely upon

2    the accompanying Memorandum of Points and Authorities in Support of Plaintiff's Motion to

3    Remand to State Court, the Declaration of Alison M. Miceli, Esq., the Notice of Lodgement, as well

4    as the exhibits thereto, and all other pleadings and memoranda on file in this matter.

5        **PLEASE TAKE FURTHER NOTICE** that counsel for the moving party requests costs and

6    attorney fees.

7        **PLEASE TAKE FURTHER NOTICE** that counsel for the moving party requests oral

8    argument.

9

10   Dated: January 24, 2008                     SULLIVAN & CHRISTIANI, LLP

11                                               /s/ Alison M. Miceli

12                                               _____

13                                               William B. Sullivan,
                                                 Alison M. Miceli,
                                                 Attorneys for Plaintiff,

14                                               KIMBERLY ALEKSICK

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   William B. Sullivan [CSB No. 171637]
    Alison M. Miceli [CSB No. 243131]
2   SULLIVAN & CHRISTIANI, LLP
    2330 Third Avenue
3   San Diego, California 92101
    (619) 702-6760 * (619) 702-6761 FAX
4

5   Attorneys for Plaintiff KIMBERLY ALEKSICK

6

7

8                  UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10  KIMBERLY ALEKSICK, individually and   )   CASE NO. 08-CV-59
    on behalf of other members of the general )
11  public similarly situated,            )   (CLASS ACTION)
                                          )
12                                        )   POINTS AND AUTHORITIES IN SUPPORT
                    Plaintiff,            )   OF PLAINTIFF'S MOTION TO REMAND
13      v.                                )   TO STATE COURT
                                          )
14                                        )   *Oral Argument Requested*
                                          )
15  7-ELEVEN, INC., a Texas Corporation;  )   *Document Electronically Filed*
    MICHAEL TUCKER, an individual; and    )
16  DOES 1-50, Inclusive,                 )
                                          )   Date:      March 3, 2008
17                  Defendants            )   Time:      8:30 a.m.
                                          )   Dept.:     12
18  _____)   Judge:     Hon. Napoleon A. Jones, Jr.

19

20

21

22

23

24

25

26

27

28                                                     **ORIGINAL**

POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND TO STATE COURT

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................................................iii

I.      SUMMARY OF ARGUMENT....................................................................1

II.     SUMMARY OF FACTS AND PROCEDURAL HISTORY................................2

III.    CONTROLLING LAW.............................................................................4

        A.      CONTROLLING LAW FAVORS REMAND TO STATE COURT.....................4

        B.      REMOVAL *MUST* TAKE PLACE WITHIN THIRTY DAYS OF NOTICE
                OF SUFFICIENT GROUNDS TO REMOVE.......................................5

        C.      IN MEASURING THE AMOUNT IN CONTROVERSY, "*ALL* CLAIMS
                MADE IN THE COMPLAINT" *MUST* BE PRESUMED TO BE TRUE..........6

        D.      IN MEASURING THE AMOUNT IN CONTROVERSY, PUNITIVE
                DAMAGES AND ATTORNEYS FEES CLAIMS *MUST* BE CONSIDERED
                BY THE COURT..................................................................6

IV.     LEGAL ARGUMENT.............................................................................7

        A.      THE NOTICE OF REMOVAL IS UNTIMELY AS THE *ORIGINAL*
                COMPLAINT GAVE SUFFICIENT NOTICE THAT THE AMOUNT IN
                CONTROVERSY EXCEEDED CAFA REQUIREMENTS.............................7

                1.      Removal Must Be Sought Within 30 Days of Notice of
                        Sufficient Grounds.....................................................8

                2.      In Determining "Sufficient Grounds" For Removal, The Presumption
                        *Must* be Made That a Jury Will Return a Verdict On *All Claims* Within
                        the Complaint, and That All Claims are True .............................8

                3.      Based Upon 7-ELEVEN's Own Factual Representations Within Its
                        Notice of Removal, It Cannot Be Disputed that Plaintiff's *Original*
                        Complaint Provided "Sufficient Grounds" For 7-ELEVEN to Have
                        Removed the Matter In May 2007.........................................9

                        a.      Labor Code Section 226.7 Meal Period Violations.....................12

        b.    Labor Code Section 226 Claim.......................................................13

        c.    Overtime Claim.............................................................................13

B.    THE NOTICE OF REMOVAL IS UNTIMELY AS "OTHER PAPERS" PROVIDED 7-ELEVEN NOTICE OF BOTH THE MEAL/REST PERIOD CLAIMS AND THE SECTION 2699 PENALTIES AS EARLY AS JUNE 1, 2007.......................................................................................................14

    1.    June 1, 2007 LWDA Letter, Carbon-Copied to 7-ELEVEN.....................15

    2.    June 4, 2007 Letter to 7-ELEVEN Defense Counsel................................16

    3.    July 16, 2007 Letter to 7-ELEVEN Defense Counsel..............................16

    4.    July 26, 2007 Case Management Statement...............................................16

    5.    September 24, 2007 Letter to 7-ELEVEN Defense Counsel....................17

    6.    December 10, 2007 Case Management Statement.................................. 18

V.    CONCLUSION........................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Alvarez v. Limited Express, LLC,
  2007 WL 2317125 (S.D. Cal. 2007)..................................................................6,8

Babasa v. Lenscrafters,
  498 F.3d 972 (9th Cir. 2007)..........................................1,5,7,8,12,13,14

Biscup v. People of State of New York,
  129 F. Supp. 765 (W.D. N.Y. 1955)................................................................5

Burns v. Standard Life Ins.,
  135 F.Supp.904 (D.C. Del 1955)....................................................................5

Forever Living Products U.S. Inc. v. Geyman,
  471 F. Supp. 2d 980 (D. Ariz. 2006)........................................................6,8

Gaus v. Miles,
  980 F.2d 564 (9th Cir. 1992)............................................................................5

Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,
  199 F. Supp. 2d 993 (C. D. Cal. 2002).....................................................2,6,8

Lowdermilk v.U.S. Bank Nat'l Ass'n,
  479 F.3d 994 (9th Cir. 2007)............................................................................5

Sanchez v. Wal-Mart Stores, Inc.,
  2007 WL 1345706 (E.D. Cal. 2007)........................................................2,6,7

Shamrock Oil & Gas Corp. v. Sheets,
  313 U.S. 100 (1941)............................................................................................5

## Statutes

28 U.S.C. § 1441 (2007).........................................................................................4

28 U.S.C. § 1446 (2007).........................................................................................1

28 U.S.C. § 1446(b) (2007)..........................................................................5,7,8,14

## Other Authorities

Cal. Labor Code § 1197.1 (2007)..................................................................3.15

Cal. Labor Code § 226.7, *et seq.* (2007).................................................10.11.12

Cal. Labor Code § 2699, *et seq.* (2007).........................................2.3.15.16.17.18

Cal. Labor Code § 512(a) (2007)................................................................10.11

IWC Wage Orders 1-2001 through 13-2001................................................10.11

IWC Wage Orders 15-2001..........................................................................10.11

Title 8. Cal. Code Reg. §11070(11)(A)(B)........................................................10

Title 8. Cal. Code Reg. §11010(11)(C)..............................................................11

1 | William B. Sullivan [CSB No. 171637]
  | Alison M. Miceli [CSB No. 243131]
2 | **SULLIVAN & CHRISTIANI, LLP**
  | 2330 Third Avenue
3 | San Diego, California 92101
  | (619) 702-6760 * (619) 702-6761 FAX
4 |
5 | Attorneys for Plaintiff KIMBERLY ALEKSICK
6 |
7 |
8 | **UNITED STATES DISTRICT COURT**
9 | **SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 10 | KIMBERLY ALEKSICK, individually and on behalf of other members of the general public similarly situated, | ) **CASE NO.** 08-CV-59 |
| 11 | | ) **(CLASS ACTION)** |
| 12 | Plaintiff, | ) **POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO STATE COURT** |
| 13 | v. | ) |
| 14 | | ) ***Oral Argument Requested*** |
| 15 | 7-ELEVEN, INC., a Texas Corporation; MICHAEL TUCKER, an individual; and DOES 1-50, Inclusive, | ) ***Document Electronically Filed*** |
| 16 | | ) |
| 17 | Defendants | ) Date:     March 3, 2008 |
| 18 | | ) Time:     8:30 a.m. |
| | | ) Dept.:    12 |
| | | ) Judge:    Hon. Napoleon A. Jones, Jr. |

19 |
20 | **I.  SUMMARY OF ARGUMENT**
21 | Remand is proper, for each of the following reasons:
22 | •      Defendant 7-ELEVEN, INC.'s (hereinafter "7-ELEVEN") Notice of Removal is
23 | untimely and in violation of 28 U.S.C. § 1446. <u>Babasa v. Lenscrafters</u>, 498 F.3d. 972
24 | (9ᵗʰ Cir. 2007). Using the damage calculations ***7-ELEVEN itself provides, it <u>admits</u> that***
25 | the *original* Complaint (received by 7-ELEVEN in April 2007) was sufficient to notify
26 | 7-ELEVEN that at least "$8,378,240 (19,000 * 52 * $8.48)" in Meal/Rest Period claims
27 | alone, was sought by Plaintiff.

28 |

**ORIGINAL**

- Of crucial importance, a court <u>must</u>, in measuring the amount in controversy, "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on *all claims* made in the complaint." <u>Kenneth Rothschild Trust v. Morgan Stanley Dean Witter</u>, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). (Emphasis added). 7-ELEVEN <u>admits</u>, multiple times, that the *original* Complaint claims that 7-ELEVEN was Plaintiff Kimberly Aleksick's (hereinafter "Plaintiff") employer. As this allegation *must* be assumed to be true, and as 7-ELEVEN <u>admits</u> that the Meal/Rest Period claims (which existed within the *original* Complaint) alone result in potential damages over eight million dollars ($8,000,000). 7-ELEVEN was required to have Removed this matter no later than May 16, 2007. As this did not occur, the instant Notice of Removal is untimely and Remand is mandatory.

- In addition to 7-ELEVEN's admissions that the amount in controversy on the Meal/Rest Period claims alone are over the Five Million Dollar ($5,000,000) Class Action Fairness Act (hereinafter "CAFA") requirement, the *original* Complaint alleges (1) Punitive Damages; and (2) Attorneys Fees, both of which must be considered when calculating the amount in controversy. <u>Sanchez v. Wal-Mart Stores, Inc.</u>, 2007 WL 1345706 (E.D. Cal. 2007).

- Finally, in addition to the notice within the *original* Complaint that the amount in controversy was well over the Five Million Dollar ($5,000,000) CAFA requirement, 7-ELEVEN was subsequently placed on "notice" - on multiple occasions - that "penalties under Labor Code section 2699, *et. seq.*" would be alleged against 7-ELEVEN. As the "notices," which include various attorney correspondence, Labor and Workforce Development Agency (hereinafter "LWDA") letters, and Case Management Statements are properly considered "other papers," 7-ELEVEN's Notice of Removal is untimely and Remand is mandatory.

## II. SUMMARY OF FACTS AND PROCEDURAL HISTORY

The instant litigation focuses on a "Wage and Hour" Class Action Complaint. Both the *original* and the First Amended Complaint allege, among other allegations, that 7-ELEVEN acting as

1   an employer - violated the California Labor Code, failed to pay proper Overtime Compensation or

2   Meal Period Payments, and failed to provide statutorily compliant Itemized Wage Statements.

3           On April 16, 2007, Plaintiff filed her original Complaint. (Please see Exhibit "A"). The

4   original Complaint brought "Class" allegations and alleged that 7-ELEVEN was the employer for the

5   entire Class.

6           On June 1, 2007, Plaintiff's counsel sent correspondence, via Certified Mail, to the LWDA

7   providing written notice of the specific provisions of the California Labor Code believed to have been

8   violated by 7-ELEVEN, as well as the facts and theories in support. (Please see Exhibit "B"). Plaintiff

9   claimed that 7-ELEVEN violated Labor Code section 1197.1, acting as either an employer or "other

10  person." (Please see Exhibit "B"). Importantly, 7-ELEVEN was "carbon-copied" the above letter, via

11  certified mail. (Please see Exhibit "B").

12          On June 4, 2007, Plaintiff's counsel sent correspondence to 7-ELEVEN's counsel informing

13  it that Plaintiff was in the process of finalizing the "written notice" necessary under Labor Code

14  section 2699.3, to claim for penalties not currently at issue in the *original* Complaint. (Please see

15  Exhibit "C").

16          On July 11, 2007, the LWDA sent "written notice" to both Plaintiff's counsel and 7-ELEVEN,

17  indicating that it does not intend to investigate the claim, thus allowing Plaintiff to proceed. (Please

18  see Exhibit "D").

19          On July 16, 2007, Plaintiff's counsel sent correspondence to 7-ELEVEN's counsel advising

20  it that Plaintiff recently received permission from the LWDA to proceed under Labor Code section

21  2699, *et seq.* (Please see Exhibit "E"). Within that correspondence, Plaintiff also provided notice of

22  her intent to Amend the Complaint, as a matter of right, pursuant to Labor Code section 2699.3.

23  (Please see Exhibit "E").

24          On July 26, 2007, Plaintiff filed and served upon 7-ELEVEN's counsel, a Case Management

25  Statement stating the intention to file, and the grounds for, the First Amended Complaint. (Please see

26  Exhibit "F").

27          On September 24, 2007, Plaintiff's counsel sent supplemental written notice, via Certified

28  Mail, of additional provisions of the California Labor Code believed to have been violated by 7-

ELEVEN, as well as the facts and theories in support. (Please see Exhibit "G"). Again, 7-ELEVEN was "carbon-copied" the above letter, via certified mail. (Please see Exhibit "G").

On December 10, 2007, Plaintiff filed and served a second, Case Management Statement, again stating the intention to file, and the grounds for, the First Amended Complaint. (Please see Exhibit "H").

On December 13, 2007, Plaintiff's counsel mailed and faxed correspondence to 7-ELEVEN's counsel putting it on notice that a First Amended Complaint was going to be filed. (Please see Exhibit "I"). Within said correspondence, Plaintiff informed 7-ELEVEN's counsel that the First Amended Complaint would incorporate, among other theories, a cause of action asserting a violation of Labor Code section 2699, et seq. against 7-ELEVEN. (Please see Exhibit "I").

On December 17, 2007, Plaintiff filed an Ex Parte Application for an Order Compelling a "Pioneer/Belaire" Notice. (Please see Exhibit "J").

On December 18, 2007, Plaintiff's First Amended Complaint was filed by the Court. (Please see Exhibit "K").

On December 21, 2007, the Court continued the Case Management Conference. (Please see Exhibit "L").

On January 9, 2008, 7-ELEVEN filed its Answer to the First Amended Complaint. (Please see Exhibit "M").

On January 10, 2008, 7-ELEVEN filed its Notice of Removal in this matter. (Please see Exhibit "N").

On January 18, 2008, Plaintiff's counsel sent a meet and confer letter to 7-ELEVEN's counsel. (Please see Exhibit "O"). The meet and confer letter provided case law on-point with the arguments set forth in the instant motion.

On January 22, 2008, 7-ELEVEN's counsel sent a correspondence to Plaintiff's counsel. (Please see Exhibit "P"). 7-ELEVEN's response failed to address any of the law cited by Plaintiff.

### III.  CONTROLLING LAW

**A.    CONTROLLING LAW FAVORS REMAND TO STATE COURT**

Removal statutes are strictly construed, so as to limit removal jurisdiction. 28 U.S.C. § 1441.

1    Federal courts are courts of limited jurisdiction. <u>Lowdermilk v. U.S. Bank Nat'l Ass'n</u>. 479 F.3d 994

2    (9th Cir. 2007).

3        The reason for strict construction is to prevent the waste of judicial resources. When a

4    plaintiff institutes a case in state court, there is a presumption against removal. Doubts as to removal

5    are resolved in favor of remanding the case to state court. <u>Gaus v. Miles</u>. 980 F.2d 564, 566 (9th Cir.

6    1992); <u>Shamrock Oil & Gas Corp. v. Sheets</u>. 313 U.S. 100, 108 (1941) [All doubts and ambiguities

7    are resolved against removal and in favor of remand].

8    **B.    REMOVAL *MUST* TAKE PLACE WITHIN THIRTY DAYS OF NOTICE OF**

9    **SUFFICIENT GROUNDS TO REMOVE**

10       The notice of removal of a civil action or proceeding **shall be filed within thirty**
         **days** after the receipt by the defendant, through service or otherwise, of a copy of
11       the initial pleading setting forth the claim for relief upon which such action or
         proceeding is based, or within thirty days after the service of summons upon the
12       defendant if such initial pleading has then been filed in court and is not required to
         be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b)
13       (Emphasis added).

14       If a notice of removal is filed after this thirty-day window, it is untimely and remand to the

15   state court is therefore appropriate. <u>Babasa</u>, <u>supra</u>. 498 F.3d at 974.

16       "The Class Action Fairness Act of 2005 . . . eliminated the one-year statute of limitations for

17   removal in 28 U.S.C. § 1446(b) . . . It did not, however, alter the requirement that defendants must file

18   a 'notice of removal . . . within thirty days after receipt . . . of a copy of an amended pleading, motion,

19   order or other paper from which it may be first ascertained that the case is one which is or has become

20   removable.'" <u>Id.</u>

21       Though this revised section limiting time for the filing of a petition for removal of a civil

22   action to federal court is still procedural in the strict sense of the word, the wording is such that it is

23   mandatory in character. <u>Burns v. Standard Life Ins.</u>. 135 F. Supp. 904 (D.C. Del. 1955).

24       This section respecting removal insofar as the time for removal is concerned is imperative and

25   mandatory and must strictly be construed and complied with, due to the fact that the law was designed

26   to restrict the jurisdiction of federal courts. <u>Biscup v. People of State of New York.</u>. 129 F. Supp. 765

27   (W.D. N.Y. 1955).

28

**C.    IN MEASURING THE AMOUNT IN CONTROVERSY, "*ALL* CLAIMS MADE IN THE COMPLAINT" *MUST* BE PRESUMED TO BE TRUE**

When considering the foundation for Removal, a fundamental rule is that all claims made in the complaint must be construed as true, and a presumption must be made that a jury will find for plaintiff on all claims made within the complaint. Notably, *7-ELEVEN acknowledges and cites to this rule.* (Please see Exhibit "N", pg. 8, ln. 4-9).

"In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." Kenneth Rothschild Trust, supra, 199 F. Supp. 2d at 1001; Forever Living Products U.S. Inc. v. Geyman, 471 F. Supp. 2d 980, 986 (D. Ariz. 2006); Alvarez v. Limited Express, LLC, 2007 WL 2317125 (S.D. Cal. 2007).

Importantly, the above-cited rule applies to **all** complaints, including Plaintiff's *original* Complaint. When all claims within Plaintiff's *original* Complaint are taken as true - including the claim that 7-ELEVEN was Plaintiff's employer - it is clear that the damages sought exceeded the Five Million Dollar amount. (Please see Exhibit "A"). Thus, 7-ELEVEN was required to Remove the *original* Complaint. Because 7-ELEVEN failed to file its Notice of Removal at that time, the instant Notice is untimely.

**D.    IN MEASURING THE AMOUNT IN CONTROVERSY, PUNITIVE DAMAGES AND ATTORNEYS FEES CLAIMS *MUST* BE CONSIDERED BY THE COURT**

In determining whether a case is Removable - and if so, when - any claims for statutory Attorneys Fees and Punitive Damages must be considered.

In Sanchez v. Wal-Mart Stores, Inc., 2007 WL 1345706 (E.D. Cal. 2007), the court held that punitive damages and attorney's fees, if authorized by statute or contract, are part of the calculation for the amount in controversy. In Sanchez, plaintiff filed a class action against defendants in state court alleging violations of California's Unfair Competition Law (hereinafter "UCL") and California's Consumers Legal Remedies Act (hereinafter "CLRA"). Id. Defendants removed the case to federal court under CAFA claiming that the sum of potential compensatory damages, punitive damages, injunctive relief, and attorney's fees would likely exceed $5,000,000. Id. The court found that because

1   plaintiff also sought attorney's fees under the UCL and the CLRA as well as punitive damages, that

2   they should still be factored into the amount in controversy. Id. The court explained, "even assuming

3   a more conservative estimate of compensatory damages, the potential punitive damages and attorney's

4   fees award, combined with compensatory damages, would satisfy CAFA's amount in controversy

5   threshold." Id.

6       Here, Plaintiff's *original* Complaint prayed for compensatory damages, injunctive relief,

7   attorneys' fees and costs, and an award of punitive and exemplary damages. (Please see Exhibit "A").

8   The *original* Complaint also sought penalties, back pay, restitution damages, and interest. (Please see

9   Exhibit "A"). In this case, accepting all allegations as true in the *original* Complaint, the sum of these

10   potential damages clearly exceeded the Five Million Dollar ($5,000,000) CAFA requirement, as

11   Plaintiff is claiming on behalf of approximately 5,000 class members. Therefore, the $5,000,000

12   amount in controversy was satisfied at the time the *original* Complaint was filed on April 16, 2007.

