ERIC C. SOHLGREN, Bar No. 161710
ecs@paynefears.com
LINDLEY P. FRALEY, Bar No. 223421
lpf@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

ERIC A. WELTER
eaw@welterlaw.com
WELTER LAW FIRM PC
720 Lynn Street, Suite B
Herndon, VA 20170
Telephone: (703) 435-8500
Facsimile: (703) 435-8851

Attorneys for Defendant
7-ELEVEN, INC.

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY ALEKSICK, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>7-ELEVEN, INC., a Texas Corporation, MICHAEL TUCKER; an individual; and DOES 1-50, Inclusive,<br><br>Defendants. | CASE NO. 08 CV 0059 J  (WMc)<br>The Hon. Napoleon A. Jones, Jr.<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND MOTION TO STRIKE**<br><br>Hearing Date:  March 3, 2008<br>Time:        8:30 a.m.<br>Courtroom:  12<br>Judge:       Hon. Napoleon A. Jones, Jr. |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ ii

I.    INTRODUCTION .................................................................................... 1

II.   STATEMENT OF FACTS ....................................................................... 3

      A.    Procedural History.......................................................................... 3

      B.    Plaintiff's Employment With Tucker .............................................. 4

      C.    The Independent Contractor Agreement Between 7-Eleven
            And Tucker ..................................................................................... 4

III.  LEGAL ARGUMENT.............................................................................. 5

      A.    THE APPLICABLE LEGAL STANDARD ................................... 5

      B.    THE CALIFORNIA LABOR CODE PROVIDES THE
            EXCLUSIVE STATUTORY REMEDY FOR PLAINTIFF'S
            ALLEGED INJURIES IN THE FIRST THREE CAUSES OF
            ACTION ........................................................................................ 6

      C.    7-ELEVEN DID NOT OWE A DUTY OF CARE TO
            PLAINTIFF .................................................................................... 7

            1.    7-Eleven Did Not Assume A Duty Of Care To Plaintiff...... 8

            2.    7-Eleven Did Not Owe A Duty Of Care To Plaintiff
                  Under California Law ........................................................... 9

      D.    PLAINTIFF'S FOURTH, FIFTH AND SIXTH CAUSES
            OF ACTION FAIL AS A MATTER OF LAW BECAUSE
            7-ELEVEN WAS NOT PLAINTIFF'S EMPLOYER.................. 14

      E.    THE COURT SHOULD STRIKE PLAINTIFF'S CLAIM FOR
            PUNITIVE DAMAGES ................................................................ 17

IV.   CONCLUSION....................................................................................... 18

i

# TABLE OF AUTHORITIES

## Cases

Biankanja v. Irving (1958) 49 Cal.2d 647 ............................................................. 11

Bily v. Arthur Young & Co., 3 Cal.4th 370 (1992) ............................... 10, 11, 12, 14

Branch v. Tunnell, 14 F.3d 449 (9th Cir. 1994), *overruled on other grounds,*

    Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002) ...................... 8

California Service Station & Auto Repai Ass'n v. American Home Assurance Co.,

    73 Cal. Rptr.2d 182 62 Cal.App.4th 1166 (Cal. App. 1998)................................ 10

Chelkova v. Southland Corp., 771 N.E.2d 1100 (Ill. App. 2002) ......................... 17

Cislaw v. Southland Corp., 4 Cal.App.4th 1284 (1992) ....................................... 17

Czechowski v. Tandy Corp. 731 F.Supp. 406 (N.D.Cal. 1990) ............................. 18

Daves v. Southland Corp., 2000 WL 60199 (Wash. App. 2000) .......................... 17

Green v. Party City Corp., 2002 WL 553219 (C.D. Cal. 2002) .............................. 9

Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542 (9th Cir.

    1989) ...................................................................................................................... 8

Hatcher v. Augustus, 956 F.Supp. 387 (E.D.N.Y. 1997) ...................................... 17

Howell v. Chick-Fil-A, Inc., 1993 WL 603296 (N.D.Fla. 1993) .......................... 17

In re Immune Response Securities Litigation, 375 F.Supp.2d 983 (S.D.Cal. 2005) 8

In re Wal-Mart Stores, Inc. Wage and Hour Litigation, 505 F.Supp.2d 609 (N.D.

    Cal. 2007).......................................................................................................... 9, 18

Isenberg v. California Employment Stabilization Comm'n, 30 Cal.2d 34, 180 P.2d

    11 (1947).............................................................................................................. 16

Jackson v. Roe, 273 F.3d 1192 (9th Cir. 2001) ..................................................... 10

Johnson v. Metropolitan Sewer Dist., 926 F.Supp. 874 (E.D.Mo. 1996).............. 18

Moody v. Industrial Accident Comm'n, 204 Cal. 668, 269 P. 542 (1928)............. 16

Natori v. Roofing & Waterproofing Forensics, Inc., 2005 WL 1660635 (Cal. App.

