1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **<u>EXHIBIT A</u>**

# SULLIVAN & CHRISTIANI, LLP
## 2330 THIRD AVENUE
## SAN DIEGO, CALIFORNIA 92101

### TELEPHONE 619-702-6760
### FACSIMILE 619-702-6761

### Facsimile Coversheet

**Date:** December 13, 2007          **Time Sent:**_____ a.m/p.m.

**Total Number of Pages Including Cover Sheet:** 45

**To:**          Eric A. Welter, Esq.
                 Eric C. Sohlgren, Esq.
                 Paul C. Johnson, Jr., Esq.

**Firms:**       WELTER LAW FIRM, P.C.
                 PAYNE & FEARS LLP
                 BACALSKI, OTTOSON, & DUBÉ LLP

**From:**        Eric J. Palmer, Esq.
                 Sullivan & Christiani, LLP

**Facsimile Numbers:**        (703) 435-8851
                              (949) 851-1212
                              (619) 239-0116

**Re:**          Aleksick v. 7-Eleven, Inc., et al. (Case No. ECU 03615)

**Our File Number:**   69-6329

**Comments:**    Please review enclosed correspondence.

**Operator:**    MM

If you have not properly received this facsimile, please call us at 619-702-6760. Our fax number is 619-702-6761.

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

# SULLIVAN & CHRISTIANI
A LIMITED LIABILITY PARTNERSHIP

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

**2330 Third Avenue**
**San Diego, California 92101**
PHONE (619) 702-6760
FACSIMILE (619) 702-6761

LAS VEGAS

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2016

December 13, 2007

*Via U.S. Mail and Facsimile: (619) 239-0116*
*(703) 435-8851*
*(949) 851-1212*

Paul C. Johnson, Jr., Esq.
Bacalski, Ottoson, & Dubé, LLP
402 West Broadway, 24th Floor
San Diego, CA 92101-3542

Eric A. Welter, Esq. (Virginia)
WELTER LAW FIRM, P.C.
720 Lynn Street, Suite B
Herndon, VA 20170

Eric C. Sohlgren, Esq.
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, CA 92614

Re:     Kimberly Aleksick v. 7-Eleven, Inc.
        Case No.: ECU03615

Dear Gentlemen:

Enclosed please find Plaintiff's First Amended Complaint in the above referenced matter. Thank you for your assistance throughout this litigation.

As discussed with Mr. Sullivan at the initial Case Management Conference, this Amended Complaint incorporates, among other theories, a cause of action asserting a violation of Labor Code section 2699, *et seq.* against Defendant 7-Eleven. At this time, Plaintiff does not intend to further amend the Complaint.

Given the above, and as previously discussed, please allow this correspondence to serve as a proposal that all parties agree to schedule a telephone conference to discuss the present parameters and timing of discovery. Among other issues, it is my understanding that Mr. Welter desires to limit certain discovery. I believe that an understanding by all parties, prior to the upcoming December 21, 2007 Case Management Conference, will assist both counsel and the Court.

P:\Data\6329\Cor\FAC.covered.12.12.07.wpd

Additionally, please allow this correspondence to serve as notice that Plaintiff has scheduled an *Ex-Parte* Conference, on Friday, December 21, 2007, at 8:30 a.m. The purpose of this *Ex-Parte* will be to request the Court Order the dissemination of a Pioneer Electronics/Belaire Notice, to all proposed Class Members, regarding the production of contact information on the proposed Class Members.

This office can make itself available, at any time between 9 a.m. and 5 p.m. (Pacific Standard Time), upon 48 hours notice. As such, it is respectfully requested that you contact the undersigned, at your earliest convenience, to schedule the pre-CMC teleconference.

Again, thank you for your assistance throughout this matter. Should you have any questions or comments, please do not hesitate to contact my office.

Very truly yours,

Eric J. Palmer

Enclosure

cc:   William B. Sullivan, Esq.

F:\Data\5329\Corr\EA.C.counsel.12.12.07.wpd

1  William B. Sullivan [CSB No. 171637]
   Eric J. Palmer [CSB No. 231207]
2  **SULLIVAN & CHRISTIANI, LLP**
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4

5  Attorneys for Plaintiff KIMBERLY ALEKSICK,
   individually and on behalf of other members of the
6  general public similarly situated,

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF IMPERIAL**

10 KIMBERLY ALEKSICK, individually and )    **CASE NO. ECU 03615**
   on behalf of other members of the general )
11 public similarly situated,            )    **(CLASS ACTION)**
                                         )
12              Plaintiff,               )    **FIRST AMENDED COMPLAINT**
                                         )    **FOR:**
13      v.                               )
                                         )    **1. NEGLIGENCE (CLASS ACTION);**
14 7-ELEVEN, INC., a Texas Corporation;  )
   MICHAEL TUCKER, an individual; and    )    **2. NEGLIGENCE *PER SE* (CLASS**
15 DOES 1-50, Inclusive,                 )    **ACTION);**
                                         )
16              Defendants.              )    **3. NEGLIGENT INTERFERENCE**
                                         )    **WITH PROSPECTIVE ECONOMIC**
17 _____ )    **ADVANTAGE (CLASS ACTION);**

18                                            **4. VIOLATION OF LABOR CODE;**
                                             **(CLASS ACTION);**
19
                                             **5. VIOLATION OF BUSINESS AND**
20                                            **PROFESSIONS CODE SECTION**
                                             **17200 (CLASS ACTION);**
21
                                             **6. VIOLATION OF LABOR CODE**
22                                            **SECTION    2699,   et   seq.**
                                             **(REPRESENTATIVE ACTION)**
23

24      COMES NOW Plaintiff KIMBERLY ALEKSICK, (hereinafter "Plaintiff"), and alleges for her

25 Complaint as follows:

26 1.   This Court has jurisdiction over this matter in that all parties are residents of the State of

27      California and the amount in controversy exceeds the statutory minimum limit of this Court. This

28      Class action is brought pursuant to Section 382 of the California Code of Civil Procedure, and

F:\Data\6329\Pldgs\Aleksick class action.FAC.wpd                    First Amended Complaint - ECU03615

1     this Representative action is brought pursuant to Labor Code section 2699, *et seq*. With respect

2     to the Class action, the monetary damages and restitution sought by Plaintiff exceed the minimal

3     jurisdiction limits of the Superior Court and will be established according to proof at trial. The

4     monetary damages sought on behalf of each and every member of the class and as aggregate class

5     damages exceed those jurisdictional limits as well. However, the claims of individual class

6     members, including Plaintiff, are under the $75,000.00 jurisdictional threshold for federal court.

7     Furthermore, there is no federal question at issue, as Wage and Hour protections and remedies

8     related thereto are based solely on California Law and Statutes, including the Labor Code, Civil

9     Code, Code of Civil Procedure, and Business and Professions Code.

10  2.  Venue is proper before this Court in that some or all of the events, acts and happenings as alleged

11     herein occurred within the jurisdiction of the above-entitled court.

12  3.  Venue before this Court is proper in that certain wrongful acts which gave rise to Plaintiff's

13     injuries occurred in Imperial County in the State of California.

14  4.  At all relevant times herein, Plaintiff KIMBERLY ALEKSICK (Hereinafter "Plaintiff") was and

15     is an individual residing in Imperial County in the State of California.

16  5.  Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein,

17     Defendant 7-ELEVEN, INC. (hereinafter "Defendant 7-ELEVEN"), was and is a Texas

18     Corporation doing business in Imperial County in the State of California.

19  6.  Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein,

20     Defendant MICHAEL TUCKER (hereinafter "TUCKER") was and is, residing and doing

21     business in Imperial County in the State of California.

22  7.  Plaintiff is presently unaware of the true names, capacities and liability of Defendants named

23     herein as DOES 1 through 50, inclusive. Accordingly, Plaintiff will seek leave of court to amend

24     this Complaint to allege their true names and capacities after the same have been ascertained.

