1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT C**

1  A. Daniel Bacalski, Jr. (SBN 56488)
   Paul C. Johnson, Jr. (SBN 189311)
2  **BACALSKI, OTTOSON & DUBÉ, LLP**
   402 West Broadway, 24th Floor
3  Post Office Box 120270
   San Diego, CA 92112-0270
4  (619) 239-4340/FAX: (619) 239-0116

5
   Attorneys for Defendant, MICHAEL TUCKER
6

7

8            **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF IMPERIAL - EL CENTRO**

10  KIMBERLEY ALEKSICK, et al.,          )  CASE NO. ECU 03615
                                         )
11              Plaintiffs,              )  **DEFENDANT MICHAEL TUCKER'S**
                                         )  **RESPONSES TO PLAINTIFF'S REQUEST**
12  v.                                   )  **FOR ADMISSIONS**
                                         )  **(SET ONE)**
13                                       )
                                         )
14  7-ELEVEN, INC., et al.,              )
                                         )
15              Defendants.              )
                                         )
16                                       )
                                         )
17  _____     )

18  PROPOUNDING PARTY:        Plaintiff, KIMBERLY ALEKSICK

19  RESPONDING PARTY:         Defendant, MICHAEL TUCKER

20  SET NO.:                  ONE

21          Pursuant to California Code of Civil Procedure § 2033.210, Defendant MICHAEL

22  TUCKER ("DEFENDANT" or "Responding Party") hereby makes the following responses and

23  objections to Plaintiff's requests for admissions without prejudice to further discovery.

24          Each of the following responses and objections are made solely for this action. Each

25  response is subject to all objections as to competence, relevance, materiality, propriety, and

26  admissibility and any and all objections and grounds that would require the exclusion of any

27  statement herein if the admissions were asked of, or any statement or admission contained

28  herein were made by, a witness present and testifying in court, all of which objections and

1  grounds are reserved and may be interposed at the time of trial.

2  The following responses are based upon information presently available to Responding

3  Party and except for explicit facts admitted herein, no incidental or implied admissions are

4  intended.  The fact that Responding Party has answered part or all of a request is not intended

5  and shall not be construed to be a waiver by Responding Party of all or any part of any

6  objection to any request.

7  To the extent any or all of the call for information that constitutes information or material

8  prepared in anticipation of litigation, or for trial, or information or material covered by the work

9  product doctrine, or that constitutes information which is privileged by virtue of the attorney-

10  client privilege, Responding Party objects to each and every such request and thus will not

11  supply or render any information or material protected from discovery by virtue of the work

12  product doctrine or attorney-client privilege.

13  To the extent that these requests assume facts that have not been established or not

14  known to this Responding Party, Responding Party objects.

15  These introductory comments shall apply to each and every response or objection given

16  herein and shall be incorporated by reference as though fully set forth in all the responses

17  appearing in the following answers.

18  ### RESPONSES TO REQUEST FOR ADMISSIONS

19  **Request for Admission No. 1.:**

20  Please admit YOU EMPLOYED Plaintiff. (For purposes of these Requests for Admissions,

21  YOU or YOUR means Defendant MICHAEL TUCKER, and anyone acting on his behalf

22  including, but not limited to, his agents, employees, attorneys, accountants, franchisees,

23  investigators, partners, co-defendants, and/or representatives; EMPLOY, and any variation

24  thereof, means to hire someone, other than an INDEPENDENT CONTRACTOR, for purposes

25  of providing services requested by or on behalf of an employer; and INDEPENDENT

26  CONTRACTOR means one, other than an EMPLOYEE, who is hired to undertake a specific

27  project but who is left free to do the assigned work and to choose the method for accomplishing

28  it; EMPLOYEE means one who is hired to perform services for or an (sic) behalf of an employer,

1 | other than as an INDEPENDENT CONTRACTOR, in exchange for compensation.)

2 | **Response to Request for Admission No. 1:**

3 | Objection, vague and overly broad as to time. Without waiving said objection,

4 | Responding Party responds: Admitted.

5 | **Request for Admission No. 2.:**

6 | Please admit that YOU EMPLOYED Plaintiff from in or about July 2005 until February

7 | 20, 2007.

8 | **Response to Request for Admission No. 2:**

9 | Denied.

10 | **Request for Admission No. 3.:**

11 | Please admit that YOU TERMINATED Plaintiff's EMPLOYMENT. (For purposes of these

12 | Requests for Admissions, TERMINATE, TERMINATED and TERMINATING means to actually

13 | or constructively end an EMPLOYMENT and includes a discharge, firing, or layoff;

14 | EMPLOYMENT means a relationship in which an employee provides services requested by or

15 | on behalf of an employer, other than an INDEPENDENT CONTRACTOR relationship, in

16 | exchange for compensation.)

17 | **Response to Request for Admission No. 3:**

18 | Admitted.

19 | **Request for Admission No. 4.:**

20 | Please admit that YOU TERMINATED Plaintiff's EMPLOYMENT on February 20, 2007.

21 | **Response to Request for Admission No. 4:**

22 | Admitted.

23 | **Request for Admission No. 5.:**

24 | Please admit that Plaintiff did not RESIGN from her EMPLOYMENT with YOU. (For

25 | purposes of these Requests for Admissions, RESIGN means, quit, leave, and/or voluntarily give

26 | up a job.)

27 | **Response to Request for Admission No. 5:**

28 | Denied.

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)
K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from plitff.wpd

**Request for Admission No. 6.:**

Please admit that throughout Plaintiff's EMPLOYMENT with YOU, Plaintiff was not an INDEPENDENT CONTRACTOR.

**Response to Request for Admission No. 6:**

Admitted.

**Request for Admission No. 7.:**

Please admit that Plaintiff's job performance was SATISFACTORY throughout her EMPLOYMENT with YOU. (For purposes of these Requests for Admissions, SATISFACTORY means sufficient or acceptable.)

**Response to Request for Admission No. 7:**

Denied.

