**ORIGINAL**

1   William B. Sullivan [CSB No. 171637]
    Alison M. Miceli [CSB No. 243131]
2   **SULLIVAN & CHRISTIANI, LLP**
    2330 Third Avenue
3   San Diego, California 92101
    (619) 702-6760 * (619) 702-6761 FAX
4

5   Attorneys for Plaintiff KIMBERLY ALEKSICK

6

7

8                    **UNITED STATES DISTRICT COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10  KIMBERLY ALEKSICK, individually and   )   **CASE NO.** 08-CV-59
    on behalf of other members of the general )
11  public similarly situated,              )   **(CLASS ACTION)**
                                            )
12                                          )   **MEMORANDUM OF POINTS AND**
                 Plaintiff.                 )   **AUTHORITIES IN SUPPORT OF**
13                                          )   **PLAINTIFF'S OPPOSITION TO**
         v.                                 )   **DEFENDANT'S MOTION FOR**
14                                          )   **JUDGMENT ON THE PLEADINGS**
                                            )
15  7-ELEVEN, INC.. a Texas Corporation:   )   ***Oral Argument Requested***
    MICHAEL TUCKER, an individual: and     )
16  DOES 1-50, Inclusive.                   )   ***Document Electronically Filed***
                                            )
17               Defendants                 )   Date:       March 3. 2008
                                            )   Time:       8:30 a.m.
18                                          )   Dept.:      12
    ─────────────────────────────────      )   Judge:      Hon. Napoleon A. Jones. Jr.
19

20

21

22

23

24

25

26

27

28

Z Data 6329 Pldgs Oppo MJP Ps and As wpd

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..........................................................................................iii

I.      SUMMARY OF OPPOSITION.......................................................................1

II.     VERIFIED FACTUAL SUMMARY.................................................................3

III.    CONTROLLING LAW.....................................................................................3

IV.     LEGAL ARGUMENT.......................................................................................4

        A.      THE MOTION IS PROCEDURALLY DEFECTIVE..........................4

                1.      The Court Should Not Consider Documents Extrinsic to the
                        Complaint.................................................................................5

                2.      The Court Should Not Consider Documents That Do Not Conform
                        to the Rules of Evidence..........................................................5

                3.      The Alleged "Franchise Agreement" Is Not Integral to Plaintiff's
                        Claims and At Present Cannot Be Established as the "Common Tool"
                        For the Class..............................................................................7

        B.      THE NEGLIGENCE BASED CAUSES OF ACTION ARE PROPER AND
                ALLOW FOR RECOVERY.................................................................7

                1.      The California Labor Code, The United States Supreme
                        Court All Confirm That The Labor Code Is Not an "Exclusive Remedy"
                        For Wage Claims.......................................................................8

                2.      7-Eleven Possess a Duty to Care Where it Voluntarily Assumed the
                        Obligation to Provide Payroll to the Class Members.................10

                3.      The California Supreme Court has Confirmed the Propriety of the
                        Negligence Claims....................................................................11

        C.      THE FOURTH THROUGH SIXTH CAUSES OF ACTION ARE PROPER,
                AS 7-ELEVEN IS PROPERLY ALLEGED TO BE AN EMPLOYER, AND
                7-ELEVEN CANNOT OFFER EXTRINSIC TO REBUT THE
                ALLEGATION...................................................................................13

i

1.  The "Franchise Agreement" Cannot Be Considered, Negating All of the Arguments.................................................................13

2.  Private Contract Cannot Waive the Legal Rights of Non-Signatories.......14

3.  Labor Code section 2699 et seq. Allows for Claims Against "Any Other Person"..........................................................................16

V.  CONCLUSION..................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

<u>Artiglio v. Corning Incorporated.</u>
 18 Cal. 4th 604 (1998)...................................................................................10.11

<u>Biakanja v. Irving.</u>
 49 Cal.2d 647 (1958)..............................................................................................11

<u>Carmen V. San Francisco Unified School Dist..</u>
 982 F. Supp. 1396 (D.C. Cal. 1997) ......................................................................4

<u>Coffee v. McDonnell-Douglas Corp..</u>
 8 Cal. 3d 551 (1972)..............................................................................................11

<u>Connor v. Great Western Sav. & Loan Ass'n..</u>
 69 Cal.2d 850 (1968) ............................................................................................12

<u>Cortez v. Purolator Air Filtration Products Co..</u>
 999 P.2d 706.711 (2000).................................................................................7.8.9

<u>General Conference Corp. Of Seventh-Day Adventists v. Seventh-Day Adventist</u>
<u>Congressional Church.</u>
 887 F.2d 228 (9th Cir. 1989)..................................................................................4

<u>Gentry v. Superior Court</u>
 42 Cal. 4th 443 (2007)..........................................................................................15

<u>Gerlinger v. Amazon.Com. Inc..</u>
 311 F. Supp. 2d 838 (N.D. Cal. 2004)....................................................................4

<u>Hal Roach Studios. Inc. v. Richard Feiner & Co.. Inc..</u>
 896 F.2d 1542 (9th Cir. 1989).................................................................................3

