ORIGINAL

William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff KIMBERLY ALEKSICK

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY ALEKSICK, individually and on behalf of other members of the general public similarly situated. | CASE NO. 08-CV-59 |
| | (CLASS ACTION) |
| Plaintiff, | **PLAINTIFF'S EVIDENTIARY OBJECTIONS** |
| v. | *Oral Argument Requested* |
| | *Document Electronically Filed* |
| 7-ELEVEN, INC., a Texas Corporation; MICHAEL TUCKER, an individual; and DOES 1-50, Inclusive. | Date: March 3, 2008<br>Time: 8:30 a.m.<br>Dept.: 12 |
| Defendants | Judge: Hon. Napoleon A. Jones, Jr. |

Plaintiff Kimberly Aleksick ("Plaintiff") objects to Exhibit A attached to the Declaration of Eric Welter filed in support of Defendant 7-ELEVEN's Motion for Judgment on the Pleadings.

### DEFINITIONS

For purposes of this objection, the following definitions and supporting authority shall apply where indicated herein:

**Authentication:**   Federal Rules of Evidence Section 901

(a) The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

Evidentiary Objections

Z:\Data\c529\Pldgs\Oppo MJP\Evidentiary Objections.wpd

| | | |
|---|---|---|
| 1 | **Foundation:** | **Federal Rules of Evidence Section 602** |
| 2 | | A witness may not testify to a matter unless evidence is introduced |
| 3 | | sufficient to support a finding that the witness has personal |
| 4 | | knowledge of the matter. Evidence to prove personal knowledge |
| 5 | | may, but need not, consist of the witness' own testimony. This rule |
| 6 | | is subject to the provisions of Rule 703, relating to opinion |
| 7 | | testimony by expert witnesses. |
| 8 | **Relevance:** | **Federal Rules of Evidence Sections 401 and 402** |
| 9 | | Evidence must be relevant for it to be admissible. |
| 10 | **Hearsay:** | A statement, other than one made by the declarant while testifying |
| 11 | | at the trial or hearing, offered in evidence to prove the truth of the |
| 12 | | matter asserted. |

13   Plaintiff objects to Exhibit A attached to the Declaration of Eric Welter filed in support of
14 Defendant 7-ELEVEN's Motion for Judgment on the Pleadings as set forth below.
15 Paragraph 2
16   Attached as Exhibit A is a true and correct copy of the franchise agreement between 7-
17 Eleven, Inc. and Michael Tucker dated March 13, 2004, for 7-Eleven Store No. 22818. An excerpt
18 from this document is attached to Plaintiff's First Amended Complaint.
19 **Grounds for Objection:**
20   Lack of authentication; lack of foundation; relevance; hearsay.
21 **Authority for Objection:** Please see Definitions, pages 1-2.
22   In Eric Welter's Declaration, he does not represent that he has "personal knowledge" of the
23 creation and execution of the Franchise Agreement between 7-Eleven, Inc. and Michael Tucker dated
24 March 13, 2004, for 7-Eleven Store No. 22818. As such, the document is not properly authenticated.
25   In addition, any information Eric Welter heard from other individuals may not be inferred
26 as it is hearsay. Mr. Welter did not draft or sign the Franchise Agreement. The only signatures that
27 appear on the Franchise Agreement are "Tom Lesser," "Steve Bonnville," "Michael Tucker," and
28 "Jami Tucker."

     Significantly, Plaintiff ALEKSICK has never seen, and never signed, the "Franchise Agreement." To the knowledge of Plaintiff ALEKSICK, the "Franchise Agreement" has not been authenticated by any signatory to the Agreement.

     This document is also irrelevant as it asserts that the issues in this case involve provisions contained within the Franchise Agreement. However, the Franchise Agreement was not attached to Plaintiff's First Amended Complaint.

Dated: February 15, 2008                  **SULLIVAN & CHRISTIANI, LLP**

/s/ Alison M. Miceli
_____
William B. Sullivan,
Alison M. Miceli,
Attorneys for Plaintiff,
KIMBERLY ALEKSICK