**ORIGINAL**

William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff KIMBERLY ALEKSICK

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY ALEKSICK, individually and on behalf of other members of the general public similarly situated, | CASE NO. 08-CV-59 |
| | (CLASS ACTION) |
| Plaintiff, | DECLARATION OF WILLIAM B. SULLIVAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| 7-ELEVEN, INC., a Texas Corporation; MICHAEL TUCKER, an individual; and DOES 1-50, Inclusive, | *Oral Argument Requested* |
| | *Document Electronically Filed* |
| Defendants | Date:    March 3, 2008 |
| | Time:    8:30 a.m. |
| | Dept.:   12 |
| | Judge:   Hon. Napoleon A. Jones, Jr. |

I, William B. Sullivan, declare as follows:

1. I am an attorney licensed to practice law before all courts of the State of California and am a partner at the law firm of Sullivan & Christiani, LLP, attorneys of record for Plaintiff KIMBERLY ALEKSICK in the above-captioned matter.

2. I have personal knowledge of the facts set forth in this Declaration and if called to testify I could and would do so competently.

3. I make this Declaration in support of Plaintiff KIMBERLY ALEKSICK's Opposition to Defendant 7-ELEVEN Motion for Judgment on the Pleadings.

4. Exhibit D which is attached to Plaintiff's First Amended Complaint consists of two (2) pages only.

5. The two pages affirm that 7-ELEVEN requires its Franchisees to use it as the operative "Payroll-Provider."

6. The two pages were attached because I have been able to confirm the representations within the two documents - that 7-ELEVEN voluntarily assumed a Duty of Care to the Class Members by requiring that it be used as "Payroll-Provider."

7. The First Amended Complaint does not attach a "Franchise Agreement."

8. At present, I am unaware of the exact form or type of any "Franchise Agreement" that may have been entered into between 7-ELEVEN and any Franchisee.

9. To my knowledge, the "Franchise Agreement" attached to 7-ELEVEN's Motion has not been authenticated by any signatory to the Agreement.

10. A true and correct copy of two (2) pages of the "Franchise Agreement" are attached hereto as Exhibit "A."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 15 day of February 2008.

/s/ William B. Sullivan

William B. Sullivan
Declarant

# EXHIBIT A

12. Bookkeeping and Financial Matters.

(a) <u>Bookkeeping; Inspection of Records.</u> We have the right to maintain Bookkeeping Records with respect to your operation of the Store as part of our records. You may perform or obtain any additional bookkeeping you wish. Either party may inspect records of the operation of the Store prepared or obtained by the other party where the records are maintained during normal business hours.

(b) <u>Deposits; Cash Payments for Daily Purchases/Operating Expenses.</u>

(1) You agree to:

(i) properly prepare and date the Cash Report and submit it on time;
(ii) deposit all Receipts into Store safes or other currency control devices as designated by us before depositing such Receipts in the Bank or night depository we designate;
(iii) deposit the Receipts for each Collection Period within twenty-four (24) hours after the end of the Collection Period in the Bank or night depository we designate, except for cash you spend from that day's Receipts for Purchases or Operating Expenses paid on that day, provided that you properly report, and provide us with invoices related to, such cash expenditures for Purchases and/or Operating Expenses; and
(iv) deliver to us, at the times we specify, written verification by the Bank of the deposit (this verification must be dated as of the next day the bank is open for business immediately following the end of the Collection Period).

(2) If we request, you agree to deliver the Receipts (except for authorized and documented cash expenditures for Purchases and Operating Expenses) to us rather than depositing the Receipts in the Bank. We have the right at any time to require that you cease paying for Purchases and/or Operating Expenses with cash out of the Receipts or limit those Purchases and/or Operating Expenses that you are permitted to make with cash out of the Receipts.

(3) You understand and agree that we may withdraw or use for our benefit any amounts you deposit in the Bank or deliver to us at any time, without paying any interest or other compensation to you. You agree that we have the right to apply Receipts first to the payment of the 7-Eleven Charge and then to amounts that we pay on your behalf. We will pay interest on credit balances in the Open Account as specified by Paragraph 15(c).

(c) <u>Reports and Other Bookkeeping Information.</u>

(1) You agree to prepare and furnish to us, on forms, at times (including at each courier pick-up), and in the manner (including submission in an electronic format) that we require:

(i) daily summaries of Purchases;
(ii) daily reports of Receipts;
(iii) time and wage authorizations for your Store employees on a weekly or other periodic basis that we require;
(iv) all information we request regarding the vendors from which you make purchases;
(v) actual sales data; and
(vi) all additional reports that we may reasonably require from time to time.

