ERIC C. SOHLGREN, Bar No. 161710
ecs@paynefears.com
LINDLEY P. FRALEY, Bar No. 223421
lpf@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

ERIC A. WELTER
eaw@welterlaw.com
WELTER LAW FIRM PC
720 Lynn Street, Suite B
Herndon, VA 20170
Telephone: (703) 435-8500
Facsimile: (703) 435-8851

Attorneys for Defendant
7-ELEVEN, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY ALEKSICK, individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> 7-ELEVEN, INC., a Texas Corporation, MICHAEL TUCKER; an individual; and DOES 1-50, Inclusive, <br><br> Defendants. | CASE NO. 08 CV 0059 WQH (WMc) <br> The Hon. William Q. Hayes <br><br> **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND MOTION TO STRIKE** <br><br> Hearing Date: March 3, 2008 <br> Time: 8:30 a.m. <br> Courtroom: 4 <br> Judge: Hon. William Q. Hayes <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... ii

I.  INTRODUCTION ................................................................................... 1

II. LEGAL ARGUMENT .............................................................................. 1

    A.   The Court Should Consider The Franchise Agreement As Part Of The First Amended Complaint ....................................... 1

        1.   The Court Should Incorporate The Entire Franchise Agreement Into The First Amended Complaint ................... 1

        2.   There Is A Properly Authenticated Copy Of The Franchise Agreement In The Pleadings ............................... 2

        3.   The Franchise Agreement Is Integral To Plaintiff's Claims ................................................................ 3

    B.   There Is No Common Law Remedy For Plaintiff's Injuries .......... 4

    C.   The Court Should Dismiss Plaintiff's Negligence Claims.............. 5

        1.   7-Eleven Was Not A Volunteer As To Plaintiff ................... 5

        2.   7-Eleven Did Not Owe Plaintiff A Duty Of Care................. 6

    D.   7-Eleven Was Not Plaintiff's Employer ........................................ 7

    E.   The Court Should Dismiss Plaintiff's Punitive Damages Claim .... 9

    F.   The Court Should Disregard The Sullivan Declaration .................. 9

III. CONCLUSION....................................................................................... 10

TABLE OF AUTHORITIES

**Cases**

Artiglio v. Corning Inc., 18 Cal.4th 604 (1998) ...........................................................5

Bily v. Arthur Young & Co., 3 Cal.4th 370 (1992) .......................................................5

Branch v. Tunnell, 14 F.3d 449 (9th Cir. 1994) .......................................................1, 3

Cabanas v. Gloodt Assoc., 942 F.Supp. 1295 (E.D.Cal.1996),
   aff'd 141 F.3d 1174 (9th Cir. 1998) (unpublished) ................................................6

Cortez v. Purolator Air Filtration Products Co., 23 Cal.4th 163 (2000) ...................4

Eason v. Waste Mgmt. of Alameda County, 2007 WL 2255231
   (N.D.Cal. 2007) ..................................................................................................3, 8

Felton v. Schaeffer, 229 Cal.App.3d 229, 279 Cal.Rptr. 713 (1991) .........................6

Hapin v. Arrow Financial Servs., 428 F.Supp.2d 1057 (N.D.Cal. 2006) ..................2

Jones v. Wild Oats Markets, Inc., 467 F.Supp.2d 1004 (S.D.Cal. 2006) ..................8

Kingray, Inc. v. NBA, Inc., 188 F.Supp.2d 1177 (S.D.Cal. 2002) .........................1, 3

Lockheed Martin Corp. v. RFI Supply, Inc., 118 Fed.Appx. 122, 124,
   2004 WL 2370553 (9th Cir. 2004) (unpublished) ..................................................6

Lujan v. G&G Fire Sprinklers, Inc., 532 U.S. 189 (2001) .........................................4

MGIC Indem. Co. v. Weisman, 803 F.2d 500 (9th Cir. 1986) ...................................1

Parrino v. FHP, Inc., 146 F.3d 699 (9th Cir. 1998) ...............................................1, 3

Pulido v. Coca-Cola Enterprises, Inc., 2006 WL 1699328 (C.D.Cal. 2006) ............4

Quelimane Company v. Stewart Title, 19 Cal.4th 26 (1998) .....................................6

