1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT F

1  PAYNE & FEARS LLP
   Attorneys at Law
2  Eric C. Sohlgren, Bar No. 161710
   Lindley P. Fraley, Bar No. 223421
3  4 Park Plaza, Suite 1100
   Irvine, CA 92614
4  Telephone: (949) 851-1100
   Facsimile: (949) 851-1212
5
6  WELTER LAW FIRM, P.C.
   Eric A. Welter, Virginia Bar No. 38193
7  720 Lynn Street, Suite B
   Herndon, Virginia 20170
8  Telephone:  703-435-8500
   Facsimile:  703-435-8851
9  Attorneys for Defendant
   7-ELEVEN, INC.
10

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12              **FOR THE COUNTY OF IMPERIAL**

| | |
|---|---|
| 13  KIMBERLY ALEKSICK, individually and on behalf of other members of the general public 14  similarly situated, | CASE NO. ECU03615 |
| 15          Plaintiff, | Assigned for All Purposes to: Hon. Christopher W. Yeager, Department 7 |
| 16      v. | **DEFENDANT 7-ELEVEN INC.'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO** |
| 17  7-ELEVEN, INC., a Texas Corporation; MICHAEL TUCKER; an individual; and DOES 18  1-50, Inclusive., | |
| 19          Defendants. | Date Action Filed:  April 16, 2007 |

20

21  PROPOUNDING PARTY:    PLAINTIFF KIMBERLY ALEKSICK

22  RESPONDING PARTY:    DEFENDANT 7-ELEVEN, INC

23  SET NO.:        TWO (2)

24

25      Pursuant to California Code of Civil Procedure Section 2031.210 *et seq.*, defendant 7-Eleven, Inc.

26  ("Defendant" or "7-Eleven") hereby objects and responds to plaintiff Kimberly Aleksick's ("Plaintiff" or

27  "Aleksick") Request for Production of Documents, Set Two ("Requests") as follows:

28

---

1

2

# I.

## PRELIMINARY STATEMENT

3     Defendant generally objects to plaintiff's Request for Production of Documents, Set Two, on the

4 grounds that the Requests are burdensome, oppressive, vague, ambiguous and unintelligible. Defendant

5 also objects to plaintiff's Requests on the grounds that they are intended to vex and harass Defendant in

6 that many of the Requests are duplicative of other Requests for Production and/or discovery. Defendant

7 further objects on the grounds that some Requests are overly broad as to the time period and/or the scope

8 of this litigation.

9

10     To the extent that any Request seeks documents or information which are protected by the

11 attorney-client privilege and/or attorney work-product doctrine, Defendant declines to provide such

12 information. In particular, such information includes communications or correspondence between

13 Defendant and its counsel, both in-house and outside, and documents prepared at the request of counsel

14 and in anticipation of litigation. To the extent that any Request seeks constitutionally or statutorily

15 protected, or proprietary, confidential information or documents, or trade secrets, Defendant also declines

16 to provide such information.

17

18     To the extent that any Request seeks information that may constitute an invasion of another

19 employee's right of privacy based upon any statutory or common-law right of privacy, Defendant

20 declines to provide any such information without an appropriate protective order.

21

22     Further, it should be noted that Defendant has not fully completed its investigation of the facts

23 relating to this case, has not completed discovery in this action, and has not completed preparation for

24 trial. Therefore, Defendant's responses are based on Defendant's knowledge, information and belief at

25 this time. It is anticipated that further discovery, independent investigation, legal research and analysis

26 will supply additional facts and documents, add meaning to known facts or documents, as well as

27 establish entirely new factual conclusions and legal contentions, all of which may lead to substantial

28 additions to, changes in, and variations from the facts and/or documents herein set forth. The responses

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-2-

1   contained herein are made in a good faith effort to supply as much factual information, as many

2   documents and as much specification of legal contentions as are presently known, but should in no way

3   be to the prejudice of Defendant in relation to further discovery, research or analysis.

II.

**OBJECTIONS APPLICABLE TO ALL REQUESTS**

7       Defendant objects to the Instructions in plaintiff's Requests to the extent they purport to impose

8   obligations greater than those provided in the California Code of Civil Procedure.  Defendant's responses

9   will be made in conformity with the California Code of Civil Procedure.

11       Defendant objects to the Definitions in plaintiff's Requests on the grounds that they are

12   overbroad, vague and unduly burdensome and to the extent that they purport to impose a discovery

13   obligation on anyone other than 7-Eleven, Inc.  Defendant objects to these Requests to the extent they

14   purport to seek information outside the State of California.