13                 **IV. LEGAL ARGUMENT**

14       7-ELEVEN's Notice of Removal is untimely and is in violation of 28 U.S.C. § 1446(b) and

15   recent controlling precedent. See Babasa, supra, 498 F.3d. at 972. As set forth below, this matter

16   should be returned to its proper forum - the California State Court, Imperial County - based upon

17   several theories, each of which is individually sufficient to serve as foundation for an Order to

18   Remand.

19   **A.   THE NOTICE OF REMOVAL IS UNTIMELY AS THE *ORIGINAL* COMPLAINT**

20         **GAVE SUFFICIENT NOTICE THAT THE AMOUNT IN CONTROVERSY**

21         **EXCEEDED CAFA REQUIREMENTS**

22       7-ELEVEN's Notice of Removal is untimely and is in violation of 28 U.S.C. § 1446(b). It is

23   underlined undisputed that Plaintiff's Meal/Rest Period claim within the *original* Complaint mirrors the

24   Meal/Rest Period claim within the First Amended Complaint. (Please see Exhibits A and K). 7-

25   ELEVEN **admits** that the potential recovery for the Meal/Rest Period claim alone exceeds the Five

26   Million Dollar ($5,000,000) requirement necessary to trigger removal under the CAFA statute. (Please

27   see Exhibit "N", pg. 9, ln. 16-21).

28

Importantly, in measuring the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on *all claims* made in the complaint." Kenneth Rothschild Trust, supra, 199 F. Supp. 2d at 1001.

In arguing that the *original* Complaint did not provide 7-ELEVEN sufficient notice of the amount in controversy, 7-ELEVEN attempts to assert that they simply did not believe (and did not *have to* believe) Plaintiff's allegations that 7-ELEVEN acted as Plaintiff's employer. On this erroneous belief, 7-ELEVEN claims that it was not required to remove the action upon receipt of the *original* Complaint. Such a position is not only contrary to the above-cited law, it has no legal support. 7-ELEVEN's Notice of Removal is therefore fatally defective as untimely.

**1.    Removal Must Be Sought Within 30 Days of Notice of Sufficient Grounds**

The notice of removal of a civil action or proceeding **shall be filed within thirty days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b). (Emphasis added).

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section.

If a notice or removal is filed after this thirty-day window, it is untimely and remand to the state court is appropriate. Babasa, supra, 498 F.3d at 974.

**2.    In Determining "Sufficient Grounds" For Removal, The Presumption *Must* be Made That a Jury Will Return a Verdict On *All Claims* Within the Complaint, and That All Claims are True**

"In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001; Forever Living Products U.S., supra, 471 F. Supp. 2d at 986; Alvarez, supra, 2007 WL 2317125. Importantly, 7-ELEVEN - within

1    its Notice of Removal - *acknowledges the above law*, stating that in order to determine the amount in

2    controversy, the Court "must assume that allegations in the complaint are true." (Please see Exhibit

3    "N", pg. 8, ln. 4-9).

4

5            **3.**    **Based Upon 7-ELEVEN's Own Factual Representations Within Its Notice of Removal, It Cannot Be Disputed that Plaintiff's *Original* Complaint Provided "Sufficient Grounds" For 7-ELEVEN to Have Removed the Matter In May 2007**

6

7           Succinctly, 7-ELEVEN's own factual representations, set forth within its Notice of Removal,

8    establish that the Five Million Dollar ($5,000,000) requirement to remove under CAFA was exceeded

9    by the claims within Plaintiff's *original* Complaint. Specifically, 7-ELEVEN **admits** that the

10   Meal/Rest Period claims alone, as set forth within the First Amended Complaint. "would amount to

11   $8,378,240 (19,000 * 52 * 8.48)." (Please see Exhibit "N", pg. 9, ln.20-21).

12

13          Even a cursory review of the *original* Complaint and the First Amended Complaint show that

14   the factual allegations mirror each other (in fact, they are *identical*, with the exception of one cited

15   IWC Wage Order). (Please see Exhibits "A" and "K").

16

17          Within its Notice of Removal, 7-ELEVEN admits that the Meal/Rest Period claim within the

18   First Amended Complaint would establish damages which exceed the five million dollar requirement:

19         Looking at Plaintiff's meal and rest break claim, assuming that the putative class members were not paid the statutorily required one-hour of pay for each week during

20   the year prior to the commencement of the case, ***the potential damages on this claim***

21   ***would amount to $8,378,240*** (19,000 * 52 * 8.48). (Please see Exhibit "N", pg. 9, ln. 16-21). (Emphasis added).

22

23          As foundation for the above representation, 7-ELEVEN repeatedly cites to specific paragraphs

24   within Plaintiff's First Amended Complaint as support that the Five Million Dollar CAFA requirement

25   has been met.

26

27          However, 7-ELEVEN somehow fails to inform the Court that the very paragraphs cited from

28   the First Amended Complaint also exist within the *original* Complaint! In fact, any reference to this

fact would have rendered the Notice of Removal facially and fatally deficient.

With respect to the Meal/Rest Period issue, the allegations within the First Amended Complaint are set forth as follows:

14.    This action involves questions of law and fact common to the class in that Plaintiff is bringing this action on behalf of a class of Defendants' current and former employees who were and/or are improperly denied mandated meal and rest periods, overtime compensation, statutorily compliant pay stubs, and were and/or are improperly required to purchase work uniforms with their own wages. The subject matter of this action both as to factual and legal matters is such that there are questions of law and fact common to the class which predominate over questions affecting only individual members, including, among other violations, the following:

      A.    Statistically, one hundred percent (100%) of the class members were not "authorized and permitted" to take their legally mandated meal and rest periods, and were not provided the legally mandated payment for not receiving relieved meal and rest periods . . . .

46.    California Labor Code § 226.7(a) states that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

47.    Under applicable state law, employees who work more than five (5) hours a day are entitled to a meal period of at least thirty (30) minutes, and a second meal period of at least thirty (30) minutes if they work more than ten (10) hours in a day. (Labor Code § 512(a).)

48.    Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. Title 8, California Code of Regulations Section 11070(11)(A) and (B), also known as Wage Order 4.

49.    An employer who fails to provide meal or rest periods as required by an applicable Wage Order must pay the employee one additional hour of pay at the employee's regular rate of pay for each workday that the meal or rest period was not provided. (Labor Code § 226.7(b); IWC Wage Orders 1-2001 through 13-2001, 15-2001.)

50.    During the course of her employment, Plaintiff and other employees were required by Defendants to work through their lunches and perform work during their meal and rest periods, and therefore, Plaintiff and other members in her class were denied relieved and off-duty meal and rest periods.

51.    Defendants willfully failed and refused to pay Plaintiff and other employees one additional hour of pay at their regular rate of pay for each workday that a meal or rest period was not provided as required by Labor Code Section 226.7. (Please see Exhibit " K").

The *original* Complaint provided substantively the same exact language (in fact, the *only* difference is the citation to a different IWC Wage Order), as set forth below:

13.    This action involves questions of law and fact common to the class in that Plaintiff is bringing this action on behalf of a class of Defendants' current and former employees who were and/or are improperly denied mandated meal and rest periods, overtime compensation, statutorily compliant pay stubs, and were and/or are improperly required to purchase work uniforms with their own wages. The subject matter of this action both as to factual and legal matters is such that there are questions of law and fact common to the class which predominate over questions affecting only individual members, including, among other things the following:

    A.    Statistically, one hundred percent (100%) of the class members were not "authorized and permitted" to take their legally mandated meal and rest periods, and/or were not provided the legally mandated payment for not receiving relieved meal and rest periods . . . .

21.    California Labor Code § 226.7(a) states that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

22.    Under applicable state law, employees who work more than five (5) hours a day are entitled to a meal period of at least thirty (30) minutes, and a second meal period of at least thirty (30) minutes if they work more than ten (10) hours in a day. (Labor Code § 512(a).)

23.    Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. Title 8, California Code of Regulations Section 11010(11)(C) also known as Wage Order 1.

24.    An employer who fails to provide meal or rest periods as required by an applicable Wage Order must pay the employee one additional hour of pay at the employee's regular rate of pay for each workday that the meal or rest period was not provided. (Labor Code § 226.7(b): IWC Wage Orders 1-2001 through 13-2001, 15-2001.)

25.    During the course of her employment, Plaintiff and other employees were required by Defendants to work through their lunches and perform work during their meal and rest periods, and therefore, Plaintiff and other members in her class were denied relieved and off-duty meal and rest periods.

26.    Defendants willfully failed and refused to pay Plaintiff and other employees one additional hour of pay at their regular rate of pay for each workday that a meal or rest period was not provided as required by Labor Code Section 226.7. (Please see Exhibit "A").

The requirement that a removing party look to the allegations within the complaint itself was recently reiterated by the 9th Circuit Court of Appeals in Babasa, supra, 498 F.3d. at 975. In confirming the duty to remove at first notice, the appellate court held as follows:

> Indeed, quite aside from the Bruinsma letter, a fair reading of the complaint alone is probably enough to establish more than $5 million is at stake. Plaintiffs alleged seven causes of action, including failure to pay overtime compensation. Lenscrafters' lowest estimate of the number of class members was 4,500. If each employee worked just one hour of overtime per week without receiving overtime compensation at $10 per hour, another low estimate, damages would run to almost $10 million over the four years covered by the complaint for that single claim, without considering civil penalties.

Id., fn. 2.

Here, the *original* Complaint specifically alleges four separate Labor Code violations. (Please see Exhibit "A"). The *original* Complaint further alleges that the class of present and former employees is believed to be approximately 5,000 employees. (Please see Exhibit "A"). In its Notice of Removal, 7-ELEVEN admits that the Class would actually be more than 3 times larger, and cites a class size of 19,000. (Please see Exhibit "N").

As set forth below, a simple calculation of any one of the separate Labor Code violations clearly establishes a damages amount over Five Million Dollars ($5,000,000):

**a.     Labor Code Section 226.7 Meal Period Violations**

The *original* Complaint alleges a violation of Labor Code section 226.7, where 7-Eleven failed to provide the one-hour wage due where a 30 minute Meal Period was not provided. (Please see "A"). The class size is listed at 5,000. (Please see Exhibit "A"). Using the formula addressed within Babasa, and using the "low estimates," the calculation would be as follows:

*5000* (class size) * *$6.75* (one meal period payment per week) * *200* (number of weeks within four year claim period, absent 2 week vacations) = **$6,750,000.00**

Even more clearly, using 7-ELEVEN's admission that the class size would be 19,000, the calculation would be as follows:

*19,000* (class size) * *$6.75* (one meal period payment per week) * *200* (number of weeks within four year claim period, absent 2 week vacations) = **$25,650,000.00**

Given the above analysis, it is clear that the Meal Period claim alone would exceed the Five Million Dollar ($5,000,000) amount.

### b.    **Labor Code Section 226 Claim**

Labor Code section 226 requires certain information to be accurately provided on the "Itemized Wage Statements," which accompany each employee's paycheck. Section 226 allows for damages - in the form of penalties - that total $4,000 and requires the payment of Attorneys Fees to a successful claimant. Using the formula addressed within <u>Babasa</u>, the calculation would be as follows:

*5000* (class size) * *$4,000.00* (penalty amount)  =  **$20,000,000.00**

Even more clearly, using 7-ELEVEN's admission that the class size would be 19,000, the calculation would be as follows:

*19,000* (class size) * *$4,000.00* (penalty amount)  =  **$76,000,000.00**

Again, it is clear that a calculation, using the allegations within the *original* Complaint, would exceed Five Million Dollars ($5,000,000).

### c.    **Overtime Claim**

Finally, Plaintiffs' *original* Complaint alleged Overtime violations. (Please see Exhibit "A"). Using the formula addressed within <u>Babasa</u>, the calculation would be as follows:

*5000* (class size) * *$10.00* (1 hour overtime rate per week) * *200* (number of weeks within four year claim period, absent 2 week vacations) =  **$10,000,000.00**

Even more clearly, using 7-ELEVEN's admission that the class size would be 19,000, the calculation would be as follows:

**19,000** (class size) * **$10.00** (1 hour overtime rate per week) * **200** (number of weeks within four year claim period, absent 2 week vacations) =    **$38,000,000.00**

Simple mathematical calculations show that the claims contained within the *original* Complaint exceed the amount in controversy required for federal jurisdiction. Therefore, 7-ELEVEN should have ascertained, upon receiving Plaintiff's *original* Complaint, that the case was removable on April 16, 2007.

**B.    THE NOTICE OF REMOVAL IS UNTIMELY AS "OTHER PAPERS" PROVIDED 7-ELEVEN NOTICE OF BOTH THE MEAL/REST PERIOD CLAIMS AND THE SECTION 2699 PENALTIES AS EARLY AS JUNE 1, 2007**

7-ELEVEN's Notice of Removal is also untimely - by at least 7 months - because 7-ELEVEN has been continuously provided "other papers" that put them on notice of the extent of Plaintiff's claim. These "other papers" include attorney correspondence, LWDA letters, and Case Management Statements. These "other papers" were provided to 7-ELEVEN as early as June 1, 2007. (Please see Exhibit "B").

"The Class Action Fairness Act of 2005 . . . eliminated the one-year statute of limitations for removal in 28 U.S.C. § 1446(b). It did not, however, alter the requirement that defendants must file a "notice of removal . . . within thirty days of receipt . . . of a copy of an amended pleading, motion, order or *other paper* from which it may be first ascertained that the case is one which is or has become removable." Babasa, supra, 498 F.3d at 975. (Emphasis added).

In this case, even if the *original* Complaint was somehow ignored, 7-ELEVEN received multiple "other papers" - as early as June 1, 2007 - which would have apprised 7-ELEVEN that this matter was removable.

### 1.    June 1, 2007 LWDA Letter, Carbon-Copied to 7-ELEVEN

On June 1, 2007, Plaintiff's counsel sent, via Certified Mail, correspondence to the LWDA providing "written notice" of the specific provisions of the California Labor Code believed to have been violated by 7-ELEVEN, as well as the facts and theories in support. (Please see Exhibit "B"). 7-ELEVEN was "carbon-copied" the above letter, via certified mail.

Within said correspondence, Plaintiff claimed that 7-ELEVEN violated Labor Code section 1197.1, acting as either an employer or "other person." Section 1197.1 provides in pertinent part, as follows:

> Any employer or other person acting either individually or as an officer, agent or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. (2) For each subsequent violation for the same specific offense, two hundred dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

As the Statute of Limitations for Penalties is one-year, and given the normal policy of pay periods every 2 weeks, the "claim amount" under Labor Code section 2699 would total $5,100.00 ($100 for initial pay period, $200 for each 25 subsequent pay periods). Thus, calculating the "amount in controversy" would be as follows:

*5000* (class size) * *$5100.00* (total penalties) * *1* (year) = **$25,500,000.00**

As this amount exceeds the Five Million Dollar ($5,000,000) CAFA requirement, 7-ELEVEN was aware in June 2007 that this case was removable.

### 2.    June 4, 2007 Letter to 7-ELEVEN Defense Counsel

On June 4, 2007, Plaintiff's counsel sent correspondence to 7-ELEVEN's counsel informing them that Plaintiff was in the process of finalizing the "written notice" necessary under Labor Code section 2699.3, to claim for civil penalties in this action. (Please see Exhibit "C"). Plaintiff's letter also requested a response from 7-ELEVEN as to whether they wished to be carbon-copied on this Notice. (Please see Exhibit "C").

Similar to 7-ELEVEN's admissions contained within its Notice of Removal, even one claimed penalty - given the class being either 5,000 or 19,000 - would have led to damages in excess of Five Million Dollars ($5,000,000).    Accordingly, a fair reading of the June 4, 2007 correspondence alone is probably enough to establish that more than $5,000,000 was at stake

### 3.    July 16, 2007 Letter to 7-ELEVEN Defense Counsel

On July 16, 2007, Plaintiff's counsel sent correspondence to 7-ELEVEN's counsel advising them that Plaintiff recently received permission from the LWDA to proceed under Labor Code section 2699, *et seq.* (Please see Exhibit "E"). Within said correspondence, Plaintiff's counsel also provided notice of Plaintiff's intent to Amend the Complaint, as a matter of right, pursuant to Labor Code section 2699.3.

Again, on July 16, 2007, 7-ELEVEN was put on notice of Plaintiff's intent to Amend the Complaint to assert, among others, a Labor Code section 2699 claim.  Because this July 16, 2007 correspondence can be considered an "other paper" for removal purposes, 7-ELEVEN should have removed the case within thirty (30) days from said date.  Because 7-ELEVEN failed to remove the case, its present removal effort is untimely.

### 4.    July 26, 2007 Case Management Statement

On July 26, 2007, Plaintiff filed and served upon 7-ELEVEN a Case Management Statement

1   stating the intention to file. and the grounds for. the First Amended Complaint. (Please see Exhibit

2   "F"). Specifically. the Case Management Statement provides as follows:

3

4   > Plaintiff recently received permission from the California Labor and Workforce
>   Development Agency authorizing Plaintiff to file a claim under Labor Code section
>   2699. Accordingly. Plaintiff will be amending her Complaint to add a cause of
>   action under section 2699. naming Defendant 7-ELEVEN. Inc. as both an
>   "employer" and as a "person."

5

6

7   It is evident from Plaintiff's July 26. 2007 Case Management Statement that Plaintiff fully

8   intended to file a First Amended Complaint in this action. Moreover. the Case Management

9   Statement serves as an "other paper." which 7-ELEVEN could ascertain that the case is one which

10  is or has become removable. Because 7-ELEVEN had notice of Plaintiff's intent to claim civil

11  penalties under Labor Code section 2699. it should have filed its Notice of Removal at this time.

12

13  instead of waiting until January 10. 2008 to do so.

14  ### 5.   September 24, 2007 Letter to 7-ELEVEN Defense Counsel

15

16  On September 24. 2007. Plaintiff's counsel sent. via Certified Mail. to the LWDA

17  supplemental written notice of additional. specific provisions of the California Labor Code believed

18  to have been violated by 7-ELEVEN. as well as the facts and theories in support. (Please see Exhibit

19  "G"). 7-ELEVEN was also "carbon-copied" the above letter. via certified mail. (Please see Exhibit

20  "G").

21

22  Labor Code section 2699(f) provides. in pertinent part. as follows:

23  > For all provisions of the code except those for which a civil penalty is
>   specifically provided. there is an established civil penalty for a violation of
>   these provisions. as follows:

24

25

26  >> (1) If. at the time of the alleged violation. the person does not
>>  employ one or more employees. the civil penalty is five-
>>  hundred dollars ($500).

27

28  >> (2) If. at the time of the alleged violation. the person employs
>>  one or more employees. the civil penalty is one-hundred dollars

($100) for each aggrieved employee per pay period for the initial violation and two-hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

Because Plaintiff sought additional relief, in the form of Labor Code section 2699 penalties, the September 24, 2007 letter was sufficient to put 7-ELEVEN on notice that the amount in controversy exceeded federal jurisdictional requirements.

### 6.     December 10, 2007 Case Management Statement

On December 10, 2007, Plaintiff filed and served a second Case Management Statement, again, stating the grounds for the First Amended Complaint. (Please see Exhibit "H"). The description of the case is set forth as follows:

Plaintiff's First Amended Complaint will allege . . . Labor Code violations (2699, et seq.) . . . Plaintiff also brings a representative action under the Private Attorneys General Act (Labor Code section 2699, et seq.) for the underlying Labor Code violations. Plaintiff seeks individual and Class economic damages, attorney's fees and costs, interest, applicable Labor Code section 2699 penalties, punitive damages, restitution, and injunctive relief.

From Plaintiff's Case Management Statement, it is clear Plaintiff is asserting Labor Code section 2699 violations and is also claiming other damages for 7-ELEVEN's alleged misconduct. The Case Management Statement, in and of itself, puts 7-ELEVEN on notice of the various claims being asserted as well as the requested relief sought. This "other paper" is sufficient for 7-ELEVEN to determine that the case is one which is or has become removable. Therefore, 7-ELEVEN's failure to file its Notice of Removal within thirty (30) days of receipt of Plaintiff's Case Management Statement can only be construed as a waiver of this right.

In light of the above, it is clear 7-ELEVEN was provided notice of the extent of Plaintiff's claims as early as April 16, 2007, with the filing of the original Complaint, then again through several attorney correspondence sent to 7-ELEVEN specifically addressing Plaintiff's intent to file a First

1    Amended Complaint and to claim civil penalties under Labor Code section 2699. through LWDA

2    letters. and finally with the filing of two separate Case Management Statements in this matter.

3                               V.   **CONCLUSION**

4

5          Based on the foregoing reasons. this Court should grant Plaintiff's Motion to Remand to

6    the Imperial County Superior Court.

7    Dated: January 24, 2008                              **SULLIVAN & CHRISTIANI, LLP**

8                                                          /s/ Alison M. Miceli

9                                                         _____

10                                                        William B. Sullivan.
                                                          Alison M. Miceli.
11                                                        Attorneys for Plaintiff.
                                                          Kimberly Aleksick
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

William B. Sullivan  [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff KIMBERLY ALEKSICK

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KIMBERLY ALEKSICK, individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> 7-ELEVEN, INC., a Texas Corporation; MICHAEL TUCKER, an individual; and Does 1 through 50, Inclusive, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**CASE NO.** 08-CV-59

**(CLASS ACTION)**

**DECLARATION OF ALISON M. MICELI IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

*Oral Argument Requested*

*Document Electronically Filed*

Date:       March 3, 2008
Time:       8:30 a.m.
Dept.:      12
Judge:      Hon. Napoleon A. Jones, Jr.

I, Alison M. Miceli, declare as follows:

1.    I am an attorney licensed to practice law before this Court and am employed with the law firm of Sullivan & Christiani, LLP, attorneys of record for Plaintiff in the above-captioned matter. I make this declaration in support of Plaintiff's Motion to Remand to State Court.

2.    I am personally familiar with the facts set forth in this declaration and if called to testify as a witness I could and would do so.