    2005) (unpublished)............................................................................................. 13

Nichols v. Keller, 15 Cal.App.4th 1672, 19 Cal. Rptr.2d 601 (1993). ................... 15

Pulido v. Coca-Cola Enterp., Inc., 2006 WL 1699328 (C.D. Cal. 2006) ................ 9

Quelimane Co. v. Stewart Title Guaranty Co., (1998) 19 Cal.4th 26, 77 Cal.Rptr.2d 709, 960 P.2d 513 ...................................................................................... 14

Reynolds v. Bement, 32 Cal.Rptr.3d 483, 36 Cal.4th 1075, 116 P.3d 1162 (2005) 16

Rice v. Center Point, Inc., 65 Cal. Rptr.3d 312, 154 Cal.App.4th 949 (Cal. App. 2007) ..................................................................................................................... 10

Rojo v. Kliger, 52 Cal.3d 65 (1999) ........................................................................ 9

Roth v. Garcia Marquez, 942 F.2d 617 (9th Cir. 1991) ........................................... 8

Sanchez v. Lindsey Morden Claims Services, Inc. (1999) 72 Cal.App.4th 249 ... 13, 14

Sprint Telephony PCS, L.P. v. County of San Diego, 311 F.Supp.2d 898 (S.D.Cal. 2004) ............................................................................................. 8, 11, 17

Steckman v. Hart Brewing Inc., 143 F.3d 1293 (9th Cir. 1998) .............................. 8

Stolz v. Wong Comm. Ltd. Partnership, 25 Cal.App.4th 1811 (Cal. App. 1994) ... 10

Thomas v. Home Depot USA, Inc., 2007 WL 2854259 (N.D.Cal. 2007) ................ 9

Tieberg v. Unemployment Insurance Appeals Bd., 2 Cal.3d 943, 88 Cal.Rptr. 175, 471 P.2d 975 (1970) ......................................................................................... 16

Turnbull & Turnbull v. ARA Transp., Inc., 219 Cal.App.3d 811 (1990) .............. 18

Western Mining Council v. Watt, 643 F.2d 618 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981) ................................................................................................. 8

Wickham v. Southland Corp., 168 Cal.App.3d 49, 213 Cal.Rptr. 825 (1985). 16, 17

**Statutes**

Cal. Bus. & Prof. Code § 17200 ............................................................................ 15

Cal. Labor Code § 226 ........................................................................................... 15

Cal. Labor Code § 2699(a) ..................................................................................... 16

Cal. Labor Code 226.7(a) ....................................................................................... 15

Cal. Labor Code 226.7(b) ....................................................................................... 15

Cal. Labor Code 2802(a) ........................................................................................ 15

MEMORANDUM IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

Cal. Labor Code 512(a) ................................................................. 15

Singh v. 7-Eleven, Inc., 2007 WL 715488, *7 (N.D.Cal. 2007) ...................... 16, 17

**Rules**

Fed. R. Civ. Pro. 12(c) ................................................................. 8

MEMORANDUM IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant 7-Eleven, Inc. ("7-Eleven"), by counsel, has moved this Court for judgment on the pleadings on Plaintiff's First Amended Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the ground that the First Amended Complaint fails to state a claim upon which relief may be granted against 7-Eleven as a matter of law. 7-Eleven has also moved to strike Plaintiff's claim for punitive damages pursuant to Rule 12(f).

## I.    INTRODUCTION

This case is an illegitimate attempt to impose liability on 7-Eleven for the alleged wage and hour violations of a single 7-Eleven franchisee in Brawley, California. The California courts have repeatedly upheld the independent contractor relationship between 7-Eleven and its franchisees, holding that 7-Eleven is not the employer of its franchisee's employees nor are its franchisees agents of 7-Eleven. Indeed, there is a paucity of reported decisions nationwide holding franchisors liable for the wage and hour violations of its franchisee.

Undeterred by the overwhelming legal authority against her position, Plaintiff Kimberly Aleksick ("Plaintiff") brings a multitude of claims against 7-Eleven in this proceeding based on the bald allegation that 7-Eleven was her "employer." Plaintiff is a former employee of Defendant Michael Tucker ("Tucker"). Tucker operates a 7-Eleven food store in Brawley, California, as a franchisee pursuant to a written independent contractor agreement with 7-Eleven. Plaintiff's original Complaint in the Superior Court for Imperial County, California, sought relief against the defendants for various alleged violations of the California Labor Code.

Perhaps recognizing the significant weakness of the claims in her original Complaint (which relied entirely on the assertion that 7-Eleven was her employer), Plaintiff filed a First Amended Complaint. The First Amended Complaint contains six causes of action: (1) negligence; (2) negligence per se; (3) negligent interference with prospective economic advantage; (4) violation of California

1

Labor Code; (5) violation of Business and Professions Code section 17200; and (6) violation of California Labor Code section 2699. The first three causes of action are new. In those claims, Plaintiff seeks to impose direct liability on 7-Eleven through a novel "negligent payroll" theory. This novel theory, however, has no legal basis under California law. Furthermore, despite eight months of discovery, Plaintiff's First Amended Complaint contains no new factual allegations that would support her bald assertion that 7-Eleven was her employer.

The new causes of action in the First Amended Complaint (Negligence; Negligence Per Se; Negligent Interference With Prospective Economic Advantage) fail to state a claim upon which relief may be granted for several reasons. First, all three claims fail as a matter of law because the California Labor Code provides the exclusive statutory remedy for Plaintiff's alleged injuries. Second, even if Plaintiff's negligence claims are not preempted by the California Labor Code, all three negligence claims fail as a matter of law because 7-Eleven did not owe Plaintiff a duty of care with respect to the alleged conduct.