25  8.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

26     Defendants is responsible in some manner for the wrongs and damages as herein alleged, and in

27     so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and

28     in doing the actions mentioned below was acting within the course and scope of his or her

1 | authority as such agent, servant, partner, and employee with the permission and consent of the

2 | co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said Defendants.

3 | Wherever it is alleged herein that any act or omission was done or committed by any specially

4 | named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same

5 | act or omission was also done and committed by each and every Defendant named as a DOE,

6 | both separately and in concert or conspiracy with the named Defendant or Defendants.

7 | 9. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,

8 | including DOES 1 through 50, are, and at all times herein mentioned were, either individuals,

9 | sole proprietorships, partnerships, registered professionals, corporations, alter egos, or other legal

10 | entities which were licensed to do and/or were doing business in the County of San Diego, State

11 | of California at all times relevant to the subject matter of this action.

12 | ## CLASS ACTION ALLEGATIONS

13 | 10. As more specifically set forth below, Plaintiff is bringing this action on behalf of an ascertainable

14 | class and a well-defined community of interest among the class members. Code of Civil

15 | Procedure Section 382; Richmond v. Dart Industries, Inc. (1981) 29 Cal.3d 426, 470.

16 | Throughout her employment, Plaintiff and her former co-workers were knowingly denied and/or

17 | refused mandated relieved meal and rest periods, in violation of Labor Code Section 512.

18 | Defendant 7-ELEVEN and TUCKER ("Defendants") further failed to provide Plaintiff and her

19 | former co-workers one hour of pay at their regular rate of pay for each day the meal and rest

20 | periods were not provided, in violation of Labor Code Section 226.7, despite such knowledge.

21 | Moreover, Plaintiff and other employees of Defendants regularly worked (at times, in excess of

22 | eight (8) hours a day and/or forty (40) hours a week) without receiving appropriate compensation,

23 | including but not limited to minimum wage and or overtime compensation. Further, Plaintiff and

24 | other employees of Defendants were required to purchase uniforms using their own monies

25 | without reimbursement, in violation of Labor Code section 2802. Additionally, Plaintiff and

26 | other employees did not receive itemized wage statements ("pay-stubs") which were compliant

27 | with the provisions of Labor Code section 226.

28

1    11.   Plaintiff brings this action on the grounds that she and other similarly situated employees

2           employed by Defendants were and are improperly denied earned compensation (including

3           minimum wage and overtime compensation), denied mandated wages resulting from missed meal

4           and rest periods, improperly required to purchase work uniforms without reimbursement, and

5           improperly issued statutorily non-compliant pay-stubs. Sav-On Drug Stores, Inc. v. Superior

6           Court (2004) 34 Cal.4th 319. The class of present and former employees is believed to number

7           approximately five thousand (5000.)

8    12.   The approximately 5000 member class is ascertainable via their experience as present or past

9           employees of Defendants, and/or as individuals who experienced Defendant 7-ELEVEN acting

10         as "Bookkeeper/Payroll Provider" while they were employed for a 7-ELEVEN store.

11   13.   The class members share a community of interest and an injury in fact as Defendants have

12         violated California laws, thereby depriving the class members of money earned by them.

13   14.   This action involves questions of law and fact common to the class in that Plaintiff is bringing

14         this action on behalf of a class of Defendants' current and former employees who were and/or

15         are improperly denied mandated meal and rest periods, overtime compensation, statutorily

16         compliant pay stubs, and were and/or are improperly required to purchase work uniforms with

17         their own wages. The subject matter of this action both as to factual and legal matters is such that

18         there are questions of law and fact common to the class which predominate over questions

19         affecting only individual members, including, among other violations, the following:

20      A.   Statistically, one hundred percent (100%) of the class members were not "authorized and

21              permitted" to take their legally mandated meal and rest periods, and were not provided

22              the legally mandated payment for not receiving relieved meal and rest periods. One

23              hundred percent of the class members were required by Defendants to purchase work

24              uniforms using their own wages. None of the class members received statutorily

25              compliant pay-stubs during the operative class period.

26      B.   Statistically, one hundred percent (100%) of the class members were not provided

27              appropriate compensation, including minimum wage and overtime compensation, due to

28              an illegal "rounding" method, the result of which would improperly deduct actual time

1  worked by the Class Members, such that the Class Members were compensated at a lesser

2  rate.

3  C.  Statistically, one hundred percent (100%) of the class members were not provided

4  compliant Itemized Wage Statements, in that, among other deficiencies, the actual hours

5  worked, and the gross wages earned, were not accurate.

6  D.  Statistically, one hundred percent (100%) of the class members were damaged when

7  Defendant 7-ELEVEN, acting as self professed "Bookkeeper" and/or "Payroll Provider,"

8  breached its Duty of Care and proximately caused damage, in the form of monetary loss,

9  to each of the Class Members.

10  15.  The duties and responsibilities of the class members Plaintiff is representing were similar and

11  comparable. Any variations in job activities between the individual class members are legally

12  insignificant to the issues presented by this action since the central facts remain, to wit, Plaintiff

13  and the other class members were improperly denied the mandated meal and rest periods,

14  compensation, pay-stubs, and were improperly required to purchase work uniforms using their

15  own wages.

16  16.  The class on whose behalf the action is brought is so numerous that joinder of all parties

17  individually would be impractical. Plaintiff is bringing this action on behalf of approximately

18  5000 current and/or former employees of Defendants who share a common or general interest,

19  and it would be impracticable for those current or former employees to bring the action

20  individually.

21  17.  Plaintiff's claims in this action are typical of the class Plaintiff is generally representing. To wit,

22  Plaintiff and other members in the class were required and instructed by Defendants to perform

23  work during their mandated meal and rest periods and were not provided the mandated relieved

24  and off-duty meal and rest breaks. Defendants further failed to provide Plaintiff and other

25  members in her class one hour of pay at their regular rate of pay for each day the meal and rest

26  periods were not provided, in violation of Labor Code Section 226.7. Defendants further failed

27  to properly pay compensation to Plaintiff and other class members for work performed by them.

28  Defendants further failed to provide Plaintiff and other class members statutorily compliant pay-

1  stubs in accordance with Labor Code Section 226. Defendants further required Plaintiff and

2  other class members to purchase work uniforms using their own wages. Plaintiff seeks proper

3  compensation and restitution on behalf of herself and other members in the class for the

4  foregoing irregularities.

5  18. Plaintiff can fairly and adequately protect the interests of all the members of the class she is

6  representing in this action. Plaintiff's experience and knowledge of her former employers' Wage

7  and Hour practices and its policy regarding Meal and Rest periods, compensation, issuing pay-

8  stubs, and employee uniform purchases, in addition to Plaintiff's familiarity with the job duties

9  of the class members she is representing, entitle her to adequately and fairly represent the class.

10  19. Plaintiff has satisfied the three prong "community of interest" requirement in California Code

11  of Civil Procedure Section 382. For example, and as set forth above, (a) this action involves

12  predominant common questions of law or fact in that Plaintiff brings this action on behalf of the

13  approximately 5000 member class who were denied compensation, mandated relieved meal and

14  rest periods, and required wages under Labor Code Section 226.7 and Title 8, California Code

15  of Regulations Section 11070(11)(C) also known as Wage Order 7 and therefore, like Plaintiff,

16  were improperly compensated, (b) Plaintiff's claims and damages are typical of the class Plaintiff

17  represents in that, as mentioned above, Plaintiff seeks on behalf of herself and the class members

18  she represents wages for failure to provide them the required meal and rest periods, including

19  required wages under Labor Code Section 226.7 and Title 8, California Code of Regulations

20  Section 11070(11)(A) and (B), and (c) Plaintiff's experience and knowledge of her former

21  employer's Wage and Hour practices and its policy regarding meal and rest periods, in addition

22  to Plaintiff's familiarity with the job duties of the class members she is representing, entitle her

23  to adequately and fairly represent the class.