**Request for Admission No. 8.:**

Please admit YOU denied Plaintiff RELIEVED MEAL PERIODS during the year 2005. (For purposes of these Requests for Admissions, RELIEVED means to alleviate from all duty; MEAL PERIODS means the thirty (30) minute time period legally set aside for YOUR employees to eat and drink, and in which they are RELIEVED from all duty to perform work, as set forth by the California Labor Code and California Industrial Welfare Commission.)

**Response to Request for Admission No. 8:**

Denied.

**Request for Admission No. 9.:**

Please admit YOU denied Plaintiff RELIEVED MEAL PERIODS during the year 2006.

**Response to Request for Admission No. 9:**

Denied.

**Request for Admission No. 10.:**

Please admit YOU denied Plaintiff RELIEVED MEAL PERIODS during the year 2007.

**Response to Request for Admission No. 10:**

Denied.

**Request for Admission No. 11.:**

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)

K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from pltff.wpd

1        Please admit YOU denied Plaintiff RELIEVED REST PERIODS during the year 2005. (For

2   purposes of these Requests for Admissions, REST PERIODS means the ten (10) minute break

3   legally set aside for YOUR employees not to work after four (4) hours of work or a major

4   fraction thereof, as fully set forth by the California Labor Code and California Industrial Welfare

5   Commission.)

6   **Response to Request for Admission No. 11:**

7        Denied.

8   **Request for Admission No. 12.:**

9        Please admit YOU denied Plaintiff RELIEVED REST PERIODS during the year 2006.

10  **Response to Request for Admission No. 12:**

11       Denied.

12  **Request for Admission No. 13.:**

13       Please admit YOU denied Plaintiff RELIEVED REST PERIODS during the year 2007.

14  **Response to Request for Admission No. 13:**

15       Denied.

16  **Request for Admission No. 14.:**

17       Please admit YOU did not RETAIN any RECORDS showing that Plaintiff took a MEAL

18  PERIOD during the year 2005. (For purposes of these Requests for Admissions, RETAIN means

19  to keep, maintain, and/or possess for future use; RECORDS means a written or documented

20  representation of an event.)

21  **Response to Request for Admission No. 14:**

22       Denied.

23

24

25

26

27

28

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)
K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from pltff.wpd

1 | **Request for Admission No. 15.:**

2 |  Please admit YOU did not RETAIN any RECORDS showing that Plaintiff took a MEAL

3 | PERIOD during the year 2006.

4 | **Response to Request for Admission No. 15:**

5 |  Denied.

6 | **Request for Admission No. 16.:**

7 |  Please admit YOU did not RETAIN any RECORDS showing that Plaintiff took a MEAL

8 | PERIOD during the year 2007.

9 | **Response to Request for Admission No. 16:**

10 |  Denied.

11 | **Request for Admission No. 17.:**

12 |  Please admit YOU did not RETAIN any of Plaintiff's TIME RECORDS showing each

13 | WORK PERIOD during the year 2005.  (For purposes of these Requests for Admissions, TIME

14 | RECORDS means any written or documented representation of the period(s) in which YOUR

15 | employees were under YOUR supervision and control, including all DOCUMENTS mandated

16 | by Title 8, California Code of Regulations 11010, et seq.; WORK PERIOD means the daily time

17 | that each employee was under YOUR supervision and control, starting with the time they begin

18 | the daily assignment until the time they end the daily assignment, as mandated by Title 8,

19 | California Code of Regulations 11010, et seq.)

20 | **Response to Request for Admission No. 17:**

21 |  Denied.

22 | **Request for Admission No. 18.:**

23 |  Please admit YOU did not RETAIN any of Plaintiff's TIME RECORDS showing each

24 | WORK PERIOD during the year 2006.

25 | **Response to Request for Admission No. 18:**

26 |  Denied.

27 |

28 |

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)
K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from pltff.wpd

**Request for Admission No. 19.:**

Please admit YOU did not RETAIN any of Plaintiff's TIME RECORDS showing each WORK PERIOD during the year 2007.

Response to Request for Admission No. 19:

Denied.

**Request for Admission No. 20.:**

Please admit YOU did not RETAIN any of YOUR EMPLOYEES' TIME RECORDS showing each WORK PERIOD during the year 2005. (For purposes of these Requests for Admissions, EMPLOYEE means someone, other than an independent contractor, who provides services requested by or on behalf of an employer, in exchange for compensation.)

**Response to Request for Admission No. 20:**

Objection; overly broad and premature in that this matter has not been certified as a class action and in that a representative action is not appropriate. Without waiving the foregoing objections, Responding Party responds: Denied.

**Request for Admission No. 21.:**

Please admit YOU did not RETAIN any of YOUR EMPLOYEES' TIME RECORDS showing each WORK PERIOD during the year 2006.

**Response to Request for Admission No. 21:**

Objection; overly broad and premature in that this matter has not been certified as a class action and in that a representative action is not appropriate. Without waiving the foregoing objections, Responding Party responds: Denied.

**Request for Admission No. 22.:**

Please admit YOU did not RETAIN any of YOUR EMPLOYEES' TIME RECORDS showing each WORK PERIOD during the year 2007.

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)
K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from pltff.wpd

1 | **Response to Request for Admission No. 22:**

2 |   Objection; overly broad and premature in that this matter has not been certified as a

3 | class action and in that a representative action is not appropriate.  Without waiving the

4 | foregoing objections, Responding Party responds:  Denied.

5 | **Request for Admission No. 23.:**

6 |   Please admit that Plaintiff worked OVERTIME for YOU in 2005.  (For purposes of these

7 | Requests for Admissions, OVERTIME means the work performed by an EMPLOYEE in excess

8 | of eight (8) hours in one day, and/or forty (40) hours in one work week.)

9 | **Response to Request for Admission No. 23:**

10 |   Denied.

11 | **Request for Admission No. 24.:**

12 |   Please admit that Plaintiff worked OVERTIME for YOU in 2006.

13 | **Response to Request for Admission No. 24:**

14 |   Admitted.