<u>Heyer v. Flaig.</u>
 70 Cal. 2d 223 (1969)...........................................................................................11

<u>In re: Immune Response Securities Litigation</u>
 375 F. Supp. 2d 983 (S.D. Cal. 2005)...............................................................4.13

<u>In re: Wal-Mart Stores. Inc. V. Wage and Hour Litigation</u>
 505 F. Supp. 2d 609 (N.D. Cal. 2007)....................................................................8

In re: World War II Era Japanese Forced Labor Litigation
    164 F. Supp. 2d 1169 (9th Cir. 2003)................................................................4

J'Aire Corp. v. Gregory,
    24 Cal.3d 799 (1979).............................................................................2,11

J&K Painting Co., Inc. V. Bradshaw,
    45 Cal. App. 4th 1394 (1996)....................................................................9

Lucas v. Hamm
    56 Cal. 2d 583 (1961).............................................................................11

Lujan v. G&G Fire Sprinklers, Inc.,
    532 U.S. 189 (2001).............................................................................6,8,9

Martinez-Serrano v. INS,
    94 F.3d 1256 (9th Cir. 1996)...................................................................14

McGann v. Ernst & Young
    102 F.3d 390 (9th Cir. 1996)....................................................................4

Orr v. Bank of Am. NT &SA
    285 F. 3d 764, 773 (9th Cir. 2002)...........................................................5,6

Prime Ins. Syndicate, Inc. V. Damaso
    471 F. Supp. 2d 1087 (D. Nev. 2007).........................................................5

Prometheus v. Funding Corp. V. Merchants Home Delivery Services, Inc.
    516 U.S. 964 (1995)..............................................................................4

Quelimane Company v. Stewart Tile
    19 Cal. 4th 26 (1998).............................................................................12

Qwest Communications Corp. v. Berkeley
    208 F.R.D. 288, 291 (N.D. Cal. 2002)........................................................4

Reynolds v. Bement
    36 Cal. 4th 1074 (2005)..........................................................................14

Roth v. Garcia Marquez
    942 F.2d 617 fn. 1 (9th Cir. 1991)........................................................1,4,13

San Diego Watercrafts, Inc. v. Wells Fargo Bank, N.A.
    102 Cal. App. 4th 308 (2002)....................................................................6

<u>Sav-On-Drug Stores, Inc. v. Superior Court</u>
    34 Cal. 4th 319 (2004)........................................................................................15

<u>Sira v. Morton</u>
    380 F. 3d 57 (2000)..........................................................................................5

<u>Williams v. State of California</u>
    34 Cal. 3d 18 (1983)........................................................................................11

**<u>Statutes</u>**

28 U.S.C. § 1332(d) (2007)...............................................................................3

**<u>Other Authorities</u>**

Cal. Civ. Code § 3281 (2007)...........................................................................9

Cal. Civ. Code § 3333 (2007)...........................................................................10

Cal. Labor Code § 2 (2007).........................................................................2,7,8

Cal. Labor Code § 4 (2007).........................................................................2,7,8

Cal. Labor Code § 206.5 (2008)......................................................................15

Cal. Labor Code § 510 (2008).........................................................................14

Cal. Labor Code § 1194 (2007)......................................................................15

Cal. Labor Code § 1732 (2007)........................................................................9

Cal. Labor Code § 2699 (2007)......................................................................13

FRCP Rule 10...........................................................................................4,5,13

FRCP Rule 12(b)(6)..........................................................................................3

FRCP Rule 12(c)............................................................................................3,4

FRE Rule 901(a)...............................................................................................6

FRE Rule 901(b)(1)..........................................................................................2

BAJI 4.45.........................................................................................2,10,11,12

Prosser, Law of Torts (4th ed. 1971) p. 52.............................................................................11

Rest. 2d Torts §323.......................................................................................................11

1.B. Witkin, Summ of Cal. Law.§§ 791, 797 (9th Ed. 1987)...........................................9

1   William B. Sullivan [CSB No. 171637]
    Alison M. Miceli [CSB No. 243131]
2   **SULLIVAN & CHRISTIANI, LLP**
    2330 Third Avenue
3   San Diego, California 92101
    (619) 702-6760 * (619) 702-6761 FAX
4

5   Attorneys for Plaintiff KIMBERLY ALEKSICK

6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10  KIMBERLY ALEKSICK, individually and     )   **CASE NO.** 08-CV-59
    on behalf of other members of the general )
11  public similarly situated,               )   **(CLASS ACTION)**
                                             )
12                                           )   **MEMORANDUM OF POINTS AND**
                   Plaintiff,                )   **AUTHORITIES IN SUPPORT OF**
13      v.                                   )   **PLAINTIFF'S OPPOSITION TO**
                                             )   **DEFENDANT'S MOTION FOR**
14                                           )   **JUDGMENT ON THE PLEADINGS**
                                             )
15  7-ELEVEN, INC., a Texas Corporation;     )   *Oral Argument Requested*
    MICHAEL TUCKER, an individual; and       )
16  DOES 1-50, Inclusive,                    )   *Document Electronically Filed*
                                             )
17                 Defendants                )   Date:      March 3, 2008
                                             )   Time:      8:30 a.m.
18                                           )   Dept.:     12
                                             )   Judge:     Hon. Napoleon A. Jones, Jr.
19  _____     )