(2) We may require you to prepare or furnish any required reports using in-store computers, cash register equipment or other types of equipment in the Store.

(3) You agree to deliver or furnish to us, with the frequency and at the times we require, copies of bank drafts, vendor and other receipts, invoices for Purchases, and receipts and bills for Operating Expenses. You also agree to keep us currently advised electronically or in writing, as we specify, of all your actual retail selling prices (which you alone will set) and of all discounts, allowances, and/or premiums you receive. In addition, you agree to use electronic equipment we provide to order, check-in and scan all products that are capable of being handled in those ways. You further agree to keep (for such time period that we specify from time to time, such time period not to exceed seven (7) years) and make available to us any records, electronic documents, or other documents relating to the operation of the Store that we request you to retain and/or make available. You acknowledge that we are relying on the accuracy of all information you and your employees provide, including all payroll information. You agree that all information that you and your employees provide will be truthful, accurate, complete, and in compliance with all applicable laws and with all policies or requirements we implement from time to time, provided that any changes in policies or requirements will not change the fundamental requirements of Paragraph 12(c)(1). A further description of bookkeeping practices to be used at the Store and our bookkeeping dispute resolution procedures are included in the On-Line Systems Support Guide; however, such bookkeeping dispute resolution procedures do not supercede the dispute resolution provisions contained in Paragraphs 29 and 30, and we are not required to comply with such bookkeeping dispute resolution procedures as a condition to the exercise of our rights under Paragraphs 29 and 30.

(d) <u>Electronic Invoices.</u> If we have an arrangement with any of your vendors to pay for Purchases through Electronic Invoices, you agree not to pay, or request that we pay, such vendors in any manner other than through Electronic Invoices in accordance with our requirements related to Electronic Invoice payments.

(e) <u>Financial Summaries and Assistance That We Provide You.</u> If you are not in Material Breach of this Agreement, we agree to: (1) provide you with Financial Summaries; (2) pay, on your behalf and in accordance with the vendors' payment terms, after you approve and submit them to us, bank drafts and invoices for Purchases (as verified by the vendor statements or the appropriate vendor), bills for Operating Expenses and the payroll for your Store employees; provided, however, that we have the right to immediately pay all Electronic Invoices upon receipt and without your prior approval, subject to your right to dispute the accuracy of such Electronic Invoices with the vendor after payment; (3) pay you draw checks as provided in Paragraph 11; and (4) assist you in preparing and filing your business tax reports and returns (except your income tax, related personal tax returns, and governmental census reports) to the extent the information is available from the Bookkeeping Records. You authorize us to collect discounts and allowances that were not already deducted from invoices, and to charge you for the market value of any premiums you receive based upon Purchases. You acknowledge that we may prepare Interim Financial Summaries at any time.

(f) <u>7-Eleven Store Information System.</u> You agree to use the 7-Eleven Store Information System in connection with your operation of the Store in accordance with our requirements. You agree that we own all information and data compiled by or stored in the 7-Eleven Store Information System, and that we will have electronic access to, and the right to use in any manner we elect (including selling and retaining all proceeds from such sales) the information compiled and managed by or stored in the 7-Eleven Store Information System or any other store information systems used at or by the Store at the times and in the manner that we specify. You may not in any way use or disclose all or any part of the information or data compiled by or stored in the 7-Eleven Store Information System, except in connection with your operation of the Store and as needed to effectively work with your Store suppliers. You may not sell all or any part of the information or data compiled by or stored in the 7-Eleven Store Information System to any individual or entity.

13. **Open Account; Financing; and Minimum Net Worth.**

(a) <u>Open Account.</u> As part of the Bookkeeping Records, we agree to establish and maintain an Open Account for you. You agree to pay us any unpaid balances in the Open Account upon expiration or termination of the Agreement or earlier as provided in Paragraph 13(b). We will debit all Purchases, Operating Expenses, draw payments to you and amounts you owe us which relate directly or indirectly to the operation of the

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff KIMBERLY ALEKSICK hereby lodges the following document, in opposition to 7-ELEVEN's Motion for Judgment on the Pleadings, as follows:

Exhibit "A" - A true and correct copy of two pages (2) of the "Franchise Agreement."

February 15, 2008               SULLIVAN & CHRISTIANI, LLP

/s/ Alison M. Miceli

_____
William B. Sullivan,
Alison M. Miceli,
Attorneys for Plaintiff,
KIMBERLY ALEKSICK