Ross v. U.S. National Association, 2008 WL 413740 (N.D.Cal. 2008) ...................5

Sanchez v. Lindsey Morden Claims Services, Inc., 72 Cal.App.4th 249, 84
   Cal.Rptr.2d 799 (1999) ...........................................................................................6

Sira v. Morton, 380 F.3d 57 (2d Cir. 2004) ................................................................1

Soderberg v. McKinney, 44 Cal.App.4th 1760, 52 Cal.Rptr.2d 635 (1996) .............6

Sprint Telephony PCS, L.P. v. County of San Diego, 311 F.Supp.2d 898
   (S.D.Cal. 2004) ........................................................................................................8

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS                                                                                      No. 08-cv-0059

Steckman v. Hart Brewing Inc., 143 F.3d 1293 (9th Cir. 1998) ................................8

Vasquez v. Coast Valley Roofing Inc., 2007 WL 1660972 (E.D.Cal. 2007)............4

Wal Mart, Inc. Wage and Hour Litigation, 505 F.Supp.2d 609 (N.D.Cal 2007) ......5

**Statutes**

Cal. Bus. & Prof. Code § 20001 ...............................................................................5

Cal. Labor Code § 2699(a)........................................................................................8

Cal. Labor Code 2699(c)...........................................................................................9

## I. INTRODUCTION

Plaintiff's opposition is rife with misrepresentations regarding the facts and the law applicable to this motion. When one strips away the misrepresentations, Plaintiff has failed substantively to address the arguments presented by 7-Eleven in favor of dismissal of this action. 7-Eleven was not Plaintiff's employer. Plaintiff's challenge to the authenticity of the franchise agreement between 7-Eleven and Defendant Tucker is simply a procedural gimmick designed to avoid dismissal because there is no good faith dispute in this case as to the authenticity of the franchise agreement, an excerpt of which Plaintiff herself attached to the First Amended Complaint. Accordingly, the Court should grant 7-Eleven's motion and dismiss the case against it with prejudice.

## II. LEGAL ARGUMENT

### A. The Court Should Consider The Franchise Agreement As Part Of The First Amended Complaint.

Plaintiff contends that the Court should not consider the entire franchise agreement but rather should only consider the two pages from the agreement attached to the First Amended Complaint. The law provides, however, that the Court can, and should, consider the entire franchise agreement as part of the First Amended Complaint in ruling on 7-Eleven's motion. Kingray, Inc. v. NBA, Inc., 188 F.Supp.2d 1177, 1186 (S.D.Cal. 2002) (citing Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986)).

#### 1. The Court Should Incorporate The Entire Franchise Agreement Into The First Amended Complaint.

Plaintiff first argues that the Court should only consider the two-page excerpt attached to the First Amended Complaint and not the entire franchise agreement in ruling on this motion. (*Pl. Opp.* at 5). Plaintiff relies on a Second Circuit decision, Sira v. Morton, 380 F.3d 57 (2d Cir. 2004), for the proposition

1

that the Court should not incorporate an entire document into a complaint when only a portion is referenced. (*Id.*). This is a misleading characterization of the Sira decision and not a correct statement of the law in the Ninth Circuit.

The "document" that the Sira court refused to incorporate by reference was an entire *hearing transcript*, not a contract. Moreover, Plaintiff fails to mention that the Sira court agreed with the defendants that a misbehavior report and disposition sheet not attached to the complaint would be incorporated by reference. Id. at 67. In so holding, the Sira court noted that "[a] complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Id. (citations omitted).

Here, Plaintiff attached two pages from the franchise agreement to her First Amended Complaint but carefully omitted any pages from the agreement that would contradict her bald assertion that 7-Eleven was her employer. This type of gamesmanship has been criticized, and rejected, by the courts. Hapin v. Arrow Financial Servs., 428 F.Supp.2d 1057, 1060 (N.D.Cal. 2006).

Plaintiff should not be allowed to survive this motion by omitting those portions of the franchise agreement that directly contradict her bald allegation that 7-Eleven was her employer. Because Plaintiff chose to attach two pages from the franchise agreement to her First Amended Complaint, the Court should consider the entire franchise agreement as incorporated into the First Amended Complaint.