16       Defendant objects to plaintiff's Definitions to the extent that any defined term is a legal term of

17   art, defined by statute or at common law and plaintiff's Definition is inconsistent with that definition.

19       Defendant specifically objects to plaintiff's Definition of the term "YOU and/or YOUR" on the

20   grounds that it is vague, overbroad and unduly burdensome.  Defendant's responses to the Requests are

21   not being made on behalf of, and do not include, "anyone acting on its behalf" or its "franchisees" or

22   "partners."  Accordingly, any reference in the Requests to "YOUR EMPLOYEE" is construed to not

23   include employees of any 7-Eleven franchisee.

25       Defendant specifically objects to plaintiff's Definition of the term "SALES ASSOCIATE"

26   because it assumes that plaintiff was an employee of 7-Eleven, Inc., which she was not.

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

DEF 7-ELEVEN INC.'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

**III.**

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1**

Please produce all STORE FRANCHISE AGREEMENTS between YOU and YOUR FRANCHISEES for the year 2003.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the definitions of the terms "YOU", "YOUR" and "FRANCHISEES" are vague, overbroad and unduly burdensome. 7-Eleven further objects to this Request on the grounds that it calls for information that is irrelevant to this action and unlikely to lead to the discovery of admissible evidence. 7-Eleven's response to this Request is not being made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys, accountants, investigators, partners, co-defendants, and/or representatives." Accordingly, any reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven franchisee or employees of any 7-Eleven franchisee.

7-Eleven further objects to this request on the ground that it is overbroad as to time because plaintiff began her employment with Michael Tucker in 2005. Therefore, the information sought in this request is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7-Eleven objects to producing copies of the Store Franchise Agreements actually signed by franchisees other than Michael Tucker on the grounds that such information is irrelevant to this action and unlikely to lead to the discovery of admissible evidence and contains personal and confidential information the production of which would violate the privacy rights of 7-Eleven's franchisees. 7-Eleven further objects to producing copies of the Store Franchise Agreements actually signed by franchisees other than Michael Tucker on the grounds that retrieving the documents would be unduly burdensome.

Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1    Production No. 1 as follows:  Please refer to documents numbered 7-ELEVEN-00851 to

2    7-ELEVEN-01249, which is a copy of Uniform Franchise Offering Circular for California for

3    2003, which contains the Store Franchise Agreement in use at that time.

4    **REQUEST FOR PRODUCTION NO. 2**

5        Please produce all STORE FRANCHISE AGREEMENTS between YOU and YOUR

6    FRANCHISEES for the year 2004.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

8        7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

9    definitions of the terms "YOU", "YOUR" and "FRANCHISEES" are vague, overbroad and

10   unduly burdensome.  7-Eleven further objects to this Request on the grounds that it calls for

11   information that is irrelevant to this action and unlikely to lead to the discovery of admissible

12   evidence.  7-Eleven's response to this Request is not being made on behalf of, and does not

13   include, "anyone acting on its behalf" or its "attorneys, accountants, investigators, partners, co-

14   defendants, and/or representatives."  Accordingly, any reference in the Requests to "YOU" or

15   "YOUR" is construed to not include any 7-Eleven franchisee or employees of any 7-Eleven

16   franchisee.

17       7-Eleven further objects to this request on the ground that it is overbroad as to time

18   because plaintiff began her employment with Michael Tucker in 2005.  Therefore, the information

19   sought in this request is neither relevant to the subject matter of this action nor reasonably

20   calculated to lead to the discovery of admissible evidence.

21       7-Eleven objects to producing copies of the Store Franchise Agreements actually signed by

22   franchisees other than Michael Tucker on the grounds that such information is irrelevant to this

23   action and unlikely to lead to the discovery of admissible evidence and contains personal and

24   confidential information the production of which would violate the privacy rights of 7-Eleven's

25   franchisees.  7-Eleven further objects to producing copies of the Store Franchise Agreements

26   actually signed by franchisees other than Michael Tucker on the grounds that retrieving the

27   documents would be unduly burdensome.

28       Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-5-

1  Production No. 2 as follows:  Please refer to the Uniform Franchise Offering Circular for

2  California for 2004, which contains the Store Franchise Agreement in use at that time.  A copy

3  will be produced.