**ORIGINAL**

Declaration of Alison M. Miceli in
Support of Motion to Remand

3.   A true and correct copy of the Complaint dated April 16. 2007 is attached hereto as Exhibit "A".

4.   A true and correct copy of Plaintiff's counsel's correspondence to the Labor and Workforce Development Agency dated June 1. 2007 is attached hereto as Exhibit "B".

5.   A true and correct copy of Plaintiff's counsel's correspondence dated June 4. 2007 is attached hereto as Exhibit "C".

6.   A true and correct copy of the Labor and Workforce Development Agency's correspondence dated July 11. 2007 is attached hereto as Exhibit "D".

7.   A true and correct copy of Plaintiff's counsel's correspondence dated July 16. 2007 is attached hereto as Exhibit "E".

8.   A true and correct copy of Plaintiff's Case Management Statement dated July 26. 2007 is attached hereto as Exhibit "F".

9.   A true and correct copy of Plaintiff's counsel's supplemental correspondence to the Labor and Workforce Development Agency dated September 24. 2007 is attached hereto as Exhibit "G".

10.  A true and correct copy of Plaintiff's Case Management Statement dated December 10. 2007 is attached hereto as Exhibit "H".

11.  A true and correct copy of Plaintiff's counsel's correspondence dated December 13. 2007 is attached hereto as Exhibit "I".

12.  A true and correct copy of Plaintiff's Ex Parte Application for an Order Compelling a "Pioneer/Belaire" Notice dated December 17. 2007 is attached hereto as Exhibit "J".

13.  A true and correct copy of Plaintiff's First Amended Complaint dated December 18. 2007 is attached hereto as Exhibit "K".

14.  A true and correct copy of the Case Management Order dated December 21. 2007 is attached hereto as Exhibit "L".

15.    A true and correct copy of Defendant 7-ELEVEN's Answer to the First Amended Complaint dated January 9, 2008 is attached hereto as Exhibit "M".

16.    A true and correct copy of Defendant 7-ELEVEN's Notice of Removal dated January 10, 2008 is attached hereto as Exhibit "N".

17.    A true and correct copy of Plaintiff's counsel's correspondence dated January 18, 2008 is attached hereto as Exhibit "O".

18.    A true and correct copy of Defendant 7-ELEVEN's counsel's correspondence dated January 22, 2008 is attached hereto as Exhibit "P".

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 24th day of January 2008.

/s/ Alison M. Miceli

_____
Alison M. Miceli
Declarant

William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego. California 92101
(619) 702-6760 * (619) 702-6761 FAX


Attorneys for Plaintiff KIMBERLY ALEKSICK




## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY ALEKSICK, individually and on behalf of other members of the general public similarly situated. | **CASE NO.** 08-CV-59 |
| | **(CLASS ACTION)** |
| Plaintiff. | **NOTICE OF LODGEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO STATE COURT** |
| v. | |
| | ***Oral Argument Requested*** |
| 7-ELEVEN, INC.. a Texas Corporation; MICHAEL TUCKER, an individual; and DOES 1 through 50, Inclusive, | ***Document Electronically Filed*** |
| | Date:       March 3. 2008 |
| Defendants. | Time:       8:30 a.m. |
| | Dept.:      12 |
| | Judge:      Hon. Napoleon A. Jones. Jr. |

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff KIMBERLY ALEKSICK hereby lodges the following

documents. in support of the Motion to Remand to State Court. as follows:

Exhibit "A" -  A true and correct copy of the Complaint dated April 16. 2007:

Exhibit "B" -  A true and correct copy of Plaintiff's counsel's correspondence to the Labor and

Workforce Development Agency dated June 1. 2007:

Exhibit "C" -  A true and correct copy of Plaintiff's counsel's correspondence dated June 4.

2007:

**ORIGINAL**

1    Exhibit "D" -  A true and correct copy of the Labor and Workforce Development Agency's

2                  correspondence dated July 11, 2007;

3    Exhibit "E" -  A true and correct copy of Plaintiff's counsel's correspondence dated July 16,

4                  2007;

5    Exhibit "F" -  A true and correct copy of Plaintiff's Case Management Statement dated July 26,

6                  2007;

7    Exhibit "G" -  A true and correct copy of Plaintiff's counsel's supplemental correspondence to

8                  the Labor and Workforce Development Agency dated September 24, 2007;

9    Exhibit "H" -  A true and correct copy of Plaintiff's Case Management Statement dated

10                 December 10, 2007;

11    Exhibit "I" -  A true and correct copy of Plaintiff's counsel's correspondence dated December

12                 13, 2007;

13    Exhibit "J" -  A true and correct copy of Plaintiff's Ex Parte Application for an Order

14                 Compelling a "Pioneer/Belaire" Notice dated December 17, 2007;

15    Exhibit "K" -  A true and correct copy of Plaintiff's First Amended Complaint dated December

16                 18, 2007;

17    Exhibit "L" -  A true and correct copy of the Case Management Order dated December 21, 2007;

18    Exhibit "M" -  A true and correct copy of Defendant 7-ELEVEN's Answer to the First Amended

19                 Complaint dated January 9, 2008;

20    Exhibit "N" -  Defendant 7-ELEVEN's Notice of Removal dated January 10, 2008;

21    Exhibit "O" -  Plaintiff's counsel's correspondence dated January 18, 2008; and

22    Exhibit "P" -  Defendant 7-ELEVEN's correspondence dated January 22, 2008.

23

24    Dated: January 24, 2008               **SULLIVAN & CHRISTIANI, LLP**

25

26                                  /s/ Alison M. Miceli

27                                  _____

28                                  William B. Sullivan,
                                       Alison M. Miceli,
                                       Attorneys for Plaintiff,
                                       KIMBERLY ALEKSICK

# EXHIBIT A

William B. Sullivan [CSB No. 171637]
Eric J. Palmer [CSB No. 231207]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff KIMBERLY ALEKSICK

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF IMPERIAL**

| | |
|---|---|
| KIMBERLY ALEKSICK, individually and on behalf of other members of the general public similarly situated. | CASE NO. ECU03215 |
| | (CLASS ACTION) |
| Plaintiff. | COMPLAINT FOR: |
| v. | 1. **VIOLATION OF LABOR CODE; (CLASS ACTION) and** |
| 7-ELEVEN, INC., a Texas Corporation; MICHAEL TUCKER, an individual; and DOES 1-50, Inclusive. | 2. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 (CLASS ACTION)** |
| Defendants. | |

COMES NOW Plaintiff KIMBERLY ALEKSICK, (hereinafter "Plaintiff"). and alleges for her

Complaint as follows:

1.   This Court has jurisdiction over this matter in that all parties are residents of the State of

California and the amount in controversy exceeds the statutory minimum limit of this Court. This

class action is brought pursuant to Section 382 of the California Code of Civil Procedure. The

monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of

the Superior Court and will be established according to proof at trial.  The monetary damages

sought on behalf of each and every member of the class and as aggregate class damages exceed

those jurisdictional limits as well.  However, the claims of individual class members, including

Plaintiff, are under $75,000.00 jurisdictional threshold for federal court. Furthermore, there is no

CLASS ACTION COMPLAINT

federal question at issue, as Wage and Hour protections and remedies related thereto are based solely on California Law and Statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code.

2.  Venue is proper before this Court in that some or all of the events, acts and happenings as alleged herein occurred within the jurisdiction of the above-entitled court.

3.  Venue before this Court is proper in that certain wrongful acts which gave rise to Plaintiff's injuries occurred in Imperial County in the State of California.

4.  At all relevant times herein, Plaintiff KIMBERLY ALEKSICK (Hereinafter "Plaintiff") was and is an individual residing in Imperial County in the State of California.

5.  Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant 7-ELEVEN, INC. (hereinafter "Defendant Employer"), was and is a Texas Corporation doing business in Imperial County in the State of California.

6.  Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant MICHAEL TUCKER (hereinafter "TUCKER") was and is residing and doing business in Imperial County in the State of California.

7.  Plaintiff is presently unaware of the true names, capacities and liability of Defendants named herein as DOES 1 through 50, inclusive. Accordingly, Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities after the same have been ascertained.

8.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the wrongs and damages as herein alleged, and in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said Defendants. Wherever it is alleged herein that any act or omission was done or committed by any specially named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same act or omission was also done and committed by each and every Defendant named as a DOE, both separately and in concert or conspiracy with the named Defendant or Defendants.

9.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,

1    including DOES 1 through 50, are, and at all times herein mentioned were, either individuals,

2    sole proprietorships, partnerships, registered professionals, corporations, alter egos, or other legal

3    entities which were licensed to do and/or were doing business in the County of San Diego, State

4    of California at all times relevant to the subject matter of this action.

## CLASS ACTION ALLEGATIONS

6    10.  As more specifically set forth below, Plaintiff is bringing this action on behalf of an ascertainable

7         class and a well-defined community of interest among the class members. Code of Civil

8         Procedure Section 382; Richmond v. Dart Industries, Inc. (1981) 29 Cal.3d 426, 470.

9         Throughout her employment, Plaintiff and her former co-workers were knowingly denied and/or

10        refused mandated relieved meal and rest periods, in violation of Labor Code Section 512.

11        Defendant Employer and TUCKER ("Defendants") further failed to provide Plaintiff and her

12        former co-workers one hour of pay at their regular rate of pay for each day the meal and rest

13        periods were not provided, in violation of Labor Code Section 226.7, despite such knowledge.

14        Moreover, Plaintiff and other employees of Defendants regularly worked in excess of eight (8)

15        hours a day and/or forty (40) hours a week without receiving appropriate overtime compensation.

16        Further, Plaintiff and other employees of Defendants were required to purchase uniforms using

17        their own monies, in violation of Labor Code section 2802.  Additionally, Plaintiff did not

18        receive itemized wage statements ("pay-stubs") which were compliant with the provisions of

19        Labor Code section 226.

20   11.  Plaintiff brings this action on the grounds that she and other similarly situated employees

21        employed by Defendants were and are improperly denied earned overtime compensation,

22        mandated wages resulting from missed meal and rest periods, improperly required to purchase

23        work uniforms with their own wages, and improperly issued statutorily non-compliant pay-stubs.

24        Sav-On Drug Stores, Inc. v. Superior Court (2004) 34 Cal.4th 319.  The class of present and

25        former employees is believed to number approximately five thousand (5000.)

26   12.  The approximately 5000 member class is ascertainable via their experience as present or past

27        employees of Defendants.

28   13.  The class members share a community of interest and an injury in fact as Defendants have

         violated California compensation laws, thereby depriving the class members of money earned

1    by them.

2    14.   This action involves questions of law and fact common to the class in that Plaintiff is bringing

3          this action on behalf of a class of Defendants' current and former employees who were and/or

4          are improperly denied mandated meal and rest periods, overtime compensation, statutorily

5          compliant pay stubs, and were and/or are improperly required to purchase work uniforms with

6          their own wages. The subject matter of this action both as to factual and legal matters is such that

7          there are questions of law and fact common to the class which predominate over questions

8          affecting only individual members, including, among other things the following:

9          A.    Statistically, one hundred percent (100%) of the class members were not "authorized and

10               permitted" to take their legally mandated meal and rest periods, and/or were not provided

11               the legally mandated payment for not receiving relieved meal and rest periods. 100% of

12               the class members were required by Defendants to purchase work uniforms using their

13               own wages. 100% of the class members did not receive statutorily compliant pay-stubs

14               during the operative class period.

15         B.    The duties and responsibilities of the class members Plaintiff is representing were similar

16               and comparable. Any variations in job activities between the individual class members

17               are legally insignificant to the issues presented by this action since the central facts

18               remain, to wit, Plaintiff and the other class members were improperly denied the

19               mandated meal and rest periods, overtime compensation, pay-stubs, and were improperly

20               required to purchase work uniforms using their own wages.

21   14.   The class on whose behalf the action is brought is so numerous that joinder of all parties

22         individually would be impractical. Plaintiff is bringing this action on behalf of approximately

23         5000 current and/or former employees of Defendants who share a common or general interest,

24         and it would be impracticable for those current or former employees to bring the action

25         individually.

26   15.   Plaintiff's claims in this action are typical of the class Plaintiff is generally representing. Plaintiff

27         and other members in the class were required and instructed by Defendants to perform work

28         during their mandated meal and rest periods and were not provided the mandated relieved and

     off-duty meal and rest breaks. Defendants further failed to provide Plaintiff and other members

1    in her class one hour of pay at their regular rate of pay for each day the meal and rest periods

2    were not provided, in violation of Labor Code Section 226.7. Defendants further failed to pay

3    overtime compensation to Plaintiff and other class members for work performed in excess of 8

4    hours a day and/or 40 hours a week, in violation of Labor Code Section 510. Defendants further

5    failed to provide Plaintiff and other class members statutorily compliant pay-stubs in accordance

6    with Labor Code Section 226. Defendants further required Plaintiff and other class members to

7    purchase work uniforms using their own wages. Plaintiff seeks proper compensation and

8    restitution on behalf of herself and other members in the class for the foregoing irregularities.

9  16.    Plaintiff can fairly and adequately protect the interests of all the members of the class she is

10    representing in this action. Plaintiff's experience and knowledge of her former employers' Wage

11    and Hour practices and its policy regarding Meal and Rest periods. Overtime compensation,

12    issuing pay-stubs, and employee uniform purchases, in addition to Plaintiff's familiarity with the

13    job duties of the class members she is representing, entitle her to adequately and fairly represent

14    the class.

15  17.    Plaintiff has satisfied the three prong "community of interest" requirement in California Code

16    of Civil Procedure Section 382. Specifically, and as set forth above, (a) this action involves

17    predominant common questions of law or fact in that Plaintiff brings this action on behalf of the

18    approximately 5000 member class who were denied overtime compensation mandated relieved

19    meal and rest periods, and required wages under Labor Code Section 226.7 and Title 8, California

20    Code of Regulations Section 11010(11)(C) also known as Wage Order 1 and therefore, like

21    Plaintiff, were improperly compensated, (b) Plaintiff's claims and damages are typical of the

22    class Plaintiff represents in that, as mentioned above, Plaintiff seeks on behalf of herself and the

23    class members she represents wages for failure to provide them the required meal and rest

24    periods, including required wages under Labor Code Section 226.7 and Title 8, California Code

25    of Regulations Section 11010(11)(C), and (c) Plaintiff's experience and knowledge of her former

26    employer's Wage and Hour practices and its policy regarding meal and rest periods. in addition

27    to Plaintiff's familiarity with the job duties of the class members she is representing, entitle her

28    to adequately and fairly represent the class.

## FACTUAL BACKGROUND

18. In or about 2005, Plaintiff commenced working in a position titled by Defendants as "Sales Associate." Plaintiff's employment with Defendants continued until her involuntary termination on February 20, 2007. Throughout her employment with Defendants, Plaintiff performed her job in a capable and competent manner, and was commended for doing so. Throughout her employment with Defendants, both Defendants exercised control over the wages, hours, and/or working conditions of Plaintiff and her fellow employees, and both Defendants possessed the right to terminate Plaintiffs' employment.

19. Plaintiff and other members in her class were required and instructed by Defendants to perform work during their mandated meal and rest periods and therefore were not provided the mandated relieved and off-duty meal and rest breaks, in violation of Labor Code Sections 512 and 226.7 and Title 8, California Code of Regulations Section 11010(11)(C) also known as Wage Order 1. Plaintiff and other members in her class were not provided one hour of pay at their regular rate of pay for each day the meal and rest period was not provided, in violation of Labor Code Section 226.7. Plaintiff and other members in her class were not compensated for work performed in excess of 8 hours and day and/or 40 hours a week. Plaintiff and other members in her class were not provided statutorily compliant itemized wage statements ("pay-stubs".) Plaintiff and other members in her class were required by Defendants to purchase and clean work uniforms using their own wages.

### FIRST CAUSE OF ACTION
### Violation of Labor Code - Class Action
### (By The Class Against All Defendants)

20. Plaintiff hereby incorporates by reference paragraphs 1 through 19 above, as though fully set forth herein.

21. California Labor Code § 226.7(a) states that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

22. Under applicable state law, employees who work more than five (5) hours a day are entitled to a meal period of at least thirty (30) minutes, and a second meal period of at least thirty (30)

1    minutes if they work more than ten (10) hours in a day. (Labor Code § 512(a).)

2    23.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall

3    be considered an "on duty" meal period and counted as time worked. Title 8, California Code

4    of Regulations Section 11010(11)(C) also known as Wage Order 1.

5    24.  An employer who fails to provide meal or rest periods as required by an applicable Wage Order

6    must pay the employee one additional hour of pay at the employee's regular rate of pay for each

7    workday that the meal or rest period was not provided. (Labor Code § 226.7(b); IWC Wage

8    Orders 1-2001 through 13-2001, 15-2001.)

9    25.  During the course of her employment, Plaintiff and other employees were required by Defendants

10   to work through their lunches and perform work during their meal and rest periods, and therefore,

11   Plaintiff and other members in her class were denied relieved and off-duty meal and rest periods.

12   26.  Defendants willfully failed and refused to pay Plaintiff and other employees one additional hour

13   of pay at their regular rate of pay for each workday that a meal or rest period was not provided

14   as required by Labor Code Section 226.7.

15   27.  California Labor Code § 226 states, in part, that each pay period, Defendants shall provide its

16   employees an accurate Itemized Wage Statement, showing (in part) the gross wages earned and

17   the total hours earned by each employee.

18   28.  During the course of her employment, Plaintiff and other employees were not provided statutorily

19   compliant Itemized Wage Statements ("pay-stubs") by Defendants.

20   29.  As a direct result of Defendants' willful failure and refusal to (a) provide the mandated meal or

21   rest period or pay one additional hour of pay at the regular rate of pay for each workday that a

22   meal or rest period was not provided, and (b) failure to comply with Labor Code section 226,

23   Plaintiff and other employees have suffered injury, loss and harm all to their damages in a sum

24   according to proof. On behalf of the class, Plaintiff hereby seeks compensatory damages, back

25   pay (or penalty), and prejudgement interest, and the payment of one hour of pay at the regular rate

26   of pay, for each day the Meal or Rest period was not provided.

27   30.  California Labor Code § 510(a) states that, "Eight hours of labor constitutes a day's work. Any

28   work in excess of eight hours in one workday and any work in excess of 40 hours in any one

workweek and the first eight hours worked on the seventh day of work in any one workweek shall

be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

31. During the course of her employment, Plaintiff and other employees were not compensated at one and one half ($1\frac{1}{2}$) times their regular rate of pay for hours worked in excess of 8 hours a day and/or 40 hours a week. As a result, Plaintiff and other employees have suffered injury, loss and harm all to their damages in a sum according to proof.

32. Labor Code section 2802(a) states that, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

33. During the course of her employment, Plaintiff and other employees were required by Defendants to purchase, using their own funds, custom pants, shirts, and shoes as part of their "work uniforms." Additionally, Plaintiff and other employees were required to clean all or part of their "work uniforms." Plaintiff and other employees were not reimbursed by Defendants for these expenditures.

34. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

**SECOND CAUSE OF ACTION**
**Violation of Business and Professions Code §17200 - Class Action**
**(By The Class Against All Defendants)**

35. Plaintiff hereby incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is an ex-employee and direct victim of Defendants' illegal business acts and practices referenced in this complaint, and has lost money as a result of such practices, and is suing both in her individual capacity and on behalf of former or current employees of Defendants who share a common or general interest in the damages as a result of the illegal practices. Specifically, Plaintiff is bringing this claim on behalf of Defendant Employer's current and former employees who are/were improperly denied mandated relived meal and rest periods and required wages

1   under Labor Code Section 226.7, denied overtime compensation under Labor Code Section 510,

2   denied statutorily compliant pay-stubs under Labor Code Section 226, and required to purchase

3   and clean uniforms using their funds, a violation of Labor Code Section 2802. The class of

4   present and former employees is believed to be approximately 5000 members.

5   37.   The approximately 5000 member class is ascertainable via their experience as present or past

6   employees of Defendant Employer. The members share a community of interest, and an injury

7   in fact, as Defendant Employer has violated California compensation laws, thereby depriving the

8   class members of money earned by them. Based on the facts set forth above, it would be

9   impracticable to proceed in individual actions.

10   38.   Plaintiff has suffered an injury in fact pursuant to Business and Professions Code Section 17204,

11   and has lost money as a result of Defendant Employer's illegal practices, in that she was

12   improperly denied Wages in violation of Labor Code Section 226.7, throughout her employment

13   with Defendant Employer.

14   39.   Plaintiff is bringing this action on behalf of an ascertainable class, who share a community of

15   interest, pursuant to Business and Professions Code Section 17203 and Code of Civil

16   Procedure Section 382, who share a common or general interest in the damages as a result of

17   the illegal practices, in that those individuals on whose behalf the action is brought have also

18   lost money as a result of Defendants' practices, by denying them proper payment of Wages under

19   Labor Code Section 226.7, denying them overtime compensation under Labor Code Section 510,

20   denying them statutorily compliant pay-stubs under Labor Code Section 226, and requiring them

21   to purchase and clean uniforms using their funds, a violation of Labor Code Section 2802, and

22   that it would be impracticable to proceed in as an individual plaintiff action.

23   40.   As set forth above, during the course of Plaintiff's employment, Defendants failed and refused

24   to properly pay Plaintiff, and other employees, mandated meal and rest periods and one hour of

25   pay at the employees' regular rate of pay for each day the meal and rest periods were not

26   provided. (Labor Code Sections 226.7, 512; Title 8, California Code of Regulations Section

27   11010(11)(C).) Defendants failed and refused to properly pay Plaintiff, and other employees

28   overtime compensation for hours worked in excess of 8 hours a day and/or 40 hours a week.