7-Eleven is also entitled to judgment as a matter of law on Plaintiff's Fourth (California Labor Code), Fifth (Bus. & Prof. Code § 17200) and Sixth Causes (California Labor Code § 2699) of Action in the First Amended Complaint because 7-Eleven was not Plaintiff's employer. Although the First Amended Complaint contains the bald assertion that 7-Eleven was Plaintiff's employer, it fails to allege specific facts supporting that assertion. Ordinarily, the bald assertion that 7-Eleven was Plaintiff's employer might suffice to survive a motion for judgment on the pleadings. In this case, however, the franchise agreement between 7-Eleven and Tucker that is appended to the First Amended Complaint directly contradicts Plaintiff's assertion. That agreement expressly provides that the relationship between Tucker and 7-Eleven is an independent contractor relationship and that 7-Eleven has no control over Tucker's employees or the means or manner of the operation of his store. Because the agreement is appended to, and referenced in,

2

Plaintiff's First Amended Complaint, the Court must accept these facts as true for purposes of this motion and must disregard Plaintiff's conclusory allegation to the contrary. Because the uncontradicted allegations of the First Amended Complaint and the provisions of the franchise agreement, when taken as true, establish that 7-Eleven was not Plaintiff's employer, 7-Eleven cannot be held liable on Plaintiff's Fourth, Fifth or Sixth Causes of Action as a matter of law.

If the Court dismisses Plaintiff's negligence claims but allows the California Labor Code and/or Section 17200 claims to proceed against 7-Eleven, 7-Eleven has also moved to strike Plaintiff's claim for punitive damages. Neither the California Labor Code claims nor the Section 17200 claim allow the recovery of punitive damages under California law.

## II.    STATEMENT OF FACTS

### A.    Procedural History.

On or about April 16, 2007, Plaintiff filed a Complaint against 7-Eleven and its franchisee Tucker in the Superior Court for the State of California, County of Imperial. The original Complaint contained several causes of action based on alleged violations of the California Labor Code by Tucker. The first cause of action alleged violations of the California Labor Code by Tucker for failure to provide meal or rest breaks, failure to pay overtime compensation, requiring employees to pay for uniforms, and noncompliant wage stubs. The second cause of action alleged a claim under Business and Professions Code § 17200 for the same alleged violations. 7-Eleven is named a defendant on both causes of action based on the allegation that it was Plaintiff's employer.

On December 17, 2007, after eight months of discovery, 7-Eleven received Plaintiff's First Amended Complaint by facsimile. The First Amended Complaint is a substantially new complaint. It includes new claims against 7-Eleven that are fundamentally different from those in the original Complaint. The new claims include negligence, negligence per se, and negligence interference with prospective

3

economic advantage, and a claim for penalties under California Labor Code § 2699. Plaintiff's negligence claims seek to impose direct liability on 7-Eleven for its practices in providing payroll services to its franchisees. Thus, the new negligence claims do not depend on a finding that 7-Eleven was Plaintiff's employer. 7-Eleven removed the case to federal court on January 10, 2008.

**B.    Plaintiff's Employment With Tucker.**

Plaintiff began her employment with Tucker in 2005 as a Sales Associate. (*First Amd. Compl.* ¶ 20). Plaintiff was employed through February 20, 2007. (*Id.*)

**C.    The Independent Contractor Agreement Between 7-Eleven And Tucker.**

Plaintiff acknowledges that a franchise agreement existed between 7-Eleven and Tucker and has attached an excerpt of the agreement as Exhibit D to the First Amended Complaint. (*First Amd. Compl.* ¶ 21 & Ex. D). Plaintiff further alleges that as part of the franchise relationship, 7-Eleven agreed to provide payroll services to Tucker. (*Id.* ¶ 20). 7-Eleven has lodged a copy of the agreement with the Court. (*Declaration of Eric A. Welter* ¶ 2 & Ex. A [hereafter *Franchise Agr.*]).

Plaintiff alleges that, pursuant to the franchise agreement, 7-Eleven configured and processed the payroll for Tucker. (*First Amd. Compl.* ¶ 20). Paragraph 12 of the franchise agreement provides that the franchisee agrees to "prepare and furnish to" 7-Eleven "time and wage authorizations for your Store employees." (*Franchise Agr.* ¶ 12(c)(1)). The franchise agreement contains the explicit acknowledgment of the franchisee that 7-Eleven is "relying on the accuracy of all information you and your employees provide, including all payroll information." (*Id.* ¶ 12(c)(3)). The franchise agreement further provides that "all information that you [Tucker] and your employees provide will be truthful, accurate, complete and in compliance with all applicable laws." (*Id.* Ex. D, ¶

4

12(c)(3)).  The franchisee also agrees "at all times [to] use the 7-Eleven Payroll System in accordance with our standards."  (*Id.* ¶ 19(h)).