24        **FACTUAL BACKGROUND**

25  20. In or about 2005, Plaintiff commenced working in a position titled by Defendants as "Sales

26  Associate." Plaintiff's employment with Defendants continued until her involuntary termination

27  on February 20, 2007. Throughout her employment with Defendants, Plaintiff performed her job

28  in a capable and competent manner, and was commended for doing so. Throughout her

1    employment with Defendants, both Defendants exercised control over the wages, hours, and/or

2    working conditions of Plaintiff and her fellow employees, and both Defendants possessed the

3    right to terminate Plaintiffs' employment, by and through their represented roles as Franchisor

4    and Franchisee. Additionally, and separate and distinct from its obligation as an employer,

5    Defendant 7-ELEVEN required all of its represented Franchisees to delegate the role of

6    Bookkeeper and Payroll Provider to Defendant  7-ELEVEN, and to provide certain

7    documentation - including "time and wage authorizations for your Store employees" - to

8    Defendant 7-ELEVEN. Defendant 7-ELEVEN would thereafter configure and process payroll

9    to the Class Members, including Plaintiff.

10   21.  Pursuant to the Franchise Agreement between Defendant 7-ELEVEN and Defendant TUCKER,

11    and 7-ELEVEN, 7-ELEVEN assumed various statutory duties, as well as a basic Duty of Care.

12    (Please see Exhibit "D".) 7-ELEVEN failed to provide Plaintiff and her former co-workers one

13    hour of pay at their regular rate of pay for each day the meal and rest periods were not provided,

14    in violation of Labor Code Section 226.7, despite such knowledge. Moreover, Plaintiff and other

15    employees of Defendants regularly worked, and at times in excess of eight (8) hours a day and/or

16    forty (40) hours a week, without receiving appropriate and represented compensation, including

17    minimum wage and overtime compensation. Despite such knowledge, Defendant 7-ELEVEN

18    failed to provide Plaintiff or other employees with the compensation required by statute, and at

19    the represented amount provided to the employee Class Members. Further, Plaintiff and other

20    employees of Defendants were required to purchase uniforms using their own monies, in

21    violation of Labor Code section 2802. Additionally, Plaintiff and other employees did not

22    receive itemized wage statements ("pay-stubs") from 7-ELEVEN which were compliant with the

23    provisions of Labor Code section 226.

24  22.  Within its purview of Bookkeeper/Payroll Provider, Defendant  7-ELEVEN failed to

25    authorize and/or provide the One-Hour Wage required by California law where a worker

26    has not experienced a 30 minute completely relieved "Meal Period,"despite being aware

27    of the specific time periods in which Plaintiff and other Class Members did not receive

28    said 30 minute completely relieved "Meal Periods." Additionally, Defendant 7-ELEVEN

1   used an illegal "rounding" method to lessen the reported actual hours worked by the Class

2   Members, resulting in the Class Members receiving lesser compensation.

3

4   **FIRST CAUSE OF ACTION**
    **Negligence - Class Action**
5   **(By The Class Against Defendant 7-ELEVEN, Inc.)**

6   23.  Plaintiff hereby incorporates by reference paragraphs 1 through 22 above, as though fully set

7        forth herein.

8   24.  Throughout the operative time period, Defendant 7-ELEVEN owed Plaintiff and the other Class

9        Members a Duty of Care. To wit, Defendant 7-ELEVEN     - by and through its operative

10       "Franchise Agreements" - required that each purported Franchisee (to which Defendant

11       TUCKER is an example) delegate the role of Bookkeeper and Payroll Provider to Defendant 7-

12       ELEVEN, and to provide certain documentation - including "time and wage authorizations for

13       your Store employees" - to Defendant 7-ELEVEN. Each of the Class Members, including

14       Plaintiff, fit within the definition of the 7-ELEVEN term "Store employee." Defendant 7-

15       ELEVEN would thereafter configure and process payroll to all the Class Members, including

16       Plaintiff. Defendant 7-ELEVEN assumed the Duty of Care by and through the Franchise

17       Agreements 7-ELEVEN itself created. The Duty of Care included the duty to provide each Class

18       Member with all monies earned and/or legally owing to the Class Members. In fact, the

19       assumption of this Duty of Care was so important to 7-ELEVEN that a Franchisees failure to use

20       7-ELEVEN as Bookkeeper/Payroll Provider was legal cause for 7-ELEVEN to rescind the

21       operative Franchise Agreement.

22  25.  Throughout the operative time period, Defendant 7-ELEVEN breached its Duty of Care to

23       Plaintiff and the other Class Members. To wit, and as examples, 7-ELEVEN failed to comply

24       with California State legal requirements regarding the payment of minimum and overtime wages,

25       as well as the payment of wages for non-compliant Meal and Rest Periods. Specifically, despite

26       the knowledge that certain employees would receive less than the 30-minute time period

27       (knowledge gained through documentation 7-ELEVEN itself required to be filled out, and

28       processed using a 7-ELEVEN created "system") Defendant 7-ELEVEN failed to process or pay

1  the additional "one-hour wage" required by State law. Additionally, 7-ELEVEN used an illegal

2  "rounding" system of employee work time calculation, where the actual work time provided by

3  employees would be re-configured by 7-ELEVEN, resulting in a decrease in the amount of work-

4  time reported and paid to the Class Members. Defendant 7-ELEVEN breached its Duty of Care

5  to provide each Class Member with all monies earned and/or legally owing to the Class

6  Members. This decrease violated State wage and hour laws,  including but not limited to

7  minimum wage and overtime requirements.

8  26.  The failure by Defendant 7-ELEVEN to comply with the operative Duty of Care caused damage

9  to Plaintiff and the other Class Members.

10  27.  As a direct result of Defendant 7-ELEVEN's Breach of its' Duty of Care, Plaintiff and the other

11  Class Members have suffered Damages.

12

13  ### SECOND CAUSE OF ACTION

14  **Negligence *Per Se* - Class Action**
   **(By The Class Against Defendant 7-ELEVEN)**

15

16  28.  Plaintiff hereby incorporates by reference paragraphs 1 through 27 above, as though fully set

17  forth herein.

18  29.  The State of California has enacted and codified various protections, in favor of employees, in

19  regard to the payment of wages earned during employ. For example, California Labor Code

20  section 1194 provides as follows:

21  (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less
   than the legal minimum wage or the legal overtime compensation applicable to the

22  employee is entitled to recover in a civil action the unpaid balance of the full amount of this
   minimum wage or overtime compensation, including interest thereon, reasonable attorney's

23  fees, and costs of suit. (b) The amendments made to this section by Chapter 825 of the
   Statutes of 1991 shall apply only to civil actions commenced on or after January 1, 1992.

24  30.  The State of California has also enacted and codified those person(s) to whom the duties to

25  ensure the above employee protections apply. These statutes, exemplified below, establish

26  required duties upon employers and "other person(s) acting individually" or "on behalf of an

27  employer."

28

31. For example, California Labor Code section 1197.1 provides, in pertinent part, as follows:

Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows: ...

32. California Labor Code section 1199 provides as follows:

Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following: (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission. (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission. (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission.

33. California Labor Code section 558 provides, in pertinent part, as follows:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: ...

34. During the course of the operative Class Period, Defendant 7-ELEVEN owed a duty of care to Plaintiff and the other Class Members to ensure that each Class Member was fully and completely paid all wages earned, and reimbursable expenses incurred, during their employ. To require its represented "Franchisees" to use 7-ELEVEN as Payroll-Processor/Bookkeeper (and, as a result, all Class Members to experience 7-ELEVEN Payroll-Processing), 7-ELEVEN incurred a duty of care in performing the functions of said positions. Further, 7-ELEVEN assumed these statutory duties pursuant to the Franchise Agreement, where the purported Franchisees failure to assign this duty to 7-ELEVEN was proper grounds for 7-ELEVEN to rescind and/or cancel the contract.