15 | **Request for Admission No. 25.:**

16 |   Please admit that Plaintiff worked OVERTIME for YOU in 2007.

17 | **Response to Request for Admission No. 25:**

18 |   Denied.

19 | **Request for Admission No. 26.:**

20 |   Please admit that YOU failed to pay Plaintiff OVERTIME COMPENSATION in 2005.

21 | (For purposes of these Requests for Admissions, OVERTIME COMPENSATION means the

22 | monetary payment provided by an employer to his/her employees in exchange for any work

23 | in excess of 8 hours in one day and/or 40 hours in one work week as fully set forth by the

24 | California Labor Code and the California Industrial Welfare Commission.)

25 | **Response to Request for Admission No. 26:**

26 |   Objection to the phrase "failed to pay" to the extent that it implies that Plaintiff worked

27 | OVERTIME and was entitled to OVERTIME COMPENSATION. Interpreting the phrase to mean

28 | an intentional decision not to compensate Plaintiff for OVERTIME at the rate required by law,

**DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)**

KAALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from plltf.wpd

1  Responding Party responds: Denied.

2  **Request for Admission No. 27.:**

3      Please admit that YOU failed to pay Plaintiff OVERTIME COMPENSATION in 2006.

4  **Response to Request for Admission No. 27:**

5      Objection to the phrase "failed to pay" to the extent that it implies that Plaintiff worked

6  OVERTIME and was entitled to OVERTIME COMPENSATION. Interpreting the phrase to mean

7  an intentional decision not to compensate Plaintiff for OVERTIME at the rate required by law,

8  Responding Party responds: Denied.

9  **Request for Admission No. 28.:**

10      Please admit that YOU failed to pay Plaintiff OVERTIME COMPENSATION in 2007.

11  **Response to Request for Admission No. 28:**

12      Objection to the phrase "failed to pay" to the extent that it implies that Plaintiff worked

13  OVERTIME and was entitled to OVERTIME COMPENSATION. Interpreting the phrase to mean

14  an intentional decision not to compensate Plaintiff for OVERTIME at the rate required by law,

15  Responding Party responds: Denied.

16  **Request for Admission No. 29.:**

17      Please admit that YOU did not PROVIDE REIMBURSEMENT to YOUR SALES

18  ASSOCIATES for purchasing their work UNIFORMS from YOU during the year 2003. (For

19  purposes of these Request for Admissions, PROVIDE REIMBURSEMENT means pay YOUR

20  EMPLOYEES back for expenses they incurred as a direct result of their job duties with YOU;

21  UNIFORM means the distinctive clothing worn by YOUR SALES ASSOCIATES so as to be

22  recognized by others as YOUR SALES ASSOCIATES; SALES ASSOCIATE(S) refers to Plaintiff's

23  job title with YOU at the time her employment was terminated, and/or any other of YOUR

24  California EMPLOYEES who possessed the same job title at any time period between the year

25  2003 and the present time.)

26

27  **Response to Request for Admission No. 29:**

28      Denied.

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)
K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from pltff.wpd

1 | **Request for Admission No. 30.:**

2 | Please admit that YOU did not PROVIDE REIMBURSEMENT to YOUR SALES

3 | ASSOCIATES for purchasing their work UNIFORMS from YOU during the year 2004.

4 | **Response to Request for Admission No. 30:**

5 | Denied.

6 | **Request for Admission No. 31.:**

7 | Please admit that YOU did not PROVIDE REIMBURSEMENT to YOUR SALES

8 | ASSOCIATES for purchasing their work UNIFORMS from YOU during the year 2005.

9 | **Response to Request for Admission No. 31:**

10 | Denied.

11 | **Request for Admission No. 32.:**

12 | Please admit that YOU did not PROVIDE REIMBURSEMENT to YOUR SALES

13 | ASSOCIATES for purchasing their work UNIFORMS from YOU during the year 2006.

14 | **Response to Request for Admission No. 32:**

15 | Denied.

16 | **Request for Admission No. 33.:**

17 | Please admit that YOU did not PROVIDE REIMBURSEMENT to YOUR SALES

18 | ASSOCIATES for purchasing their work UNIFORMS from YOU during the year 2007.

19 | **Response to Request for Admission No. 33:**

20 | Denied.

21 | **Request for Admission No. 34.:**

22 | Please admit that YOU did not PROVIDE YOUR SALES ASSOCIATES with

23 | STATUTORILY COMPLIANT PAY-STUBS during the year 2003. (For purposes of these Request

24 | for Admissions, PROVIDE means to give, issue, or otherwise make available; STATUTORILY

25 | COMPLIANT PAY-STUBS means DOCUMENTS provided either as a detachable part of the

26 | check, draft, or voucher paying the employee's wages, or separately when wages are paid by

27 | personal check or cash, an accurate itemized statement in writing showing (1) gross wages

28 | earned, (2) total hours worked by the employee, (3) the number of piece rate units earned and

10

**DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)**
K:\ALEKSICK V. TUCKER\DISCOVERY\response\RFA #1 from plntf.wpd

1  any applicable piece rate if the employee is paid on a piece rate basis, (4) all deductions, (5)

2  net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

3  name of the employee and his or her social security number, (8) the name and address of the

4  legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay

5  period and the corresponding number of hours worked at each hourly rate by the employee,

6  as fully set forth in California Labor Code section 226; DOCUMENT(S) means a writing, as

7  defined in Evidence Code Section 250, and includes the original or a copy of handwriting,

8  typewriting, printing, photostating, photographing, and every other means of recording upon

9  any tangible thing and form of communicating or representation, including letters, words,

10  pictures, sounds, or symbols, or combinations of them.)