20                  **I.  SUMMARY OF OPPOSITION**

21          Defendant 7-ELEVEN's (hereinafter "7-ELEVEN") Motion for Judgment on the Pleadings

22  is fatally defective, and must be denied, as contrary to existing Statutory and California Supreme Court

23  case law, on the grounds set forth below:

24      •   The Motion for Judgment on the Pleadings is procedurally defective, requiring denial. 7-

25          ELEVEN does not dispute that the Court should only consider the First Amended Complaint

26          (hereinafter "FAC"), and any attached documents. Roth v. Garcia Marquez 942 F.2d 617, 625

27          fn. 1 (9th Cir. 1991). 7-ELEVEN further admits that only "an excerpt" is attached to the FAC.

28

1        However, in violation of controlling law, 7-ELEVEN's Motion asks the Court to consider an

2        entire "Franchise Agreement;" which is <u>not</u> part of the FAC. Any consideration of the Exhibit

3        to 7-ELEVEN's Motion would be improper, as it is extrinsic to the Complaint.

4    •   The attempt to enter the "Franchise Agreement" into evidence is Procedurally and Legally

5        defective, on multiple grounds, as it is not properly authenticated, in violation of the Federal

6        Rules of Evidence, Rule 901(b)(1). Bluntly, a Trial Attorney - who is not a signatory to the

7        document - cannot authenticate the document, especially where a *separate* Defendant is

8        alleged to be a signatory.

9    •   7-ELEVEN's primary argument on the "Negligence based Claims" is that the "California

10       Labor Code provides an exclusive statutory remedy." (Motion for Judgment on Pleadings,

11       page 6, lines 23-24). ***This is a patent, and fatal, error.*** Both the United States Supreme Court

12       and the California Supreme Court have repeatedly confirmed that Common Law remedies

13       (including Negligence) still exist, and still provide a basis to claim. The Labor Code itself -

14       §§ 2 and 4 - states that no IWC Wage Order or common law remedy - which existed before

15       the enactment of the Labor Code - would be affected.

16    •   7-ELEVEN's argument that "it did not owe a duty of care" is contrary to the pleadings and

17       controlling law. California Civil Jury Instructions BAJI 4.45 specifically holds that a person

18       who voluntarily assumes a duty of care may be held liable for negligence. The FAC

19       specifically alleges that 7-ELEVEN voluntarily assumed a Duty of Care when it required its

20       Franchisees to use 7-ELEVEN as "Payroll-Provider." The California Supreme Court has

21       confirmed that economic loss is recoverable, given the facts plead. <u>J'Aire Corp. v. Gregory</u>,

22       24 Cal.3d 799 (1979).

23    •   7-ELEVEN's primary argument on the "Employer based Claims" is legally deficient, as it

24       relies upon documentation not attached to the First Amended Complaint. Succinctly, the

25       Motion should have been brought as one for Summary Judgment. As all allegations must be

26       considered true, 7-ELEVEN's attempt to contradict that allegation through extrinsic evidence

27       - not a part of the FAC - renders the Motion without Factual support.

28

## II.  VERIFIED FACTUAL SUMMARY

This is a "Wage and Hour" Class Action wherein Plaintiff Kimberly Aleksick alleges that 7-ELEVEN acting as an employer - and Michael Tucker (hereinafter "TUCKER") violated the California Labor Code and the Business & Professions Code by failing to pay proper Overtime Compensation or Meal Period Payments and failing to provide statutorily compliant Itemized Wage Statements.  In addition, Plaintiff alleges that 7-ELEVEN was negligent in failing to comply with California State legal requirements regarding the payment of minimum and overtime wages, as well as the payment of wages for non-compliant Meal and Rest Periods.

On April 16, 2007, Plaintiff, both individually and as a Class Representative, filed her original Complaint in the Imperial County Superior Court.

On December 18, 2007, Plaintiff filed her First Amended Complaint in the Imperial County Superior Court.

On January 9, 2008, 7-ELEVEN filed its Answer to the First Amended Complaint in the Imperial County Superior Court.

On January 10, 2008, 7-ELEVEN filed its Notice of Removal in this matter under 28 U.S.C. § 1332(d).

On January 17, 2008, TUCKER filed his Answer to the First Amended Complaint in the United States District Court for the Southern District of California.

On January 24, 2008, Plaintiff filed her Motion to Remand to State Court and set the hearing date for March 3, 2008.

On February 1, 2008, 7-ELEVEN filed a Motion for Judgment on the Pleadings and set the hearing date on the same day as Plaintiff's Motion to Remand, which is for March 3, 2008.

## III.  CONTROLLING LAW

The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). As with Rule 12(b)(6) motions, the court must assume the truthfulness of the material facts alleged in the complaint. Moreover, the facts presented in the pleadings and the inferences to be drawn

1  therefrom must be construed in favor of the responding party. Carmen v. San Francisco Unified

2  School Dist., 982 F. Supp. 1396 (D.C. Cal. 1997); General Conference Corp. of Seventh-Day

3  Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).