### 2. There Is A Properly Authenticated Copy Of The Franchise Agreement In The Pleadings.

Plaintiff next argues that the Court should not consider the entire franchise agreement because it was not properly authenticated by a party to the agreement. (*Pl. Memo.* at 5-6). An authenticated copy of the franchise agreement is before the Court, however, as an exhibit to 7-Eleven's remand opposition. (*Docket No. 13, Attachments 4-5*). That copy was authenticated by defendant Tucker, a party to the

agreement, in response to a request for admissions. The court may properly consider facts admitted in response to a request for an admission in ruling on this motion. See Eason v. Waste Mgmt. of Alameda County, 2007 WL 2255231, *3 (N.D.Cal. 2007). Plaintiff's argument regarding authentication is moot.

Plaintiff's argument regarding authentication is also irrelevant. Authentication of a document for consideration on a motion to dismiss is only an issue when the document is not attached to the complaint. See Kingray, Inc., 188 F.Supp.2d at 1186 and cases cited therein. In such a case, the court may consider the document if authentication is undisputed. E.g. Parrino, 146 F.3d at 705-06; Branch, 14 F.3d at 453-54. If the plaintiff attaches the document to her complaint, however, authentication is not an issue. Here, because Plaintiff decided to attach the franchise agreement to her own pleading, authentication is not an issue.[1]

### 3. The Franchise Agreement Is Integral To Plaintiff's Claims.

Plaintiff's final argument regarding the franchise agreement is that it is not integral to her claims. (*Pl. Memo.* at 7). Once again, Plaintiff would have this Court ignore her own complaint. Plaintiff's negligence claims are based entirely on her allegation that 7-Eleven assumed a duty of care with respect to her by the franchise agreement: "7-ELEVEN owed Plaintiff and the other Class Members a Duty of Care. To wit, Defendant 7-Eleven – *by and through its operative 'Franchise Agreements'* – required that each purported Franchisee . . . delegate the role of Bookkeeper and Payroll Provider to Defendant 7-ELEVEN . . . 7-ELEVEN assumed the Duty of Care *by and through the Franchise Agreements 7-ELEVEN itself created*." (*First Amd. Compl.* ¶ 24 (emphasis added); *see also*

---

[1] Moreover, it would be unjust to permit Plaintiff to attach two pages from the franchise agreement to her First Amended Complaint as support for her allegations and then turn around and challenge the authenticity of the remaining portions of the document. Plaintiff cannot have it both ways.

3

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
7-ELEVEN, INC.'S MOTION FOR JUDGMENT ON THE
PLEADINGS                                          No. 08-cv-0059

1  *Pl. Memo.* at 10-11).  Given Plaintiff's own allegations, Plaintiff's argument that
2  the franchise agreement is not integral to her claims is frivolous.
3        **B.**      **There Is No Common Law Remedy For Plaintiff's Injuries.**
4        Plaintiff's negligence claims are foreclosed because the Labor Code
5  remedies she seeks were not available at common law.  Plaintiff's response relies
6  on misleading quotations taken completely out of context.  Because Plaintiff has
7  failed to directly address 7-Eleven's argument that the Labor Code is the exclusive
8  remedy for her alleged injuries and offers nothing to distinguish the cases cited by
9  7-Eleven in its opening memorandum, the Court should grant 7-Eleven's motion.
10       Plaintiff cites <u>Cortez v. Purolator Air Filtration Products Co</u>., 23 Cal.4th
11 163, 177 (2000), for the proposition that "a negligence action in tort may include
12 monetary compensation for lost wages."  This quote is completely taken out of
13 context.  This statement was made, by way of contrast, in a discussion on whether
14 damages in a UCL action included restitution.  <u>Id.</u> at 526.  The actual proposition
15 for which the quote stands – that a party may recover lost wages in a negligence
16 action – is unremarkable black letter law and has absolutely nothing to do with the
17 question of whether a party can bring a negligence action to recover for remedies
18 not previously available at common law.  See <u>Pulido v. Coca-Cola Enterprises,</u>
19 <u>Inc</u>., 2006 WL 1699328, *9 (C.D.Cal. 2006) (discussing <u>Cortez</u> in the context of
20 plaintiff's UCL claims, but nonetheless separately dismissing plaintiff's common
21 law claims based on alleged violation of the Labor Code); <u>see</u> <u>also</u> <u>Vasquez v.</u>
22 <u>Coast Valley Roofing Inc</u>., 2007 WL 1660972, *7 (E.D.Cal. 2007).
23       Plaintiff also advances <u>Lujan v. G&G Fire Sprinklers, Inc.,</u> 532 U.S. 189
24 (2001), as support for her position that the Labor Code is not the exclusive remedy
25 for her claims.  The quote from <u>Lujan</u> is also taken out of context.  In <u>Lujan</u>, the
26 Supreme Court concluded that the provisions of the Labor Code did not deprive a
27 subcontractor of property without due process if California made ordinary judicial
28