4  **REQUEST FOR PRODUCTION NO. 3**

5    Please produce all STORE FRANCHISE AGREEMENTS between YOU and YOUR

6  FRANCHISEES for the year 2005.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

8    7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

9  definitions of the terms "YOU", "YOUR" and "FRANCHISEES" are vague, overbroad and

10  unduly burdensome.  7-Eleven further objects to this Request on the grounds that it calls for

11  information that is irrelevant to this action and unlikely to lead to the discovery of admissible

12  evidence.  7-Eleven's response to this Request is not being made on behalf of, and does not

13  include, "anyone acting on its behalf" or its "attorneys, accountants, investigators, partners, co-

14  defendants, and/or representatives."  Accordingly, any reference in the Requests to "YOU" or

15  "YOUR" is construed to not include any 7-Eleven franchisee or employees of any 7-Eleven

16  franchisee.

17    7-Eleven further objects to this request on the ground that it is overbroad as to time

18  because plaintiff began her employment with Michael Tucker in 2005.  Therefore, the information

19  sought in this request is neither relevant to the subject matter of this action nor reasonably

20  calculated to lead to the discovery of admissible evidence.

21    7-Eleven objects to producing copies of the Store Franchise Agreements actually signed by

22  franchisees other than Michael Tucker on the grounds that such information is irrelevant to this

23  action and unlikely to lead to the discovery of admissible evidence and contains personal and

24  confidential information the production of which would violate the privacy rights of 7-Eleven's

25  franchisees.  7-Eleven further objects to producing copies of the Store Franchise Agreements

26  actually signed by franchisees other than Michael Tucker on the grounds that retrieving the

27  documents would be unduly burdensome.

28    Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-6-

1    Production No. 3 as follows: Please refer to the Uniform Franchise Offering Circular for

2    California for 2003, which contains the Store Franchise Agreement in use at that time. A copy

3    will be produced.

4    **REQUEST FOR PRODUCTION NO. 4**

5        Please produce all STORE FRANCHISE AGREEMENTS between YOU and YOUR

6    FRANCHISEES for the year 2006.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

8        7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

9    definitions of the terms "YOU", "YOUR" and "FRANCHISEES" are vague, overbroad and

10    unduly burdensome. 7-Eleven further objects to this Request on the grounds that it calls for

11    information that is irrelevant to this action and unlikely to lead to the discovery of admissible

12    evidence. 7-Eleven's response to this Request is not being made on behalf of, and does not

13    include, "anyone acting on its behalf" or its "attorneys, accountants, investigators, partners, co-

14    defendants, and/or representatives." Accordingly, any reference in the Requests to "YOU" or

15    "YOUR" is construed to not include any 7-Eleven franchisee or employees of any 7-Eleven

16    franchisee.

17        7-Eleven further objects to this request on the ground that it is overbroad as to time

18    because plaintiff began her employment with Michael Tucker in 2005. Therefore, the information

19    sought in this request is neither relevant to the subject matter of this action nor reasonably

20    calculated to lead to the discovery of admissible evidence.

21        7-Eleven objects to producing copies of the Store Franchise Agreements actually signed by

22    franchisees other than Michael Tucker on the grounds that such information is irrelevant to this

23    action and unlikely to lead to the discovery of admissible evidence and contains personal and

24    confidential information the production of which would violate the privacy rights of 7-Eleven's

25    franchisees. 7-Eleven further objects to producing copies of the Store Franchise Agreements

26    actually signed by franchisees other than Michael Tucker on the grounds that retrieving the

27    documents would be unduly burdensome.

28        Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

DEF 7-ELEVEN INC.'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1    Production No. 4 as follows:  Please refer to documents numbered 7-ELEVEN-01250 to

2    7-ELEVEN-01686, which is a copy of Uniform Franchise Offering Circular for California for

3    2006, which contains the Store Franchise Agreement in use at that time.

4    **REQUEST FOR PRODUCTION NO. 5**

5        Please produce all STORE FRANCHISE AGREEMENTS between YOU and YOUR

6    FRANCHISEES for the year 2007.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

8        7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

9    definitions of the terms "YOU", "YOUR" and "FRANCHISEES" are vague, overbroad and

10    unduly burdensome.  7-Eleven further objects to this Request on the grounds that it calls for

11    information that is irrelevant to this action and unlikely to lead to the discovery of admissible

12    evidence.  7-Eleven's response to this Request is not being made on behalf of, and does not

13    include, "anyone acting on its behalf" or its "attorneys, accountants, investigators, partners, co-

14    defendants, and/or representatives."  Accordingly, any reference in the Requests to "YOU" or

15    "YOUR" is construed to not include any 7-Eleven franchisee or employees of any 7-Eleven

16    franchisee.

17        7-Eleven further objects to this request on the ground that it is overbroad as to time

18    because plaintiff began her employment with Michael Tucker in 2005.  Therefore, the information

19    sought in this request is neither relevant to the subject matter of this action nor reasonably

20    calculated to lead to the discovery of admissible evidence.