    (Labor Code Section 510.) Defendants failed and refused to provide Plaintiff, and other

1    employees statutorily compliant pay-stubs. (Labor Code Section 226.) Defendants improperly

2    required Plaintiff and other employees to purchase and clean work uniforms using their funds.

3    (Labor Code section 2802.)

4    41.    California Business and Professions Code § 17200 *et seq.*. prohibits any unlawful. unfair. or

5    fraudulent business act or practice.

6    42.    Plaintiff's allegations herein are based upon the business acts and practices of the Defendants.

7    43.    Defendants' acts and practices as described herein above are unlawful. in that they violate the

8    California Labor Code.

9    44.    As a direct result of Defendants' unlawful business acts and practices, Plaintiff. and other

10    employees. have been denied wages earned. and have therefore been damaged in amount to be

11    proven. Accordingly, Plaintiff prays for restitution and injunctive damages in an amount to be

12    proven.

13    45.    Plaintiff is informed and believes, and on that basis alleges, that the unlawful business practices

14    alleged above are continuing in nature and are widespread practices engaged by Defendants.

15    46.    On behalf of the ascertainable class. Plaintiff respectfully requests an injunction against

16    Defendants. to enjoin them from continuing to engage in the illegal conduct alleged herein.

17    47.    On behalf of the ascertainable class. Plaintiff respectfully requests restitution damages.

18    48.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is

19    presently unaware of the precise amount of these expenses and fees and prays leave of court to

20    amend this Complaint when the amounts are more fully known.

21                                    **PRAYER FOR RELIEF**

22    WHEREFORE, Plaintiff on her own behalf and on behalf of the members of the class and the

23    general public. prays for judgment as follows:

24    1.    For an order certifying the proposed class;

25    2.    Upon the First Cause of Action, for compensatory damages according to proof as set forth in

26    California Labor Code § 226. California Labor Code § 226.7. California Labor Code § 510. and

27    California Labor Code § 2802. for failing to provide statutorily compliant itemized wage

28    statements ("pay-stubs"), failing to provide overtime compensation for hours worked in excess

of 8 hours a day and/or 40 hours a week, denying mandated meal and rest periods and other wages resulting from failure to count work employees performed during meal breaks as time worked, and for improperly requiring employees to purchase work uniforms using their own funds;

3.    Upon the First Cause of Action, for waiting time penalties according to proof pursuant to California Labor Code § 203;

4.    Upon the First Cause of Action, for penalties pursuant to California Labor Code §§ 558, 1199, and Title 8, California Code of Regulations Section 11010 Section 20.

5.    For compensatory damages in an amount to be proven;

6.    For lost back pay in an amount to be proven;

7.    On behalf of the ascertainable class, for a permanent injunction against Defendant Employer restraining, preventing, and enjoining Defendant Employer from engaging in the illegal practices alleged, and to ensure compliance with Labor Code section 226;

8.    On behalf of the ascertainable class, for restitution damages on behalf of the Section 17200 claimants who share a common or general interest;

9.    For an award of interest, including prejudgement interest, pursuant to Labor Code Section 218.6;

10.    For an award of attorneys' fees and costs of suit herein pursuant to Labor Code Sections 226, 2802, 1194 and 218.5;

11.    For an award of punitive and exemplary damages where permissible;

12.    For such other relief as the court deems just and proper.


Dated: 7/16/07                                      SULLIVAN & CHRISTIANI, LLP


                                                    William B. Sullivan,
                                                    Eric J. Palmer,
                                                    Attorneys for Plaintiff KIMBERLY ALEKSICK

# EXHIBIT B

# SULLIVAN & CHRISTIANI

A LIMITED LIABILITY PARTNERSHIP

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-383-3038

2330 Third Avenue
San Diego, California 92101
PHONE (619) 702-6760
FACSIMILE (619) 702-6761

LAS VEGAS

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2197
FACSIMILE 702-382-2116

June 1, 2007

Labor and Workforce Development Agency                    *Via Certified U.S. Mail Only*
801 K Street, Suite 2101
Sacramento, CA 95814

              Re:    Kimberly Aleksick v. 7-Eleven, Inc.

Dear Administrator:

        Please allow this correspondence to serve as "written notice," as required by California Labor Code section 2699.3(a)(1), of the specific provisions of the California Labor Code believed to have been violated by 7-Eleven, Inc. in the above referenced matter. Thank you for your assistance on this issue.

        The specific provisions alleged to have been violated by 7-Eleven, Inc. are as follows:

CALIFORNIA LABOR CODE SECTION 1197.1

        Facts and Theories supporting the allegation: Our client, Kimberly Aleksick, worked as a "Sales Associate" for 7-Eleven, Inc. and its Franchisee, Michael Tucker, for approximately two years, from approximately February, 2005 to February, 2007. Please Note: Although Ms. Aleksick contends that 7-Eleven, Inc. was one of her employers, for purposes of the instant request, she contends that the entity was also acting as an "other person" as set forth within the above statute.

        Throughout the term of her employment, 7-Eleven, Inc. acted as the record-keeper for all "Sales Associates," including Ms. Aleksick. 7-Eleven, Inc. retained sole discretion to act as record-keeper, and required its' Franchisees, including Mr. Tucker, to agree to allow 7-Eleven, Inc. to act as sole record-keeper, bill payer and payroll provider (Please see Exhibit A). No "Sales Associate" or any other employee could be paid until the record-keeping/bill-paying/payroll provisions were performed.

As part of its' actions as record-keeper, 7-Eleven, Inc. would create "Store Employee Time Cards" for each operative pay period. (Please see Exhibit B). The "Store Employee Time Cards" would record when the employee would clock "in" and "out" each time such punches were performed, on a daily basis. The "Time Cards" recorded the time specifically, down to the operative minute.

Importantly, even a cursory review of the "Time Cards" would show that many of the 30-minute "Meal Periods," required by California Labor Code sections 512 and 226.7, were not being provided. Further, and despite complaints to 7-Eleven employees (other than Mr. Tucker), there is no evidence that the "Meal Period Payments," required by California Labor Code section 226.7 and which constitute wages, were ever provided to Ms. Aleksick.

Based upon the above, Ms. Aleksick contends that, by failing to compensate her the wages due for absent or deficient Meal Periods, 7-Eleven, Inc. - as (at least) an "other person" - paid or caused to be paid amounts less than the minimum wage required by the Labor Code, and are thus liable under the above referenced statute.

To confirm, 7-Eleven, Inc. is a "person" as defined within California Labor Code section 18. As the sole record-keeper, bill payer and payroll provider, 7-Eleven, Inc. paid or caused to be paid amounts less than the minimum wage required by the Labor Code. Finally, the "Meal Period Payment" required by Labor Code section 226.7 is dis-positively a "wage," as recently confirmed by the California Supreme Court in Murphy v. Kenneth Cole, 40 Cal 4th 1094.

Again, thank you for your assistance and instruction throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

Eric J. Palmer, Esq.

Enclosures

*Certified Mail* Carbon-Copy: CSC - Lawyers Incorporating Service; 7-Eleven California Agent for
Service of Process
2730 Gateway Oaks Dr. Ste 100
Sacramento, CA 95833

7-Eleven, Inc.
2711 North Haskell Ave;
Dallas, TX 75204

# EXHIBIT C

# SULLIVAN & CHRISTIANI

### A LIMITED LIABILITY PARTNERSHIP

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

**2330 Third Avenue**
**San Diego, California 92101**
PHONE **(619) 702-6760**
FACSIMILE **(619) 702-6761**

LAS VEGAS

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2016

June 4, 2007

Eric C. Sohlgren, Esq.
PAYNE & FEARS, LLP
4 Park Plaza, Suite 1100
Costa Mesa, California 92614

*Via Facsimile Only: (949) 851-1212*

Re:     Kimberly Aleksick v. 7-Eleven, Inc.
        Case No.: ECU03615

Dear Mr. Sohlgren:

Please allow this correspondence to serve as a reply to your June 1, 2007 letter in the above referenced matter. Thank you for your assistance throughout this litigation.

As an initial matter, thank you for the courtesy of a "preliminary notice" regarding your position in this matter. Regardless of our disagreement (specifically set forth below), we appreciate this attempt at courtesy, and will attempt to match it, if and when you ever require such actions.

However, and notwithstanding the above, we must respectfully decline your request at this time. Our reasoning is set forth below.

First, please be advised that your reference to the Singh v. 7-Eleven ruling is improper. A written trial court ruling is officially "unreported" and "unpublished;" it has no precedential value, and in fact may not even be properly cited to or relied upon. Santa Ana Hospital v. Belshe (1997) 56 Cal.App.4th 819; People v. Superior Court (1994) 22 Cal.App.4th 1541. In fact, a reference to this matter can support a request for sanctions under California Code of Civil Procedure section 128.7.

However, your citation to Singh actually supports Plaintiff's position that 7-Eleven is an employer, given the instant facts. Please note that we rely upon the California Supreme Court's discussion of the term "employer," as set forth in the Reynolds v. Bement matter. Please note that the reasoning of the Supreme Court in this matter is noticeably different than that of the Federal court in Singh. As the

<u>Aleksick v. 7-Eleven, Inc., et al.</u>
June 4, 2007
Page Two

<u>Aleksick</u> matter is within the jurisdiction of the State of California, we submit this definition controls, and supports Plaintiff's position.

Second, please note that all cases you have cited are (not surprisingly) factually distinctive from the <u>Aleksick</u> matter. We do not (and cannot) take issue with your present request, as you have not yet heard from Ms. Aleksick. However, this does support a representation that your instant request is, at best, preliminary.

Finally, please note that the operative Complaint is, at present, unverified. While you presume that the only theory against your client is based upon the argument that it would be an "employer," we do not limit our theories to your presumption. Of note, we are currently in the process of finalizing the "written notice," necessary under Labor Code section 2699.3, to claim for penalties not currently at issue in the present complaint. Please advise as to whether you wish to be carbon-copied on this notice.

Please note that your client was previously served with discovery requests. We anticipate discovery propounded by your client. Given these facts, I respectfully suggest that your present conclusions would be best made *following* responses to said discovery, if at all.

Again, thank you for your assistance throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

Eric J. Palmer, Esq.

# EXHIBIT D



# Labor & Workforce Development Agency

**Governor**
*Arnold Schwarzenegger*

**Secretary**
*Victoria L. Bradshaw*

Agricultural
Labor
Relations
Board

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

July 11, 2007

Eric J. Palmer, Esq.
Sullivan& Christiani
2330 Third Avenue
San Diego, Ca. 92101

CSC-7-Eleven CA Agent for Service of Process
2730 Gateway Oaks Dr., Suite 100
Sacramento, Ca. 95833

Re:    LWDA No: 2317
       Employer:  7-Eleven
       Employee:  Kimberly Aleksick

Dear Employer and Representative of the Employee:

This is to inform you that the Labor and Workforce Development Agency (LWDA) received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked June 6, 2007 and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "…civil penalties recovered by aggrieved employees shall be distributed as follows:  75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code".  Labor Code Section 2699(l) specifies "[T]he superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part".

Consequently you must advise us of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement.

Sincerely,

*Robert A. Jones*

Robert A. Jones
Deputy Secretary

# EXHIBIT E

# SULLIVAN & CHRISTIANI

### A LIMITED LIABILITY PARTNERSHIP

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

**2330 Third Avenue**
**San Diego, California 92101**
PHONE **(619) 702-6760**
FACSIMILE **(619) 702-6761**

LAS VEGAS

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2016

July 16, 2007

Eric C. Sohlgren, Esq.                    *Via Facsimile Only: (949) 851-1212*
PAYNE & FEARS, LLP
4 Park Plaza, Suite 1100
Costa Mesa, California 92614


Eric A. Welter, Esq.                      *Via Facsimile Only: (703) 435-8851*
WELTER LAW FIRM, P.C.
720 Lynn Street, Suite B
Herndon, VA 20170

Re:    Kimberly Aleksick v. 7-Eleven, Inc.
       Case No.: ECU03615

Dear Gentlemen:

    Please allow this correspondence to serve as notice of status in the above referenced matter. Thank you for your assistance throughout this litigation.

    Initially, please be advised that we are in receipt of Mr. Welter's Notice of Application for *Pro Hac Vice* status. Please be advised that Plaintiff will not be opposing this Motion. We will file a Notice of Non-Opposition to (hopefully) ease the process.

    Second, please be advised that this office has recently received permission from the California Labor & Workforce Development Agency to proceed under California Labor Code section 2699 et. al. As, pursuant to Labor Code section 2699.3(c), Plaintiff is allowed to Amend as a matter of right, please allow this to serve as notice that your offices will shortly receive a First Amended Complaint.

    Finally, pursuant to my recent telephonic conversation with Mr. Welter, it is my understanding that our respective offices will "meet and confer" at some future point, in an attempt to schedule depositions within a format that will allow Mr. Welter to be personally present. I have been informed that

counsel for Mr. Tucker will soon be formally appearing; as such, I believe any "meet and confer" should not proceed until such appearance has been made.

Again, thank you for your assistance throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

Eric J. Palmer, Esq.

# EXHIBIT F

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
William B. Sullivan [CSB No. 171637]
Eric J. Palmer [CSB No. 231207]
SULLIVAN & CHRISTIANI, LLP
2330 Third Ave., San Diego, CA 92101
TELEPHONE NO.: (619) 702-6760    FAX NO. (Optional): (619) 702-6761
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff KIMBERLY ALEKSICK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL
STREET ADDRESS: 939 West Main Street
MAILING ADDRESS: 939 West Main Street
CITY AND ZIP CODE: El Centro, 92243
BRANCH NAME: Imperial County Courthouse

PLAINTIFF/PETITIONER: Kimberly Aleksick

DEFENDANT/RESPONDENT: 7-Eleven, Inc., et al.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER |
|---|---|---|
| (Check one): ☑ UNLIMITED CASE<br>(Amount demanded exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000 or less) | ECU 03615 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: August 14, 2007    Time: 8:30 a.m.    Dept.: 7    Div.:    Room:

Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☑  This statement is submitted by party (name): Plaintiff KIMBERLY ALEKSICK
   b. ☐  This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. ☐  The complaint was filed on (date):
   b. ☐  The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served (specify names and explain why not):

      (2) ☐  have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐  have had a default entered against them (specify names):

   c. ☐  The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☑ complaint  ☐ cross-complaint    (describe, including causes of action):
      Plaintiff ALEKSICK has brought a Class Action complaint against defendants alleging violations of the California Labor Code and Business & Professions section 17200. Please also see Attachment 4a.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

CASE MANAGEMENT STATEMENT

Page 1 of 4

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: Kimberly Aleksick | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: 7-Eleven, Inc., et al. | ECU 03615 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff ALEKSICK was employed as a sales associate by both Defendant 7-ELEVEN, INC. and Defendant MICHAEL TUCKER. Plaintiff seeks damages for unpaid Overtime Compensation (Labor Code sec. 510); missed Meal/Rest Periods (Labor Code sec. 226.7); non-compliant itemized wage statements (Labor Code sec. 226); un-reimbursed business expenses (Labor Code sec. 2802); penalties (Labor Code sec. 203, 558, et seq.); statutory attorney's fees; interest; punitive damages; and injunctive relief pursuant to Business & Professions Code section 17200. Plaintiff will also seek penalties pursuant to Labor Code section 2699 against Defendant 7-Eleven, Inc. only.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☑ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☑ days *(specify number):* 8-10
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a. Attorney: William B. Sullivan, Esq.
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| | CASE NUMBER |
|---|---|
| PLAINTIFF/PETITIONER: Kimberly Aleksick | ECU 03615 |
| DEFENDANT/RESPONDENT: 7-Eleven, Inc., et al. | |

10. d.    The party or parties are willing to participate in (check all that apply):

   (1) ☐ Mediation

   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

   (4) ☐ Binding judicial arbitration

   (5) ☐ Binding private arbitration

   (6) ☐ Neutral case evaluation

   (7) ☑ Other (specify):

   Plaintiff is amenable to non-binding mediation following resolution of class certification.

   e.    ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

   f.    ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   g.    ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption).

**11. Settlement conference**

   ☐ The party or parties are willing to participate in an early settlement conference (specify when):

**12. Insurance**

   a.    ☐ Insurance carrier, if any, for party filing this statement (name):

   b.    Reservation of rights:    ☐ Yes    ☐ No

   c.    ☐ Coverage issues will significantly affect resolution of this case (explain):

**13. Jurisdiction**

   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status

   ☐ Bankruptcy    ☐ Other (specify):

   Status:

**14. Related cases, consolidation, and coordination**

   a.    ☐ There are companion, underlying, or related cases.

       (1) Name of case:

       (2) Name of court:

       (3) Case number:

       (4) Status:

       ☐ Additional cases are described in Attachment 14a.

   b.    ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by (name party):

**15. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**16. Other motions**

   ☑ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

   Motion for Summary Adjudication following discovery; Motion for Class Certification.

CM-110

| PLAINTIFF/PETITIONER: Kimberly Aleksick | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: 7-Eleven, Inc., et al. | ECU 03615 |

**17. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*.

| Party | Description | Date |
|---|---|---|
| Plaintiff | Deposition of PMKs for 7-Eleven. Inc. | 11/1/2007 |
| Plaintiff | Deposition of Michael Tucker | 11/1/2007 |
| Plaintiff | Class Discovery | 1/1/2008 |

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*.

**19. Other issues**

    ☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

        Plaintiff will oppose 7-Eleven's request for a stay on merits discovery pending completion of class discovery

**20. Meet and confer**

    a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court. the parties agree on the following *(specify)*:

**21. Case management orders**

    Previous case management orders in this case are *(check one)*: ☑ none ☐ attached as Attachment 21

**22. Total number of pages attached *(if any)*:** 1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 25, 2007

Eric J. Palmer
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

Attachment 4a

Plaintiff recently received permission from the California Labor and Workforce Development Agency (LWDA) authorizing Plaintiff to file a claim under Labor Code section 2699. Accordingly, Plaintiff will be amending her Complaint to add a cause of action under section 2699, naming Defendant 7-Eleven, Inc. as both an "employer" and as a "person."

# EXHIBIT G

SULLIVAN & CHRISTIANI
A LIMITED LIABILITY PARTNERSHIP

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

2330 Third Avenue
San Diego, California 92101
PHONE (619) 702-6760
FACSIMILE (619) 702-6761

LAS VEGAS

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2217
FACSIMILE 702-382-2216

September 24, 2007

Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

*Via Certified U.S. Mail Only*

Re:    Kimberly Aleksick v. 7-Eleven, Inc.

Dear Administrator:

Please allow this correspondence to serve as a **supplemental** "written notice," as required by California Labor Code section 2699.3(a)(1), of the specific provisions of the California Labor Code believed to have been violated by 7-Eleven, Inc. in the above referenced matter. We have previously provided notice on this case; newly learned information requires notification of further violations. Thank you for your assistance on this issue.

The specific provisions alleged to have been violated by 7-Eleven, Inc. are as follows:

CALIFORNIA LABOR CODE SECTIONS 201, 203, 226, 226.7, 510, 512, 1174, 1194 and 1199

Facts and Theories supporting the allegation: Our client, Kimberly Aleksick, worked as a "Sales Associate" for 7-Eleven, Inc. and its Franchisee, Michael Tucker, for approximately two years, from approximately February, 2005 to February, 2007.

Supplemental investigation leads to the conclusion that 7-Eleven, Inc. acted as an "employer" to all California-based 7-Eleven Associates, as it retained control and ultimate decision-making capability over the employment activities of said employees. In particular, 7-Eleven, Inc. retained absolute control over the Time-Sheets documenting the start and end time of the employees Meal Periods. These Time-

Sheet documents clearly show Meal Period "shorts," and we have been unable to locate any evidence of the payment of the one-hour wage required by California law in lieu of compliant Meal Periods.

Again, thank you for your assistance and instruction throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

Eric J. Palmer, Esq.

Enclosures

*Certified Mail* Carbon-Copy:          CSC - Lawyers Incorporating Service
7-Eleven California Agent for Service of Process
2730 Gateway Oaks Dr. Ste 100
Sacramento, CA 95833

7-Eleven, Inc.
2711 North Haskell Ave;
Dallas, TX 75204

# EXHIBIT H

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| William B. Sullivan [CSB No. 231207] <br> Eric J. Palmer [CSB No. 171637] <br> SULLIVAN & CHRISTIANI, LLP <br> 2330 Third Ave., San Diego, California 92101 <br> TELEPHONE NO: (619) 702-6760   FAX NO. *(Optional)*: (619) 702-6761 <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: Plaintiff KIMBERLY ALEKSICK | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL | |
|---|---|
| STREET ADDRESS: 939 West Main Street <br> MAILING ADDRESS: 939 West Main Street <br> CITY AND ZIP CODE: El Centro 92243 <br> BRANCH NAME: El Centro Courthouse | |

PLAINTIFF/PETITIONER: Kimberly Aleksick, et al.