The franchise agreement also establishes an independent contractor relationship between Tucker and 7-Eleven.  Paragraph 2 of the franchise agreement provides:

> **2.    Independent Contractor.**  You and we agree that this Agreement creates an arm's-length business relationship and does not create any fiduciary, special or other similar relationship.  You agree:  (a) to hold yourself out to the public as an independent contractor; (b) to control the manner and means of the operation of the Store; and (c) to exercise complete control over and responsibility for all labor relations and the conduct of your agents and employees, including the day-to-day operations of the Store and all Store employees.  You and your agents and employees may not:  (i) be considered or held out to be our agents or employees or (ii) negotiate or enter any agreement or incur any liability in our name, on our behalf, or purporting to bind us or any of our or your successors-in-interest.  Without in any way limiting the preceding statements, we do not exercise any discretion or control over your employment policies or employment decisions.  All employees of the Store are solely your employees and you will control the manner and means of the operation of the Store.  No actions you, your agents or employees take will be attributable to us or be considered to be actions obligating us.

(*Id.* ¶ 2).

## III.    LEGAL ARGUMENT

### A.    THE APPLICABLE LEGAL STANDARD.

After the pleadings are closed, any party may move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Fed. R. Civ. Pro. 12(c).  Judgment on the pleadings is appropriate if, assuming the truth of

all material facts pled in the complaint, the moving party is nonetheless entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

The court may consider material that is attached to the complaint on a motion for judgment on the pleadings. In re Immune Response Securities Litigation, 375 F.Supp.2d 983, 994-95 (S.D.Cal. 2005). The court must limit its review to documents attached to, or referenced by, the complaint. See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds*, Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). "If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1 (9th Cir. 1991).

"[T]he court does not have to accept as true conclusory allegations that contradict facts that may be judicially noticed or that are contradicted by documents referred to in the complaint." Sprint Telephony PCS, L.P. v. County of San Diego, 311 F.Supp.2d 898, 903 (S.D.Cal. 2004) (citing Steckman v. Hart Brewing Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998)). Moreover, "the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations." Id. (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981)).

## B.    THE CALIFORNIA LABOR CODE PROVIDES THE EXCLUSIVE STATUTORY REMEDY FOR PLAINTIFF'S ALLEGED INJURIES IN THE FIRST THREE CAUSES OF ACTION.

Plaintiff's first three causes of action contain common law tort claims based on alleged injuries that are compensable under the California Labor Code. Indeed, Plaintiff's negligence claims are based on the exact same conduct that forms the

6

1  basis for her Labor Code claims.  Because the California Labor Code provides the

2  exclusive statutory remedy for Plaintiff's alleged injuries, the Court should dismiss

3  the First, Second and Third Causes of Action with prejudice.

4      "Under California law, where a statute creates a right that did not exist at

5  common law and provides a comprehensive and detailed remedial scheme for its

6  enforcement, the statutory remedy is exclusive." In re Wal-Mart Stores, Inc. Wage

7  and Hour Litigation, 505 F.Supp.2d 609, 618 (N.D. Cal. 2007) (citing Rojo v.

8  Kliger, 52 Cal.3d 65, 79 (1999)).  Based on this rule, the courts have repeatedly

9  dismissed common law claims based upon the same set of facts as alleged Labor

10  Code violations.  Id. at 618-19 (dismissing common law claim based on same

11  conduct as Labor Code claims for failure to pay overtime, late payment of wages at

12  termination, nonpayment of accrued vacation and failure to accurately report

13  wages); see also Thomas v. Home Depot USA, Inc., 2007 WL 2854259 (N.D.Cal.

14  2007) (failure to provide meal and rest breaks and late payment of wages); Pulido

15  v. Coca-Cola Enterp., Inc., 2006 WL 1699328 (C.D. Cal. 2006) (failure to provide

16  meal and rest breaks and/or pay penalties, nonpayment of wages at discharge, and

17  failure to provide itemized wage statements); Green v. Party City Corp., 2002 WL

18  553219 (C.D. Cal. 2002) (failure to pay overtime).  Because Plaintiff's negligence

19  claims here are based entirely on the same conduct that forms the basis for her

20  Labor Code claims, Plaintiff's Labor Code claims provide her with the exclusive

21  statutory remedy and preclude her common law negligence claims.  Accordingly,

22  the Court should grant the instant motion and dismiss the First, Second and Third

23  Causes of Action with prejudice.

24      **C.    7-ELEVEN DID NOT OWE A DUTY OF CARE TO**

25  **PLAINTIFF.**

26      In order for Plaintiff to proceed on her First, Second and Third Causes of

27  Action, this Court must find – as a matter of law – that 7-Eleven owed Plaintiff a

28

MEMORANDUM IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

1   duty of care.  Because no such duty of care existed here, the Court should dismiss

2   Plaintiff's negligence claims.

3        Under California law, "the threshold element of a cause of action for

4   negligence is the existence of a duty to use due care toward an interest of another

5   that enjoys legal protection against unintentional invasion." Jackson v. Roe, 273

6   F.3d 1192, 1196 (9th Cir. 2001).  Likewise, Plaintiff's negligence per se and

7   negligent interference with prospective economic advantage claims require a

8   threshold finding that a duty of care exists. Rice v. Center Point, Inc., 65 Cal.

9   Rptr.3d 312, 319, 154 Cal.App.4th 949, 959 (Cal. App. 2007); California Service

10  Station & Auto Repai Ass'n v. American Home Assurance Co., 73 Cal. Rptr.2d

11  182, 191-92, 62 Cal.App.4th 1166, 1180 (Cal. App. 1998); Stolz v. Wong Comm.