35. Defendant 7-ELEVEN breached its' Duty of Care to the Class Members. 7-ELEVEN breached multiple Labor Code sections, including those referenced above, as well as 226, 226.7, 510, 512, and 2802. For example, Defendant 7-ELEVEN possessed knowledge of the time taken by each Class Member during the above referenced Meal Periods, and those specific occasions in which the time taken did not comply with the statutory requirement. Defendant 7-ELEVEN was aware of the statutory requirement to provide a Wage of One-Hour where the Meal Period was not fully provided. Despite having the responsibility of providing said Wage

1   of One-Hour, 7-ELEVEN did not provide this wage. As a second example, 7-ELEVEN used

2   an illegal "rounding" system of employee work time calculation, where the actual work time

3   provided by employees would be re-configured by 7-ELEVEN, resulting in a decrease in the

4   amount of work-time reported and paid to the Class Members. This decrease violated State

5   wage and hour laws, including but not limited to minimum wage and overtime requirements.

6   36.   Defendant 7-ELEVEN's Breach of its' Duty of Care to Plaintiff and the other Class Members

7         was a proximate and substantial factor in bringing about the subsequent damages. The

8         violation of these statutes resulted from an occurrence the nature of which the Labor Code

9         statutes were designed to prevent, and Plaintiff and the other class members were of the class

10        of persons for whose protection the Labor Codes were adopted.

11  37.   As a direct result of Defendant 7-ELEVEN's Breach of its' Duty of Care, Plaintiff and the

12        other Class Members have suffered Damages.

13

14                          **THIRD CAUSE OF ACTION**
                **Negligent Interference With Prospective Economic Advantage - Class Action**
15                      **(By The Class Against Defendant 7-ELEVEN)**

16  38.   Plaintiff hereby incorporates by reference paragraphs 1 through 37 above, as though fully set

17        forth herein.

18  39.   Throughout the operative time period, an economic relationship existed between all Class

19        Members and third parties, containing a future economic benefit and advantage to the Class

20        Members. To wit, the Class as defined includes only those California based individuals who

21        were employed by purported 7-ELEVEN Franchisees, who were "third party" entities separate

22        and distinct from Defendant 7-ELEVEN. The future economic benefit and advantage included

23        the total wages due, from the third parties to the Class Members, for all the work performed

24        by the Class Members.

25  40.   At all relevant time periods, Defendant 7-ELEVEN knew of the economic relationship between

26        the Class Members and the third party entities. In fact, 7-ELEVEN references the Class

27        Members (as, among other terms, "Store employees") in the "Franchise Agreements" 7-

28

1      ELEVEN entered into with each of the third parties.

2   41.   Defendant 7-ELEVEN engaged in wrongful conduct. To wit, Defendant 7-ELEVEN required

3      each of the third party Franchisees to use 7-ELEVEN as "Bookkeeper/ Payroll Provider as a

4      condition necessary to a continued relationship. Defendant 7-ELEVEN possessed knowledge

5      of the time taken by each Class Member during the above referenced Meal Periods, and those

6      specific occasions in which the time taken did not comply with the statutory requirement.

7      Defendant 7-ELEVEN was aware of the statutory requirement to provide a Wage of One-Hour

8      where the Meal Period was not fully provided. Despite having the responsibility of providing

9      said Wage of One-Hour, 7-ELEVEN did not provide this wage. As a second example, 7-

10      ELEVEN used an illegal "rounding" system of employee work time calculation, where the

11      actual work time provided by employees would be re-configured by 7-ELEVEN, resulting in

12      a decrease in the amount of work-time reported and paid to the Class Members. Succinctly,

13      Defendant 7-ELEVEN failed to provide each Class Member with all monies earned and/or

14      legally owing to the Class Members. This decrease violated State wage and hour laws,

15      including but not limited to minimum wage and overtime requirements.

16   42.   It was reasonably foreseeable that this wrongful conduct would interfere with or disrupt the

17      above referenced economic relationship if Defendant 7-ELEVEN failed to exercise due care.

18      To wit, if 7-ELEVEN failed to provide compensation to the Class Members in accordance with

19      California law, the Class Members would (and did) receive less of an economic benefit as a

20      result of their relationship with the third parties.

21   43.   The economic relationship between the Class Members and the third parties was actually

22      interfered with or disrupted. To wit, the Class Members failed to receive wages due on those

23      occasions where said Class Members failed to receive a compliant Meal or Rest Period, and

24      received less of an economic benefit on those occasions where Defendant 7-ELEVEN used an

25      illegal "rounding" technique to deprive Class Members of actual hours worked.

26   ///

27   ///

28

1    44.    The above described conduct caused the Class Members damage. Specifically, the Class

2    Members lost portions of the economic benefit from the economic relationship.

3

4    **FOURTH CAUSE OF ACTION**
**Violation of Labor Code - Class Action**

5    **(By The Class Against All Defendants)**

6    45.    Plaintiff hereby incorporates by reference paragraphs 1 through 44 above, as though fully set

7    forth herein.

8    46.    California Labor Code § 226.7(a) states that "No employer shall require any employee to work

9    during any meal or rest period mandated by an applicable order of the Industrial Welfare

10    Commission."

11    47.    Under applicable state law, employees who work more than five (5) hours a day are entitled

12    to a meal period of at least thirty (30) minutes, and a second meal period of at least thirty (30)

13    minutes if they work more than ten (10) hours in a day.  (Labor Code § 512(a).)

14    48.    Unless the employee is relieved of all duty during a 30 minute meal period, the meal period

15    shall be considered an "on duty" meal period and counted as time worked. Title 8, California

16    Code of Regulations Section 11070(11)(A) and (B), also know as Wage Order 4.

17    49.    An employer who fails to provide meal or rest periods as required by an applicable Wage Order

18    must pay the employee one additional hour of pay at the employee's regular rate of pay for

19    each workday that the meal or rest period was not provided.  (Labor Code § 226.7(b); IWC

20    Wage Orders 1-2001 through 13-2001, 15-2001.)

21    50.    During the course of her employment, Plaintiff and other employees were required by

22    Defendants  to work through their lunches and perform work during their meal and rest

23    periods, and therefore, Plaintiff and other members in her class were denied relieved and off-

24    duty meal and rest periods.

25    51.    Defendants willfully failed and refused to pay Plaintiff and other employees one additional

26    hour of pay at their regular rate of pay for each workday that a meal or rest period was not

27    provided as required by Labor Code Section 226.7.

28

52. California Labor Code § 226 states, in part, that each pay period, Defendants shall provide its employees an accurate Itemized Wage Statement, showing (in part) the gross wages earned and the total hours earned by each employee.

53. During the course of her employment, Plaintiff and other employees were not provided statutorily compliant Itemized Wage Statements ("pay-stubs") by Defendants.

54. As a direct result of Defendants' willful failure and refusal to (a) provide the mandated meal or rest period or pay one additional hour of pay at the regular rate of pay for each workday that a meal or rest period was not provided, and (b) failure to comply with Labor Code section 226, Plaintiff and other employees have suffered injury, loss and harm all to their damages in a sum according to proof. On behalf of the class, Plaintiff hereby seeks compensatory damages, back pay (or penalty), and prejudgement interest, and the payment of one hour of pay at the regular rate of pay, for each day the Meal or Rest period was not provided.

55. California Labor Code § 510(a) states that, "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Further, California law requires the payment of compensation for all time worked.

56. During the course of her employment, Plaintiff and other employees were not properly or legally compensated, including the failure to receive compensation at one and one half (1½) times their regular rate of pay for hours worked in excess of 8 hours a day and/or 40 hours a week. As a result, Plaintiff and other Class Members have suffered injury, loss and harm all to their damages in a sum according to proof.