11  **Response to Request for Admission No. 34:**

12      Denied.

13  **Request for Admission No. 35.:**

14      Please admit that YOU did not PROVIDE YOUR SALES ASSOCIATES with

15  STATUTORILY COMPLIANT PAY-STUBS during the year 2004.

16  **Response to Request for Admission No. 35:**

17      Denied.

18  **Request for Admission No. 36.:**

19      Please admit that YOU did not PROVIDE YOUR SALES ASSOCIATES with

20  STATUTORILY COMPLIANT PAY-STUBS during the year 2005.

21  **Response to Request for Admission No. 36:**

22      Denied.

23  **Request for Admission No. 37.:**

24      Please admit that YOU did not PROVIDE YOUR SALES ASSOCIATES with

25  STATUTORILY COMPLIANT PAY-STUBS during the year 2006.

26  **Response to Request for Admission No. 37:**

27      Denied.

28  **Request for Admission No. 38.:**

1    Please admit that YOU did not PROVIDE YOUR SALES ASSOCIATES with

2    STATUTORILY COMPLIANT PAY-STUBS during the year 2007.

3    **Response to Request for Admission No. 38:**

4    Denied.

5    **Request for Admission No. 39.:**

6    Please admit that, on May 18, 2006, Plaintiff's MEAL PERIOD totaled only nine (9)

7    minutes.

8    **Response to Request for Admission No. 39:**

9    Denied.

10    **Request for Admission No. 40.:**

11    Please admit that Plaintiff did not receive a PAYMENT for her MISSED MEAL PERIOD

12    on Thursday, May 18, 2006.  (For purposes of these Requests for Admissions, MISSED

13    RELIEVED MEAL PERIOD means those occasions in which YOUR EMPLOYEES were not

14    provided, or did not experience, a period of time not less than thirty (30) minutes - during

15    which said EMPLOYEES did not perform any work for YOU - as required by California Labor

16    Code section 226.7 and Title 8 California Code of Regulations Section 11070, also referred to

17    as Industrial Welfare Commission Wage Order No. 7; and PAYMENT means the provision of

18    monetary compensation.  In this specific set of Requests, PAYMENT shall mean the provision

19    of monetary compensation to YOUR EMPLOYEES resulting from YOUR failure to provide said

20    EMPLOYEES Relieved Meal and/or Rest Periods, and shall include all compensation as required

21    by Labor Code Section 226.7.)

22

23

24

25

26

27

28

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)

K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from plitf.wpd

1 | **Response to Request for Admission No. 40:**

2 |     Objection, this Request assumes that Plaintiff missed her meal period on May 18, 2006,

3 | which Responding Party denies. Notwithstanding and without waiving the foregoing objection,

4 | Responding Party responds: Admitted that Plaintiff did not receive compensation in addition

5 | to that earned based on the number of hours she worked on that day.

6 | **Request for Admission No. 41.:**

7 |     Please admit that Defendant 7-ELEVEN, INC. ("7-ELEVEN") PROVIDED YOU RECORD

8 | KEEPING.  (For purposes of these Requests for Admissions, PROVIDE, and any variation

9 | thereof, means to do a service or to make a service available; RECORD KEEPING means the

10 | operation of maintaining, providing, and overseeing the "PAYROLL" and "TIME RECORDS" of

11 | the Store Associates; "PAYROLL RECORDS" means documentation memorializing the

12 | compensation, deductions, and benefits applicable to Store Associates for a designated time

13 | period; and "TIME RECORDS" means any written or documented representation of the period(s)

14 | in which the Store Associate(s) were performing work, including all DOCUMENTS mandated

15 | by Title 8, California Code of Regulations section 11010, *et seq.*  As a professional courtesy,

16 | and not meant as a definition, "RECORD KEEPING" or "RECORD KEEPER" is in reference to

17 | an internet advertising on the website www.7-eleven.com/franchising/, true and correct copies

18 | of which are attached hereto as Exhibit "A".)

19 | **Response to Request for Admission No. 41:**

20 |     Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

21 | and unanswerable. Notwithstanding and without waiving the foregoing objection, Responding

22 | Party responds: Admitted in part.

23 | **Request for Admission No. 42.:**

24 |     Please admit that, during the year 2007, 7-ELEVEN, INC. PROVIDED YOU RECORD

25 | KEEPING.

26 |

27 |

28 |

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)
K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from pltff.wpd

1 | **Response to Request for Admission No. 42:**

2 | Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

3 | and unanswerable. Notwithstanding and without waiving the foregoing objection, Responding

4 | Party responds: Admitted in part.

5 | **Request for Admission No. 43.:**

6 | Please admit that, during the year 2006, 7-ELEVEN, INC. PROVIDED YOU RECORD

7 | KEEPING.

8 | **Response to Request for Admission No. 43:**

9 | Objection, Plaintiff has failed to attach Exhibit A, rendering this Request

10 | unintelligible and unanswerable.  Notwithstanding and without waiving the foregoing

11 | objection, Responding Party responds: Admitted in part.

12 | **Request for Admission No. 44.:**

13 | Please admit that, during the year 2005, 7-ELEVEN, INC. PROVIDED YOU RECORD

14 | KEEPING.

15 | **Response to Request for Admission No. 44:**

16 | Objection, Plaintiff has failed to attach Exhibit A, rendering this Request

17 | unintelligible and unanswerable.  Notwithstanding and without waiving the foregoing

18 | objection, Responding Party responds: Admitted in part.

19 | **Request for Admission No. 45.:**

20 | Please admit that, during the year 2004, 7-ELEVEN, INC. PROVIDED YOU RECORD

21 | KEEPING.

22 | **Response to Request for Admission No. 45:**

23 | Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

24 | and unanswerable. Objection; premature, irrelevant, and not likely to lead to the discovery of

25 | admissible evidence in that this matter has not been certified as a class action and Plaintiff did

26 | not work for Responding Party in 2004.  Notwithstanding and without waiving the foregoing

27 | objection, Responding Party responds: Admitted in part.

28 | **Request for Admission No. 46.:**

1    Please admit that, during the year 2003, 7-ELEVEN, INC. PROVIDED YOU RECORD

2  KEEPING.

3  **Response to Request for Admission No. 46:**

4    Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

5  and unanswerable. Objection; premature, irrelevant, and not likely to lead to the discovery of

6  admissible evidence in that this matter has not been certified as a class action and Plaintiff did

7  not work for Responding Party in 2003. Notwithstanding and without waiving the foregoing

8  objection, Responding Party responds: Admitted in part.