4       It is longstanding law that for purposes of the court's consideration of the Rule 12(c) motion,

5  all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all

6  contravening assertions in the movant's pleadings are taken to be false. Prometheus v. Funding Corp.

7  v. Merchants Home Delivery Services, Inc., 516 U.S. 964 (1995); McGann v. Ernst & Young, 102

8  F.3d 390 (9th Cir. 1996). A moving party, for purposes of the Rule 12(c) motion, concedes the accuracy

9  of the factual allegations in his adversary's pleading. Carmen, supra, 982 F. Supp. at 1396.

10       A motion for judgement on the pleadings must be denied unless it appears "to a certainty" that

11  no relief is possible under any state of facts the plaintiffs could prove in support of their claim. In re

12  World War II Era Japanese Forced Labor Litigation, 164 F. Supp. 2d 1169 (9th Cir. 2003). Moreover,

13  a defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact which,

14  if proved, would support recovery. Cf. Gerlinger v. Amazon.Com, Inc., 311 F. Supp. 2d 838 (N.D.

15  Cal. 2004); Qwest Communications Corp. v. Berkeley, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

16  **IV.  LEGAL ARGUMENT**

17       The Motion for Judgment on the Pleadings fails on multiple grounds, addressed below.

18  **A.**      **THE MOTION IS PROCEDURALLY DEFECTIVE**

19       7-ELEVEN's Motion is procedurally defective, in that it attempts to have the Court consider

20  documents that are indisputably outside of the operative Complaint, a violation of controlling law,

21  Federal Rules of Civil Procedure, Rule 10; In re Immune Response Securities Litigation 375 F. Supp.

22  2d 983 994-95 (S.D. Cal. 2005); Roth, supra, 942 F.2d at 625 fn. 1.

23       Additionally, the Motion attempts to have the Court consider a document that has not been

24  properly authenticated, and lacks foundation. The alleged "Franchise Agreement" is not authenticated

25  by any signatory, even though one of the alleged signatories, MICHAEL TUCKER, is a party

26  Defendant. A "Steven Bonnville" purportedly executed the document for 7-ELEVEN, yet the

27

28

1    document is "authenticated" not by Mr. Bonnville, but by Trial Counsel, who is not employed by 7-

2    ELEVEN.

3    **1.**       **The Court Should Not Consider Documents Extrinsic To The Complaint**

4           7-ELEVEN admits that only an "excerpt" of some form of agreement is attached to the First

5    Amended Complaint, yet attempts to have the Court consider a document extrinsic to the pleading.

6    This is contrary to law.

7           FRCP, Rule 10 states as follows:

8               (c)    **Adoption by Reference; Exhibits.** . . . A copy of a written instrument

9                   that is an exhibit to a pleading is part of the pleading for all purposes.

10           It appears that 7-ELEVEN argues that reference to selected pages incorporates the entire

11    document into the pleading. Federal Courts have addressed, and rejected, such an assertion.

12           In Sira v. Morton 380 F.3d 57 (2000), the Court considered a defense request to consider an

13    entire transcript of a disciplinary hearing after only a select portion had been referenced within the

14    operative Complaint. In denying consideration of the entire transcript, the Court held:

15               Defendants nevertheless assert that Sira's paraphrasing of certain events
                 occurring during parts of the disciplinary hearing and his single quotation of

16               one excerpt from Lt. Schneider's testimony, see Complaint 45-64, incorporate
                 the whole of these transcripts by reference into the complaint. *We disagree*.

17               Limited quotation from or reference to documents that may constitute relevant
                 evidence in a case is not enough to incorporate those documents, wholesale,

18               into the complaint. Sira, supra, at 67. (Emphasis added).

19    **2.**       **The Court Should Not Consider Documents That Do Not Conform To The Rules Of**
           **Evidence**

20

21           The Franchise Agreement entered into by 7-ELEVEN and TUCKER was not properly

22    authenticated. The statement in Mr. Welter's Declaration that Exhibit A is a "true and correct copy"

23    does not provide authentication because Mr. Welter does not establish personal knowledge of the

24    creation and (more importantly) execution of the Franchise Agreement. As such, the Franchise

25    Agreement should not receive any consideration.

26           The law is clear, an affiant who authenticates documents through personal knowledge must

27    be a person "who wrote it, signed it, used it, or saw others do so." Prime Ins. Syndicate, Inc. v.

28

1   Damaso, 471 F. Supp. 2d 1087, 1093 (D. Nev. 2007); Orr v. Bank of Am., NT & SA, 285 F.3d 764,

2   774, fn.8 (9th Cir. 2002); 31 Wright & Gold, Federal Practice & Procedure: Evidence §7106, 43 (2000).

3        Courts have held that "authentication is a condition precedent to admissibility, and this

4   condition is satisfied *by evidence* sufficient to support a finding that the matter in question is what its

5   proponent claims." Orr, supra, 285 F.3d at 773 citing Fed. Rules Evid., Rule 901(a) (quotation and

6   footnote omitted). (Emphasis added).