4

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
7-ELEVEN, INC.'S MOTION FOR JUDGMENT ON THE
PLEADINGS       No. 08-cv-0059

process available to the subcontractor. It is difficult to decipher how Plaintiff reads Lujan to support her position in the case at hand.

Plaintiff has an adequate remedy under the Labor Code for her alleged injuries rendering her negligence claims unnecessary. See Ross v. U.S. National Association, 2008 WL 413740, *6 (N.D.Cal. 2008) (citing Wal Mart, Inc. Wage and Hour Litigation, 505 F.Supp.2d 609 (N.D.Cal 2007)). Therefore, Plaintiff's First, Second and Third Causes of Action should be dismissed.

### C. The Court Should Dismiss Plaintiff's Negligence Claims.

Plaintiff likewise fails substantively to respond to 7-Eleven's argument that it did not owe a duty of care to Plaintiff as a matter of law. Plaintiff fails to discuss the factors set forth in the seminal case of Bily v.Arthur Young & Co., 3 Cal.4th 370 (1992). Bily is the standard for California courts to determine if a duty of care exists in the negligence context. Plaintiff's sole response is her argument that 7-Eleven was a "volunteer." This argument is completely off base.

#### 1. 7-Eleven Was Not A Volunteer As To Plaintiff.

The idea that 7-Eleven entered into a voluntary undertaking *with respect to Plaintiff* under the facts set forth in the First Amended Complaint is unfounded. 7-Eleven entered into a franchise agreement with *Tucker*. The franchise agreement creates a business relationship between 7-Eleven and *Tucker*, giving Tucker the right to engage in business under 7-Eleven franchise system. Cal. Bus. & Prof. Code § 20001. The Franchise Agreement contained a contractual agreement for 7-Eleven to process payroll for *Tucker*. The provision of payroll services to Tucker did not render 7-Eleven a "good Samaritan" with respect to Plaintiff.

The law relied on by Plaintiff is not applicable to the case at hand. 7-Eleven did not engage in a voluntary act with respect to Plaintiff. The negligent undertaking theory applies only to situations where a person has no duty to render services to another but voluntarily assumes such a duty. Artiglio v. Corning Inc., 18 Cal.4th 604, 613 (1998). Here, 7-Eleven had a contractual obligation to provide

5

services to *Tucker* not Plaintiff. 7-Eleven acted based on contractual obligations and not as a volunteer. The voluntary undertaking theory does not apply.

Further, the voluntary undertaking theory applies only to instances of physical harm. Plaintiff selectively quotes from Artiglio, carefully omitting the elements of the claim in this regard: a negligent undertaking claim requires evidence that "the failure to exercise reasonable care resulted in physical harm." Artiglio, 18 Cal.4th at 614. Plaintiff has alleged no "physical harm." As such, she cannot defend her negligence claim using the negligent undertaking theory. Lockheed Martin Corp. v. RFI Supply, Inc., 118 Fed.Appx. 122, 124, 2004 WL 2370553, *2 (9th Cir. 2004) (unpublished). Under California law, Plaintiff's purely economic losses are not recoverable in an action for negligence. Id. (citing Felton v. Schaeffer, 229 Cal.App.3d 229, 279 Cal.Rptr. 713, 718-19 (1991)).