21        7-Eleven objects to producing copies of the Store Franchise Agreements actually signed by

22    franchisees other than Michael Tucker on the grounds that such information is irrelevant to this

23    action and unlikely to lead to the discovery of admissible evidence and contains personal and

24    confidential information the production of which would violate the privacy rights of 7-Eleven's

25    franchisees.  7-Eleven further objects to producing copies of the Store Franchise Agreements

26    actually signed by franchisees other than Michael Tucker on the grounds that retrieving the

27    documents would be unduly burdensome.

28        Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-8-

1  Production No. 5 as follows:  Please refer to documents numbered 7-ELEVEN-00421 to

2  7-ELEVEN-00850, which is a copy of Uniform Franchise Offering Circular for California for

3  2007, which contains the Store Franchise Agreement in use at that time.

4  **REQUEST FOR PRODUCTION NO. 6**

5  Please produce all DOCUMENTS referencing any and all FINANCIAL AGREEMENTS

6  between YOU and YOUR FRANCHISEES for the year 2003.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

8  7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

9  definitions of the terms "YOU", "YOUR", "DOCUMENTS", "FINANCIAL AGREEMENTS"

10  and "FRANCHISEES" are vague, overbroad and unduly burdensome.  7-Eleven further objects to

11  this Request on the grounds that it calls for information that is irrelevant to this action and unlikely

12  to lead to the discovery of admissible evidence.  7-Eleven's response to this Request is not being

13  made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys,

14  accountants, investigators, partners, co-defendants, and/or representatives."  Accordingly, any

15  reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven

16  franchisee or employees of any 7-Eleven franchisee.

17  7-Eleven further objects to this request on the ground that it is overbroad as to time

18  because plaintiff began her employment with Michael Tucker in 2005.  Therefore, the information

19  sought in this request is neither relevant to the subject matter of this action nor reasonably

20  calculated to lead to the discovery of admissible evidence.

21  7-Eleven objects to producing copies of agreements actually signed by franchisees other

22  than Michael Tucker on the grounds that such information is irrelevant to this action and unlikely

23  to lead to the discovery of admissible evidence and contains personal and confidential information

24  the production of which would violate the privacy rights of 7-Eleven's franchisees.  7-Eleven

25  further objects to producing copies of agreements actually signed by franchisees other than

26  Michael Tucker on the grounds that retrieving the documents would be unduly burdensome.

27  Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

28  Production No. 6 as follows:  The financial relationship between 7-Eleven and a franchisee is set

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-9-

1    forth in the applicable Store Franchise Agreement. 7-Eleven stands on its objections as to any

2    other information that may be responsive to this Request.

3    **REQUEST FOR PRODUCTION NO. 7**

4        Please produce all DOCUMENTS referencing any and all FINANCIAL AGREEMENTS

5    between YOU and YOUR FRANCHISEES for the year 2004.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

7        7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

8    definitions of the terms "YOU", "YOUR", "DOCUMENTS", "FINANCIAL AGREEMENTS"

9    and "FRANCHISEES" are vague, overbroad and unduly burdensome. 7-Eleven further objects to

10   this Request on the grounds that it calls for information that is irrelevant to this action and unlikely

11   to lead to the discovery of admissible evidence. 7-Eleven's response to this Request is not being

12   made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys,

13   accountants, investigators, partners, co-defendants, and/or representatives." Accordingly, any

14   reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven

15   franchisee or employees of any 7-Eleven franchisee.

16       7-Eleven further objects to this request on the ground that it is overbroad as to time

17   because plaintiff began her employment with Michael Tucker in 2005. Therefore, the information

18   sought in this request is neither relevant to the subject matter of this action nor reasonably

19   calculated to lead to the discovery of admissible evidence.

20       7-Eleven objects to producing copies of agreements actually signed by franchisees other

21   than Michael Tucker on the grounds that such information is irrelevant to this action and unlikely

22   to lead to the discovery of admissible evidence and contains personal and confidential information

23   the production of which would violate the privacy rights of 7-Eleven's franchisees. 7-Eleven

24   further objects to producing copies of agreements actually signed by franchisees other than

25   Michael Tucker on the grounds that retrieving the documents would be unduly burdensome.

26       Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

27   Production No. 7 as follows: The financial relationship between 7-Eleven and a franchisee is set

28   forth in the applicable Store Franchise Agreement. 7-Eleven stands on its objections as to any

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

DEF 7-ELEVEN INC.'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1    other information that may be responsive to this Request.