DEFENDANT/RESPONDENT: 7-Eleven, Inc., et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☑ UNLIMITED CASE <br> (Amount demanded exceeds $25,000) ☐ LIMITED CASE <br> (Amount demanded is $25,000 or less) | ECU 03615 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: December 21, 2007    Time: 8:30 a.m.    Dept.: 7    Div:    Room:

Address of court *(if different from the address above)*:

---

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☑ This statement is submitted by party *(name)*: Plaintiff KIMBERLY ALEKSICK
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: April 16, 2007
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint *(describe, including causes of action)*:
   Plaintiff's 1st Amended Class Action Complaint will allege: Negligence; Negligence Per Se; Negligent Interference Prosp. Econ. Advtge.; Labor Code violations (2699, et al.); Violation of B&PC sec. 17200

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court <br> rules 3.720–3.730 <br> www.courtinfo.ca.gov

American LegalNet, Inc. <br> www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: Kimberly Aleksick, et al. | CASE NUMBER |
| DEFENDANT/RESPONDENT: 7-Eleven, Inc., et al. | ECU 03615 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff was employed by both Defendants as a sales associate. Plaintiff on behalf of the proposed Class alleges violations of the Labor Code and Business & Professions Code sec. 17200 by both Defendants. Plaintiff further alleges that Defendant 7-Eleven, Inc. assumed and breached a duty of care to the proposed Class and is thus liable under Negligence theories. Lastly, Plaintiff also brings a representative action under the Private Attorneys General Act (Labor Code sec. 2699, et seq.) for the underlying Labor Code violations.

Plaintiff seeks individual and Class economic damages, attorney's fees and costs, interest, applicable Labor Code section 2699 penalties, punitive damages, restitution, and injunctive relief.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☑ a jury trial  ☐ a nonjury trial  *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑  days *(specify number):*  8 to 10.
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:  William B. Sullivan [CSB No. 171637]
b.  Firm:  SULLIVAN & CHRISTIANI, LLP
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.  Counsel  ☑ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐  The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: Kimberly Aleksick, et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: 7-Eleven, Inc., et al. | ECU 03615 |

10. d    The party or parties are willing to participate in *(check all that apply)*:

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☑ Other *(specify):*

Plaintiff is amenable to non-binding mediation following resolution of Class certification.

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. **Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status

☐ Bankruptcy ☐ Other *(specify):*

Status:

14. **Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

15. **Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Motion for Summary Adjudication following discovery; Motion for Class Certification.

CM-110

| PLAINTIFF/PETITIONER: Kimberly Aleksick, et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: 7-Eleven, Inc., et al. | ECU 03615 |

17. **Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| Plaintiff | Deposition of PMKs for 7-Eleven, Inc. | 2/1/2008 |
| Plaintiff | Deposition of Michael Tucker | 2/1/2008 |
| Plaintiff | Class Discovery | 3/1/2008 |

c. ☐ The following discovery issues are anticipated (specify):

18. **Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

19. **Other issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

Plaintiff will oppose 7-Eleven, Inc.'s request for a stay on merits discovery pending completion of Class discovery.

20. **Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

21. **Case management orders**

Previous case management orders in this case are (check one): ☐ none ☐ attached as Attachment 21.

22. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 10, 2007

Eric J. Palmer, Esq.
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

⟩ _____
(SIGNATURE OF PARTY OR ATTORNEY)

⟩ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

# EXHIBIT I

# SULLIVAN & CHRISTIANI

A LIMITED LIABILITY PARTNERSHIP

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

2330 Third Avenue
San Diego, California 92101
PHONE (619) 702-6760
FACSIMILE (619) 702-6761

LAS VEGAS

1010 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2046

December 13, 2007

*Via U.S. Mail and Facsimile: (619) 239-0116*
*(703) 435-8851*
*(949) 851-1212*

Paul C. Johnson, Jr., Esq.
Bacalski, Ottoson, & Dubé, LLP
402 West Broadway, 24th Floor
San Diego, CA 92101-3542

Eric A. Welter, Esq. (Virginia)
WELTER LAW FIRM, P.C.
720 Lynn Street, Suite B
Herndon, VA 20170

Eric C. Sohlgren, Esq.
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, CA 92614

Re:     Kimberly Aleksick v. 7-Eleven, Inc.
        Case No.: ECU03615

Dear Gentlemen:

Enclosed please find Plaintiff's First Amended Complaint in the above referenced matter. Thank you for your assistance throughout this litigation.

As discussed with Mr. Sullivan at the initial Case Management Conference, this Amended Complaint incorporates, among other theories, a cause of action asserting a violation of Labor Code section 2699, *et seq.* against Defendant 7-Eleven. At this time, Plaintiff does not intend to further amend the Complaint.

Given the above, and as previously discussed, please allow this correspondence to serve as a proposal that all parties agree to schedule a telephone conference to discuss the present parameters and timing of discovery. Among other issues, it is my understanding that Mr. Welter desires to limit certain discovery. I believe that an understanding by all parties, prior to the upcoming December 21, 2007 Case Management Conference, will assist both counsel and the Court.

Additionally, please allow this correspondence to serve as notice that Plaintiff has scheduled an *Ex-Parte* Conference, on Friday, December 21, 2007, at 8:30 a.m. The purpose of this *Ex-Parte* will be to request the Court Order the dissemination of a  Pioneer Electronics Belaire Notice, to all proposed Class Members, regarding the production of contact information on the proposed Class Members.

This office can make itself available, at any time between 9 a.m. and 5 p.m. (Pacific Standard Time), upon 48 hours notice. As such, it is respectfully requested that you contact the undersigned, at your earliest convenience, to schedule the pre-CMC teleconference.

Again, thank you for your assistance throughout this matter. Should you have any questions or comments, please do not hesitate to contact my office.

Very truly yours,

Eric J. Palmer

Enclosure
cc:     William B. Sullivan, Esq.

# EXHIBIT J

1  William B. Sullivan [CSB No. 171637]
   Eric J. Palmer [CSB No. 231207]
2  SULLIVAN & CHRISTIANI, LLP
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4
5  Attorneys for Plaintiff KIMBERLY ALEKSICK
6
7
8                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                           COUNTY OF IMPERIAL
10 KIMBERLY ALEKSICK, individually and  )  CASE NO. ECU03615
   on behalf of other members of the general )
11 public similarly situated,               )  (CLASS ACTION)
                                            )
12                                          )  POINTS AND AUTHORITIES IN SUPPORT
                    Plaintiff,              )  OF PLAINTIFF'S *EX PARTE*
13         v.                               )  APPLICATION FOR ORDER
                                            )  COMPELLING "PIONEER/BELAIRE"
14                                          )  NOTICE, OR IN THE ALTERNATIVE,
   7-ELEVEN, INC., a Texas Corporation;    )  FOR AN ORDER SHORTENING TIME TO
15 MICHAEL TUCKER, an individual; and      )  HEAR PLAINTIFF'S REQUEST FOR AN
   DOES 1-50, Inclusive,                    )  ORDER COMPELLING
16                                          )  "PIONEER/BELAIRE" NOTICE;
                    Defendants              )  {PROPOSED} ORDER
17                                          )
   _____ )
18                                             Date:    December 21, 2007
                                               Time:    8:30 a.m.
19                                             Dept.:   7
                                               Judge:   Hon. Christopher W. Yeager
20
                    I.   **SUMMARY OF REQUEST**
21
        Plaintiff KIMBERLY ALEKSICK(hereinafter "ALEKSICK") respectfully applies to this
22
   Court for an Order compelling the parties in the above captioned matter to provide a notice to all
23
   potential Class Members notifying said Class Members of the pending litigation, and providing them
24
   the opportunity to "Opt-Out" of the dissemination of their individual names, addresses and telephone
25
   numbers. This request is brought pursuant to <u>Pioneer Electronics (USA), Inc. v. Superior Court</u> (2007)
26
   40 Cal.4th 360, 373; <u>Belaire-West Landscape, Inc. v. Superior Court</u> (2007) 149 Cal.App.4th 554, 562.
27 //
28 //

POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER
COMPELLING PIONEER/BELAIRE NOTICE - CASE NO. ECU 03615

Z:\Data #329 Pldgs\ExParte\Pioneer/Belaire P&A.doc 12/07.wpd

1    Specifically, ALEKSICK, requests the Court order the following actions:

2    A)    That counsel for both parties "meet and confer" within five (5) court days on a proposed joint

3          notice to all proposed Class members. A redacted copy of a proposed notice to employee

4          class members from a separate, unrelated litigation is filed herewith as Exhibit "A";

5    B)    That the notice be mailed to all proposed Class Members within five (5) court days of the

6          Court's Order; and

7    C)    That the Court mandate that proposed Class members shall have thirty (30) calendar days to

8          **"Opt-Out"** or have their contact and employment information disclosed to Plaintiff's counsel.

9                              **II.    VERIFIED FACTUAL SUMMARY**

10          The facts relevant to this motion are verified below. In law and motion practice, factual

11   summaries are commonplace and useful <u>provided</u> each fact mentioned is supported by admissible

12   evidence and preferably if each such factual allegation is followed by an appropriate reference to the

13   alleged evidence supporting the motion. However, if no admissible evidence supports the party's

14   alleged facts, the court must disregard "facts" contained in an unverified statement. <u>Calcor Space</u>

15   <u>Facility, Inc. v. Superior Court</u> (1997) 53 Cal. App.4th 216, 224.

16          This is a Wage and Hour Class Action, asserting allegations regarding Meal/Rest periods and

17   Itemized Wage Statements ("pay stubs".) Plaintiff ALEKSICK filed her controlling Class Action

18   Complaint in the Imperial County Superior Court on April 16, 2007. (Please see Declaration of Eric

19   J. Palmer.)

20          In an attempt to comply with her pre-class certification proof obligations. Plaintiff

21   ALEKSICK has requested information and documents **directly relevant** to the Class "commonality"

22   element. Cal. Code of Civil Procedure § 382. (Please see Declaration of Eric J. Palmer.)

23          In consideration of the Imperial County Superior Court's "Fast Track" system, and in order

24   to expedite both the discovery and class certification processes in this matter, Plaintiff applies *Ex parte*

25   for an Order compelling a joint notice to all putative Class members, pursuant to the <u>Pioneer/Belaire</u>

26   line of authority, or in the alternative, for an Order shortening time to hear ALEKSICK'S request for

27   an Order compelling said notice. (Please see Declaration of Eric J. Palmer.)

28   //

POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR ORDER COMPELLING PIONEER BELAIRE NOTICE - CASE NO. ECU 03615

Z:\Data\8320 Pligs ExParte\PioneerBelaire P&A-dec12-07.wpd

### III.  PLAINTIFF'S REQUEST

**A.    THE CALIFORNIA SUPREME COURT HAS ESTABLISHED THE PROPRIETY AND REASONABLENESS OF THE PROPOSED NOTICE**

The controlling California law regarding the production of employee contact and employment information pre-Certification is set forth in the Pioneer Electronics (USA), Inc. v. Superior Court (2007) 40 Cal.4th 360, 373 and Belaire-West Landscape, Inc. v. Superior Court (2007) 149 Cal.App.4th 554, 562. These cases establish parameters and propriety of such notice.

#### i.    The **Pioneer Electronics** Decision

In Pioneer Electronics, supra, the plaintiff brought a Class Action representing purchasers of defective DVD players against the seller. On appeal before the California Supreme Court, the issue presented was whether the defendant seller could oppose plaintiff's request for identifying class member information during civil discovery proceedings based on the class members' right to privacy.

In holding for the *plaintiff*, the Supreme Court reasoned that, "[c]ontact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case." Pioneer, supra, 40 Cal.4th at p. 373. Thus, the Court *permitted* disclosure of identifying class member information, pre-certification, to plaintiff, following a notice to class members allowing a sufficient opportunity to object to the production of their personal information:

> For all the foregoing reasons, we think the trial court properly evaluated the alternatives, balanced the competing interests, and **permitted the disclosure of contact information** regarding Pioneer's complaining customers unless, following proper notice to them, they registered a written objection. These customers had *no* reasonable expectation of any greater degree of privacy, and *no* serious invasion of their privacy interests would be threatened by requiring them affirmatively to object to disclosure. Pioneer, supra, at pp. 373-374. (Emphasis added.)

#### ii.    The **Belaire-West Landscape** Decision

In the subsequent decision of Belaire-West Landscape, Inc. v. Superior Court, supra, the Court of Appeal *confirmed* that the holding of Pioneer Electronics, a consumer class action case, was equally applicable to employment class actions, such as the instant litigation.

In Belaire, two former employees brought a putative class action against their former employer alleging "wage and hour" violations. As in Pioneer, the defendant opposed the plaintiff's request for

POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR ORDER COMPELLING PIONEER BELAIRE NOTICE : CASE NO. ECU 036***

3

Z:\Data-6329\Pldgs\ExParte-Pioneer/Belaire P&A-doc 12-17.wpd

1    class member identifying information on privacy grounds.  In finding for the *plaintiff*, the Court of

2    Appeal adopted the reasoning of the California Supreme Court:

3    > The *Pioneer* analysis leads us to conclude that *opt-out* notices will also suffice
     > here...While it is unlikely that the employees anticipated broad dissemination of their
4    > contact information when they gave it to Belaire-West, that does not mean that they
     > would wish it to be withheld from a class action plaintiff who seeks relief for
5    > violations of employment laws.  Just as the dissatisfied Pioneer customers could be
     > expected to want their information revealed to a class action plaintiff who might
6    > obtain relief for the defective DVD players, *so can current and former Belaire-*
     > *West employees reasonably be expected to want their information disclosed to a*
7    > *class action plaintiff who may ultimately recover for them unpaid wages that they*
     > *are owed.*  (Belaire West, supra, 149 Cal.App.4th at p. 561.)(Emphasis added.)

8

9    **B.    THE REQUESTED TIME PARAMETERS ARE REASONABLE**

10          Plaintiff has brought the instant *Ex Parte* request, in part, in consideration of the system

11    adopted by the Imperial County Superior Court and the Judicial Council of California.

12          Pursuant to California Rules of Court 710, 711, and 712(a), all California trial courts are to

13    adopt local rules for the disposition of general civil cases which are consistent with  California

14    Government Code § 68603, *et seq*. (The Trial Court Delay Reduction Act, "the Act".)

15          Under the Act, the goal for resolution of unlimited civil cases is: 75% disposed of within 12

16    months, 85% disposed of within 18 months, and **100% within 2 years after filing**.  (Cal. Govt. Code

17    § 68603, et seq..; please see also Cal. Rule of Court 3.714(b)(1).)

18          Based on the foregoing, Plaintiff ALEKSICK contends that it would be in the best interest of

19    the Class, and far less burdensome on the Court, for the proposed Pioneer/Belaire Notice to be issued

20    within five (5) court days from the date of the Order.  Having the proposed Class members authorize

21    the disclosure of their contact and employment information will expedite both discovery and the class

22    certification process in this matter by avoiding further colloquies between the parties' counsel on

23    whether said information should be disclosed.  (Declaration of Palmer.)

24    ///

25    ///

26    ///

27    ///

28    ///

POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR ORDER
COMPELLING PIONEER BELAIRE NOTICE - CASE NO. ECU 03615
-4-

Z. Data 6529 Pldgs Ex Parte-Pioneer Belaire P&A.dec12-07 .wpd

V. CONCLUSION

Based on the foregoing arguments and authorities, Plaintiff ALEKSICK respectfully requests the Court grant ALEKSICK's *Ex Parte* Application and Order the following:

- The Parties to this matter are to "meet and confer" and agree within five (5) court days on a proposed joint notice to putative class members, informing them of Plaintiff ALEKSICK's request for contact and employment information;

- Defendant 7-ELEVEN, INC. shall mail the joint notice to all putative Class members within 5 court days;

- Putative Class members shall thereon have thirty (30) calendar days to exclude themselves from Plaintiff's request by "opting out";

- Immediately after the 30 day "opt out" period, Defendant shall produce the full name, last known home address, and last known home telephone number of all putative class members who have not "opted out" and excluded themselves from Plaintiff's request.

- In the alternative, ALEKSICK requests that the Court issue an Order shortening time to hear ALEKSICK'S request for an Order compelling a "Pioneer/Belaire" notice.

Dated: 12/17/07                          SULLIVAN & CHRISTIANI, LLP

                                         William B. Sullivan,
                                         Eric J. Palmer,
                                         Attorneys for Plaintiff KIMBERLY ALEKSICK

Z Data 6500 Plgs ExParte-Pioneer/Belaire PA A-sec 12-17 wpd

POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR ORDER COMPELLING PIONEER BELAIRE NOTICE - CASE NO. ECU 02615

5

# EXHIBIT K

William B. Sullivan [CSB No. 171637]
Eric J. Palmer [CSB No. 231207]
SULLIVAN & CHRISTIANI, LLP
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff KIMBERLY ALEKSICK,
individually and on behalf of other members of the
general public similarly situated,

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| KIMBERLY ALEKSICK, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC., a Texas Corporation; MICHAEL TUCKER, an individual; and DOES 1-50, Inclusive,<br><br>Defendants. | CASE NO. ECU 03615<br><br>(CLASS ACTION)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**1. NEGLIGENCE (CLASS ACTION);**<br><br>**2. NEGLIGENCE *PER SE* (CLASS ACTION);**<br><br>**3. NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (CLASS ACTION);**<br><br>**4. VIOLATION OF LABOR CODE; (CLASS ACTION);**<br><br>**5. VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 (CLASS ACTION);**<br><br>**6. VIOLATION OF LABOR CODE SECTION 2699, et seq. (REPRESENTATIVE ACTION)** |

COMES NOW Plaintiff KIMBERLY ALEKSICK, (hereinafter "Plaintiff"), and alleges for her

Complaint as follows:

1.    This Court has jurisdiction over this matter in that all parties are residents of the State of

California and the amount in controversy exceeds the statutory minimum limit of this Court. This

Class action is brought pursuant to Section 382 of the California Code of Civil Procedure, and

1   this Representative action is brought pursuant to Labor Code section 2699, et seq. With respect

2   to the Class action, the monetary damages and restitution sought by Plaintiff exceed the minimal

3   jurisdiction limits of the Superior Court and will be established according to proof at trial. The

4   monetary damages sought on behalf of each and every member of the class and as aggregate class

5   damages exceed those jurisdictional limits as well. However, the claims of individual class

6   members, including Plaintiff, are under the $75,000.00 jurisdictional threshold for federal court.

7   Furthermore, there is no federal question at issue, as Wage and Hour protections and remedies

8   related thereto are based solely on California Law and Statutes, including the Labor Code, Civil

9   Code, Code of Civil Procedure, and Business and Professions Code.

10  2.  Venue is proper before this Court in that some or all of the events, acts and happenings as alleged

11    herein occurred within the jurisdiction of the above-entitled court.

12  3.  Venue before this Court is proper in that certain wrongful acts which gave rise to Plaintiff's

13    injuries occurred in Imperial County in the State of California.

14  4.  At all relevant times herein, Plaintiff KIMBERLY ALEKSICK (Hereinafter "Plaintiff") was and

15    is an individual residing in Imperial County in the State of California.

16  5.  Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein,

17    Defendant 7-ELEVEN, INC. (hereinafter "Defendant 7-ELEVEN"), was and is a Texas

18    Corporation doing business in Imperial County in the State of California.

19  6.  Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein,

20    Defendant MICHAEL TUCKER (hereinafter "TUCKER") was and is, residing and doing

21    business in Imperial County in the State of California.

22  7.  Plaintiff is presently unaware of the true names, capacities and liability of Defendants named

23    herein as DOES 1 through 50, inclusive. Accordingly, Plaintiff will seek leave of court to amend

24    this Complaint to allege their true names and capacities after the same have been ascertained.

25  8.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

26    Defendants is responsible in some manner for the wrongs and damages as herein alleged, and in

27    so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and

28    in doing the actions mentioned below was acting within the course and scope of his or her

1    authority as such agent, servant, partner, and employee with the permission and consent of the

2    co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said Defendants.

3    Wherever it is alleged herein that any act or omission was done or committed by any specially

4    named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same

5    act or omission was also done and committed by each and every Defendant named as a DOE,

6    both separately and in concert or conspiracy with the named Defendant or Defendants.

7   9.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,

8        including DOES 1 through 50, are, and at all times herein mentioned were, either individuals,

9        sole proprietorships, partnerships, registered professionals, corporations, alter egos, or other legal

10        entities which were licensed to do and/or were doing business in the County of San Diego, State

11        of California at all times relevant to the subject matter of this action.

12                              **CLASS ACTION ALLEGATIONS**

13  10.   As more specifically set forth below, Plaintiff is bringing this action on behalf of an ascertainable

14        class and a well-defined community of interest among the class members. Code of Civil

15        Procedure Section 382; <u>Richmond v. Dart Industries, Inc.</u> (1981) 29 Cal.3d 426, 470.

16        Throughout her employment, Plaintiff and her former co-workers were knowingly denied and/or

17        refused mandated relieved meal and rest periods, in violation of Labor Code Section 512.

18        Defendant 7-ELEVEN and TUCKER ("Defendants") further failed to provide Plaintiff and her

19        former co-workers one hour of pay at their regular rate of pay for each day the meal and rest

20        periods were not provided, in violation of Labor Code Section 226.7, despite such knowledge.

21        Moreover, Plaintiff and other employees of Defendants regularly worked (at times, in excess of

22        eight (8) hours a day and/or forty (40) hours a week) without receiving appropriate compensation,

23        including but not limited to minimum wage and/or overtime compensation. Further, Plaintiff and

24        other employees of Defendants were required to purchase uniforms using their own monies

25        without reimbursement, in violation of Labor Code section 2802. Additionally, Plaintiff and

26        other employees did not receive itemized wage statements ("pay-stubs") which were compliant

27        with the provisions of Labor Code section 226.

28

11. Plaintiff brings this action on the grounds that she and other similarly situated employees employed by Defendants were and are improperly denied earned compensation (including minimum wage and overtime compensation), denied mandated wages resulting from missed meal and rest periods, improperly required to purchase work uniforms without reimbursement, and improperly issued statutorily non-compliant pay-stubs. Sav-On Drug Stores, Inc. v. Superior Court (2004) 34 Cal.4th 319. The class of present and former employees is believed to number approximately five thousand (5000.)