12  Ltd. Partnership, 25 Cal.App.4th 1811, 1825 (Cal. App. 1994) (the tort of negligent

13  interference with economic relationship arises only when the defendant owes the

14  plaintiff a duty of care).  Whether a duty of care exists is a question of law. Bily v.

15  Arthur Young & Co., 3 Cal.4th 370, 397 (1992).

16       **1.    7-Eleven Did Not Assume A Duty Of Care To Plaintiff.**

17       Plaintiff alleges that 7-Eleven "assumed" a duty of care with respect to

18  Plaintiff through the franchise agreement. (*First Amd. Compl.* ¶ 21, 24).  This is

19  the sole allegation regarding the alleged duty of care owed by 7-Eleven to Plaintiff.

20  Plaintiff's position in this regard is fatally flawed for several reasons.

21       First, the assertion that 7-Eleven assumed any duty of care with respect to

22  Tucker's employees is directly contradicted by paragraph 2 of the franchise

23  agreement.  Paragraph 2 expressly provides that Tucker is an independent

24  contractor, that Tucker controls the manner and means of the operation of the

25  Store, that Tucker exercises complete control over and responsibility for all labor

26  relations and the conduct of his agents and employees, including the day-to-day

27  operations of the Store and all Store employees and that 7-Eleven does not exercise

28  any discretion or control over Tucker's employment policies or employment

8

1  decisions. (*Franchise Agr.* ¶ 2).  In fact, the agreement expressly provides that

2  "[a]ll employees of the Store are solely [Tucker's] employees and [Tucker] will

3  control the manner and means of the operation of the Store." (*Id.*)  Given these

4  statements, which must be accepted as true for purposes of this motion, Plaintiff

5  cannot seriously contend that 7-Eleven assumed *any* duty with respect to Tucker's

6  employees.  On the contrary, 7-Eleven expressly *disclaimed* any such duty by these

7  provisions.

8       Plaintiff relies entirely on the assertion that 7-Eleven assumed a duty of care

9  in the franchise agreement to support her negligence claims.  Because the franchise

10  agreement contradicts that assertion, however, the Court must disregard the

11  allegation and find that no duty of care exists between 7-Eleven and Plaintiff in

12  this case.  See Sprint, 311 F.Supp.2d at 903 ("[T]he court does not have to accept

13  as true conclusory allegations that contradict facts that . . . are contradicted by

14  documents referred to in the complaint.").  Because 7-Eleven did not owe Plaintiff

15  a duty of care as a matter of law, this Court should grant the instant motion and

16  dismiss the First, Second and Third Causes of Action with prejudice.

17       **2.**    **7-Eleven Did Not Owe A Duty Of Care To Plaintiff Under**

18  **California Law.**

19       The recognition of a duty of care is a question of policy. Bily v. Arthur

20  Young & Co. (1992) 3 Cal.4th 370, 397 ("Bily").  The concept of duty is invoked

21  to limit the "otherwise potentially infinite liability which would follow from every

22  negligent act" Id.  The determination of whether a defendant owes a duty of care

23  in a specific case involves a balancing of various factors.  The California Supreme

24  Court has "employed a checklist of factors to consider in assessing legal duty in

25  the absence of privity of contract between a plaintiff and a defendant.... 'The

26  determination of whether in a specific case the defendant will be held liable to a

27  third person not in privity is a matter of policy and involves the balancing of

28  various factors, among which are [1] the extent to which the transaction was

9

intended to affect the plaintiff, [2] the forseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.'" Id. at 397-98 (citing Biankanja v. Irving (1958) 49 Cal.2d 647, 650)

Foreseeability, standing alone, is insufficient to impose liability for negligent conduct. Bily, 3 Cal.4th at 399. Even when foreseeablity is present, courts have "declined to allow recovery on a negligence theory when damage awards threatened to impose liability out of proportion to fault or promote virtually unlimited responsibility for intangible injury." Id. at 398.

Bily involved a claim against auditors by investors who allegedly purchased stock relying on negligently prepared financial reports. The California Supreme Court, emphasizing that policy concerns must be considered before a duty could be found, found the auditor's role in the financial reporting process to be secondary and the potential liability it would face in a negligence suit by a third party massive. Bily, 3 Cal.4th at 400. In the court's analysis, this disproportion between fault and injury militated against imposing a duty of care on the defendants. Id. The court also concluded that the costs of imposing a duty outweighed the benefits. Id. at 404-05. After analyzing these concerns, the court held that the auditors owed no duty of care to the investors and were liable only to their clients for negligent preparation of financial statements - not to third parties who were strangers to the contract. Id. at 406 ("[A]n auditor's liability for general negligence in the conduct of an audit of its financial statements is confined to the client, i.e., the person who contracts for or engages the audit services. Other persons may not recover on a pure negligence theory.").