57. Labor Code section 2802(a) states that, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

58. During the course of her employment, Plaintiff and other employees were required by

1    Defendants to purchase, using their own funds, custom pants, shirts, and shoes as part of their

2    "work uniforms." Additionally, Plaintiff and other employees were required to clean all or part

3    of their "work uniforms." Plaintiff and other employees were not reimbursed by Defendants

4    for these expenditures.

5    59.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is

6    presently unaware of the precise amount of these expenses and fees and prays leave of court

7    to amend this Complaint when the amounts are more fully known.

8

9                                     **FIFTH CAUSE OF ACTION**
                              **Violation of Business and Professions Code §17200 – Class Action**
10                                   **(By The Class Against All Defendants)**

11    60.    Plaintiff hereby incorporates by reference paragraphs 1 through 59 as though fully set forth

12    herein.

13    61.    Plaintiff is a direct victim of Defendants' illegal and unfair business acts and practices

14    referenced in this complaint, and has lost money as a result of such practices, and is suing both

15    in her individual capacity and on behalf of former or current employees of Defendants and/or

16    recipients of Payroll-Processing and Bookkeeping who share a common or general interest in

17    the damages as a result of the illegal practices. Specifically, Plaintiff is bringing this claim on

18    behalf of Defendants' current and former employees and/or recipients of Payroll-Processing

19    and Bookkeeping who are/were improperly denied mandated relived meal and rest periods and

20    required wages under Labor Code Section 226.7, denied proper compensation, including

21    minimum wage and overtime compensation under Labor Code Section 510, denied statutorily

22    compliant pay-stubs under Labor Code Section 226, and required to purchase and clean

23    uniforms using their funds, a violation of Labor Code Section 2802. The class of present and

24    former employees is believed to be approximately 5000 members.

25    62.    The approximately 5000 member class is ascertainable via their experience as present or past

26    employees of Defendant 7-Eleven and/or recipients of Payroll-Processing and Bookkeeping.

27    The members share a community of interest, and an injury in fact, as Defendant 7-ELEVEN

28

1     has violated California compensation laws, thereby depriving the class members of money
2     earned by them. Based on the facts set forth above, it would be impracticable to proceed in
3     individual actions.

4  63.  Plaintiff has suffered an injury in fact pursuant to Business and Professions Code Section
5     17204, and has lost money as a result of Defendant 7-ELEVEN's illegal practices, in that she
6     was improperly denied Wages in violation of Labor Code Section 226.7, throughout her
7     employment and experience with the Payroll-Processing/Bookkeeping of Defendants.

8  64.  Plaintiff is bringing this action on behalf of an ascertainable class, who share a community of
9     interest, pursuant to Business and Professions Code Section 17203 and Code of Civil
10    Procedure Section 382, who share a common or general interest in the damages as a result of
11    the illegal practices, in that those individuals on whose behalf the action is brought have also
12    lost money as a result of Defendants' practices, by denying them proper payment of Wages
13    under Labor Code Section 226.7, denying them proper compensation, including compensation
14    under Labor Code Section 510, denying them statutorily compliant pay-stubs under Labor
15    Code Section 226, and requiring them to purchase and clean uniforms using their funds, a
16    violation of Labor Code Section 2802, and that it would be impracticable to proceed in as an
17    individual plaintiff action.

18 65.  As set forth above, during the course of Plaintiff's employment, Defendants failed and refused
19    to properly pay Plaintiff, and other employees and/or Payroll-Processing Recipients, mandated
20    meal and rest periods and one hour of pay at the employees' regular rate of pay for each day
21    the meal and rest periods were not provided. (Labor Code Sections 226.7, 512;      Title 8,
22    California Code of Regulations Section 11070(11)(A) and (B).) Defendants failed and refused
23    to properly pay Plaintiff, and other employees and/or Payroll-Processing Recipients overtime
24    compensation for hours worked in excess of 8 hours a day and/or 40 hours a week. (Labor
25    Code Section 510.) Defendants failed and refused to provide Plaintiff, and other employees
26    and/or Payroll-Processing Recipients statutorily compliant pay-stubs. (Labor Code Section
27    226.) Defendants improperly required Plaintiff and other employees and/or Payroll-Processing

28

1    Recipients to purchase and clean work uniforms using their funds. (Labor Code section 2802.)

2  66.  California Business and Professions Code § 17200 *et seq.*, prohibits any unlawful, unfair, or

3    fraudulent business act or practice.

4  67.  Plaintiff's allegations herein are based upon the business acts and practices of the Defendants.

5  68.  Defendants' acts and practices as described herein above are unlawful, in that they violate the

6    California Labor Code.

7  69.  As a direct result of Defendants' unlawful business acts and practices, Plaintiff, and other

8    employees and/or Payroll-Processing Recipients, have been denied wages earned, and have

9    therefore been damaged in amount to be proven. Accordingly, Plaintiff prays for restitution

10    and injunctive damages in an amount to be proven.

11  70.  Plaintiff is informed and believes, and on that basis alleges, that the unlawful business

12    practices alleged above are continuing in nature and are widespread practices engaged by

13    Defendants.

14  71.  On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against

15    Defendants, to enjoin them from continuing to engage in the illegal conduct alleged herein.

16  72.  On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages.

17  73.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is

18    presently unaware of the precise amount of these expenses and fees and prays leave of court

19    to amend this Complaint when the amounts are more fully known.

20
### SIXTH CAUSE OF ACTION
21  Violation of Labor Code Section 2699, *et seq.* - Representative Action
    (By The Class Against 7-Eleven, Inc.)

22  74.  Plaintiff hereby incorporates by reference paragraphs 1 through 73 as though fully set forth

23    herein.

24  75.  At all times mentioned herein, Defendant 7-ELEVEN, INC. was subject to the Labor Codes

25    and Industrial Welfare Commission Wage Orders of the State of California, including, but not

26    limited to, California Labor Code section 2699, *et seq.*

27  76.  Plaintiff Class Representative has exhausted her Administrative Remedies and pre-filing

28

1    requirements pursuant to California Labor Code section 2699.3. To wit, on June 6, 2007,
2    counsel for Plaintiff Class Representative gave written notice, via Certified Mail, to the
3    California Labor & Workforce Development Agency regarding the specific provisions of the
4    California Labor Code Section violated by Defendant 7-ELEVEN, INC., as well as the facts
5    and theories in support. (A true and correct copy of this letter is attached hereto as Exhibit
6    "A.") On July 11, 2007, the California Labor & Workforce Development Agency sent written
7    notice that they do not intend to investigate the claim, thus allowing Plaintiff to proceed. (A
8    true and correct copy of this letter is attached hereto as Exhibit "B.") Further, on or about
9    September 24, 2007, counsel for Plaintiff Class Representative gave amended written notice,
10   via Certified Mail, to the California Labor & Workforce Development Agency regarding the
11   specific provisions of the California Labor Code Section violated by Defendant 7-ELEVEN,
12   INC., as well as the facts and theories in support. (A true and correct copy of this letter is
13   attached hereto as Exhibit "C.") The statutory period for the California Labor & Workforce
14   Development Agency to send written notice that they intend to investigate the claim has
15   expired, thus allowing Plaintiff to proceed.

16   77.   At all times mentioned herein, Defendant 7-ELEVEN, INC. was not only acting as an
17         "Employer" for Plaintiff and the Class, but was also a "person acting either individually or as
18         an officer, agent or employee of another person," as that term is used within California Labor
19         Code sections 1197.1 and 1199.