9  **Request for Admission No. 47.:**

10    Please admit that, in 2007, 7-ELEVEN REQUIRED YOU to USE 7-ELEVEN as "RECORD

11  KEEPER." (For purposes of these Requests for Admissions, "REQUIRED" means obligated,

12  demanded, and/or requested; and "USE" means to utilize or employ for some purpose and/or

13  put into service.)

14  **Response to Request for Admission No. 47:**

15    Admitted.

16  **Request for Admission No. 48.:**

17    Please admit that, in 2006, 7-ELEVEN REQUIRED YOU to USE 7-ELEVEN as "RECORD

18  KEEPER."

19  **Response to Request for Admission No. 48:**

20    Admitted.

21  **Request for Admission No. 49.:**

22    Please admit that, in 2005, 7-ELEVEN REQUIRED YOU to USE 7-ELEVEN as "RECORD

23  KEEPER."

24  **Response to Request for Admission No. 49:**

25    Admitted.

26

27

28

**DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)**
K:\ALEKSICK V. TUCKER\DISCOVERY\response\RFA #1 from pltf.wpd

1 **Request for Admission No. 50.:**

2       Please admit that, in 2004, 7-ELEVEN REQUIRED YOU to USE 7-ELEVEN as "RECORD

3   KEEPER."

4 **Response to Request for Admission No. 50:**

5       Objection; premature, irrelevant, and not likely to lead to the discovery of admissible

6   evidence in that this matter has not been certified as a class action and Plaintiff did not work

7   for Responding Party in 2004. Notwithstanding and without waiving the foregoing objection,

8   Responding Party responds: Admitted.

9 **Request for Admission No. 51.:**

10       Please admit that, in 2003, 7-ELEVEN REQUIRED YOU to USE 7-ELEVEN as "RECORD

11   KEEPER."

12 **Response to Request for Admission No. 51:**

13       Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

14   and unanswerable. Objection; premature, irrelevant, and not likely to lead to the discovery of

15   admissible evidence in that this matter has not been certified as a class action and Plaintiff did

16   not work for Responding Party in 2003. Notwithstanding and without waiving the foregoing

17   objection, Responding Party responds: Admitted.

18 **Request for Admission No. 52.:**

19       Please admit that 7-ELEVEN PROVIDED YOU BILL PAYING. (As a professional

20   courtesy, and not meant as a definition, "BILL PAYING" is in reference to an internet advertising

21   on the website: www/7-eleven.com/franchising/, true and correct copies of which are attached

22   hereto as Exhibit "A".)

23 **Response to Request for Admission No. 52:**

24       Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

25   and unanswerable. Objection, vague and ambiguous as to time. Objection to the extent that

26   it refers to the time before Plaintiff started her employment with Responding Party; premature,

27   irrelevant, and not likely to lead to the discovery of admissible evidence in that this matter has

28   not been certified as a class action. Notwithstanding and without waiving the foregoing

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)
K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from pltff.wpd

1  objections, Responding Party responds: Responding Party is unable to respond to this Request

2  in that "BILL PAYING" is insufficiently defined.

3  **Request for Admission No. 53.:**

4      Please admit that 7-ELEVEN PROVIDED YOU BILL PAYING in 2007.

5  **Response to Request for Admission No. 53:**

6      Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

7  and unanswerable. Notwithstanding and without waiving the foregoing objection, Responding

8  Party responds: Responding Party is unable to respond to this Request in that "BILL PAYING"

9  is insufficiently defined.

10  **Request for Admission No. 54.:**

11      Please admit that 7-ELEVEN PROVIDED YOU BILL PAYING in 2006.

12  **Response to Request for Admission No. 54:**

13      Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

14  and unanswerable. Notwithstanding and without waiving the foregoing objection, Responding

15  Party responds: Responding Party is unable to respond to this Request in that "BILL PAYING"

16  is insufficiently defined.

17  **Request for Admission No. 55.:**

18      Please admit that 7-ELEVEN PROVIDED YOU BILL PAYING in 2005.

19  **Response to Request for Admission No. 55:**

20      Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

21  and unanswerable. Notwithstanding and without waiving the foregoing objection, Responding

22  Party responds: Responding Party is unable to respond to this Request in that "BILL PAYING"

23  is insufficiently defined.

24  **Request for Admission No. 56.:**

25      Please admit that 7-ELEVEN PROVIDED YOU BILL PAYING in 2004.

26

27

28

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)
K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from plitf.wpd

1 | **Response to Request for Admission No. 56:**

2      Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

3 and unanswerable. Objection, vague and ambiguous as to time. Objection to the extent that

4 it refers to the time before Plaintiff started her employment with Responding Party; premature,

5 irrelevant, and not likely to lead to the discovery of admissible evidence in that this matter has

6 not been certified as a class action. Notwithstanding and without waiving the foregoing

7 objections, Responding Party responds: Responding Party is unable to respond to this Request

8 in that "BILL PAYING" is insufficiently defined.

9 | **Request for Admission No. 57.:**

10      Please admit that 7-ELEVEN PROVIDED YOU BILL PAYING in 2003.

11 | **Response to Request for Admission No. 57:**

12      Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

13 and unanswerable. Objection, vague and ambiguous as to time. Objection to the extent that

14 it refers to the time before Plaintiff started her employment with Responding Party; premature,

15 irrelevant, and not likely to lead to the discovery of admissible evidence in that this matter has

16 not been certified as a class action. Notwithstanding and without waiving the foregoing

17 objections, Responding Party responds: Responding Party is unable to respond to this Request

18 in that "BILL PAYING" is insufficiently defined.

19 | **Request for Admission No. 58.:**

20      Please admit that, in 2007, 7-ELEVEN REQUIRED YOU to USE 7-ELEVEN for BILL

21 PAYING.

22 | **Response to Request for Admission No. 58:**

23      Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

24 and unanswerable. Notwithstanding and without waiving the foregoing objection, Responding

25 Party responds: Responding Party is unable to respond to this Request in that "BILL PAYING"

26 is insufficiently defined.