7        In the present case, 7-ELEVEN argues that the "Franchise Agreement" is properly executed

8   and somehow serves to waive the legal rights of non-signatory third parties. The only evidence

9   presented in support of this proposition is the Declaration of an Attorney, who states the document

10  (which, notably, is purportedly executed by a separate Defendant) is a "true and correct" copy.

11        However, Mr. Welter cannot claim that the Franchise Agreement is a "true and correct copy"

12  because there is no evidence presented to establish that he drafted the Franchise Agreement.

13  Additionally, and perhaps more importantly, it is undisputed from the face of the alleged "agreement"

14  that he was not a signatory to said Agreement.

15        Because Mr. Welter did not (and cannot) establish the underlying foundation for the proposed

16  "agreement," it lacks proper authentication. Accordingly, the Franchise Agreement should not be

17  admitted into the record, and should not receive any consideration.

18        Finally, and importantly, any attempt to provide proper authentication within the Reply would

19  be improper, as untimely. It is well-settled that a party cannot raise a new issue for the first time in

20  a reply. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir. 1996). The moving party generally

21  may not rely on additional evidence filed with its reply papers. San Diego Watercrafts, Inc. v. Wells

22  Fargo Bank, N.A., 102 Cal. App. 4th 308, 316 (2002). Furthermore, it is improper for the moving party

23  to "shift gears" and introduce new facts or different legal arguments in the reply brief than presented

24  in the moving papers. See Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 894-95 (1990).

25        In this case, 7-ELEVEN will try to submit supplemental materials with its Reply Brief.

26  However, the Court should not accept 7-ELEVEN's proffer of additional information regarding the

27  authentication of the Franchise Agreement. Any such attempt by 7-ELEVEN to remedy its original

28

1  error is untimely, especially when 7-ELEVEN had a chance to submit evidence regarding

2  authentication when it moved for dismissal. Accordingly, the Franchise Agreement should not be

3  considered by the Court.

4  **3.    The Alleged "Franchise Agreement" Is Not Integral To Plaintiff's Claims, And At Present Cannot Be Established As The "Common Tool" For The Class**

5

6  Exhibit D which is attached to Plaintiff's FAC consists of two (2) pages *only*. (Please see

7  Exhibit "A"). The two pages affirm that 7-ELEVEN requires its Franchisees to use it as the operative

8  "Payroll-Provider." (Please see Declaration of William B. Sullivan). The two pages were attached

9  because Plaintiff's counsel, *through independent investigation*, has been able to confirm the

10  representations within the two documents - that 7-ELEVEN voluntarily assumed a Duty of Care to

11  the Class Members by requiring that it be used as "Payroll-Provider." (Please see Declaration of

12  William B. Sullivan).

13  The FAC does not attach a "Franchise Agreement." (Please see Declaration of William B.

14  Sullivan). At present, Plaintiff is unaware of the exact form or type of any "Franchise Agreement" that

15  may have been entered into between 7-ELEVEN and any Franchisee. (Please see Declaration of

16  William B. Sullivan). Plaintiff ALEKSICK has never seen, and never signed, the "Franchise

17  Agreement" attached to 7-ELEVEN's Motion. (Please see Declaration of Kimberly Aleksick). To the

18  knowledge of Plaintiff, the "Franchise Agreement" attached to 7-ELEVEN's Motion has not been

19  authenticated by any signatory to the Agreement. (Please see Declaration of William B. Sullivan;

20  Evidentiary Objections).

21  As (a) the "Franchise Agreement" relied upon by 7-ELEVEN was not part of the FAC, and

22  (b) it has not been properly authenticated, even if it were capable of consideration, the Motion is

23  procedurally defective, and must be denied.

24  **B.    THE NEGLIGENCE BASED CAUSES OF ACTION ARE PROPER AND ALLOW**

25  **FOR RECOVERY**

26  7-ELEVEN challenges the "First Three Causes of Action" on two separate grounds: (1) that

27  the California Labor Code is the "exclusive Statutory remedy;" and (2) that 7-ELEVEN did not owe

28

1   a Duty of Care when it voluntarily and restrictively assumed the obligation to provide Payroll to all

2   of the Store Associates, including Plaintiff ALEKSICK. Both arguments fail.

3        Pursuant to its own provisions, the Labor Code is not an "exclusive remedy" for Wage

4   violations, as 7-ELEVEN claims. Labor Code §§ 2, 4.

5        Additionally, the United States Supreme Court has confirmed that the California Labor Code

6   does not exclude a "common law" theory, where applicable. Lujan, supra, 532 U.S. at 189.

7        Further, the California Supreme Court has stated that "wage claims" can also be brought

8   outside of the Labor Code, including via the Business and Professions Code or common law theories.

9   Cortez v. Purolator Air Filtration Products Co., 999 P.2d 706 (2000).

10       Finally, the FAC specifically alleges that 7-ELEVEN acted both as an employer and -

11  separately - as a "Payroll-Provider." If - as 7-ELEVEN itself contends - 7-ELEVEN is not an

12  "employer," then 7-ELEVEN could be liable under a simple negligence for failure to meet its

13  voluntarily-assumed Duty to provide the Class Members of monies due.