### 2. 7-Eleven Did Not Owe Plaintiff A Duty Of Care.

Other than advancing the inapplicable volunteer theory, Plaintiff fails to address the law supporting 7-Eleven's position that it did not owe a duty of care to Plaintiff. As noted above, Bily is the authoritative case on duty of care under California law. Plaintiff has not addressed Bily or the factors set forth in that case.

Plaintiff's reliance on Quelimane Company v. Stewart Title, 19 Cal.4th 26 (1998), is unavailing. Quelimane actually applied Bily in holding that a title company had no duty of care to third parties. Id. at 58-59. The court noted that "[w]ith rare exceptions, a business entity has no duty to prevent financial loss to others with whom it deals directly. A fortiori, it has no greater duty to prevent financial losses to third parties who may be affected by its operations." Id. at 59; see also Cabanas v. Gloodt Assoc., 942 F.Supp. 1295, 1308 (E.D.Cal.1996), aff'd 141 F.3d 1174 (9th Cir. 1998) (unpublished); Sanchez v. Lindsey Morden Claims Services, Inc., 72 Cal.App.4th 249, 84 Cal.Rptr.2d 799 (1999); Soderberg v. McKinney, 44 Cal.App.4th 1760, 52 Cal.Rptr.2d 635 (1996). 7-Eleven likewise owed no duty of care to Plaintiff here.

6

**D.     7-Eleven Was Not Plaintiff's Employer.**

Plaintiff raises three points with respect to 7-Eleven's argument that 7-Eleven was not her employer. None of Plaintiff's points justify denial of the instant motion. Indeed, Plaintiff does not substantively address the argument that 7-Eleven was not her employer.

Plaintiff first contends that the Court cannot consider the franchise agreement in connection with this argument. (*Pl. Opp.* at 13). This argument has been disposed of above. The Court may consider the franchise agreement.

Plaintiff next sets up a straw man to divert the Court's attention from the significant problem with her Labor Code claims by mischaracterizing 7-Eleven's argument. Plaintiff would have this Court believe that 7-Eleven argued that "a private contract between itself and a Franchisee somehow negates and 'waives' the fundamental legal rights and protections of third-party non-signatories to the alleged Contract." (*Pl. Opp.* at 14). 7-Eleven made no such argument.

7-Eleven's position is that the legal rights extended to Plaintiff by the Labor Code do not apply to 7-Eleven in this case *because it was not her employer*. Plaintiff still retains all her "fundamental legal rights and protections" as against her employer – Tucker. 7-Eleven is simply making an argument based on the express language of the Labor Code, which requires a finding that a defendant is an "employer" in order for liability to attach.

When one brushes aside the straw man argument, one sees that Plaintiff has completely failed to address the substance of 7-Eleven's argument. The pleadings before the Court show that 7-Eleven was <u>not</u> Plaintiff's employer. The franchise agreement shows that an independent contractor relationship existed between 7-Eleven and Tucker. That agreement has been repeatedly upheld by the California courts. The admission responses by Tucker, (*Docket No. 13,*

*Attachments 4-5*), further establish that 7-Eleven was not Plaintiff's employer.[2] The Court should reject Plaintiff's conclusory allegation that 7-Eleven was her employer because that allegation is contradicted by the franchise agreement that she herself attached to the First Amended Complaint.[3] Sprint Telephony PCS, L.P. v. County of San Diego, 311 F.Supp.2d 898, 903 (S.D.Cal. 2004) (citing Steckman v. Hart Brewing Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998)).

Finally, Plaintiff argues that her Sixth Cause of Action under the California Private Attorneys General Act ("the PAGA") should not be dismissed because the statute allows for suit to be brought against "other persons." (*Pl. Opp.* at 16). Plaintiff cites no case authority to support this argument and fails even to cite to any statutory provision that purportedly gives her such a right. In fact, the enabling statute provides no such cause of action. Labor Code section 2699 creates a cause of action by which civil penalties may "be recovered through a civil action brought by an aggrieved *employee* on behalf of himself or herself and other current or former *employees* pursuant to the procedures specified in Section 2699.3." Cal. Labor Code § 2699(a) (emphasis added). The statute defines "aggrieved employee" as "any person who was *employed by the alleged violator* and against whom one or more of the alleged violations was committed." Id.