2    **REQUEST FOR PRODUCTION NO. 8**

3        Please produce all DOCUMENTS referencing any and all FINANCIAL AGREEMENTS

4    between YOU and YOUR FRANCHISEES for the year 2005.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

6        7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

7    definitions of the terms "YOU", "YOUR", "DOCUMENTS", "FINANCIAL AGREEMENTS"

8    and "FRANCHISEES" are vague, overbroad and unduly burdensome. 7-Eleven further objects to

9    this Request on the grounds that it calls for information that is irrelevant to this action and unlikely

10    to lead to the discovery of admissible evidence. 7-Eleven's response to this Request is not being

11    made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys,

12    accountants, investigators, partners, co-defendants, and/or representatives." Accordingly, any

13    reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven

14    franchisee or employees of any 7-Eleven franchisee.

15        7-Eleven objects to producing copies of agreements actually signed by franchisees other

16    than Michael Tucker on the grounds that such information is irrelevant to this action and unlikely

17    to lead to the discovery of admissible evidence and contains personal and confidential information

18    the production of which would violate the privacy rights of 7-Eleven's franchisees. 7-Eleven

19    further objects to producing copies of agreements actually signed by franchisees other than

20    Michael Tucker on the grounds that retrieving the documents would be unduly burdensome.

21        Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

22    Production No. 8 as follows: The financial relationship between 7-Eleven and a franchisee is set

23    forth in the applicable Store Franchise Agreement. 7-Eleven stands on its objections as to any

24    other information that may be responsive to this Request.

25    **REQUEST FOR PRODUCTION NO. 9**

26        Please produce all DOCUMENTS referencing any and all FINANCIAL AGREEMENTS

27    between YOU and YOUR FRANCHISEES for the year 2006.

28

*PAYNE & FEARS LLP*
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

DEF 7-ELEVEN INC.'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the definitions of the terms "YOU", "YOUR", "DOCUMENTS", "FINANCIAL AGREEMENTS" and "FRANCHISEES" are vague, overbroad and unduly burdensome. 7-Eleven further objects to this Request on the grounds that it calls for information that is irrelevant to this action and unlikely to lead to the discovery of admissible evidence. 7-Eleven's response to this Request is not being made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys, accountants, investigators, partners, co-defendants, and/or representatives." Accordingly, any reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven franchisee or employees of any 7-Eleven franchisee.

7-Eleven objects to producing copies of agreements actually signed by franchisees other than Michael Tucker on the grounds that such information is irrelevant to this action and unlikely to lead to the discovery of admissible evidence and contains personal and confidential information the production of which would violate the privacy rights of 7-Eleven's franchisees. 7-Eleven further objects to producing copies of agreements actually signed by franchisees other than Michael Tucker on the grounds that retrieving the documents would be unduly burdensome.

Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for Production No. 9 as follows: The financial relationship between 7-Eleven and a franchisee is set forth in the applicable Store Franchise Agreement. 7-Eleven stands on its objections as to any other information that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10**

Please produce all DOCUMENTS referencing any and all FINANCIAL AGREEMENTS between YOU and YOUR FRANCHISEES for the year 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the definitions of the terms "YOU", "YOUR", "DOCUMENTS", "FINANCIAL AGREEMENTS" and "FRANCHISEES" are vague, overbroad and unduly burdensome. 7-Eleven further objects to this Request on the grounds that it calls for information that is irrelevant to this action and unlikely

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

to lead to the discovery of admissible evidence. 7-Eleven's response to this Request is not being made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys, accountants, investigators, partners, co-defendants, and/or representatives." Accordingly, any reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven franchisee or employees of any 7-Eleven franchisee.

7-Eleven objects to producing copies of agreements actually signed by franchisees other than Michael Tucker on the grounds that such information is irrelevant to this action and unlikely to lead to the discovery of admissible evidence and contains personal and confidential information the production of which would violate the privacy rights of 7-Eleven's franchisees. 7-Eleven further objects to producing copies of agreements actually signed by franchisees other than Michael Tucker on the grounds that retrieving the documents would be unduly burdensome.

Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for Production No. 10 as follows: The financial relationship between 7-Eleven and a franchisee is set forth in the applicable Store Franchise Agreement. Please refer also to the Uniform Franchise Offering Circular for California dated March 23, 2007. 7-Eleven stands on its objections as to any other information that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11**

Please produce all DOCUMENTS referencing the BOOK KEEPING services that YOU performed with YOUR FRANCHISEES in the year 2003.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the definitions of the terms "YOU", "YOUR", "DOCUMENTS", "BOOK KEEPING" and "FRANCHISEES" are vague, overbroad and unduly burdensome. 7-Eleven further objects to this Request on the grounds that it calls for information that is irrelevant to this action and unlikely to lead to the discovery of admissible evidence. 7-Eleven's response to this Request is not being made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys, accountants, investigators, partners, co-defendants, and/or representatives." Accordingly, any reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92814
(949) 851-1100

-13-

1  franchisee or employees of any 7-Eleven franchisee.