12. The approximately 5000 member class is ascertainable via their experience as present or past employees of Defendants, and/or as individuals who experienced Defendant 7-ELEVEN acting as "Bookkeeper/Payroll Provider" while they were employed for a 7-ELEVEN store.

13. The class members share a community of interest and an injury in fact as Defendants have violated California laws, thereby depriving the class members of money earned by them.

14. This action involves questions of law and fact common to the class in that Plaintiff is bringing this action on behalf of a class of Defendants' current and former employees who were and/or are improperly denied mandated meal and rest periods, overtime compensation, statutorily compliant pay stubs, and were and/or are improperly required to purchase work uniforms with their own wages. The subject matter of this action both as to factual and legal matters is such that there are questions of law and fact common to the class which predominate over questions affecting only individual members, including, among other violations, the following:

A. Statistically, one hundred percent (100%) of the class members were not "authorized and permitted" to take their legally mandated meal and rest periods, and were not provided the legally mandated payment for not receiving relieved meal and rest periods. One hundred percent of the class members were required by Defendants to purchase work uniforms using their own wages. None of the class members received statutorily compliant pay-stubs during the operative class period.

B. Statistically, one hundred percent (100%) of the class members were not provided appropriate compensation, including minimum wage and overtime compensation, due to an illegal "rounding" method, the result of which would improperly deduct actual time

worked by the Class Members, such that the Class Members were compensated at a lesser rate.

C.   Statistically, one hundred percent (100%) of the class members were not provided compliant Itemized Wage Statements, in that, among other deficiencies, the actual hours worked, and the gross wages earned, were not accurate.

D.   Statistically, one hundred percent (100%) of the class members were damaged when Defendant 7-ELEVEN, acting as self professed "Bookkeeper" and/or "Payroll Provider," breached its Duty of Care and proximately caused damage, in the form of monetary loss, to each of the Class Members.

15.   The duties and responsibilities of the class members Plaintiff is representing were similar and comparable. Any variations in job activities between the individual class members are legally insignificant to the issues presented by this action since the central facts remain, to wit, Plaintiff and the other class members were improperly denied the mandated meal and rest periods, compensation, pay-stubs, and were improperly required to purchase work uniforms using their own wages.

16.   The class on whose behalf the action is brought is so numerous that joinder of all parties individually would be impractical. Plaintiff is bringing this action on behalf of approximately 5000 current and/or former employees of Defendants who share a common or general interest, and it would be impracticable for those current or former employees to bring the action individually.

17.   Plaintiff's claims in this action are typical of the class Plaintiff is generally representing. To wit, Plaintiff and other members in the class were required and instructed by Defendants to perform work during their mandated meal and rest periods and were not provided the mandated relieved and off-duty meal and rest breaks. Defendants further failed to provide Plaintiff and other members in her class one hour of pay at their regular rate of pay for each day the meal and rest periods were not provided, in violation of Labor Code Section 226.7. Defendants further failed to properly pay compensation to Plaintiff and other class members for work performed by them. Defendants further failed to provide Plaintiff and other class members statutorily compliant pay-

1   stubs in accordance with Labor Code Section 226. Defendants further required Plaintiff and

2   other class members to purchase work uniforms using their own wages. Plaintiff seeks proper

3   compensation and restitution on behalf of herself and other members in the class for the

4   foregoing irregularities.

5   18.  Plaintiff can fairly and adequately protect the interests of all the members of the class she is

6   representing in this action. Plaintiff's experience and knowledge of her former employers' Wage

7   and Hour practices and its policy regarding Meal and Rest periods, compensation, issuing pay-

8   stubs, and employee uniform purchases, in addition to Plaintiff's familiarity with the job duties

9   of the class members she is representing, entitle her to adequately and fairly represent the class.

10  19.  Plaintiff has satisfied the three prong "community of interest" requirement in California Code

11  of Civil Procedure Section 382. For example, and as set forth above, (a) this action involves

12  predominant common questions of law or fact in that Plaintiff brings this action on behalf of the

13  approximately 5000 member class who were denied compensation, mandated relieved meal and

14  rest periods, and required wages under Labor Code Section 226.7 and Title 8, California Code

15  of Regulations Section 11070(11)(C) also known as Wage Order 7 and therefore, like Plaintiff,

16  were improperly compensated, (b) Plaintiff's claims and damages are typical of the class Plaintiff

17  represents in that, as mentioned above, Plaintiff seeks on behalf of herself and the class members

18  she represents wages for failure to provide them the required meal and rest periods, including

19  required wages under Labor Code Section 226.7 and Title 8, California Code of Regulations

20  Section 11070(11)(A) and (B), and (c) Plaintiff's experience and knowledge of her former

21  employer's Wage and Hour practices and its policy regarding meal and rest periods, in addition

22  to Plaintiff's familiarity with the job duties of the class members she is representing, entitle her

23  to adequately and fairly represent the class.

24  ## FACTUAL BACKGROUND

25  20.  In or about 2005, Plaintiff commenced working in a position titled by Defendants as "Sales

26  Associate." Plaintiff's employment with Defendants continued until her involuntary termination

27  on February 20, 2007. Throughout her employment with Defendants, Plaintiff performed her job

28  in a capable and competent manner, and was commended for doing so. Throughout her

1    employment with Defendants, both Defendants exercised control over the wages, hours, and or

2    working conditions of Plaintiff and her fellow employees, and both Defendants possessed the

3    right to terminate Plaintiffs' employment, by and through their represented roles as Franchisor

4    and Franchisee. Additionally, and separate and distinct from its obligation as an employer,

5    Defendant 7-ELEVEN required all of its represented Franchisees to delegate the role of

6    Bookkeeper and Payroll Provider to Defendant 7-ELEVEN, and to provide certain

7    documentation - including "time and wage authorizations for your Store employees" - to

8    Defendant 7-ELEVEN. Defendant 7-ELEVEN would thereafter configure and process payroll

9    to the Class Members, including Plaintiff.

10   21.  Pursuant to the Franchise Agreement between Defendant 7-ELEVEN and Defendant TUCKER,

11       and 7-ELEVEN, 7-ELEVEN assumed various statutory duties, as well as a basic Duty of Care.

12       (Please see Exhibit "D".) 7-ELEVEN failed to provide Plaintiff and her former co-workers one

13       hour of pay at their regular rate of pay for each day the meal and rest periods were not provided,

14       in violation of Labor Code Section 226.7, despite such knowledge. Moreover, Plaintiff and other

15       employees of Defendants regularly worked, and at times in excess of eight (8) hours a day and or

16       forty (40) hours a week, without receiving appropriate and represented compensation, including

17       minimum wage and overtime compensation. Despite such knowledge, Defendant 7-ELEVEN

18       failed to provide Plaintiff or other employees with the compensation required by statute, and at

19       the represented amount provided to the employee Class Members. Further, Plaintiff and other

20       employees of Defendants were required to purchase uniforms using their own monies, in

21       violation of Labor Code section 2802. Additionally, Plaintiff and other employees did not

22       receive itemized wage statements ("pay-stubs") from 7-ELEVEN which were compliant with the

23       provisions of Labor Code section 226.

24   22.  Within its purview of Bookkeeper/Payroll Provider, Defendant 7-ELEVEN failed to

25       authorize and/or provide the One-Hour Wage required by California law where a worker

26       has not experienced a 30 minute completely relieved "Meal Period," despite being aware

27       of the specific time periods in which Plaintiff and other Class Members did not receive

28       said 30 minute completely relieved "Meal Periods." Additionally, Defendant 7-ELEVEN

1 used an illegal "rounding" method to lessen the reported actual hours worked by the Class

2 Members, resulting in the Class Members receiving lesser compensation.

3

4       **FIRST CAUSE OF ACTION**
        **Negligence - Class Action**
5    **(By The Class Against Defendant 7-ELEVEN, Inc.)**

6 23. Plaintiff hereby incorporates by reference paragraphs 1 through 22 above, as though fully set

7   forth herein.

8 24. Throughout the operative time period, Defendant 7-ELEVEN owed Plaintiff and the other Class

9   Members a Duty of Care. To wit, Defendant 7-ELEVEN - by and through its operative

10   "Franchise Agreements" - required that each purported Franchisee (to which Defendant

11   TUCKER is an example) delegate the role of Bookkeeper and Payroll Provider to Defendant 7-

12   ELEVEN, and to provide certain documentation - including "time and wage authorizations for

13   your Store employees" - to Defendant 7-ELEVEN. Each of the Class Members, including

14   Plaintiff, fit within the definition of the 7-ELEVEN term "Store employee." Defendant 7-

15   ELEVEN would thereafter configure and process payroll to all the Class Members, including

16   Plaintiff. Defendant 7-ELEVEN assumed the Duty of Care by and through the Franchise

17   Agreements 7-ELEVEN itself created. The Duty of Care included the duty to provide each Class

18   Member with all monies earned and/or legally owing to the Class Members. In fact, the

19   assumption of this Duty of Care was so important to 7-ELEVEN that a Franchisees failure to use

20   7-ELEVEN as Bookkeeper/Payroll Provider was legal cause for 7-ELEVEN to rescind the

21   operative Franchise Agreement.

22 25. Throughout the operative time period, Defendant 7-ELEVEN breached its Duty of Care to

23   Plaintiff and the other Class Members. To wit, and as examples, 7-ELEVEN failed to comply

24   with California State legal requirements regarding the payment of minimum and overtime wages,

25   as well as the payment of wages for non-compliant Meal and Rest Periods. Specifically, despite

26   the knowledge that certain employees would receive less than the 30-minute time period

27   (knowledge gained through documentation 7-ELEVEN itself required to be filled out, and

28   processed using a 7-ELEVEN created "system") Defendant 7-ELEVEN failed to process or pay

1    the additional "one-hour wage" required by State law. Additionally, 7-ELEVEN used an illegal

2    "rounding" system of employee work time calculation, where the actual work time provided by

3    employees would be re-configured by 7-ELEVEN, resulting in a decrease in the amount of work-

4    time reported and paid to the Class Members. Defendant 7-ELEVEN breached its Duty of Care

5    to provide each Class Member with all monies earned and/or legally owing to the Class

6    Members. This decrease violated State wage and hour laws, including but not limited to

7    minimum wage and overtime requirements.

8  26.   The failure by Defendant 7-ELEVEN to comply with the operative Duty of Care caused damage

9       to Plaintiff and the other Class Members.

10  27.   As a direct result of Defendant 7-ELEVEN's Breach of its' Duty of Care, Plaintiff and the other

11      Class Members have suffered Damages.

### SECOND CAUSE OF ACTION
#### Negligence *Per Se* - Class Action
#### (By The Class Against Defendant 7-ELEVEN)

28.   Plaintiff hereby incorporates by reference paragraphs 1 through 27 above, as though fully set

     forth herein.

29.   The State of California has enacted and codified various protections, in favor of employees, in

     regard to the payment of wages earned during employ. For example, California Labor Code

     section 1194 provides as follows:

> (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. (b) The amendments made to this section by Chapter 825 of the Statutes of 1991 shall apply only to civil actions commenced on or after January 1, 1992.

30.   The State of California has also enacted and codified those person(s) to whom the duties to

     ensure the above employee protections apply. These statutes, exemplified below, establish

     required duties upon employers and "other person(s) acting individually" or "on behalf of an

     employer."

31.    For example, California Labor Code section 1197.1 provides, in pertinent part, as follows:

Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows: ...

32.    California Labor Code section 1199 provides as follows:

Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following: (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission. (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission. (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission.

33.    California Labor Code section 558 provides, in pertinent part, as follows:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: ...

34.    During the course of the operative Class Period, Defendant 7-ELEVEN owed a duty of care to Plaintiff and the other Class Members to ensure that each Class Member was fully and completely paid all wages earned, and reimbursable expenses incurred, during their employ. To require its represented "Franchisees" to use 7-ELEVEN as Payroll-Processor/Bookkeeper (and, as a result, all Class Members to experience 7-ELEVEN Payroll-Processing), 7-ELEVEN incurred a duty of care in performing the functions of said positions. Further, 7-ELEVEN assumed these statutory duties pursuant to the Franchise Agreement, where the purported Franchisees failure to assign this duty to 7-ELEVEN was proper grounds for 7-ELEVEN to rescind and/or cancel the contract.

35.    Defendant 7-ELEVEN breached its' Duty of Care to the Class Members. 7-ELEVEN breached multiple Labor Code sections, including those referenced above, as well as 226, 226.7, 510, 512, and 2802. For example, Defendant 7-ELEVEN possessed knowledge of the time taken by each Class Member during the above referenced Meal Periods, and those specific occasions in which the time taken did not comply with the statutory requirement. Defendant 7-ELEVEN was aware of the statutory requirement to provide a Wage of One-Hour where the Meal Period was not fully provided. Despite having the responsibility of providing said Wage

1  of One-Hour. 7-ELEVEN did not provide this wage. As a second example, 7-ELEVEN used

2  an illegal "rounding" system of employee work time calculation, where the actual work time

3  provided by employees would be re-configured by 7-ELEVEN, resulting in a decrease in the

4  amount of work-time reported and paid to the Class Members. This decrease violated State

5  wage and hour laws, including but not limited to minimum wage and overtime requirements.

6  36.  Defendant 7-ELEVEN's Breach of its' Duty of Care to Plaintiff and the other Class Members

7      was a proximate and substantial factor in bringing about the subsequent damages.  The

8      violation of these statutes resulted from an occurrence the nature of which the Labor Code

9      statutes were designed to prevent, and Plaintiff and the other class members were of the class

10     of persons for whose protection the Labor Codes were adopted.

11  37.  As a direct result of Defendant 7-ELEVEN's Breach of its' Duty of Care, Plaintiff and the

12     other Class Members have suffered Damages.

13

14                            **THIRD CAUSE OF ACTION**
15  **Negligent Interference With Prospective Economic Advantage - Class Action**
                **(By The Class Against Defendant 7-ELEVEN)**

16  38.  Plaintiff hereby incorporates by reference paragraphs 1 through 37 above, as though fully set

17     forth herein.

18  39.  Throughout the operative time period, an economic relationship existed between all Class

19     Members and third parties, containing a future economic benefit and advantage to the Class

20     Members. To wit, the Class as defined includes only those California based individuals who

21     were employed by purported 7-ELEVEN Franchisees, who were "third party" entities separate

22     and distinct from Defendant 7-ELEVEN. The future economic benefit and advantage included

23     the total wages due, from the third parties to the Class Members, for all the work  performed

24     by the Class Members.

25  40.  At all relevant time periods, Defendant 7-ELEVEN knew of the economic relationship between

26     the Class Members and the third party entities. In fact, 7-ELEVEN references the Class

27     Members (as, among other terms, "Store employees") in the "Franchise Agreements" 7-

28

1    ELEVEN entered into with each of the third parties.

2    41.    Defendant 7-ELEVEN engaged in wrongful conduct. To wit, Defendant 7-ELEVEN required

3    each of the third party Franchisees to use 7-ELEVEN as "Bookkeeper/Payroll Provider as a

4    condition necessary to a continued relationship. Defendant 7-ELEVEN possessed knowledge

5    of the time taken by each Class Member during the above referenced Meal Periods, and those

6    specific occasions in which the time taken did not comply with the statutory requirement.

7    Defendant 7-ELEVEN was aware of the statutory requirement to provide a Wage of One-Hour

8    where the Meal Period was not fully provided. Despite having the responsibility of providing

9    said Wage of One-Hour, 7-ELEVEN did not provide this wage. As a second example, 7-

10    ELEVEN used an illegal "rounding" system of employee work time calculation, where the

11    actual work time provided by employees would be re-configured by 7-ELEVEN, resulting in

12    a decrease in the amount of work-time reported and paid to the Class Members. Succinctly,

13    Defendant 7-ELEVEN failed to provide each Class Member with all monies earned and/or

14    legally owing to the Class Members. This decrease violated State wage and hour laws,

15    including but not limited to minimum wage and overtime requirements.

16    42.    It was reasonably foreseeable that this wrongful conduct would interfere with or disrupt the

17    above referenced economic relationship if Defendant 7-ELEVEN failed to exercise due care.

18    To wit, if 7-ELEVEN failed to provide compensation to the Class Members in accordance with

19    California law, the Class Members would (and did) receive less of an economic benefit as a

20    result of their relationship with the third parties.

21    43.    The economic relationship between the Class Members and the third parties was actually

22    interfered with or disrupted. To wit, the Class Members failed to receive wages due on those

23    occasions where said Class Members failed to receive a compliant Meal or Rest Period, and

24    received less of an economic benefit on those occasions where Defendant 7-ELEVEN used an

25    illegal "rounding" technique to deprive Class Members of actual hours worked.

26    ///

27    ///

28

44. The above described conduct caused the Class Members damage. Specifically, the Class Members lost portions of the economic benefit from the economic relationship.

### FOURTH CAUSE OF ACTION
#### Violation of Labor Code - Class Action
#### (By The Class Against All Defendants)

45. Plaintiff hereby incorporates by reference paragraphs 1 through 44 above, as though fully set forth herein.

46. California Labor Code § 226.7(a) states that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

47. Under applicable state law, employees who work more than five (5) hours a day are entitled to a meal period of at least thirty (30) minutes, and a second meal period of at least thirty (30) minutes if they work more than ten (10) hours in a day. (Labor Code § 512(a).)

48. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. Title 8, California Code of Regulations Section 11070(11)(A) and (B), also know as Wage Order 4.

49. An employer who fails to provide meal or rest periods as required by an applicable Wage Order must pay the employee one additional hour of pay at the employee's regular rate of pay for each workday that the meal or rest period was not provided. (Labor Code § 226.7(b); IWC Wage Orders 1-2001 through 13-2001, 15-2001.)

50. During the course of her employment, Plaintiff and other employees were required by Defendants to work through their lunches and perform work during their meal and rest periods, and therefore, Plaintiff and other members in her class were denied relieved and off-duty meal and rest periods.

51. Defendants willfully failed and refused to pay Plaintiff and other employees one additional hour of pay at their regular rate of pay for each workday that a meal or rest period was not provided as required by Labor Code Section 226.7.

52. California Labor Code § 226 states, in part, that each pay period, Defendants shall provide its employees an accurate Itemized Wage Statement, showing (in part) the gross wages earned and the total hours earned by each employee.

53. During the course of her employment, Plaintiff and other employees were not provided statutorily compliant Itemized Wage Statements ("pay-stubs") by Defendants.

54. As a direct result of Defendants' willful failure and refusal to (a) provide the mandated meal or rest period or pay one additional hour of pay at the regular rate of pay for each workday that a meal or rest period was not provided, and (b) failure to comply with Labor Code section 226, Plaintiff and other employees have suffered injury, loss and harm all to their damages in a sum according to proof. On behalf of the class, Plaintiff hereby seeks compensatory damages, back pay (or penalty), and prejudgement interest, and the payment of one hour of pay at the regular rate of pay, for each day the Meal or Rest period was not provided.

55. California Labor Code § 510(a) states that, "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Further, California law requires the payment of compensation for all time worked.

56. During the course of her employment, Plaintiff and other employees were not properly or legally compensated, including the failure to receive compensation at one and one half (1½) times their regular rate of pay for hours worked in excess of 8 hours a day and/or 40 hours a week. As a result, Plaintiff and other Class Members have suffered injury, loss and harm all to their damages in a sum according to proof.

57. Labor Code section 2802(a) states that, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

58. During the course of her employment, Plaintiff and other employees were required by

1    Defendants to purchase, using their own funds, custom pants, shirts, and shoes as part of their

2    "work uniforms." Additionally, Plaintiff and other employees were required to clean all or part

3    of their "work uniforms." Plaintiff and other employees were not reimbursed by Defendants

4    for these expenditures.

5    59.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is

6    presently unaware of the precise amount of these expenses and fees and prays leave of court

7    to amend this Complaint when the amounts are more fully known.

8

9    **FIFTH CAUSE OF ACTION**
**Violation of Business and Professions Code §17200 - Class Action**
10    **(By The Class Against All Defendants)**

11    60.    Plaintiff hereby incorporates by reference paragraphs 1 through 59 as though fully set forth

12    herein.

13    61.    Plaintiff is a direct victim of Defendants' illegal and unfair business acts and practices

14    referenced in this complaint, and has lost money as a result of such practices, and is suing both

15    in her individual capacity and on behalf of former or current employees of Defendants and/or

16    recipients of Payroll-Processing and Bookkeeping who share a common or general interest in

17    the damages as a result of the illegal practices. Specifically, Plaintiff is bringing this claim on

18    behalf of Defendants' current and former employees and/or recipients of Payroll-Processing

19    and Bookkeeping who are/were improperly denied mandated relived meal and rest periods and

20    required wages under Labor Code Section 226.7, denied proper compensation, including

21    minimum wage and overtime compensation under Labor Code Section 510, denied statutorily

22    compliant pay-stubs under Labor Code Section 226, and required to purchase and clean

23    uniforms using their funds, a violation of Labor Code Section 2802. The class of present and

24    former employees is believed to be approximately 5000 members.

25    62.    The approximately 5000 member class is ascertainable via their experience as present or past

26    employees of Defendant 7-Eleven and/or recipients of Payroll-Processing and Bookkeeping.

27    The members share a community of interest, and an injury in fact, as Defendant 7-ELEVEN

28

has violated California compensation laws, thereby depriving the class members of money earned by them. Based on the facts set forth above, it would be impracticable to proceed in individual actions.

63. Plaintiff has suffered an injury in fact pursuant to Business and Professions Code Section 17204, and has lost money as a result of Defendant 7-ELEVEN's illegal practices, in that she was improperly denied Wages in violation of Labor Code Section 226.7, throughout her employment and experience with the Payroll-Processing/Bookkeeping of Defendants.