The policy considerations applied in Bily weigh against imposing a duty of care on 7-Eleven in its role as a payroll service provider to Plaintiff, who was a stranger to the contract between 7-Eleven and its franchisee. Imposing a duty of

10

1  care on 7-Eleven as a payroll service provider would impose potential liability that

2  is completely disproportionate to 7-Eleven's fault for any alleged injuries to

3  Plaintiff. 7-Eleven processed payroll based on information provided by Tucker,

4  the franchisee. (*Franchise Agr.* ¶ 12(c)(3)). Tucker agreed to provide 7-Eleven

5  with accurate data and to act in compliance with applicable laws. (*Id.*). Tucker

6  further acknowledged that 7-Eleven was "relying on the accuracy of all

7  information [Tucler] and your employees provide, including all payroll

8  information." (*Id.* ¶ 12(c)(3)). Imposing a duty on 7-Eleven in this context would

9  also be unlikely to enhance deterrence of future mistakes because 7-Eleven has a

10  contractual right to rely upon its franchisees to provide accurate payroll data.

11  (*First Amd, Compl.* 20 & Ex. D, *Franchise Agr.* ¶ 12(c)(3)). Imposing liability on

12  7-Eleven for the alleged violations of its franchisee would be completely out of

13  proportion to fault. See Natori v. Roofing & Waterproofing Forensics, Inc., 2005

14  WL 1660635 *5 (Cal. App. 2005) (unpublished).

15      A comparison to the decision in Sanchez v. Lindsey Morden Claims

16  Services, Inc. (1999) 72 Cal.App.4th 249 is illustrative. Relying on the factors

17  discussed in Bily, the court in Sanchez concluded that an independent insurance

18  adjuster engaged by an insurer owed no duty of care to the claimant-insured with

19  whom the adjuster had no contract. In Sanchez, the plaintiff-insured made a claim

20  with its insurance carrier for damage to a commercial dryer. The plaintiff advised

21  the insurance company that immediate repairs were necessary because the dryer's

22  purchaser was suffering business loss. The insurance company hired defendant, a

23  claims adjuster, to investigate and adjust the loss. The plaintiff's claim was not

24  paid for three months. Plaintiff sued the insurance company and the defendant on

25  a negligence theory.

26      In holding that the defendant claim adjuster owed no duty of care to the

27  insured, the court in Sanchez noted that the insurance company, not the adjuster,

28  was in contractual privity with the insured. Sanchez, 72 Cal.App.4th at 253. The

11

insurer, not the adjuster, had the power to grant or deny benefits under the policy. The insurer, unlike the adjuster, also had the ability to limit its exposure by contract. Consequently, the court reasoned that imposing a negligence duty on the adjuster would subject it to liability greater than that faced by its principal, the insurer, although the adjuster's role was secondary to the insurer's. Id. Additionally, imposing such a duty would subject the adjuster to conflicting loyalties: "An adjustor owes a duty to the insurer who engaged him. A new duty to the insured would conflict with that duty, and interfere with its faithful performance. This is poor policy." Id. Moreover, little benefit would be gained from imposing a duty on the adjuster: "Adjusters are already deterred from engaging in negligent conduct by exposure to liability to the insurer, and the insured can already seek damages from the insurer for unreasonable investigation and claims handling." Id. at 253-54.

Here, 7-Eleven's contractual relationship was with Tucker. Sanchez, 72 Cal.App.4th at 253. It is undisputed that 7-Eleven and Plaintiff have no contractual privity. Just as in Sanchez, where the adjuster had no power to grant or deny benefits to the insured, 7-Eleven as a payroll service provider had no power to grant or deny wages to Plaintiff. Tucker, not 7-Eleven, had the power to provide Plaintiff with payment by completing time and wage authorizations. Tucker, not 7-Eleven, had the power to control Plaintiff's overtime pay and wage rates. 7-Eleven, in its capacity as a payroll service provider, had no rights in regard to Plaintiff's meal and rest breaks, overtime pay, pay rate or any employee relations. 7-Eleven merely processed payroll based on data provided by Tucker. Thus, because 7-Eleven's role to process payroll for Tucker was secondary to Tucker's role as Plaintiff's employer, imposing liability upon 7-Eleven would result in equal or greater liability being placed on 7-Eleven. This justified the Sanchez court's decision not to extend a duty of car to third-party adjusters. It should support such a conclusion here as well.

MEMORANDUM IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

1    Further, the law does not permit recovery in negligence for economic loss

2  alone.  In the context of claims based on pure negligence in providing professional

3  services, liability is primarily confined to the client, i.e., the person who contracts

4  for the professional services. <u>Bily,</u> 3 Cal.4th at 406.  "Recognition of a duty to

5  manage business affairs so as to prevent purely economic loss to third parties in

6  their financial transactions is the exception, not the rule, in negligence law."

7  <u>Quelimane Co. v. Stewart Title Guaranty Co.</u>, (1998) 19 Cal.4th 26, 58, 77

8  Cal.Rptr.2d 709, 960 P.2d 513.   Where the effect is merely to cause economic

9  loss, the law does not recognize liability to a third person, except where a duty is

10  created by statute. <u>Sanchez</u>, 72 Cal.App.4th at 255 (<u>citing</u> 2 *Witkin, Summary of*

11  *Cal. Law* (9th ed. 1987) Agency and Employment, § 149).  There is no such

12  statutory duty here.  Moreover, imposing a duty on 7-Eleven for wage and hour

13  violations would provide Plaintiff with another source of recovery, and would be

14  redundant since Plaintiff can already seek damages from her employer (i.e. Tucker)

15  for wage and hour law violations. <u>Id.</u> at 254.