20   78.   California Labor Code section 1197.1 provides, in pertinent part, as follows: "Any employer
21         or other person acting either individually or as an officer, agent or employee of another person,
22         who pays or causes to be paid to any employee a wage less than the minimum fixed by an order
23         of the commission shall be subject to a civil penalty as follows: (1) For any initial violation that
24         is intentionally committed, one hundred dollars ($100) for each underpaid employee for each
25         pay period for which the employee is underpaid. (2) For each subsequent violation for the same
26         specific offense, two hundred dollars ($250) for each underpaid employee for each pay period
27         for with the employee is underpaid regardless of whether the initial violation is intentionally
28         committed." California Labor Code section 1199 provides, in pertinent part, as follows: "Any

1    employer or other person acting either individually or as an officer, agent or employee of

2    another person is guilty of a misdemeanor and punishable by a fine of not less than one

3    hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any

4    of the following: (a) requires or causes an employee to work for longer hours than those fixed,

5    or under conditions of labor prohibited by an order of the commission; (b) pays or causes to

6    be paid to any employee a wage less than the minimum fixed by an order of the commission;

7    c) violates or refuses or neglects to comply with any provision of this chapter or any order or

8    ruling of the commission."

9    79.    Throughout the Class Period, Defendant 7-ELEVEN, INC. provided bill-paying, payroll-

10    processing and record-keeping, in terms of financial records and wage payments, for 7-Eleven

11    store employees, including Sales Associates. Further, Defendant 7-ELEVEN, INC. required

12    its employees and/or its Franchisees employees to comply with various mandates of   7-

13    ELEVEN, INC. as a condition of employment and/or continued employment.

14    80.    Throughout the Class Period, Plaintiff and the remaining class members were not provided

15    their legally mandated meal and rest periods, and were not provided the legally mandated

16    payment for not receiving relieved meal and rest periods. Further, many of the conditions of

17    employment and/or continued employment violated provisions of the Labor Code and orders

18    of the commission.

19    81.    The California Supreme Court, in   Murphy v. Kenneth Cole (2007) 40 Cal.4th 1094, has

20    recently confirmed that the legally mandated "Meal Period Payment" is a Wage.

21    82.    California law holds that Minimum Wage laws apply to each and every hour worked, and that

22    it is illegal to withhold from any employee any Wage earned by that employee. Armenta v.

23    Osmose, Inc. (2006) 135 Cal.App.4th 314.

24    83.    Although Defendant 7-ELEVEN, INC. possessed the opportunity and the obligation to provide

25    this Wage to Plaintiff and the remaining Class Members, it failed to pay or cause to be paid

26    said Wages. Defendant 7-ELEVEN, INC. thus failed to pay, or cause to be paid, the Minimum

27    Wage to Plaintiff and the remaining Class Members. Additionally, although Defendant 7-

28    ELEVEN, INC. possessed the opportunity and the obligation to Plaintiff and the remaining

1  Class Members, it failed to comply with the provisions of the Labor Code and orders of the

2  commission, it failed to comply.

3  84.  As a direct result of Defendant 7-Eleven Inc.'s failure to pay, or cause to be paid, the Minimum

4  Wage to Plaintiff and the remaining Class Members, and its failure to comply with the

5  provisions of the Labor Code and orders of the commission, Plaintiff and the remaining Class

6  Members have been damaged.

7  85.  As California Labor Code section 2699 provides for civil penalties recoverable by Plaintiff on

8  behalf of herself and the Class by and through Labor Code section 2699.3, and as Plaintiff has

9  complied with the pre-filing requirements, Plaintiff and the Class may recover the penalties

10  pursuant to Labor Code section 2699, as more specifically set forth in the below Prayer For

11  Relief.

12  86.  Plaintiff and the Class also seek an award of reasonable Attorney's fees and costs pursuant to

13  Labor Code section 2699(g)(1), and interest, pursuant to Labor Code section 218.6.

14

15  **PRAYER FOR RELIEF**

16  WHEREFORE, Plaintiff on her own behalf and on behalf of the members of the Class and the

17  general public, prays for judgment as follows:

18  1.  For an order certifying the proposed Class;

19  2.  For compensatory damages according to proof as set forth in California Labor Code § 226,

20  California Labor Code § 226.7, California Labor Code § 510, California Labor Code section

21  1194 and California Labor Code § 2802, for failing to provide statutorily compliant itemized

22  wage statements ("pay-stubs"), failing to provide proper compensation, including but not

23  limited to minimum wage and overtime compensation, denying mandated meal and rest

24  periods and other wages resulting from failure to count work employees performed during meal

25  breaks as time worked, and for improperly requiring employees to purchase work uniforms

26  using their own funds;

27  3.  For waiting time penalties according to proof pursuant to California Labor Code § 203;

28

4.  For civil penalties pursuant to California Labor Code §§ 2699, 201, 203, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1197.1, 1199 and 226(e), and Title 8, California Code of Regulations Section 11070 Section 20.

5.  For compensatory damages in an amount to be proven;

6.  For lost back pay in an amount to be proven;

7.  On behalf of the ascertainable class, for a permanent injunction against Defendant Employer restraining, preventing, and enjoining Defendant Employer from engaging in the illegal practices alleged, and to ensure compliance with Labor Code section 226;

8.  On behalf of the ascertainable Class, for restitution damages on behalf of the Section 17200 claimants who share a common or general interest;

9.  For an award of interest, including prejudgement interest, pursuant to Labor Code Section 218.6;

10. For an award of attorneys' fees and costs of suit herein pursuant to Labor Code Sections 2699 *et seq.*, 226, 2802, 1194 and 218.

11. For an award of punitive and exemplary damages where permissible; and

12. For such other relief as the court deems just and proper.


Dated: 12/11/07

**SULLIVAN & CHRISTIANI, LLP**


William B. Sullivan,
Eric J. Palmer,
Attorneys for Plaintiff KIMBERLY ALEKSICK
individually and on behalf of other members of
The   general   public   similarly   situated

# EXHIBIT A

# SULLIVAN & CHRISTIANI

### A LIMITED LIABILITY PARTNERSHIP

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

**2330 Third Avenue**
**San Diego, California 92101**
**PHONE (619) 702-6760**
**FACSIMILE (619) 702-6761**

LAS VEGAS

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2016

June 1, 2007

Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

*Via Certified U.S. Mail Only*

Re:    Kimberly Aleksick v. 7-Eleven, Inc.

Dear Administrator:

Please allow this correspondence to serve as "written notice," as required by California Labor Code section 2699.3(a)(1), of the specific provisions of the California Labor Code believed to have been violated by 7-Eleven, Inc. in the above referenced matter. Thank you for your assistance on this issue.

The specific provisions alleged to have been violated by 7-Eleven, Inc. are as follows:

CALIFORNIA LABOR CODE SECTION 1197.1

Facts and Theories supporting the allegation: Our client, Kimberly Aleksick, worked as a "Sales Associate" for 7-Eleven, Inc. and its Franchisee, Michael Tucker, for approximately two years, from approximately February, 2005 to February, 2007. Please Note: Although Ms. Aleksick contends that 7-Eleven, Inc. was one of her employers, for purposes of the instant request, she contends that the entity was also acting as an "other person" as set forth within the above statute.

Throughout the term of her employment, 7-Eleven, Inc. acted as the record-keeper for all "Sales Associates," including Ms. Aleksick. 7-Eleven, Inc. retained sole discretion to act as record-keeper, and required its' Franchisees, including Mr. Tucker, to agree to allow 7-Eleven, Inc. to act as sole record-keeper, bill payer and payroll provider (Please see Exhibit A). No "Sales Associate" or any other employee could be paid until the record-keeping/bill-paying/payroll provisions were performed.

As part of its' actions as record-keeper, 7-Eleven, Inc. would create "Store Employee Time Cards" for each operative pay period. (Please see Exhibit B). The "Store Employee Time Cards" would record when the employee would clock "in" and "out" each time such punches were performed, on a daily basis. The "Time Cards" recorded the time specifically, down to the operative minute.