27

28

**DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)**

1 | **Request for Admission No. 59.:**

2 | Please admit that, in 2006, 7-ELEVEN REQUIRED YOU to USE 7-ELEVEN for BILL

3 | PAYING.

4 | **Response to Request for Admission No. 59:**

5 | Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

6 | and unanswerable. Notwithstanding and without waiving the foregoing objection, Responding

7 | Party responds: Responding Party is unable to respond to this Request in that "BILL PAYING"

8 | is insufficiently defined.

9 | **Request for Admission No. 60.:**

10 | Please admit that, in 2005, 7-ELEVEN REQUIRED YOU to USE 7-ELEVEN for BILL

11 | PAYING.

12 | **Response to Request for Admission No. 60:**

13 | Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

14 | and unanswerable. Notwithstanding and without waiving the foregoing objection, Responding

15 | Party responds: Responding Party is unable to respond to this Request in that "BILL PAYING"

16 | is insufficiently defined.

17 | **Request for Admission No. 61.:**

18 | Please admit that, in 2004, 7-ELEVEN REQUIRED YOU to USE 7-ELEVEN for BILL

19 | PAYING.

20 | **Response to Request for Admission No. 61:**

21 | Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

22 | and unanswerable. Objection, vague and ambiguous as to time. Objection to the extent that

23 | it refers to the time before Plaintiff started her employment with Responding Party; premature,

24 | irrelevant, and not likely to lead to the discovery of admissible evidence in that this matter has

25 | not been certified as a class action. Notwithstanding and without waiving the foregoing

26 | objections, Responding Party responds: Responding Party is unable to respond to this Request

27 | in that "BILL PAYING" is insufficiently defined.

28 | **Request for Admission No. 62.:**

1    Please admit that, in 2003, 7-ELEVEN REQUIRED YOU to USE 7-ELEVEN for BILL

2  PAYING.

3  **Response to Request for Admission No. 62:**

4    Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

5  and unanswerable. Objection, vague and ambiguous as to time. Objection to the extent that

6  it refers to the time before Plaintiff started her employment with Responding Party; premature,

7  irrelevant, and not likely to lead to the discovery of admissible evidence in that this matter has

8  not been certified as a class action. Notwithstanding and without waiving the foregoing

9  objections, Responding Party responds: Responding Party is unable to respond to this Request

10  in that "BILL PAYING" is insufficiently defined.

11  **Request for Admission No. 63.:**

12    Please admit that 7-ELEVEN PROVIDES YOU "PAYROLL SERVICES." (For purposes of

13  these Requests for Admissions, PAYROLL SERVICES refers to providing and/or overseeing the

14  process of maintaining documentation memorializing the compensation, deductions and/or

15  benefits applicable to Store Associates for a designated time period. As a professional courtesy,

16  and not meant as a definition, "PAYROLL SERVICES" is in reference to an internet advertising

17  on the website: www.7-eleven.com/franchising/, true and correct copies of which are attached

18  hereto as Exhibit "A".)

19  **Response to Request for Admission No. 63:**

20    Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

21  and unanswerable. Objection, vague and ambiguous as to time. Objection to the extent that

22  it refers to the time before Plaintiff started her employment with Responding Party; premature,

23  irrelevant, and not likely to lead to the discovery of admissible evidence in that this matter has

24  not been certified as a class action. Notwithstanding and without waiving the foregoing

25  objections, Responding Party responds: Admitted that 7-Eleven provides such services as

26  maintaining documentation, memorializing the compensation, deductions and/or benefits

27  applicable to Store Associates for a designated time period.

28  **Request for Admission No. 64.:**

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)
K:\VALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from pltff.wpd

1    Please admit that, in 2007, 7-ELEVEN PROVIDED YOU "PAYROLL SERVICES."

2    **Response to Request for Admission No. 64:**

3    Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

4    and unanswerable. Notwithstanding and without waiving the foregoing objection, Responding

5    Party responds: Admitted that in 2007, 7-Eleven provides such services as maintaining

6    documentation, memorializing the compensation, deductions and/or benefits applicable to

7    Store Associates for a designated time period.

8    **Request for Admission No. 65.:**

9    Please admit that, in 2006, 7-ELEVEN PROVIDE YOU "PAYROLL SERVICES."

10   **Response to Request for Admission No. 65:**

11   Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

12   and unanswerable. Notwithstanding and without waiving the foregoing objection, Responding

13   Party responds: Admitted that in 2006, 7-Eleven provided such services as maintaining

14   documentation, memorializing the compensation, deductions and/or benefits applicable to

15   Store Associates for a designated time period.

16   **Request for Admission No. 66.:**

17   Please admit that, in 2005, 7-ELEVEN PROVIDED YOU "PAYROLL SERVICES."

18   **Response to Request for Admission No. 66:**

19   Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

20   and unanswerable. Notwithstanding and without waiving the foregoing objection, Responding

21   Party responds: Admitted that in 2005, 7-Eleven provides such services as maintaining

22   documentation, memorializing the compensation, deductions and/or benefits applicable to

23   Store Associates for a designated time period.

24

25

26

27

28

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)
K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from pltff.wpd

1  **Request for Admission No. 67.:**

2      Please admit that, in 2004, 7-ELEVEN PROVIDE YOU "PAYROLL SERVICES."

3  **Response to Request for Admission No. 67:**

4      Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

5  and unanswerable. Objection, vague and ambiguous as to time. Objection to the extent that

6  it refers to the time before Plaintiff started her employment with Responding Party; premature,

7  irrelevant, and not likely to lead to the discovery of admissible evidence in that this matter has

8  not been certified as a class action. Notwithstanding and without waiving the foregoing

9  objections, Responding Party responds: Admitted that in 2004, 7-Eleven provided such services

10 as maintaining documentation, memorializing the compensation, deductions and/or benefits

11 applicable to Store Associates for a designated time period.