14  **1.    The California Labor Code, The United States Supreme Court And The California**
    **Supreme Court All Confirm That The Labor Code Is *Not* An "Exclusive Remedy"For**
15  **Wage Claims**

16       7-ELEVEN admits that a statute provides an "exclusive remedy" only where a right "did not

17  exist at common law." (Motion for Judgment on Pleadings, page 7, lines, 4-5: citing to In re Wal-Mart

18  Stores, Inc. Wage and Hour Litigation 505 F. Supp. 2d 609, 618 (N.D. Cal. 2007). Thus, the Labor

19  Code is not exclusive if a claim for unpaid wages existed at common law.

20       As specifically set forth below, California Courts have a long history of "common law" claims

21  for wages due and owing to employees. In fact, the California Supreme Court has - in an "overtime"

22  case - confirmed that "*a negligence action in tort may include monetary compensation for lost*

23  *wages*..." Cortez, supra, 999 P.2d at 713.

24       California Labor Code section 2 provides as follows:

25           The provisions of this code, in so far as they are substantially the same as
             existing provisions relating to the same subject matter, shall be construed as
26           restatements and continuations thereof and not as new enactments.

27

28

1   California Labor Code section 4 provides as follows:

2       No action or proceeding commenced before this code takes effect. and *no*
3       *right accrued, is affected by the provisions of this code*. but all procedure
        thereafter taken therein shall conform to the provisions of this code so far
4       as possible. (Emphasis added)

5

6   In <u>Lujan</u>. <u>supra</u>. 532 U.S. at 198. the United States Supreme Court considered whether a claim

7   under the California Labor Code was the exclusive remedy for a sub-contractor whose wages had been

8   withheld by a government agency. In holding that the Labor Code was <u>not</u> the exclusive remedy. the

9   Supreme Court held as follows:

10

11      Even if respondent could not obtain assignment of the right to sue the awarding body
        under the contract. *it appears that a suit for breach of contract against the*
12      *contractor remains available under California common law*. See 1 B. Witkin.
        Summary of California Law §§791. 797 (9th ed. 1987) (defining breach as the
13      "unjustified or unexcused failure to perform a contract" and describing the remedies
        available under state law). To be sure. §1732 of the Labor Code provides that suit on
14      the contract against the awarding body is the "exclusive remedy of the contractor or
        his or her assignees" with respect to recovery of withheld wages and penalties. §1732
15      (West Supp. 2001). But the remedy is exclusive only with respect to the contractor
        and his assignees. and thus by its terms *not the exclusive remedy for a subcontractor*
16      *who does not receive assignment*. See e.g.. <u>J&K Painting Co.. Inc. v. Bradshaw.</u> 45
17      Cal. App. 4th 1394. 1402 (1996). (Emphasis added)

18

19  The California Supreme Court has long (and repeatedly) held that "common law" causes of

20  action. including those based in Negligence. are appropriate to recover wages.

21

22  In <u>Cortez</u>. <u>supra</u>. 999 P.2d at 711. a Defendant Employer argued that an employee could not

23  recover Overtime wages outside of the Labor Code context: in that case. within the Business and

24  Professions Code.

25

26  In holding that the Business and Professions Code is an appropriate basis in which to claim.

27  the Supreme Court reiterated that the Labor Code is **not** an exclusive remedy:

28

(U)nder this definition unpaid wages might be recovered as damages in a civil suit for breach of contract or one premised on fraud or misrepresentation theories. It does not follow, however, that when the failure to pay wages violated the Labor Code and therefore constitutes an unfair business practice the wages owed may not be recovered as restitution in a UCL action. Cortez, supra, 999 P.2d at 713.

Further,

As Justice Haerle observed, this court has held that wrongfully withheld salary payments are "damages" under Civil Code section 3281, et. seq. Id.

Finally, the California Supreme Court patently rejected 7-ELEVEN's current argument that a Negligence based claim could not support recovery for lost wages: *"a negligence action in tort may include monetary compensation for lost wages* . . . ." Id.; Civ. Code § 3333. (Emphasis added).

As described above, "common law" causes of action - including those based in Negligence - have long been accepted by California courts. As specified below, the First Amended Complaint seeks lost wages, in the form of "all monies earned and legally owing."

As these claims existed at common law, there is no "Labor Code exclusivity," and the Negligence Causes of Action are proper.

## 2.    7-ELEVEN Possesses A Duty Of Care Where It Voluntarily Assumed The Obligation To Provide Payroll To The Class Members

The First Amended Complaint alleges that 7-ELEVEN voluntarily assumed a Duty of Care when it required its Franchisees to use 7-ELEVEN as "Payroll-Provider" for all of the Store Associate Class Members. As this must be accepted as true, and as California law holds that a "volunteer" assumes a duty of care, the Motion should be denied.

California Civil Jury Instructions. BAJI 4.45 holds as follows:

> Voluntary Undertaking- "Good Samaritan" Rule
>
> A person who is under no duty to care for or render service to another but who voluntarily assumes such a duty. is liable to the other for injury caused by a failure to exercise ordinary or reasonable care in the performance of that assumed duty.