---

[2] The court may consider those admission responses on this motion. See Eason, 2007 WL 2255231, at *3. Because they are already in the record, the admission responses do not constitute new matter for purposes of this reply.

[3] Plaintiff insists on pursuing her Labor Code claims against 7-Eleven without any evidence to suggest 7-Eleven was her employer. Plaintiff is under a duty to dismiss those claims – "Even where plaintiff is unaware at the commencement of the suit that the claim is frivolous, he may be liable for attorneys fees if he continues to litigate after it becomes clear that the action lacks factual substance." Jones v. Wild Oats Markets, Inc., 467 F.Supp.2d 1004, 1007 (S.D.Cal. 2006) (citation omitted). Such is the case here.

1 § 2699(c) (emphasis added). Thus, the statute authorizing the cause of action requires an employment relationship to exist in order for liability to attach.

Plaintiff provides no case authority or statutory language to contradict the plain language of sections 2699(a) and (c). The very statutory provisions that create the PAGA cause of action require that the plaintiff be employed by the alleged violator/defendant. Because 7-Eleven was not Plaintiff's employer, it cannot be subject to liability to her under the PAGA.

### E. The Court Should Dismiss Plaintiff's Punitive Damages Claim.

Plaintiff's opposition does not respond to 7-Eleven's motion with respect to her claim for punitive damages. Accordingly, Plaintiff has conceded this point and the Court should grant 7-Eleven's motion and enter judgment on the pleadings in its favor or, in the alternative, strike Plaintiff's claim for punitive damages.

### F. The Court Should Disregard The Sullivan Declaration.

The Court should disregard the declaration of counsel for Plaintiff, William B. Sullivan, because it has no bearing on the issues before this Court. Even if the Court were inclined to consider the Sullivan declaration, it should not do so because it contains misrepresentations of fact designed to mislead the Court regarding the authenticity of the franchise agreement, an excerpt Plaintiff's counsel attached to their First Amended Complaint.

In his declaration, Sullivan states that "[a]t present, I am unaware of the exact form or type of any 'Franchise Agreement' that may have been entered into between 7-ELEVEN and any Franchisee" and "[t]o my knowledge, the 'Franchise Agreement' attached to 7-ELEVEN's motion has not been authenticated by any signatory to the Agreement." (*Sullivan Decl.* ¶ 8-9). These statements are misleading, at best.

Sullivan was provided with a copy of the franchise agreement between 7-Eleven and Defendant Michael Tucker as early as June 2007. (*Declaration of Eric A. Welter* ¶ 2 & Ex. A [hereafter *Welter Decl.*]). 7-Eleven also provided

9

1  Sullivan with a signed copy of the entire agreement between 7-Eleven and Tucker
2  (*Id.* ¶ 3 & Ex. B) and copies of the franchise agreement in use in California in
3  2003, 2006 and 2007 in August 2007 in response to Plaintiff's specific document
4  request for "all store franchise agreements between you and your franchisees" for
5  those years, (*id.* ¶¶ 4-6 & Exs. C-E).  Finally, Tucker himself – a signatory to the
6  relevant franchise agreement and a party to this litigation – authenticated a copy of
7  the franchise agreement between himself and 7-Eleven in his responses to
8  7-Eleven's first request for admissions, which were served on Sullivan in
9  December 2007.  (*Docket No. 13, Attachments 2, 4, 5*).

Based on the information produced to Plaintiff's counsel in discovery, including the admission responses of Defendant Tucker, there is no good faith, reasonable basis here for Plaintiff to dispute the authenticity of the franchise agreement.  Fed. R. Civ. Pro. 11; see Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1536 (9th Cir. 1986) (one purpose of Rule 11 is to deter "costly meritless maneuvers" in litigation).

### III.   CONCLUSION

For the foregoing reasons, and for the reasons stated in 7-Eleven's Notice of Motion and Motion and opening Memorandum, 7-Eleven respectfully requests that the Court grant its motion for judgment on the pleadings and dismiss the First Amended Complaint with prejudice.

DATED:  February 25, 2008          WELTER LAW FIRM, P.C.


                                   By:
                                       /s/ Eric A. Welter
                                          ERIC A. WELTER

                                   Attorneys for Defendant
                                   7-ELEVEN, INC.

10