2      7-Eleven further objects to this request on the ground that it is overbroad as to time

3  because plaintiff began her employment with Michael Tucker in 2005. Therefore, the information

4  sought in this request is neither relevant to the subject matter of this action nor reasonably

5  calculated to lead to the discovery of admissible evidence.

6      Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

7  Production No. 11 as follows: The relationship between 7-Eleven and a franchisee is set forth in

8  the applicable Store Franchise Agreement. 7-Eleven stands on its objections as to any other

9  information that may be responsive to this Request.

10 **REQUEST FOR PRODUCTION NO. 12**

11     Please produce all DOCUMENTS referencing the BOOK KEEPING services that YOU

12 performed with YOUR FRANCHISEES in the year 2004.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

14     7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

15 definitions of the terms "YOU", "YOUR", "DOCUMENTS", "BOOK KEEPING" and

16 "FRANCHISEES" are vague, overbroad and unduly burdensome. 7-Eleven further objects to this

17 Request on the grounds that it calls for information that is irrelevant to this action and unlikely to

18 lead to the discovery of admissible evidence. 7-Eleven's response to this Request is not being

19 made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys,

20 accountants, investigators, partners, co-defendants, and/or representatives." Accordingly, any

21 reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven

22 franchisee or employees of any 7-Eleven franchisee.

23     7-Eleven further objects to this request on the ground that it is overbroad as to time

24 because plaintiff began her employment with Michael Tucker in 2005. Therefore, the information

25 sought in this request is neither relevant to the subject matter of this action nor reasonably

26 calculated to lead to the discovery of admissible evidence.

27     Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

28 Production No. 12 as follows: The relationship between 7-Eleven and a franchisee is set forth in

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

DEF 7-ELEVEN INC.'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1    the applicable Store Franchise Agreement. 7-Eleven stands on its objections as to any other

2    information that may be responsive to this Request.

3    **REQUEST FOR PRODUCTION NO. 13**

4          Please produce all DOCUMENTS referencing the BOOK KEEPING services that YOU

5    performed with YOUR FRANCHISEES in the year 2005.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

7          7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

8    definitions of the terms "YOU", "YOUR", "DOCUMENTS", "BOOK KEEPING" and

9    "FRANCHISEES" are vague, overbroad and unduly burdensome. 7-Eleven further objects to this

10   Request on the grounds that it calls for information that is irrelevant to this action and unlikely to

11   lead to the discovery of admissible evidence. 7-Eleven's response to this Request is not being

12   made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys,

13   accountants, investigators, partners, co-defendants, and/or representatives." Accordingly, any

14   reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven

15   franchisee or employees of any 7-Eleven franchisee.

16         Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

17   Production No. 13 as follows: The relationship between 7-Eleven and a franchisee is set forth in

18   the applicable Store Franchise Agreement. 7-Eleven stands on its objections as to any other

19   information that may be responsive to this Request.

20   **REQUEST FOR PRODUCTION NO. 14**

21         Please produce all DOCUMENTS referencing the BOOK KEEPING services that YOU

22   performed with YOUR FRANCHISEES in the year 2006.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

24         7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

25   definitions of the terms "YOU", "YOUR", "DOCUMENTS", "BOOK KEEPING" and

26   "FRANCHISEES" are vague, overbroad and unduly burdensome. 7-Eleven further objects to this

27   Request on the grounds that it calls for information that is irrelevant to this action and unlikely to

28   lead to the discovery of admissible evidence. 7-Eleven's response to this Request is not being

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-15-

1  made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys,

2  accountants, investigators, partners, co-defendants, and/or representatives." Accordingly, any

3  reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven

4  franchisee or employees of any 7-Eleven franchisee.

5       Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

6  Production No. 14 as follows: The relationship between 7-Eleven and a franchisee is set forth in

7  the applicable Store Franchise Agreement. 7-Eleven stands on its objections as to any other

8  information that may be responsive to this Request.

9  **REQUEST FOR PRODUCTION NO. 15**

10       Please produce all DOCUMENTS referencing the BOOK KEEPING services that YOU

11  performed with YOUR FRANCHISEES in the year 2007.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

13       7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

14  definitions of the terms "YOU", "YOUR", "DOCUMENTS", "BOOK KEEPING" and

15  "FRANCHISEES" are vague, overbroad and unduly burdensome. 7-Eleven further objects to this

16  Request on the grounds that it calls for information that is irrelevant to this action and unlikely to

17  lead to the discovery of admissible evidence. 7-Eleven's response to this Request is not being

18  made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys,

19  accountants, investigators, partners, co-defendants, and/or representatives." Accordingly, any

20  reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven

21  franchisee or employees of any 7-Eleven franchisee.