64. Plaintiff is bringing this action on behalf of an ascertainable class, who share a community of interest, pursuant to Business and Professions Code Section 17203 and Code of Civil Procedure Section 382, who share a common or general interest in the damages as a result of the illegal practices, in that those individuals on whose behalf the action is brought have also lost money as a result of Defendants' practices, by denying them proper payment of Wages under Labor Code Section 226.7, denying them proper compensation, including compensation under Labor Code Section 510, denying them statutorily compliant pay-stubs under Labor Code Section 226, and requiring them to purchase and clean uniforms using their funds, a violation of Labor Code Section 2802, and that it would be impracticable to proceed in as an individual plaintiff action.

65. As set forth above, during the course of Plaintiff's employment, Defendants failed and refused to properly pay Plaintiff, and other employees and/or Payroll-Processing Recipients, mandated meal and rest periods and one hour of pay at the employees' regular rate of pay for each day the meal and rest periods were not provided. (Labor Code Sections 226.7, 512;    Title 8, California Code of Regulations Section 11070(11)(A) and (B).) Defendants failed and refused to properly pay Plaintiff, and other employees and/or Payroll-Processing Recipients overtime compensation for hours worked in excess of 8 hours a day and/or 40 hours a week. (Labor Code Section 510.) Defendants failed and refused to provide Plaintiff, and other employees and/or Payroll-Processing Recipients statutorily compliant pay-stubs. (Labor Code Section 226.) Defendants improperly required Plaintiff and other employees and/or Payroll-Processing

1         Recipients to purchase and clean work uniforms using their funds. (Labor Code section 2802.)

2  66.    California Business and Professions Code § 17200 *et seq.*, prohibits any unlawful, unfair, or

3        fraudulent business act or practice.

4  67.    Plaintiff's allegations herein are based upon the business acts and practices of the Defendants.

5  68.    Defendants' acts and practices as described herein above are unlawful, in that they violate the

6        California Labor Code.

7  69.    As a direct result of Defendants' unlawful business acts and practices, Plaintiff, and other

8        employees and/or Payroll-Processing Recipients, have been denied wages earned, and have

9        therefore been damaged in amount to be proven. Accordingly, Plaintiff prays for restitution

10      and injunctive damages in an amount to be proven.

11  70.    Plaintiff is informed and believes, and on that basis alleges, that the unlawful business

12      practices alleged above are continuing in nature and are widespread practices engaged by

13      Defendants.

14  71.    On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against

15      Defendants, to enjoin them from continuing to engage in the illegal conduct alleged herein.

16  72.    On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages.

17  73.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is

18      presently unaware of the precise amount of these expenses and fees and prays leave of court

19      to amend this Complaint when the amounts are more fully known.

20

                  **SIXTH CAUSE OF ACTION**

21    **Violation of Labor Code Section 2699, *et seq.* - Representative Action**
              **(By The Class Against 7-Eleven, Inc.)**

22

23  74.    Plaintiff hereby incorporates by reference paragraphs 1 through 73 as though fully set forth

      herein.

24

25  75.    At all times mentioned herein, Defendant 7-ELEVEN, INC. was subject to the Labor Codes

26      and Industrial Welfare Commission Wage Orders of the State of California, including, but not

      limited to, California Labor Code section 2699, *et seq.*

27

28  76.    Plaintiff Class Representative has exhausted her Administrative Remedies and pre-filing

requirements pursuant to California Labor Code section 2699.3. To wit, on June 6, 2007, counsel for Plaintiff Class Representative gave written notice, via Certified Mail, to the California Labor & Workforce Development Agency regarding the specific provisions of the California Labor Code Section violated by Defendant 7-ELEVEN, INC., as well as the facts and theories in support. (A true and correct copy of this letter is attached hereto as Exhibit "A.") On July 11, 2007, the California Labor & Workforce Development Agency sent written notice that they do not intend to investigate the claim, thus allowing Plaintiff to proceed. (A true and correct copy of this letter is attached hereto as Exhibit "B.") Further, on or about September 24, 2007, counsel for Plaintiff Class Representative gave amended written notice, via Certified Mail, to the California Labor & Workforce Development Agency regarding the specific provisions of the California Labor Code Section violated by Defendant 7-ELEVEN, INC., as well as the facts and theories in support. (A true and correct copy of this letter is attached hereto as Exhibit "C.") The statutory period for the California Labor & Workforce Development Agency to send written notice that they intend to investigate the claim has expired, thus allowing Plaintiff to proceed.

77.    At all times mentioned herein, Defendant 7-ELEVEN, INC. was not only acting as an "Employer" for Plaintiff and the Class, but was also a "person acting either individually or as an officer, agent or employee of another person," as that term is used within California Labor Code sections 1197.1 and 1199.

78.    California Labor Code section 1197.1 provides, in pertinent part, as follows: "Any employer or other person acting either individually or as an officer, agent or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. (2) For each subsequent violation for the same specific offense, two hundred dollars ($250) for each underpaid employee for each pay period for with the employee is underpaid regardless of whether the initial violation is intentionally committed." California Labor Code section 1199 provides, in pertinent part, as follows: "Any

1   employer or other person acting either individually or as an officer, agent or employee of

2   another person is guilty of a misdemeanor and punishable by a fine of not less than one

3   hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any

4   of the following: (a) requires or causes an employee to work for longer hours than those fixed,

5   or under conditions of labor prohibited by an order of the commission; (b) pays or causes to

6   be paid to any employee a wage less than the minimum fixed by an order of the commission;

7   c) violates or refuses or neglects to comply with any provision of this chapter or any order or

8   ruling of the commission."

9   79.   Throughout the Class Period, Defendant 7-ELEVEN, INC. provided bill-paying, payroll-

10  processing and record-keeping, in terms of financial records and wage payments, for 7-Eleven

11  store employees, including Sales Associates. Further, Defendant 7-ELEVEN, INC. required

12  its employees and/or its Franchisees employees to comply with various mandates of 7-

13  ELEVEN, INC. as a condition of employment and/or continued employment.

14  80.   Throughout the Class Period, Plaintiff and the remaining class members were not provided

15  their legally mandated meal and rest periods, and were not provided the legally mandated

16  payment for not receiving relieved meal and rest periods. Further, many of the conditions of

17  employment and/or continued employment violated provisions of the Labor Code and orders

18  of the commission.

19  81.   The California Supreme Court, in Murphy v. Kenneth Cole (2007) 40 Cal.4th 1094, has

20  recently confirmed that the legally mandated "Meal Period Payment" is a Wage.

21  82.   California law holds that Minimum Wage laws apply to each and every hour worked, and that

22  it is illegal to withhold from any employee any Wage earned by that employee. Armenta v.

23  Osmose, Inc. (2006) 135 Cal.App.4th 314.

24  83.   Although Defendant 7-ELEVEN, INC. possessed the opportunity and the obligation to provide

25  this Wage to Plaintiff and the remaining Class Members, it failed to pay or cause to be paid

26  said Wages. Defendant 7-ELEVEN, INC. thus failed to pay, or cause to be paid, the Minimum

27  Wage to Plaintiff and the remaining Class Members. Additionally, although Defendant 7-

28  ELEVEN, INC. possessed the opportunity and the obligation to Plaintiff and the remaining

1         Class Members, it failed to comply with the provisions of the Labor Code and orders of the

2         commission, it failed to comply.

3   84.     As a direct result of Defendant 7-Eleven Inc.'s failure to pay, or cause to be paid, the Minimum

4         Wage to Plaintiff and the remaining Class Members, and its failure to comply with the

5         provisions of the Labor Code and orders of the commission, Plaintiff and the remaining Class

6         Members have been damaged.

7   85.     As California Labor Code section 2699 provides for civil penalties recoverable by Plaintiff on

8         behalf of herself and the Class by and through Labor Code section 2699.3, and as Plaintiff has

9         complied with the pre-filing requirements, Plaintiff and the Class may recover the penalties

10        pursuant to Labor Code section 2699, as more specifically set forth in the below Prayer For

11        Relief.

12   86.    Plaintiff and the Class also seek an award of reasonable Attorney's fees and costs pursuant to

13        Labor Code section 2699(g)(1), and interest, pursuant to Labor Code section 218.6.

14

15                       **PRAYER FOR RELIEF**

16        WHEREFORE, Plaintiff on her own behalf and on behalf of the members of the Class and the

17  general public, prays for judgment as follows:

18   1.     For an order certifying the proposed Class;

19   2.     For compensatory damages according to proof as set forth in California Labor Code § 226,

20         California Labor Code § 226.7, California Labor Code § 510, California Labor Code section

21         1194 and California Labor Code § 2802, for failing to provide statutorily compliant itemized

22         wage statements ("pay-stubs"), failing to provide proper compensation, including but not

23         limited to minimum wage and overtime compensation, denying mandated meal and rest

24         periods and other wages resulting from failure to count work employees performed during meal

25         breaks as time worked, and for improperly requiring employees to purchase work uniforms

26         using their own funds;

27   3.     For waiting time penalties according to proof pursuant to California Labor Code § 203;

28

4.    For civil penalties pursuant to California Labor Code §§ 2699, 201, 203, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1197.1, 1199 and 226(e), and Title 8, California Code of Regulations Section 11070 Section 20.

5.    For compensatory damages in an amount to be proven;

6.    For lost back pay in an amount to be proven;

7.    On behalf of the ascertainable class, for a permanent injunction against Defendant Employer restraining, preventing, and enjoining Defendant Employer from engaging in the illegal practices alleged, and to ensure compliance with Labor Code section 226;

8.    On behalf of the ascertainable Class, for restitution damages on behalf of the Section 17200 claimants who share a common or general interest;

9.    For an award of interest, including prejudgement interest, pursuant to Labor Code Section 218.6;

10.    For an award of attorneys' fees and costs of suit herein pursuant to Labor Code Sections 2699 *et seq.*, 226, 2802, 1194 and 218.

11.    For an award of punitive and exemplary damages where permissible; and

12.    For such other relief as the court deems just and proper.


Dated: 12/11/07                                 SULLIVAN & CHRISTIANI, LLP



                                                William B. Sullivan,
                                                Eric J. Palmer,
                                                Attorneys for Plaintiff KIMBERLY ALEKSICK
                                                individually and on behalf of other members of
                                                The general public similarly situated

# EXHIBIT L

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF IMPERIAL**

*FOR COURT USE ONLY*

FILED

DEC 2 1 2007

SUPERIOR COURT
IMPERIAL COUNTY CA.
JOSE Q. QUILLEN, CLERK
BY _____ DEPUTY

Plaintiff/Petitioner: Kimberly Alecksick

Defendant/Respondent: 7 Eleven, Inc., et al.

**CASE MANAGEMENT ORDER**

CASE NO. ECU03615

The court has reviewed the case management statement(s) of ☐Plaintiff(s) ☐Defendant(s) ☐Cross-complainant(s) ☐Cross-defendant(s) ☐Other: _____

The Court orders/finds:
☐The case management conference scheduled herein is vacated.
☐The case management conference was held on _____.
☒The case management conference is continued to 02/11/2008 at 8:30am in Department 7.

☐CASE DESIGNATION:
   ☐The court finds that the case is amenable to disposition within ☐12 months ☐18 months ☐ 24 months of the filing of the Complaint.
   ☐The court finds that the case is exempt from differential case management pursuant to California Rules of Court, Rule 209(d).

☐ARBITRATION:
   ☐The court finds that the case is amenable to arbitration. The case is referred to arbitration, with arbitration to be completed by _____.
   ☐The court finds the case to be exempt from arbitration.

☐TRIAL:
   ☐The matter is set for a ☐jury ☐court trial on _____.  A jury trial is demanded by ☐ plaintiff(s) ☐defendant(s) ☐Other: _____.
   ☐A Settlement Conference shall be held on _____.
   ☐A Trial Management Conference is set for _____.
   ☐The case is not ready to be set for trial because:
      ☐All parties have not appeared or been defaulted.
      ☐Other: _____.

☐Other: _____.

IT IS SO ORDERED.

Dated: __12·21·07__       _____
                          JUDGE OF THE SUPERIOR COURT

# EXHIBIT M

1   PAYNE & FEARS LLP
    Attorneys at Law
2   Eric C. Sohlgren, Bar No. 161710
    Lindley P. Fraley, Bar No. 223421
3   4 Park Plaza, Suite 1100
    Irvine, CA 92614
4   Telephone: (949) 851-1100
    Facsimile: (949) 851-1212
5
    WELTER LAW FIRM, P.C.
6   Eric A. Welter (Virginia Bar No. 38193)
    720 Lynn Street, Suite B
7   Herndon, VA 20170
    Telephone: (703) 435-8500
8   Facsimile: (703) 435-8851
9   Attorneys for Defendant
    7-ELEVEN, INC.
10
11              SUPERIOR COURT OF THE STATE OF CALIFORNIA
12                        COUNTY OF IMPERIAL

13  KIMBERLY ALEKSICK, individually and on      CASE NO. ECU03615
    behalf of other members of the general public
14  similarly situated,                          Assigned for All Purposes to:
                                                 Judge: The Hon. Christopher Yeager
15              Plaintiff,                        Department: 7

16       v.                                       **ANSWER OF DEFENDANT 7-ELEVEN,
                                                 INC. TO PLAINTIFF'S FIRST
17  7-ELEVEN, INC., a Texas Corporation;         AMENDED COMPLAINT**
    MICHAEL TUCKER, an individual; and DOES
18  1-50, inclusive,
                                                 Date Action Filed:  April 16, 2007
19              Defendants.                       Trial Date:         None Set
20

21                          <u>**GENERAL DENIAL**</u>
22
23          Defendant 7-Eleven, Inc. ("Defendant") for itself and for no other defendant, denies,
24  generally and specifically, each and every allegation contained in the First Amended Complaint for
25  Damages filed herein by Plaintiff Kimberly Aleksick ("Plaintiff"). Defendant further denies, generally
26  and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on
27  the part of Defendant or on the part of any agent or employee of Defendant, or any of them.
28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

                        ANSWER TO FIRST AMENDED COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     The First Amended Complaint, and each alleged cause of action therein, fails to state sufficient facts to constitute a claim upon which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     The First Amended Complaint, and each alleged cause of action therein, is barred, in whole or in part, by the applicable statutes of limitation, including but not limited to Code of Civil Procedure §§ 338(a), 340(a), 340 (b) and 343; Labor Code §§ 203; and Business and Professions Code § 17208.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

3.     The First Amended Complaint, and each cause of action alleged therein, is barred because Plaintiff failed to satisfy the procedural prerequisites prior to filing the action or to exhaust available administrative remedies in a timely manner.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## FOURTH AFFIRMATIVE DEFENSE

### (Proper Compensation)

4.    Defendant is informed and believes that Plaintiff's claims are barred in whole or in part because at all times mentioned in the First Amended Complaint, Plaintiff was compensated properly pursuant to the requirements contained in the California Labor Code and the Wage Orders of the California Industrial Welfare Commission.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

5.    Plaintiff, as a private litigant, lacks standing to bring a claim for damages under California Business and Professions Code section 17200 *et seq.*

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

6.    The First Amended Complaint, and each alleged cause of action therein, is barred, in whole or in part, because Defendant did not employ Plaintiff, and even if Defendant had employed Plaintiff, Defendant acted in good faith conformity with and reliance on regulations, orders, rulings interpretations, practices or policies of the California Industrial Welfare Commission and the California Division of Labor Standards Enforcement.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

### SEVENTH AFFIRMATIVE DEFENSE

**(Legitimate Business Reason)**

7.    The First Amended Complaint, and each alleged cause of action therein, is barred, in whole or in part, because each employment action of which Plaintiff complains, if it occurred at all, was taken for legitimate business reasons that did not violate public policy or any statutory prohibition.

### EIGHTH AFFIRMATIVE DEFENSE

**(Justification)**

8.    Plaintiff's First Amended Complaint, and each cause of action alleged therein, is barred because Defendant's actions with respect to the subject matter in each of the alleged causes of action was undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further Defendant's purpose to engage in and continue their business activities.

### NINTH AFFIRMATIVE DEFENSE

**(No Ratification)**

9.    Defendant is not liable for damages because if any person engaged in intentional, willful or unlawful conduct as alleged in Plaintiff's First Amended Complaint, he or she did so without the knowledge, authorization or ratification of Defendant.

ANSWER TO FIRST AMENDED COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## TENTH AFFIRMATIVE DEFENSE

### (No Commonality)

10.     The First Amended Complaint, and each alleged cause of action therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff has not identified an ascertainable class; (b) Plaintiff is an inadequate representative of the purported class; (c) Plaintiff cannot establish typicality of claims; and (d) the individualized nature of the putative class's claims make class treatment inappropriate.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

11.     The First Amended Complaint, and each alleged cause of action therein, is barred, in whole or in part, by Plaintiff's failure to mitigate damages as required by law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Offset)

12.     Plaintiff's damages, if any, must be reduced by amounts Plaintiff owes to Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

13.     Plaintiff's losses, if any, are speculative and uncertain or both, and therefore not compensable.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Punitive or Exemplary Damages)

14.     Plaintiff's prayer for punitive and exemplary damages is barred on the ground that punitive and exemplary damages are not available under the statutory causes of action pled by Plaintiff.  Even if they were available, the acts or omissions alleged by Plaintiff were made in good faith by Defendant, and Defendant had reasonable grounds for believing that the alleged acts or omissions were not in violation of the California Labor Code, and therefore no punitive or exemplary damages are available.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Causation by Plaintiff)

15.     Plaintiff's First Amended Complaint, and each alleged cause of action therein, is barred, in whole or in part, because any damages or injuries that Plaintiff allegedly suffered were caused by Plaintiff's own conduct and actions, and not because of any unlawful conduct or actions by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause and Failure To Exercise Ordinary Care by Plaintiff)

16.     If any loss, injury, damage or detriment occurred as alleged in the Complaint, the loss, injury, damage or detriment was caused and contributed to by the actions of Plaintiff, and, as Plaintiff did not exercise ordinary care on her own behalf, her own acts and omissions proximately caused and contributed to the loss, injury, damage or detriment alleged by Plaintiff and Plaintiff's recovery from Defendants, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Duty)

17.     Plaintiff's First Amended Complaint, and each alleged cause of action therein, is barred, in whole or in part, because Defendant did not owe any duty to Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Breach)

18.     Plaintiff's First Amended Complaint, and each alleged cause of action therein, is barred, in whole or in part, because Defendant did not breach any duty with respect to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Breach of Loyalty/Bad Faith)

19.     Plaintiff's First Amended Complaint, and each alleged cause of action therein, is barred, in whole or in part, because Defendant acted in bad faith and breached her duty of loyalty under Labor Code §§ 2860, 2861 and 2863.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Representative Action)

20.     Plaintiff's claim under Labor Code § 2699 is barred, in whole or in part, because such a claim may only be pled as a class action.

ANSWER TO FIRST AMENDED COMPLAINT

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

21.    The First Amended Complaint, and each alleged cause of action therein, is barred by the doctrine of unclean hands because of Plaintiff's conduct and actions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

22.    Plaintiff's First Amended Complaint, and each cause of action alleged therein, is barred because Plaintiff is estopped from asserting each of the claims alleged therein.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Waiver)

23.    Plaintiff's First Amended Complaint, and each cause of action alleged therein, is barred because Plaintiff has waived the right, by reason of her conduct and actions, to assert each of the claims alleged herein.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Laches)

24.    Plaintiff's First Amended Complaint, and each cause of action alleged therein, is barred by the doctrine of laches.

ANSWER TO FIRST AMENDED COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence Doctrine)

25.     Plaintiff's alleged causes of action, and each of them, and Plaintiff's claims for damages, back wages and penalties may be barred by after acquired evidence of misconduct by Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Liability for Acts of Other Defendants)

26.     Defendant is not liable for the alleged acts of Michael Tucker and Tuckers 7-Eleven on the grounds that Tuckers 7-Eleven and Michael Tucker are independent contractors and are not employees or agents of Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff Not Employed by Defendant)

27.     Plaintiff's alleged causes of action, and each of them, against 7-Eleven, Inc. are barred on the grounds that 7-Eleven Inc. did not employ Plaintiff or any putative class member.

ANSWER TO FIRST AMENDED COMPLAINT

WHEREFORE, Defendant prays for judgment as follows:

1.    That judgment be entered in favor of Defendant and against Plaintiff;

2.    That the Complaint herein be dismissed in its entirety with prejudice;

3.    That Defendant be awarded its costs of suit herein;

4.    That Defendant be awarded reasonable attorney's fees as determined by the Court; and

5.    For such other and further relief as the Court may deem just and proper.

DATED:  January 9, 2007

PAYNE & FEARS LLP

By: _____
        LINDLEY P. FRALEY

Attorneys for Defendant
7-ELEVEN, INC.