16    Under these circumstances, it is apparent that the 7-Eleven's intent in

17  entering into the agreement with Tucker, as part of the Franchise Agreement, was

18  to protect its *own* interests of ensuring its franchise system is operated in

19  compliance with its operational standards.  7-Eleven cannot be required to prevent

20  economic losses occurring due to financial transactions between Tucker and third

21  parties. <u>See</u> <u>Quelimane Co.</u>, 19 Cal.4th at 59, 77 ("In the business arena it would

22  be unprecedented to impose a duty on one actor to operate a business that would

23  ensure the financial success of transactions between third parties.  With rare

24  exceptions, a business entity has no duty to prevent financial loss to others with

25  whom it deals directly.").

26    "A determination that defendants owe plaintiff no duty of care would negate

27  an essential element of plaintiff's cause of action for [professional] negligence and

28  would constitute a complete defense." <u>Nichols v. Keller</u>, 15 Cal.App.4[th] 1672,

1  1682, 19 Cal. Rptr.2d 601 (1993). As such, Plaintiff's First, Second and Third

2  claims based on negligence should be dismissed with prejudice.

3        **D.    PLAINTIFF'S FOURTH, FIFTH AND SIXTH CAUSES OF**

4  **ACTION FAIL AS A MATTER OF LAW BECAUSE 7-ELEVEN WAS NOT**

5  **PLAINTIFF'S EMPLOYER.**

6        The First Amended Complaint, when considered with the franchise

7  agreement that is appended thereto and referenced therein, establishes that

8  7-Eleven and Tucker are in an independent contractor relationship and that

9  7-Eleven has no control over the labor relations at Tucker's store. The First

10  Amended Complaint contains no specific factual allegations to suggest otherwise.

11  Taking the allegations of the First Amended Complaint and documents appended

12  thereto as true, 7-Eleven was not Plaintiff's employer. Because such a finding is

13  necessary to support liability on Plaintiff's Fourth, Fifth and Sixth Causes of

14  Action, this Court should dismiss those claims with prejudice.

15        Plaintiff's Fourth Cause of Action arises under various sections of the

16  California Labor Code. Each of the sections cited in the First Amended Complaint

17  requires a finding that the defendant is the plaintiff's employer in order for liability

18  to attach. Cal. Labor Code §§ 226 ("Every *employer* shall . . . furnish each of his

19  or her *employees* . . ."); 226.7(a) ("No *employer* shall require any *employee* . . .");

20  226.7(b) ("If an *employer* fails to provide an *employee* . . ."); 512(a) ("An

21  *employer* may not employ an *employee* . . ."); 2802(a) ("An *employer* shall

22  indemnify his or her *employee* . . .") (emphasis added). Plaintiff's Fifth Cause of

23  Action, under California Business & Professions Code § 17200, is based upon the

24  same underlying violations of the California Labor Code as the Fourth Cause of

25  Action. (*First Amd. Compl.* ¶¶ 64, 68). Plaintiff's Sixth Cause of Action arises

26  under California Labor Code § 2699, which creates a cause of action by which

27  civil penalties may "be recovered through a civil action brought by an aggrieved

28  *employee* on behalf of himself or herself and other current or former employees

14

MEMORANDUM IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

1  pursuant to the procedures specified in Section 2699.3." Cal. Labor Code

2  § 2699(a) (emphasis added). The statute defines "aggrieved employee" as "any

3  person who was *employed by the alleged violator* and against whom one or more

4  of the alleged violations was committed." Id. § 2699(c) (emphasis added). Thus,

5  on the face of the statutes relied upon by Plaintiff in her First Amended Complaint,

6  the viability of all three causes of action hinges upon a finding that 7-Eleven was

7  Plaintiff's employer.

8      The terms "employer," "employee," and "employ" are not specifically

9  defined in the Wages, Hours, and Working Conditions sections of the California

10  Labor Code. See Reynolds v. Bement, 32 Cal.Rptr.3d 483, 491, 36 Cal.4th 1075,

11  1087, 116 P.3d 1162 (2005). Therefore, as one court has noted:

12      California courts have consistently recognized that the principle test for

13      determining employment relationships is the right of control over the

14      manner or means of accomplishing the result desired. Isenberg v. California

15      Employment Stabilization Comm'n, 30 Cal.2d 34, 39, 180 P.2d 11 (1947);

16      Wickham v. Southland Corp., 168 Cal.App.3d 49, 54, 213 Cal.Rptr. 825

17      (1985). "If control may be exercised only as to the result of the work and

18      not the means by which it is accomplished, an independent contractor

19      relationship is established." Tieberg v. Unemployment Insurance Appeals

20      Bd., 2 Cal.3d 943, 946-47, 88 Cal.Rptr. 175, 471 P.2d 975 (1970) (citing

21      Moody v. Industrial Accident Comm'n, 204 Cal. 668, 670, 269 P. 542

22      (1928)). Strong evidence of the right to control is shown by the right to

23      discharge the worker. Isenberg, 30 Cal.2d at 39, 180 P.2d 11.