Importantly, even a cursory review of the "Time Cards" would show that many of the 30-minute "Meal Periods," required by California Labor Code sections 512 and 226.7, were not being provided. Further, and despite complaints to 7-Eleven employees (other than Mr. Tucker), there is no evidence that the "Meal Period Payments," required by California Labor Code section 226.7 and which constitute wages, were ever provided to Ms. Aleksick.

Based upon the above, Ms. Aleksick contends that, by failing to compensate her the wages due for absent or deficient Meal Periods, 7-Eleven, Inc. - as (at least) an "other person" - paid or caused to be paid amounts less than the minimum wage required by the Labor Code, and are thus liable under the above referenced statute.

To confirm, 7-Eleven, Inc. is a "person" as defined within California Labor Code section 18. As the sole record-keeper, bill payer and payroll provider, 7-Eleven, Inc. paid or caused to be paid amounts less than the minimum wage required by the Labor Code. Finally, the "Meal Period Payment" required by Labor Code section 226.7 is dis-positively a "wage," as recently confirmed by the California Supreme Court in Murphy v. Kenneth Cole, 40 Cal 4th 1094.

Again, thank you for your assistance and instruction throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

Eric J. Palmer, Esq.


Enclosures

*Certified Mail* Carbon-Copy: CSC - Lawyers Incorporating Service; 7-Eleven California Agent for
Service of Process
2730 Gateway Oaks Dr. Ste 100
Sacramento, CA 95833

7-Eleven, Inc.
2711 North Haskell Ave;
Dallas, TX 75204

# EXHIBIT A





Check
produc
sell!

# Franchising

## The 7-Eleven Franchise System

- Franchising Home
- The 7-Eleven Franchise System
- Current Opportunities
- Featured Opportunities
- Business Conversion Program
- Upcoming Events
- Contact Us

### World-Famous Trademark; World-Class Opportunity

The 7-Eleven Franchise System offers a world-class opportunity to franchise and operate a neighborhood convenience store under the auspices of a world-famous trademark.

7-Eleven's relationship with its Franchisees is multi-faceted. We are not only a franchisor; we also serve as landlord, financing source, record keeper and consultant to the Franchisee. We take an active role in the Franchisee's business because our success is predicated on their success.

### Exceptional Services

7-Eleven provides many services some franchisors either do not provide or, if available, require additional fees. For example:

- We obtain and bear the ongoing cost of the land, building and store equipment
- We pay water, sewer, gas and electric utilities
- We pay for any building rent and property taxes
- We provide financing for all normal store operating expenses
- We provide record keeping, bill paying and payroll services for store operations
- We provide a support structure and a field consultant who meets weekly with the Franchisee to help provide the opportunity to maximize store performance and profitability

### Investment in Technology

Our investment in technology and ordering systems leads the industry, and our business model uses technology to put the customer at the center of every decision. We've constructed innovative processes to understand and respond to the immediate needs of our customers, and have invested hundreds of millions in the development of a proprietary Retail Information POS scanning system that can:

- Enable the Franchisee to always have the products their customers want
- Help simplify store operations
- Facilitate staffing and delegation

### Reasonable Financial Investment

With a moderate investment, you can have an opportunity to reap the benefits of the longevity, stability and proven results of a global

# EXHIBIT B

01/04/07

Pay Endi:   01/04/07

SSN   ***-**-2297

Name   KIMBERLY A ALEKSICK

| Date | Pay Code | In | Out | Hours | Amount | Deductions | Mgr Mod |
|------|----------|----|-----|-------|--------|------------|---------|
| 12/29/06 | 20 | 00:00 | 00:00 | 0.00 | | 50.00 | |
| 12/29/06 | RR | 08:16 | 12:36 | 4.33 | | | |
| 12/29/06 | RR | 13:04 | 16:02 | 2.96 | | | |
| 01/01/07 | RR | 08:11 | 16:07 | 7.93 | | | |
| 01/02/07 | RR | 08:00 | 14:00 | 6.00 | | | |
| 01/02/07 | RR | 14:25 | 16:07 | 1.70 | | | M |
| 01/03/07 | RR | 08:18 | 10:04 | 1.76 | | | M |
| 01/03/07 | RR | 10:04 | 12:45 | 2.68 | | | |
| 01/03/07 | RR | 13:23 | 16:05 | 2.70 | | | |
| 01/04/07 | RR | 08:13 | 12:23 | 4.16 | | | |
| 01/04/07 | RR | 12:58 | 16:04 | 3.10 | | | |
| | | | | 37.32 | | 50.00 | |

Employee Charges:   2.58

4/4/03-changed close of business time from 12 noon to 12a.m. as requested by the franchisee (Michael Tucker)-rj

x _[signature]_

# EXHIBIT B



**Governor**
Arnold
Schwarzenegger

**Secretary**
Victoria L. Bradshaw

Agricultural
Labor
Relations
Board

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

# Labor & Workforce Development Agency

July 11, 2007

Eric J. Palmer, Esq.
Sullivan& Christiani
2330 Third Avenue
San Diego, Ca. 92101

CSC-7-Eleven CA Agent for Service of Process
2730 Gateway Oaks Dr., Suite 100
Sacramento, Ca. 95833

Re:     LWDA No: 2317
        Employer: 7-Eleven
        Employee: Kimberly Aleksick

Dear Employer and Representative of the Employee:

This is to inform you that the Labor and Workforce Development Agency (LWDA) received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked June 6, 2007 and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "...civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code". Labor Code Section 2699(l) specifies "[T]he superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part".

Consequently you must advise us of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement.

Sincerely,

Robert A. Jones

Robert A. Jones
Deputy Secretary

# EXHIBIT C

# SULLIVAN & CHRISTIANI

A LIMITED LIABILITY PARTNERSHIP

NORTHERN CALIFORNIA

1 CEDARWOOD LANE
MILL VALLEY, CA 94941
PHONE 415-383-6151
FACSIMILE 415-888-3038

**2330 Third Avenue
San Diego, California 92101**
PHONE **(619) 702-6760**
FACSIMILE **(619) 702-6761**

LAS VEGAS

1610 SOUTH TENTH STREET
LAS VEGAS, NEVADA 89104
PHONE 702-382-2107
FACSIMILE 702-382-2016

September 24, 2007

Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

*Via Certified U.S. Mail Only*

Re:    Kimberly Aleksick v. 7-Eleven, Inc.

Dear Administrator:

Please allow this correspondence to serve as a **supplemental** "written notice," as required by California Labor Code section 2699.3(a)(1), of the specific provisions of the California Labor Code believed to have been violated by 7-Eleven, Inc. in the above referenced matter. We have previously provided notice on this case; newly learned information requires notification of further violations. Thank you for your assistance on this issue.

The specific provisions alleged to have been violated by 7-Eleven, Inc. are as follows:

CALIFORNIA LABOR CODE SECTIONS 201, 203, 226, 226.7, 510, 512, 1174, 1194 and 1199

Facts and Theories supporting the allegation: Our client, Kimberly Aleksick, worked as a "Sales Associate" for 7-Eleven, Inc. and its Franchisee, Michael Tucker, for approximately two years, from approximately February, 2005 to February, 2007.

Supplemental investigation leads to the conclusion that 7-Eleven, Inc. acted as an "employer" to all California-based 7-Eleven Associates, as it retained control and ultimate decision-making capability over the employment activities of said employees. In particular, 7-Eleven, Inc. retained absolute control over the Time-Sheets documenting the start and end time of the employees Meal Periods. These Time-

Sheet documents clearly show Meal Period "shorts," and we have been unable to locate any evidence of the payment of the one-hour wage required by California law in lieu of compliant Meal Periods.

Again, thank you for your assistance and instruction throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

Eric J. Palmer, Esq.

Enclosures

*Certified Mail* Carbon-Copy:

CSC - Lawyers Incorporating Service
7-Eleven California Agent for Service of Process
2730 Gateway Oaks Dr. Ste 100
Sacramento, CA 95833

7-Eleven, Inc.
2711 North Haskell Ave;
Dallas, TX 75204

**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

CERTIFIED MAIL

7002 0510 0002 8215 3752

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To 7-Eleven, Inc.

Street, Apt. No.; or PO Box No. 2711 North Haskell Avenue

City, State, ZIP+4 Dallas, TX 75204

PS Form 3800, January 2001    See Reverse for Instructions





**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To *Labor + Work force Deve. Agency*
Street, Apt. No.; or PO Box No. *801 K Street, Ste. 2101*
City, State, ZIP+4 *Sacramento, CA 95814*

PostalAnnex+ of Bankers Hill
415 Laurel St.
San Diego, Ca. 92101
Tel (619)232-1832
Fax (619)232-1934

USPS First Cl   8 @ 10.09        80.72   Berik.van
LABOR AND WORK FORCE
700205100002B2154247
CT CORPORATION                      ''
700205100002B2154254
LAIDLAW TRANSIT                     ''
700205100002B2154223
SCRIPPS HEALTH
70020510000262154278
LABOR AND WORK FORCE   (VICKER)
700205100002B2154285
LABOR AND WORK FORCE (ALEKSICK)
700205100002B2154230
CSC LAWYER INC. (ALEKSICK)
700205100002B2154281
7 ELEVEN      (Aleksick)
700205100002B2153752
Stamps          6 @ 0.45         2.70

        SUBTOTAL                 B3.42
        TAX                       0.00
        TOTAL                    B3.42
        TEND Cash              100.00
        CHANGE                  18.58

Customer: None selected

#78656                           09/24/2007
                                04:18 PM

# EXHIBIT D

12.    **Bookkeeping and Financial Matters.**

 (a) <u>Bookkeeping; Inspection of Records.</u> We have the right to maintain Bookkeeping Records with respect to your operation of the Store as part of our records. You may perform or obtain any additional bookkeeping you wish. Either party may inspect records of the operation of the Store prepared or obtained by the other party where the records are maintained during normal business hours.

 (b) <u>Deposits; Cash Payments for Daily Purchases/Operating Expenses.</u>

  (1) You agree to:

   (i) properly prepare and date the Cash Report and submit it on time;

   (ii) deposit all Receipts into Store safes or other currency control devices as designated by us before depositing such Receipts in the Bank or night depository we designate;

   (iii) deposit the Receipts for each Collection Period within twenty-four (24) hours after the end of the Collection Period in the Bank or night depository we designate, except for cash you spend from that day's Receipts for Purchases or Operating Expenses paid on that day, provided that you properly report, and provide us with invoices related to, such cash expenditures for Purchases and/or Operating Expenses; and

   (iv) deliver to us, at the times we specify, written verification by the Bank of the deposit (this verification must be dated as of the next day the bank is open for business immediately following the end of the Collection Period).

  (2) If we request, you agree to deliver the Receipts (except for authorized and documented cash expenditures for Purchases and Operating Expenses) to us rather than depositing the Receipts in the Bank. We have the right at any time to require that you cease paying for Purchases and/or Operating Expenses with cash out of the Receipts or limit those Purchases and/or Operating Expenses that you are permitted to make with cash out of the Receipts.

  (3) You understand and agree that we may withdraw or use for our benefit any amounts you deposit in the Bank or deliver to us at any time, without paying any interest or other compensation to you. You agree that we have the right to apply Receipts first to the payment of the 7-Eleven Charge and then to amounts that we pay on your behalf. We will pay interest on credit balances in the Open Account as specified by Paragraph 13(c).

 (c) <u>Reports and Other Bookkeeping Information.</u>

  (1) You agree to prepare and furnish to us, on forms, at times (including at each courier pick-up), and in the manner (including submission in an electronic format) that we require:

   (i) daily summaries of Purchases;
   (ii) daily reports of Receipts;
   (iii) time and wage authorizations for your Store employees on a weekly or other periodic basis that we require;
   (iv) all information we request regarding the vendors from which you make purchases;
   (v) actual sales data; and
   (vi) all additional reports that we may reasonably require from time to time.

  (2) We may require you to prepare or furnish any required reports using in-store computers, cash register equipment or other types of equipment in the Store.

MARKET/STORE #2131 - 22818 B

(3)    You agree to deliver or furnish to us, with the frequency and at the times we require, copies of bank drafts, vendor and other receipts, invoices for Purchases, and receipts and bills for Operating Expenses. You also agree to keep us currently advised electronically or in writing, as we specify, of all your actual retail selling prices (which you alone will set) and of all discounts, allowances, and/or premiums you receive. In addition, you agree to use electronic equipment we provide to order, check-in and scan all products that are capable of being handled in those ways. You further agree to keep (for such time period that we specify from time to time, such time period not to exceed seven (7) years) and make available to us any records, electronic documents, or other documents relating to the operation of the Store that we request you to retain and/or make available. You acknowledge that we are relying on the accuracy of all information you and your employees provide, including all payroll information. You agree that all information that you and your employees provide will be truthful, accurate, complete, and in compliance with all applicable laws and with all policies or requirements we implement from time to time, provided that any changes in policies or requirements will not change the fundamental requirements of Paragraph 12(c)(1). A further description of bookkeeping practices to be used at the Store and our bookkeeping dispute resolution procedures are included in the On-Line Systems Support Guide; however, such bookkeeping dispute resolution procedures do not supercede the dispute resolution provisions contained in Paragraphs 29 and 30, and we are not required to comply with such bookkeeping dispute resolution procedures as a condition to the exercise of our rights under Paragraphs 29 and 30.

(d)    Electronic Invoices. If we have an arrangement with any of your vendors to pay for Purchases through Electronic Invoices, you agree not to pay, or request that we pay, such vendors in any manner other than through Electronic Invoices in accordance with our requirements related to Electronic Invoice payments.

(e)    Financial Summaries and Assistance That We Provide You. If you are not in Material Breach of this Agreement, we agree to: (1) provide you with Financial Summaries; (2) pay, on your behalf and in accordance with the vendors' payment terms, after you approve and submit them to us, bank drafts and invoices for Purchases (as verified by the vendor statements or the appropriate vendor), bills for Operating Expenses and the payroll for your Store employees; provided, however, that we have the right to immediately pay all Electronic Invoices upon receipt and without your prior approval, subject to your right to dispute the accuracy of such Electronic Invoices with the vendor after payment; (3) pay you draw checks as provided in Paragraph 11; and (4) assist you in preparing and filing your business tax reports and returns (except your income tax, related personal tax returns, and governmental census reports) to the extent the information is available from the Bookkeeping Records. You authorize us to collect discounts and allowances that were not already deducted from invoices, and to charge you for the market value of any premiums you receive based upon Purchases. You acknowledge that we may prepare Interim Financial Summaries at any time.

(f)    7-Eleven Store Information System. You agree to use the 7-Eleven Store Information System in connection with your operation of the Store in accordance with our requirements. You agree that we own all information and data compiled by or stored in the 7-Eleven Store Information System, and that we will have electronic access to, and the right to use in any manner we elect (including selling and retaining all proceeds from such sales) the information compiled and managed by or stored in the 7-Eleven Store Information System or any other store information systems used at or by the Store at the times and in the manner that we specify. You may not in any way use or disclose all or any part of the information or data compiled by or stored in the 7-Eleven Store Information System, except in connection with your operation of the Store and as needed to effectively work with your Store suppliers. You may not sell all or any part of the information or data compiled by or stored in the 7-Eleven Store Information System to any individual or entity.

13.    Open Account; Financing; and Minimum Net Worth.

(a)    Open Account. As part of the Bookkeeping Records, we agree to establish and maintain an Open Account for you. You agree to pay us any unpaid balance in the Open Account upon expiration or termination of the Agreement or earlier as provided in Paragraph 13(b). We will debit all Purchases, Operating Expenses, draw payments to you and amounts you owe us which relate directly or indirectly to the operation of the