12 **Request for Admission No. 68.:**

13     Please admit that, in 2003, 7-ELEVEN PROVIDE YOU "PAYROLL SERVICES."

14 **Response to Request for Admission No. 68:**

15     Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

16 and unanswerable. Objection, vague and ambiguous as to time. Objection to the extent that

17 it refers to the time before Plaintiff started her employment with Responding Party; premature,

18 irrelevant, and not likely to lead to the discovery of admissible evidence in that this matter has

19 not been certified as a class action. Notwithstanding and without waiving the foregoing

20 objections, Responding Party responds: Admitted that in 2003, 7-Eleven provided such services

21 as maintaining documentation, memorializing the compensation, deductions and/or benefits

22 applicable to Store Associates for a designated time period.

23 **Request for Admission No. 69.:**

24     Please admit that, in 2007, 7-ELEVEN REQUIRED YOU to USE 7-ELEVEN "PAYROLL

25 SERVICES."

26

27

28

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)
K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from pltff.wpd

1 | **Response to Request for Admission No. 69:**

2 | Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

3 | and unanswerable. Notwithstanding and without waiving the foregoing objection, Responding

4 | Party responds: Admitted.

5 | **Request for Admission No. 70.:**

6 | Please admit that, in 2006, 7-ELEVEN REQUIRED YOU to USE 7-ELEVEN "PAYROLL

7 | SERVICES."

8 | **Response to Request for Admission No. 70:**

9 | Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

10 | and unanswerable. Notwithstanding and without waiving the foregoing objection, Responding

11 | Party responds: Admitted.

12 | **Request for Admission No. 71.:**

13 | Please admit that, in 2005, 7-ELEVEN REQUIRED YOU to USE 7-ELEVEN "PAYROLL

14 | SERVICES."

15 | **Response to Request for Admission No. 71:**

16 | Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

17 | and unanswerable. Notwithstanding and without waiving the foregoing objection, Responding

18 | Party responds: Admitted.

19 | **Request for Admission No. 72.:**

20 | Please admit that, in 2004, 7-ELEVEN REQUIRED YOU to USE 7-ELEVEN "PAYROLL

21 | SERVICES."

22 | **Response to Request for Admission No. 72:**

23 | Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

24 | and unanswerable. Objection, vague and ambiguous as to time. Objection to the extent that

25 | it refers to the time before Plaintiff started her employment with Responding Party; premature,

26 | irrelevant, and not likely to lead to the discovery of admissible evidence in that this matter has

27 | not been certified as a class action. Notwithstanding and without waiving the foregoing

28 | objections, Responding Party responds: Admitted.

**DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)**
K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from pltff.wpd

1 | **Request for Admission No. 73.:**

2 | Please admit that, in 2003, 7-ELEVEN REQUIRED YOU to USE 7-ELEVEN "PAYROLL

3 | SERVICES."

4 | **Response to Request for Admission No. 73:**

5 | Objection, Plaintiff has failed to attach Exhibit A, rendering this Request unintelligible

6 | and unanswerable. Objection, vague and ambiguous as to time. Objection to the extent that

7 | it refers to the time before Plaintiff started her employment with Responding Party; premature,

8 | irrelevant, and not likely to lead to the discovery of admissible evidence in that this matter has

9 | not been certified as a class action. Notwithstanding and without waiving the foregoing

10 | objections, Responding Party responds: Admitted.

11 | **Request for Admission No. 74.:**

12 | Please admit that the FRANCHISE AGREEMENT between YOU and 7-ELEVEN "obligated

13 | YOU to wear and cause YOUR employees to wear 7-ELEVEN approved apparel while working

14 | in the store."

15 | **Response to Request for Admission No. 74:**

16 | Objection; the Franchise Agreement is a legal document and the interpretation thereof

17 | calls for a legal conclusion. Objection, the Francihse Agreement speaks for itself.

18 | Notwithstanding and without waiving the foregoing objections, Responding Party responds:

19 | Admitted.

20 | **Request for Admission No. 75.:**

21 | Please admit that 7-ELEVEN sent YOU a notification about a MEAL PERIOD POLICY.

22 | (For the purposes of these Requests for Admissions, MEAL PERIOD POLICY means the directive

23 | of 7-ELEVEN regarding providing the employees with a 30-minute off-duty and fully relieved

24 | lunch break. As a professional courtesy and not meant as a definition, MEAL PERIOD POLICY

25 | is referenced in the documents bate-stamped 179 and 180, attached herein as Exhibit "B".)

26 | **Response to Request for Admission No. 75:**

27 | Objection, Plaintiff has failed to attach Exhibit B, rendering this Request unintelligible

28 | and unanswerable. Objection, vague and ambiguous as to time. Objection to the extent that

**DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)**
K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from plitf.wpd

1  it refers to the time before Plaintiff started her employment with Responding Party; premature,
2  irrelevant, and not likely to lead to the discovery of admissible evidence in that this matter has
3  not been certified as a class action. Notwithstanding and without waiving the foregoing
4  objections, Responding Party responds: Admitted that 7-Eleven did send a notification about
5  a meal period policy.

6  **Request for Admission No. 76.:**

7  Please admit that the MEAL PERIOD POLICY 7-ELEVEN sent YOU included the
8  representation that "all non-exempt (hourly) employees who work 6 hours or more in a shift
9  must be provided with a meal period of not less than 30 minutes." (As a professional courtesy
10 and not meant as a definition, the language "all non-exempt (hourly) employees who work 6
11 hours or more in a shift must be provided with a meal period of not less than 30 minutes" is
12 referenced in the documents bate-stamped 179 and 180, attached herein as Exhibit "B".)

13 **Response to Request for Admission No. 76:**

14 Objection, Plaintiff has failed to attach Exhibit B, rendering this Request unintelligible
15 and unanswerable. Objection, vague and ambiguous as to time. Objection to the extent that
16 it refers to the time before Plaintiff started her employment with Responding Party; premature,
17 irrelevant, and not likely to lead to the discovery of admissible evidence in that this matter has
18 not been certified as a class action. Notwithstanding and without waiving the foregoing
19 objections, Responding Party responds: Admitted.

20 **Request for Admission No. 77.:**

21 Please admit that 7-ELEVEN sent YOU a notification about a MEAL PERIOD POLICY in
22 2007 that included the representation that "all non-exempt (hourly) employees who work 6
23 hours or more in a shift must be provided with a meal period of not less than 30 minutes."

24
25
26
27
28

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)
K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from pltff.wpd

1 | **Response to Request for Admission No. 77:**

2 | Objection, Plaintiff has failed to attach Exhibit B, rendering this Request unintelligible

3 | and unanswerable. Objection, vague and ambiguous as to whether "in 2007" modifies "sent"

4 | or "meal period policy." Notwithstanding and without waiving the foregoing objections,

5 | Responding Party responds: Admitted.

6 | **Request for Admission No. 78.:**

7 | Please admit that 7-ELEVEN sent YOU a notification about a MEAL PERIOD POLICY in

8 | 2006 that included the representation that "all non-exempt (hourly) employees who work 6

9 | hours or more in a shift must be provided with a meal period of not less than 30 minutes."

10 | **Response to Request for Admission No. 78:**

11 | Objection, Plaintiff has failed to attach Exhibit B, rendering this Request unintelligible

12 | and unanswerable. Objection, vague and ambiguous as to whether "in 2006" modifies "sent"

13 | or "meal period policy." Notwithstanding and without waiving the foregoing objections,

14 | Responding Party responds: Admitted.

15 | **Request for Admission No. 79.:**

16 | Please admit that 7-ELEVEN sent YOU a notification about a MEAL PERIOD POLICY in

17 | 2005 that included the representation that "all non-exempt (hourly) employees who work 6

18 | hours or more in a shift must be provided with a meal period of not less than 30 minutes."

19 | **Response to Request for Admission No. 79:**

20 | Objection, Plaintiff has failed to attach Exhibit B, rendering this Request unintelligible

21 | and unanswerable. Objection, vague and ambiguous as to whether "in 2005" modifies "sent"

22 | or "meal period policy." Notwithstanding and without waiving the foregoing objections,

23 | Responding Party responds: Admitted.

24 | **Request for Admission No. 80.:**

25 | Please admit that 7-ELEVEN sent YOU a notification about a MEAL PERIOD POLICY in

26 | 2004 that included the representation that "all non-exempt (hourly) employees who work 6

27 | hours or more in a shift must be provided with a meal period of not less than 30 minutes."

28 | **Response to Request for Admission No. 80:**

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)
K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from pltf.wpd

1    Objection to the extent that it refers to the time before Plaintiff started her employment

2    with Responding Party; premature, irrelevant, and not likely to lead to the discovery of

3    admissible evidence in that this matter has not been certified as a class action. Objection,

4    Plaintiff has failed to attach Exhibit B, rendering this Request unintelligible and unanswerable.

5    Objection, vague and ambiguous as to whether "in 2004" modifies "sent" or "meal period

6    policy." Notwithstanding and without waiving the foregoing objections, Responding Party

7    responds: Admitted.

8    **Request for Admission No. 81.:**

9    Please admit that 7-ELEVEN sent YOU a notification about a MEAL PERIOD POLICY in

10    2003 that included the representation that "all non-exempt (hourly) employees who work 6

11    hours or more in a shift must be provided with a meal period of not less than 30 minutes."

12    **Response to Request for Admission No. 81:**

13    Objection to the extent that it refers to the time before Plaintiff started her employment

14    with Responding Party; premature, irrelevant, and not likely to lead to the discovery of

15    admissible evidence in that this matter has not been certified as a class action. Objection,

16    Plaintiff has failed to attach Exhibit B, rendering this Request unintelligible and unanswerable.

17    Objection, vague and ambiguous as to whether "in 2004" modifies "sent" or "meal period

18    policy." Notwithstanding and without waiving the foregoing objections, Responding Party

19    responds: Admitted.

20    **Request for Admission No. 82.:**

21    Please admit that, during the year 2006, YOU were AWARE that YOU were "required

22    to pay 1 hour of penalty pay for each meal period that the employee is not provided." As a

23    professional courtesy and not meant as a definition, the language "required to pay 1 hour of

24    penalty pay for each meal period that the employee is not provided" is referenced in the

25    documents bate-stamped 179 and 180, attached herein as Exhibit "B"; AWARE means to be

26    cognizant of, have knowledge of, and/or to be readily informed of something.)

27    ///

28    ///

**DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)**

K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from plaintiff.wpd

1    **<u>Response to Request for Admission No. 82</u>**:

2          Admitted.

3

4    Dated:  November 16, 2007                **BACALSKI, OTTOSON & DUBÉ, LLP**

5

6                                        BY:   _Paul C Johnson_____

7                                              A. Daniel Bacalski, Jr.
                                              Paul C. Johnson, Jr.

8                                              Attorneys for Defendant, MICHAEL TUCKER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)
K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from pltff.wpd

1

## VERIFICATION

2      I, MICHAEL TUCKER, declare:

3      1.      I am a Defendant in this action, and am authorized to make this Declaration

4  on my own behalf.

5      2.      I have read the foregoing **RESPONSES TO PLAINTIFF'S REQUESTS FOR**

6  **ADMISSION, SET ONE**, and know the contents thereof; and I certify that the same is true of

7  my own knowledge, except as to those matters which are therein stated upon my information

8  or belief, and as to those matters, I believe them to be true.

9      I declare under penalty of perjury under the laws of the State of California that the

10 foregoing is true and correct.  Executed this  *15*  day of *November*___, 2007, at

11 *Brawley*___, California.

12

13

14                                    MICHAEL TUCKER

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MICHAEL TUCKER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS
(SET ONE)

K:\ALEKSICK V. TUCKER\DISCOVERY\responses\RFA #1 from pltf\wpd