The California Supreme Court has long confirmed that it is "settled law" that a voluntary undertaking requires a cognizable Duty of Care. In Artiglio v. Corning Incorporated. 18 Cal. 4th 604 (1998). the Supreme Court discussed the long history of liability for "voluntary acts."

> (2)(a) Thus. it is settled law that one "who, having no initial duty to do so. undertakes to come to the aid of another-the 'good Samaritan'" - has a duty to exercise due care in performance and is liable if (a) his failure to exercise care increases the risk of such harm. or (b) the harm is suffered because of the other's reliance upon the undertaking." Williams v. State of California. 34 Cal. 3d 18. 23 (1983) citing Rest. 2d Torts. §323: see e.g.. Coffee v. McDonnell-Douglas Corp.. 8 Cal. 3d 551. 557 (1972): see also BAJI No. 4.45 ["A person who is under no duty to care for or render service to another but who voluntarily assumes such a duty. is liable to other for injury caused by a failure to exercise ordinary or reasonable care in the performance of that assumed duty." Artiglio. supra. at 614.

**3.     The California Supreme Court Has Confirmed The Propriety Of The Negligence Claims**

As rebutted above. 7-ELEVEN's various arguments are contrary to controlling law. A clear example of the deficiencies within the Motion is addressed via consideration of the Third Cause of Action within the First Amended Complaint. which alleges "Negligent Interference With Prospective Economic Advantage."

Contrary to 7-ELEVEN's recitation to factually distinguishable law. the California Supreme Court has openly confirmed the propriety of this specific Cause of Action. In J'aire Corporation. supra. 24 Cal. 3d at 799. the Supreme Court rejected the argument (currently made by 7-ELEVEN) that "economic loss" is not recoverable via a Negligence claim.

"Even when ***only injury to prospective economic advantage is claimed, recovery is not foreclosed***. (4) Where a special relationship exists between the parties, a plaintiff may recover for loss of expected economic advantage through the negligent performance of a contract ***although the parties were not in contractual privity***. Biakanja v. Irving, 49 Cal. 2d 647 (1958), Lucas v Hamm, 56 Cal. 2d 583 (1961) and Heyer v. Flaig, 70 Cal. 2d 223 (1969) held that intended beneficiaries of wills could sue to recover legacies lost through the negligent preparation of the will. See also Prosser, Law of Torts (4th ed. 1971) p. 952.

In each of the above cases, the court determined that defendants owed plaintiffs a duty of care by applying criteria set forth in Biakanja, supra, 49 Cal. 2d at 650. (5) Those criteria are (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct and (6) the policy of preventing future harm. See also Connor v. Great Western Sav. & Loan Ass'n., 69 Cal. 2d 850, 865 (1968)." (Emphasis added)

Within the First Amended Complaint at issue, all elements are properly plead, and must be considered, for this Motion, as true.

7-ELEVEN's recitation to the Quelimane Company v. Stewart Title,19 Cal. 4th 26 (1998), actually supports the Opposition, as its factual disparity exemplifies the appropriateness of the instant Pleading. In Quelimane, the Supreme Court reversed the Trial Court's order sustaining a Demurrer, without leave to amend. 7-ELEVEN cites to a section of the holding which addressed the pleadings themselves, in combination with the facts as alleged.

Of note, the Plaintiff in Quelimane alleged defendants "owed a duty to members of the public, including Plaintiffs herein, to issue insurance to any parcel of land, including reporting the legal status of the Title thereof, without discrimination." Quelimane, supra, at 58. The Supreme Court found that, where Plaintiffs were trying to place a duty upon Defendants, they could not under the operable facts. *There was no allegation that defendants had assumed such a duty in any manner.* This is not what Plaintiff in the instant matter has plead.

Here, Plaintiff specifically alleges that 7-ELEVEN voluntarily assumed a duty, by requiring its use as Payroll-Provider. As set forth above, BAJI 4.45 and the California Supreme Court provide that a voluntary assumption of a duty carries with it an obligation to act without negligence. Thus, the Negligence actions are properly plead, and the Motion should be denied.

## C.   THE FOURTH THROUGH SIXTH CAUSES OF ACTION ARE PROPER, AS 7-ELEVEN IS PROPERLY ALLEGED TO BE AN EMPLOYER, AND 7-ELEVEN CANNOT OFFER EXTRINSIC EVIDENCE TO REBUT THE ALLEGATION

The argument that the Fourth through Sixth Causes of Action can be dismissed because "7-ELEVEN is not the employer" fails on multiple grounds. First, as set forth above, 7-ELEVEN improperly asks the Court to consider documents that were not attached (and thus are not a part of) the First Amended Complaint.

Second, 7-ELEVEN's assertion - that representations within an alleged contract can somehow bind *non-signatories* to that contract - has absolutely no legal foundation.

Third, with respect to the Sixth Cause of Action, 7-ELEVEN is properly alleged to be an "other person" under Labor Code section 2699, *et. seq.*, and thus an "employer" designation is irrelevant to the claim.

### 1.   The "Franchise Agreement" Cannot Be Considered, Negating All Of The Arguments

As set forth above, 7-ELEVEN is asking the Court to consider documents that are "outside of the pleadings," a violation of controlling law. FRCP, Rule 10; In re Immune Response Securities Litigation, 375 F. Supp. 2d at 994-95; Roth, supra, 942 F.2d at 625 fn. 1.

Further, the "Franchise Agreement" should not be considered, as it has not been properly authenticated.

As the entirety of 7-ELEVEN's argument is based upon the alleged "Franchise Agreement," the argument fails as lacking foundation.

**2.    A Private Contract Cannot Waive The Legal Rights Of Non-Signatories**

7-ELEVEN argues that a private contract between itself and a Franchisee somehow negates and "waives" the fundamental legal rights and protections of third-party non-signatories to the alleged Contract. Not surprisingly, such a bold assertion has absolutely no foundation in law.

First, the California Supreme Court has long held that whether a person or entity is an "Employer" is construed via a "common law test." Reynolds v. Bement, 36 Cal. 4th 1074 (2005). Succinctly, several factors, including "control over wages," must be considered by and through the facts of the relationship itself, and the actions (or inactions) within the relationship. This is not something that may be adjudicated on a Motion for Judgement on the Pleadings.

Second, 7-ELEVEN admits - several times throughout its Motion - that Plaintiff is not a party to the Contract. However, 7-ELEVEN then argues that the Plaintiff (and other Class Members) have somehow "waived"their right to Labor laws, by and through the Franchisees agreements to terms 7-ELEVEN itself created, to protect itself. Not surprisingly, 7-ELEVEN provides absolutely no legal support for such a proposition. Such an argument is akin to Plaintiff and TUCKER agreeing that 7-ELEVEN alone is the "employer." Without any input, or opportunity to object, no individual or party can have statutory rights denied them.

Finally, even if a third party could somehow "Waive" rights without notice, it can never be done where those rights relate to compensation or labor laws.

Labor Code section 510 provides that nonexempt employees will be paid one and one-half their wages for hours worked in excess of eight per day and 40 per week and twice their wages for work in excess of 12 hours a day or eight hours on the seventh day of work.

1    Labor Code section 1194 provides a private right of action to enforce violations of minimum

2    wage and overtime laws.

3    Section 1194(a) states, in pertinent part, as follows:

4

5    Notwithstanding any agreement to work for a lesser wage, any employee
     receiving less than the legal minimum wage or the legal overtime

6    compensation applicable to the employee is entitled to recover in a civil
     action the unpaid balance of the full amount of this minimum wage or

7    overtime compensation, including interest thereon, reasonable attorney's fees,
     and costs of suit.

8

9    **By its terms, the rights to the legal minimum wage and legal overtime compensation**

10   **conferred by the statute are unwaivable.** Gentry v. Superior Court, 42 Cal. 4th 443, 455 (2007).

11   (Emphasis added).

12

13   Simply stated, Labor Code section 1194 confirms "a clear public policy . . . that is specifically

14   directed at the enforcement of California's minimum wage and overtime laws for the benefit of

15   workers." Sav-On Drug Stores, Inc. v. Superior Court, 34 Cal. 4th 319, 340 (2004).

16   The public importance of overtime legislation has been summarized as follows:

17

18   Entitlement to overtime compensation . . . is mandated by statute and is based
     on an important public policy. The duty to pay overtime wages is a duty

19   imposed by the state; it is not a matter left to the private discretion of the
     employer . . . . Under Labor Code section 1199, it is a crime for an employer

20   to fail to pay overtime wages as fixed by the Industrial Welfare Commission.

21   Gentry, supra, 42 Cal. 4th at 456.

22   Labor Code 206.5 states as follows:

23

24   No employer shall require the execution of any release of any claim or right
     on account of wages due, or to become due, or made as an advance on wages

25   to be earned, unless payment of such wages has been made. Any release
     required or executed in violation of the provisions of this section shall be null

26   and void as between the employer and employee and the violation of the
     provisions of this section shall be a misdemeanor. (Emphasis added).

27

28

In light of the above authorities. Plaintiff is entitled to overtime compensation by law, and any waiver or release of said wages is clearly ineffective. Therefore, the Franchise Agreement 7-ELEVEN attached to the instant motion should not be considered by the Court.

**3.      Labor Code Section 2699, Et Seq. Allows For Claims Against "Any Other Person"**

With respect to the Sixth Cause of Action, the Motion should be denied not only for the above reasons, but because the operative Statute specifically allows for suit to be brought against "other person(s)." apart from the employer, who have participated in the activities at issue. As the First Amended Complaint asserts these allegations, the Motion should be denied.

## V.  CONCLUSION

Based on the foregoing reasons, this Court should deny Defendant 7-ELEVEN's Motion for Judgment on the Pleadings.

Dated: February 15, 2008                          **SULLIVAN & CHRISTIANI, LLP**

/s/ Alison M. Miceli
_____
William B. Sullivan,
Alison M. Miceli,
Attorneys for Plaintiff,
Kimberly Aleksick