22       7-Eleven further objects to this request on the ground that it is overbroad as to time

23  because plaintiff began her employment with Michael Tucker in 2005. Therefore, the information

24  sought in this request is neither relevant to the subject matter of this action nor reasonably

25  calculated to lead to the discovery of admissible evidence.

26       Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

27  Production No. 15 as follows: The relationship between 7-Eleven and a franchisee is set forth in

28  the applicable Store Franchise Agreement. 7-Eleven stands on its objections as to any other

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-16-

1    information that may be responsive to this Request.

2    **REQUEST FOR PRODUCTION NO. 16**

3    Please produce all DOCUMENTS referencing the PAYROLL SERVICES YOU provided

4    for YOUR FRANCHISEES in 2003.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

6    7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

7    definitions of the terms "YOU", "YOUR", "DOCUMENTS", "PAYROLL SERVICES" and

8    "FRANCHISEES" are vague, overbroad and unduly burdensome.  7-Eleven further objects to this

9    Request on the grounds that it calls for information that is irrelevant to this action and unlikely to

10   lead to the discovery of admissible evidence.  7-Eleven's response to this Request is not being

11   made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys,

12   accountants, investigators, partners, co-defendants, and/or representatives."  Accordingly, any

13   reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven

14   franchisee or employees of any 7-Eleven franchisee.

15   7-Eleven further objects to this request on the ground that it is overbroad as to time

16   because plaintiff began her employment with Michael Tucker in 2005.  Therefore, the information

17   sought in this request is neither relevant to the subject matter of this action nor reasonably

18   calculated to lead to the discovery of admissible evidence.

19   Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

20   Production No. 16 as follows:  The relationship between 7-Eleven and a franchisee is set forth in

21   the applicable Store Franchise Agreement.  7-Eleven stands on its objections as to any other

22   information that may be responsive to this Request.

23   **REQUEST FOR PRODUCTION NO. 17**

24   Please produce all DOCUMENTS referencing the PAYROLL SERVICES YOU provided

25   for YOUR FRANCHISEES in 2004.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

27   7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

28   definitions of the terms "YOU", "YOUR", "DOCUMENTS", "PAYROLL SERVICES" and

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-17-

1   "FRANCHISEES" are vague, overbroad and unduly burdensome. 7-Eleven further objects to this

2   Request on the grounds that it calls for information that is irrelevant to this action and unlikely to

3   lead to the discovery of admissible evidence. 7-Eleven's response to this Request is not being

4   made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys,

5   accountants, investigators, partners, co-defendants, and/or representatives." Accordingly, any

6   reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven

7   franchisee or employees of any 7-Eleven franchisee.

8       7-Eleven further objects to this request on the ground that it is overbroad as to time

9   because plaintiff began her employment with Michael Tucker in 2005. Therefore, the information

10  sought in this request is neither relevant to the subject matter of this action nor reasonably

11  calculated to lead to the discovery of admissible evidence.

12      Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

13  Production No. 17 as follows: The relationship between 7-Eleven and a franchisee is set forth in

14  the applicable Store Franchise Agreement. 7-Eleven stands on its objections as to any other

15  information that may be responsive to this Request.

16  **REQUEST FOR PRODUCTION NO. 18**

17      Please produce all DOCUMENTS referencing the PAYROLL SERVICES YOU provided

18  for YOUR FRANCHISEES in 2005.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

20      7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

21  definitions of the terms "YOU", "YOUR", "DOCUMENTS", "PAYROLL SERVICES" and

22  "FRANCHISEES" are vague, overbroad and unduly burdensome. 7-Eleven further objects to this

23  Request on the grounds that it calls for information that is irrelevant to this action and unlikely to

24  lead to the discovery of admissible evidence. 7-Eleven's response to this Request is not being

25  made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys,

26  accountants, investigators, partners, co-defendants, and/or representatives." Accordingly, any

27  reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven

28  franchisee or employees of any 7-Eleven franchisee.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-18-

DEF 7-ELEVEN INC.'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1    Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

2    Production No. 18 as follows:  The relationship between 7-Eleven and a franchisee is set forth in

3    the applicable Store Franchise Agreement.  7-Eleven stands on its objections as to any other

4    information that may be responsive to this Request.

5    **REQUEST FOR PRODUCTION NO. 19**

6    Please produce all DOCUMENTS referencing the PAYROLL SERVICES YOU provided

7    for YOUR FRANCHISEES in 2006.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

9    7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

10   definitions of the terms "YOU", "YOUR", "DOCUMENTS", "PAYROLL SERVICES" and

11   "FRANCHISEES" are vague, overbroad and unduly burdensome.  7-Eleven further objects to this

12   Request on the grounds that it calls for information that is irrelevant to this action and unlikely to

13   lead to the discovery of admissible evidence.  7-Eleven's response to this Request is not being

14   made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys,

15   accountants, investigators, partners, co-defendants, and/or representatives."  Accordingly, any

16   reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven

17   franchisee or employees of any 7-Eleven franchisee.

18   Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

19   Production No. 19 as follows:  The relationship between 7-Eleven and a franchisee is set forth in

20   the applicable Store Franchise Agreement.  7-Eleven stands on its objections as to any other

21   information that may be responsive to this Request.

22   **REQUEST FOR PRODUCTION NO. 20**

23   Please produce all DOCUMENTS referencing the PAYROLL SERVICES YOU

24   provided for YOUR FRANCHISEES in 2007.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

26   7-Eleven objects to this Request on the grounds that it is vague and ambiguous and the

27   definitions of the terms "YOU", "YOUR", "DOCUMENTS", "PAYROLL SERVICES" and

28   "FRANCHISEES" are vague, overbroad and unduly burdensome.  7-Eleven further objects to this

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-19-

1  Request on the grounds that it calls for information that is irrelevant to this action and unlikely to

2  lead to the discovery of admissible evidence. 7-Eleven's response to this Request is not being

3  made on behalf of, and does not include, "anyone acting on its behalf" or its "attorneys,

4  accountants, investigators, partners, co-defendants, and/or representatives." Accordingly, any

5  reference in the Requests to "YOU" or "YOUR" is construed to not include any 7-Eleven

6  franchisee or employees of any 7-Eleven franchisee.

7          7-Eleven further objects to this request on the ground that it is overbroad as to time

8  because plaintiff began her employment with Michael Tucker in 2005. Therefore, the information

9  sought in this request is neither relevant to the subject matter of this action nor reasonably

10  calculated to lead to the discovery of admissible evidence.

11          Subject to, and without waiving the foregoing objections, 7-Eleven responds to Request for

12  Production No. 20 as follows: The relationship between 7-Eleven and a franchisee is set forth in

13  the applicable Store Franchise Agreement. Please refer also to the documents from the OnLine

14  Systems Support Guide (OLSSG) relating to the payroll system, documents numbered

15  7-ELEVEN-00184, 7-ELEVEN-00210 to 7-ELEVEN-00234. 7-Eleven stands on its objections as

16  to any other information that may be responsive to this Request.

17

18  DATED: August 16, 2007          PAYNE & FEARS LLP

19

20                                  By: _____
                                        LINDLEY P. FRALEY

21

22                                  Attorneys for Defendant
                                    7-ELEVEN, Inc. a corporation

23

24  366251.1

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA SUITE 1100
IRVINE, CA 92614
(949) 851-1100

DEF 7-ELEVEN INC.'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

## PROOF OF SERVICE

*Alesick vs. 7-Eleven, Inc.*
*Case No. ECU03615*

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

    On August 16, 2007, I served the following document(s) described as **DEFENDANT 7-ELEVEN INC.'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

### SEE ATTACHED SERVICE LIST

☒ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐ **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 16, 2007, at Irvine, California.

LAURA NIEDRINGHAUS

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

PROOF OF SERVICE

1

## SERVICE LIST

2

3    William B. Sullivan, Esq.                 Attorneys For Plaintiff
     SULLIVAN & CHRISTIANI, LLP                KIMBERLY ALEKSICK
4    2330 Third Avenue
     San Diego, CA 92101
5    Tel: (619) 702-6760
     Fax: (619) 702-6761
6
     Eric A. Welter, Esq.                      Attorneys for Defendant
7    WELTER LAW FIRM, P.C.                     7-ELEVEN, INC.
     720 Lynn St., Suite B
8    Herndon, Virginia 20170
     Tel: (703) 435-8500
9    Fax: (703) 435-8851

10   Paul C. Johnson Jr.                       Attorneys for Defendant
     Bacalski & Ottoson, LLP                   Michael Tucker
11   402 W. Broadway, Fl. 24
     San Diego, CA 92101
12   Tel: (619) 239-4340
     Fax: (619) 239-0116
13

14

15

16

17   365308.1

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100