ANSWER TO FIRST AMENDED COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

# EXHIBIT N

ERIC C. SOHLGREN, Bar No. 161710
ecs@paynefears.com
LINDLEY P. FRALEY, Bar No. 223421
lpf@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

ERIC A. WELTER
eaw@welterlaw.com
WELTER LAW FIRM PC
720 Lynn Street, Suite B
Herndon, VA 20170
Telephone: (703) 435-8500
Facsimile: (703) 435-8851

Attorneys for Defendant
7-ELEVEN, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY ALEKSICK, individually and on behalf of other members of the general public similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>7-ELEVEN, INC., a Texas Corporation, MICHAEL TUCKER; an individual; and DOES 1-50, Inclusive,<br><br>        Defendants. | CASE NO. **08 CV 0059** J WMC<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446** |

Defendant 7-Eleven, Inc. ("7-Eleven") hereby gives notice pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 of the removal to this Court of the action

1

commenced against it in the Superior Court of the State of California, County of Imperial, styled <u>Kimberly Aleksick v. 7-Eleven, Inc., et al.</u> (ECU03615) ("State Court Action"). The following facts support this removal:

## PROCEDURAL HISTORY

1.      On or about April 16, 2007, Plaintiff Kimberly Aleksick ("Plaintiff") filed a Complaint against 7-Eleven and its franchisee Michael Tucker in the Superior Court for the State of California, County of Imperial. Attached hereto as Exhibit "A" is a true and correct copy of the Complaint, Civil Case Cover Sheet and Summons.

2.      On June 1, 2007, 7-Eleven filed its Answer to the Complaint. Attached hereto as Exhibit "B" is a true and correct copy of 7-Eleven's Answer.

3.      The Superior Court noticed a Case Management Conference for August 14, 2007. Attached hereto as Exhibit "C" is a true and correct copy of the Court's Notice.

4.      The Court continued the Case Management Conference to August 23, 2007 in an Order dated August 8, 2007. Attached hereto as Exhibit "D" is a true and correct copy of the Court's Order.

5.      On July 11, 2007, 7-Eleven filed a *Pro Hac Vice* Application for the admission of Eric A. Welter. Attached hereto as Exhibit "E" is a true and correct copy of the Application.

6.      On July 17, 2007, 7-Eleven filed a Case Management Statement. Attached hereto as Exhibit "F" is a true and correct copy of the Statement.

7.      On July 18, 2007, Plaintiff's counsel filed a Notice of Plaintiff's Counsel's Unavailability to Appear at the Case Management Conference and Request to Continue the CMC, along with a Proposed Order granting the Request. Attached hereto as Exhibit "G" is a true and correct copy of the Notice, Request, and Proposed Order.

8.    On July 19, 2007, Defendant Michael Tucker filed an Answer to Plaintiff's Complaint. Attached hereto as Exhibit "H" is a true and correct copy of Mr. Tucker's Answer.

9.    On July 19, 2007, Plaintiff filed a Notice of No Opposition to the *Pro Hac Vice* Application for Eric A. Welter. Attached hereto as Exhibit "I" is a true and correct copy of the Notice.

10.    On July 25, 2007, Plaintiff filed a Case Management Statement for the Case Management Conference on August 14, 2007. Attached hereto as Exhibit "J" is a true and correct copy of the Statement.

11.    On July 31, 2007, Defendant Michael Tucker filed a Case Management Statement for the Case Management Conference on August 14, 2007. Attached hereto as Exhibit "K" is a true and correct copy of the Statement.

12.    On August 1, 2007, the Court issued a Notice of Hearing for the *Pro Hac Vice* Application of Eric A. Welter. Attached hereto as Exhibit "L" is a true and correct copy of the Notice of Hearing.

13.    On August 8, 2007, 7-Eleven filed a Notice of Intent to Appear at the Case Management Conference by Telephone. Attached hereto as Exhibit "M" is a true and correct copy of the Notice.

14.    On August 8, 2007, the Court issued an Order continuing the Case Management Conference to August 23, 2007. Attached hereto as Exhibit "N" is a true and correct copy of the Court's Order.

15.    On August 23, 2007, the Court issued a Case Management Order setting a Case Management Conference for September 25, 2007. Attached hereto as Exhibit "O" is a true and correct copy of the Court's Case Management Order.

16.    7-Eleven provided notice of the Class Action Case Conference to all Parties. Attached hereto as Exhibit "P" is a true and correct copy of the Notice of Class Action Case Conference.

NOTICE OF REMOVAL

17.     On September 6, 2007, attorneys for Michael Tucker provided a Notice of Change of Firm Name.  Attached hereto as Exhibit "Q" is a true and correct copy of the Notice of Change of Firm Name.

18.     On September 12, 2007, 7-Eleven filed a Case Management Statement.  Attached hereto as Exhibit "R" is a true and correct copy of the Case Management Statement.

19.     On September 12, 2007, the Court granted Eric A. Welter's *Pro Hac Vice* Application.  Attached hereto as Exhibit "S" is a true and correct copy of the Court's Order.

20.     On September 25, 2007, the Court issued a Case Management Order setting a Case Management Conference for December 21, 2007.  Attached hereto as Exhibit "T" is a true and correct copy of the Court's Order.

21.     On December 4, 2007, 7-Eleven filed a Case Management Statement and a Notice of Intent to Appear Telephonically.  Attached hereto as Exhibit "U" is a true and correct copy of the Case Management Statement and Notice.

22.     On December 5, 2007, Defendant Michael Tucker filed a Case Management Statement.  Attached hereto as Exhibit "V" is a true and correct copy of the Statement.

23.     On December 17, 2007, Plaintiff filed an *Ex Parte* Application for an Order Compelling "Pioneer/Belaire" Notice, or in the Alternative, For An Order Shortening Time To Hear Plaintiff's Request for an Order Compelling "Pioneer/Belaire" Notice.  Attached hereto as Exhibit "W" is a true and correct copy of the Application.

24.     On December 13, 2007, Plaintiff's counsel faxed to counsel for 7-Eleven Plaintiff's First Amended Complaint ("FAC").  Attached hereto as Exhibit "X" is a true and correct copy of the FAC.

25.     On January 9, 2008, 7-Eleven timely filed an answer to Plaintiff's FAC.  Attached hereto as Exhibit "Y" is a true and correct copy of the Answer.

4

26.    Exhibits "A" through "Y" hereto constitute the pleadings, process and orders served upon or by 7-Eleven in the State Court Action.

## JURISDICTION

27.    The original Complaint contained several causes of action based on alleged violations of the California Labor Code by Tucker.  Count 1 alleged violations of the California Labor Code by Tucker for failure to provide meal or rest breaks, failure to pay overtime compensation, requiring employees to pay for uniforms, and noncompliant wage stubs.  Count 2 alleged a claim under Business and Professions Code section 17200 for the same alleged violations.

28.    The original Complaint did not state a federal question and was not removable on the basis of diversity jurisdiction because Tucker is a resident of California.

29.    The original Complaint was not removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Plaintiff's original Complaint framed the putative class as "Plaintiff and her former co-workers" (*Compl.* ¶ 10) and "Plaintiff and similarly situated employees" (*Compl.* ¶ 11).  Plaintiff was an employee of franchisee Michael Tucker.  Even assuming that 7-Eleven was found to be Plaintiff's "employer," which was extremely unlikely under California law (see ¶ 4 below), there was no legal basis in the original Complaint to extrapolate the putative class to franchisees other than Michael Tucker.  As such, Plaintiff's "co-workers" would not likely have numbered over the 100 required for jurisdiction under the CAFA nor would 7-Eleven have been able to establish an amount in controversy greater than $5,000,000 as required by the CAFA.

30.    The claims in the original Complaint were all premised upon alleged Labor Code violations by 7-Eleven's franchisee, Michael Tucker.  The California courts have repeatedly upheld the independent contractor relationship between 7-Eleven and its franchisees, holding that 7-Eleven is not the employer of its

franchisee's employees nor is it an agent of the franchisee. <u>Singh v. 7-Eleven, Inc.</u>, 2007 WL 715488 (N.D.Cal. 2007); <u>Cislaw v. Southland Corp.</u>, 4 Cal.App.4th 1284 (1992); <u>Wickham v. Southland Corp.</u>, 168 Cal.App.3d 49 (1985); <u>see</u> also <u>Chelkova v. Southland Corp.</u>, 771 N.E.2d 1100 (Ill. App. 2002); <u>Daves v. Southland Corp.</u>, 2000 WL 60199 (Wash. App. 2000); <u>Hatcher v. Augustus</u>, 956 F.Supp. 387 (E.D.N.Y. 1997). Indeed, there is a paucity of reported decisions nationwide holding franchisors liable for the wage and hour violations of its franchisee. <u>See, e.g.</u>, <u>Howell v. Chick-Fil-A, Inc.</u>, 1993 WL 603296, *2 n.2 (N.D.Fla. 1993) (noting in FLSA case brought by employee of franchisee against franchisor that that court has "not discovered a reported case in which a franchisor has been held liable to an employee of an independent contractor."). Thus, given that the original Complaint involved at most two 7-Eleven stores operated by franchisee Michael Tucker, the original Complaint did not satisfy the jurisdictional limits under the CAFA.

31.   On December 17, 2007, 7-Eleven received Plaintiff's First Amended Complaint by facsimile.

32.   The First Amended Complaint is a substantially new complaint. It includes new claims against 7-Eleven that are fundamentally different from those in the original Complaint. The new claims include negligence, negligence per se, and negligent interference with prospective economic advantage, and a claim for penalties under California Labor Code section 2699.

33.   Plaintiff's "negligence" claims seek to impose direct liability on 7-Eleven for its practices in providing payroll services to its franchisees. Thus, the "negligence" claims do not depend on a finding that 7-Eleven was Plaintiff's "employer." These claims, for the first time, potentially implicate all of 7-Eleven's approximately 1,200 franchise stores in California.

34.   Removal here is governed by 28 U.S.C. § 1446(b). Section 1446(b) provides, in pertinent part, "[i]f the case stated by the initial pleading is not

removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

35.    The three "negligence" claims asserted directly against 7-Eleven in the First Amended Complaint are not dependent upon 7-Eleven's status as an "employer."  Rather, the First Amended Complaint asserts a completely new theory of liability directly against 7-Eleven:  that 7-Eleven acted negligently in operating its payroll system for its franchisees.  (*See, e.g., First Amd. Compl.* ¶¶ 22, 24-25).  As discussed in more detail below, the First Amended Complaint is an amended pleading from which it may first be ascertained that the case is removable, and 7-Eleven has filed this removal within thirty (30) days of its receipt.

36.    The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(d), and is one which may be removed to this Court by 7-Eleven pursuant to 28 U.S.C. § 1441, in that:

    a.  7-Eleven is a corporation incorporated in and under the laws of the State of Texas, and it is and has been at all material times a citizen of that state.  7-Eleven's corporate headquarters and principal place of business is in Dallas, Texas.  7-Eleven is not a citizen of the State of California.  (*See First Amd. Compl.* ¶ 5).

    b.  Plaintiff is a resident of the State of California.  (*First Amd. Compl.* ¶ 4).

    c.  According to Plaintiff, the potential class consists of 5,000 individuals.  (*First Amd. Comp.* ¶ 11).  Assuming that the putative class now includes the employees of 7-Eleven's approximately 1,200 franchise stores in California (which the original Complaint could not have), 7-Eleven's records indicate there were approximately 19,000

NOTICE OF REMOVAL

individuals employed by its franchisees in California for some period of time during 2006.

d. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. To determine the amount in controversy, the Court "must assume that the allegations in the complaint are true." <u>Forever Living Prods. U.S. Inc. v. Geyman</u>, 471 F.Supp.2d 980, 986 (D.Ariz. 2006); <u>Kenneth Rothschild Trust v. Morgan Stanley Dean Witter</u>, 199 F.Supp.2d 993, 1001 (C.D.Cal. 2002).

(a) Plaintiff alleges that the potential class consists of 5,000 individuals, "100%" of whom were denied meal and rest breaks and not provided the mandated payment required by law. (*FAC*, ¶¶ 11, 14A).

1. Under Plaintiff's sixth claim for relief under California Labor Code section 2699, an employer is liable for a $100 penalty for the initial violation and $200 for each subsequent violation. The relevant limitations period for this claim is one year. Cal. Code Civ. Proc. § 340. Assuming that Plaintiff's allegation that 100% of the class was denied the meal and rest breaks during each work week during the one year limitations period, the potential damages on this claim amounts to $51,500,000 (5,000 * $100 + 5,000 * $200 * 51).

2. The minimum wage in California during a substantial part of the potential class period here was $6.75. The relevant limitations period on Plaintiff's section 17200 restitution claim is four years. California Bus. & Prof. Code § 17208. Based on Plaintiff's allegations that

NOTICE OF REMOVAL

"100%" of the employees in California were deprived of meal and rest breaks and not paid the hour of pay due each week due to 7-Eleven's payroll system, the potential damages on that claim would amount to $7,020,000 ($6.75 a week * 52 weeks * 5,000 putative class members* 4 years).

(b)    7-Eleven's records indicate that there were approximately 19,000 individuals employed by its 1,215 franchise stores in California in 2006 and that the average hourly wage of those individuals as of February 2007 was $8.48.

1. Looking again at Plaintiff's claim under California Labor Code § 2699, assuming only two violations per putative plaintiff during the one-year limitations period, the potential damages on this claim alone would amount to $5,700,000 (19,000 * 300).

2. Looking at Plaintiff's meal and rest break claim, assuming that the putative class members were not paid the statutorily required one-hour of pay for each week during the year prior to the commencement of this case, the potential damages on this claim would amount to $8,378,240 (19,000 * 52 * 8.48).

e. 7-Eleven has established the elements necessary for removal under the CAFA, 28 U.S.C. § 1332(d).

37.    The United States District Court for the Southern District of California, San Diego Division, is the District Court of the United States and the Division thereof embracing the place where the State Court Action is pending prior to removal.

9

1

## CONCLUSION

2      38.    Because 7-Eleven has established the necessary elements for removal

3  pursuant to 28 U.S.C. § 1332(d), 7-Eleven respectfully requests that this Court

4  exercise its removal jurisdiction over this action.

5

6  DATED:  January 10, 2008              PAYNE & FEARS LLP

7

8                                              By: _Lindley P. Fraley_____

9                                                     LINDLEY P. FRALEY

10                                              Attorneys for Defendant
                                                7-ELEVEN, INC.
11

12

13  381800

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

# EXHIBIT O

# SULLIVAN & CHRISTIANI

### A LIMITED LIABILITY PARTNERSHIP

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

**2330 Third Avenue**
**San Diego, California 92101**
**PHONE (619) 702-6760**
**FACSIMILE (619) 702-6761**

LAS VEGAS

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2056

January 18, 2008

Eric A. Welter, Esq. (Virginia)          *Via Facsimile Only:  (703) 435-8851*
WELTER LAW FIRM, P.C.
720 Lynn Street, Suite B
Herndon, VA 20170

Re:    Kimberly Aleksick v. 7-Eleven, Inc.
       Case No.: ECU03615

Dear Mr. Welter:

Please allow this correspondence to serve as a "meet and confer" in the above referenced matter, with specific regard to the Notice of Removal recently filed on behalf of your client. Thank you for your assistance throughout this litigation.

Upon receipt of the Notice of Removal, we subsequently contacted your "local counsel" to request clarification as to the filing and service. Within that communication, we questioned whether counsel would consider a "meet and confer" regarding the deficiencies within the Removal, and were directed to your office.

Respectfully, your Notice of Removal is deficient on its face, given the admissions and correct citations to controlling law. As such, we ask that you withdraw the Removal, and request that the matter be sent back to the Imperial County Superior Court. Please understand that the delay inherent within a Removal and subsequent Remand will increase the damage potential (on interest alone) tens of thousands of dollars. Additionally, while Plaintiff will not seek sanctions (due to your prior professional courtesy in this matter), the Court has discretion to do so on many grounds, including "frivolous filing."

As the 7-ELEVEN Notice of Removal specifically states: "the Court 'must assume the allegations in the complaint are true.' Forever Living Prods. U.S. Inc. v. Geyman 471 F.Supp 980, 986 (D.Ariz. 2006); Kenneth Rothschild Trust v. Morgan Stanley Dean Witter 199 F.Supp. 993, 1001 (C.D. Cal.2002)."

In fact, the standard is even more clear: "In measuring the amount in controversy, a court must assume that the allegations in the complaint are true *and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint*." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp.2d 993 (C.D. Cal. 2002); Forever Living Products U.S. Inc. v. Geyman, 471 F. Supp. 2d 980, 986 (D. Ariz. 2006).                                              (Emphasis Added).

Succinctly, 7-ELEVEN is alleged to be an employer in the original Complaint. As such, it must be assumed that such an allegation is true, and that the jury will return a verdict for Plaintiff on this claim.

Your recitation to the fact that in "prior cases" - which have not been prosecuted by Plaintiff, or this firm - a Court has not found 7-ELEVEN to be an "employer" does not relieve your obligation to assume our allegations as true.

Further, please note that the allegations within the Complaint and First Amended Complaint - with respect to, for example, the "Meal Period Claim" - are *identical*, with the only difference being a citation to a different IWC Wage Order.

Thus, given the above law, and the calculations 7-ELEVEN itself provides within the Notice of Removal, it is clear the Removal should have taken place following receipt of the *original* Complaint.

Additionally, recent controlling 9th Circuit Appellate law has confirmed that a Removal petition is untimely where "other papers" placed the Removing Party on notice of the "amount in controversy." Babasa v. Lenscrafters (9th Circuit 2007) 498 F.3d. 972. A simple review of your file will establish that 7-ELEVEN, your office, and the office of your local counsel have been provided multiple correspondence providing the parameters of the claim.

Given the above, we must respectfully state that the Notice of Removal is patently deficient, and should be withdrawn. As such, we request that you confirm, by **Thursday, January 14, 2008; Noon**, that your client will be withdrawing the Notice of Removal. Barring such confirmation, please understand that Plaintiff will file a Motion to Remand, seeking all available remedies (with the exception of a sanctions request, as explained above). Additionally, if we are required to file a Motion to Remand, we will be attaching this "meet and confer" letter as an exhibit.

Again, thank you for your assistance throughout this matter. Should you have any questions or comments, please do not hesitate to contact my office.

Very truly yours,

Eric J. Palmer

cc:    William B. Sullivan

# EXHIBIT P

# WELTER LAW FIRM, P.C.

DIRECT DIAL 703.435.8809
EAW@WELTERLAW.COM

ERIC A. WELTER
ADMITTED IN VA, MD, DC, TX, MN

MICHAEL K. WILSON
ADMITTED IN VA

January 22, 2008

## VIA FACSIMILE AND FIRST CLASS MAIL

Eric J. Palmer, Esq.
Sullivan & Christiani LLP
2330 Third Avenue
San Diego, California 92101

### Aleksick v. 7-Eleven, Inc., et al.
### No. 08-00059 (S.D.Cal.)

Dear Mr. Palmer:

Thank you for your meet-and-confer letter dated January 18, 2007, which we received yesterday by facsimile. We respectfully disagree with your conclusion that the removal of this action is factually or legally deficient. The removal is most certainly not "frivolous." We believe removal was appropriate. If you have grounds to seek remand of the case to state court then the federal court will have to make that determination.

I also wanted to mention that the removal of the case to federal court has terminated 7-Eleven's duty to respond to your outstanding state court discovery requests, specifically Plaintiff's Request for Admissions, Set Four, and Form Interrogatories Employment Law, Set Two. *See, e.g., Riley v. Walgreen Co.,* 233 F.R.D. 496 (S.D.Tex. 2005). In addition, the *Early Neutral Evaluation Order* entered by the Court has stayed all discovery in the case. We can meet-and-confer about how to handle the outstanding discovery at an appropriate time in the future.

Thank you for your continued cooperation and professionalism.

Sincerely,

Eric A. Welter

cc: Eric C. Sohlgren, Esq.

720 LYNN STREET, SUITE B
HERNDON, VIRGINIA 20170
703.435.8500   FAX 703.435.8851

William B. Sullivan  [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego. California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff KIMBERLY ALEKSICK

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY ALEKSICK. individually and on behalf of other members of the general public similarly situated. | ) **CASE NO.** 08-CV-59 |
| | ) **(CLASS ACTION)** |
| Plaintiff. | ) **CERTIFICATION OF SERVICE** |
| v. | ) *Oral Argument Requested* |
| | ) *Document Electronically Filed* |
| 7-ELEVEN. INC.. a Texas Corporation: MICHAEL TUCKER. an individual: and Does 1 through 50. Inclusive. | ) |
| | ) Date:   March 3. 2008 |
| Defendants. | ) Time:  8:30 a.m. |
| | ) Dept:   12 |
| | ) Judge: Hon. Napoleon A. Jones. Jr. |

I. Alison M. Miceli. hereby certify that on January 24. 2008. the following documents were electronically filed with the Clerk of the Court on behalf of. Plaintiff KIMBERLY ALEKSICK:

1.   Notice of Motion to Remand to State Court:

2.   Plaintiff's Memorandum of Points and Authorities in Support of the Motion to Remand to State Court:

3.   Declaration of Alison M. Miceli. Esq. in Support of the Motion to Remand to State Court:

4.   Notice of Lodgement: and

5.   Certificate of Service.



Certification of Service

1    I further certify that true and correct copies of the foregoing documents along with

2    accompanying exhibits were served via US mail upon:

3
4
5                          Eric C. Sohlgren, Esq.
                           Lindley P. Fraley, Esq.
                           Payne & Fears, LLP
                           4 Park Plaza, Suite 1100
                           Irvine, CA 92614

6
7                          Eric A. Welter, Esq.
                           Welter Law Firm, P.C.
8                          720 Lynn Street, Suite B
                           Herndon, VA 20170

9

10   I certify that the foregoing statements made by me are true.  I am aware that if any of the

11   foregoing statements made by me are willfully false, I am subject to punishment.

12

13   Dated: January 24, 2008                    **SULLIVAN & CHRISTIANI, LLP**

14

15

16                                              William B. Sullivan,
                                                Alison M. Miceli,
17                                              Attorneys for Plaintiff,
                                                KIMBERLY ALEKSICK

18

19

20

21

22

23

24

25

26

27

28