24  Singh v. 7-Eleven, Inc., 2007 WL 715488, *7 (N.D.Cal. 2007).

25      In this case, Plaintiff alleges in paragraph 20 of the First Amended

26  Complaint that she was employed by both defendants. (*First Amd. Compl.* ¶ 20).

27  The only specific allegation regarding 7-Eleven's right to control her employment

28  is conclusory – "both Defendants exercised control over the wages, hours and/or

MEMORANDUM IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

1  working conditions of Plaintiff and her fellow employees, and both Defendants
2  possessed the right to terminate Plaintiff's employment." (*Id.*) The Court does not
3  have to accept these allegations as true, however, because they are contradicted by
4  the franchise agreement that Plaintiff has made a part of her First Amended
5  Complaint. See Sprint, 311 F.Supp.2d at 903 ("[T]he court does not have to accept
6  as true conclusory allegations that contradict facts that . . . are contradicted by
7  documents referred to in the complaint."). The franchise agreement expressly
8  provides that *Tucker* – not 7-Eleven – "exercise[s] complete control over and
9  responsibility for all labor relations and the conduct of [his] agents and employees,
10  including the day-to-day operations of the Store and all Store employees."
11  (*Franchise Agr.* ¶ 2). Under California law, these facts actually establish an
12  independent contractor relationship.
13  In fact, the California courts have repeatedly upheld the independent
14  contractor relationship between 7-Eleven and its franchisees, holding that 7-Eleven
15  is not the employer of its franchisee's employees nor is it an agent of the
16  franchisee. Singh v. 7-Eleven, Inc., 2007 WL 715488 (N.D.Cal. 2007); Cislaw v.
17  Southland Corp., 4 Cal.App.4th 1284 (1992); Wickham v. Southland Corp., 168
18  Cal.App.3d 49 (1985); see also Chelkova v. Southland Corp., 771 N.E.2d 1100 (Ill.
19  App. 2002); Daves v. Southland Corp., 2000 WL 60199 (Wash. App. 2000);
20  Hatcher v. Augustus, 956 F.Supp. 387 (E.D.N.Y. 1997). Indeed, there is a paucity
21  of reported decisions nationwide holding franchisors liable for the wage and hour
22  violations of its franchisee. See, e.g., Howell v. Chick-Fil-A, Inc., 1993 WL
23  603296, *2 n.2 (N.D.Fla. 1993) (noting in FLSA case brought by employee of
24  franchisee against franchisor that that court has "not discovered a reported case in
25  which a franchisor has been held liable to an employee of an independent
26  contractor.").
27  Because the First Amended Complaint does not contain specific factual
28  allegations to support the bald assertion that 7-Eleven was Plaintiff's employer,

MEMORANDUM IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

1   and because that bald allegation is contradicted by the plain language of the

2   franchise agreement, the First Amended Complaint does not establish that

3   7-Eleven was Plaintiff's employer.  Rather, the First Amended Complaint actually

4   establishes – as a matter of law – that 7-Eleven was not Plaintiff's employer.

5   Accordingly, the Court should dismiss the Fourth, Fifth and Sixth Causes of

6   Action in the First Amended Complaint with prejudice.

7        **E.    THE COURT SHOULD STRIKE PLAINTIFF'S CLAIM FOR**

8   **PUNITIVE AND EXEMPLARY DAMAGES.**

9        Plaintiff's First Amended Complaint contains a request for punitive and

10  exemplary damages.  If the Court dismisses Plaintiff's first three causes of action

11  but allows any other cause of action to proceed, the Court should strike this claim

12  for relief because punitive and exemplary damages would not be available under

13  any of the remaining causes of action.  A motion to strike under Rule 12(f) is the

14  appropriate vehicle for eliminating claims for relief that fail as a matter of law.

15  Johnson v. Metropolitan Sewer Dist., 926 F.Supp. 874, 875 (E.D.Mo. 1996) (citing

16  2A Moore's Federal Practice ¶ 12.21[1]).

17       "Where a right is created by statute and the statute does not expressly permit

18  punitive damages, punitive damages under California Civil Code section 3294 are

19  not available."  In re Wal-Mart Stores, Inc. Wage and Hour Litigation, 505

20  F.Supp.2d at 620 (citing Turnbull & Turnbull v. ARA Transp., Inc., 219

21  Cal.App.3d 811, 826-27 (1990); Czechowski v. Tandy Corp. 731 F.Supp. 406, 410

22  (N.D.Cal. 1990)).  The Northern District of California has granted a motion to

23  strike to punitive damages where the only claims in the complaint arise under the

24  California Labor Code or Section 17200.  Id. at 620-21.

25       If the Court grants 7-Eleven's motion for judgment on the pleadings as to the

26  first three causes of action in the First Amended Complaint, no basis would remain

27  for the imposition of punitive damages against 7-Eleven.  The only surviving

28  claims would arise under the California Labor Code or Section 17200.  Under

17

those circumstances, it would be appropriate for the Court to strike Plaintiff's demand for punitive and exemplary damages.

**IV.     CONCLUSION**

For the foregoing reasons, and for the reasons stated in 7-Eleven's Notice of Motion and Motion, 7-Eleven respectfully requests that the Court grant its motion for judgment on the pleadings and dismiss the First Amended Complaint with prejudice.

DATED:  February 1, 2008              WELTER LAW FIRM, P.C.


                                                    By:
                                                          /s/ Eric A. Welter
                                                                  ERIC A. WELTER

                                                          Attorneys for Defendant
                                                          7-ELEVEN, INC.

MEMORANDUM IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS