William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff KIMBERLY ALEKSICK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY ALEKSICK, individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> 7-ELEVEN, INC., a Texas Corporation; MICHAEL TUCKER, an individual; and DOES 1-50, Inclusive, <br><br> Defendants | CASE NO. 08-CV-59 <br><br> (CLASS ACTION) <br><br> **PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO REMAND** <br><br> *Oral Argument Requested* <br><br> *Document Electronically Filed* <br><br> Date:    March 3, 2008 <br> Time:    8:30 a.m. <br> Dept.:   12 <br> Judge:   Hon. Napoleon A. Jones, Jr. |

## I. SUMMARY OF REPLY

The deficiency of 7-ELEVEN's Opposition to the Motion to Remand is best illustrated via its conflicting positions between the Notice of Removal and the Opposition. Within the Notice of Removal, 7-ELEVEN claimed that they could not have removed upon receipt of the original Complaint, as (despite a requirement to accept all pleadings as true) it could not have been found to be an employer. However, within the Opposition, 7-ELEVEN now states that the First Amended Complaint is "a completely new action," openly ignoring Plaintiff's showing that the "Wage and Hour" allegations within both the original Complaint and the First Amended Complaint are <u>identical</u>.

**ORIGINAL**

1    7-Eleven also openly ignores the multiple documents they received - prior to the service of the First Amended Complaint - that placed them on Notice, and thus "started the clock" in terms of Removal. The single legal citation provided is patently distinguishable, as it addresses a scenario where <u>original</u> service of an <u>original</u> complaint was not properly made, not (like the instant case) where an Amended Complaint is at issue.

Finally, and most importantly, ***the 9th Circuit does not apply (and never has) the "Revival Doctrine."*** Dunn v. Gaim, Inc., 166 F. Supp. 2d 1273 (2001); Rubstello, Inc. v. Transportation Ins. Company, 2005 WL 150924 (E.D. Cal. 2005); Scott v. Grange Ins. Ass'n, 2006 WL 1663565 (E.D. Wash. 2006); Ray v. Trimspa Inc, 2006 WL 5085249 (C.D. Cal. 2006). In fact, given its extremely narrow application, only one case throughout the nation has *ever* applied the "Revival Doctrine."

Following receipt of the Opposition, the following matters are undisputed:

- **The 9th Circuit does not apply the revival doctrine** No 9th Circuit case has ever done so. Only one reported case - in *any* Circuit - has ever done so.

- **The "Meal Period" allegations within the *original* and the First Amended Complaint are identical**. The Business and Professions Code claims are also identical. As such, there is not an "entirely new and completely different claim"; which bears "no resemblance" to the original, and the right to Remove was not revived.

- **7-Eleven has failed to provide any law to counter the six (6) separate documents that provided them notice of the claims, triggering the time period to Remove.** 7-Eleven's only legal support regarding Plaintiff's "quibbles" over the Federal law requirements is Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,526 U.S. 344 (1999). However, as set forth below, Murphy deals with Removal following a deficient attempt to serve an <u>original</u> Complaint, and addresses when "one becomes a party officially." Here, as it is undisputed that 7-Eleven was a party prior to the filing of the First Amended Complaint, 7-Eleven has failed to properly address -in any manner- the fact that Removal was untimely on multiple grounds.

A. **THE 9TH CIRCUIT DOES NOT APPLY - AND *NEVER* HAS - THE "REVIVAL DOCTRINE"**

The 9th Circuit does not apply the "Revival Doctrine." In fact, the only courts within the 9th Circuit addressing it have patently rejected the Doctrine, going so far as to question its applicability in *any* case. Of note, these courts point out the fact that due to its extremely narrow application, only one reported case has ever allowed "revival."

In Dunn, supra, 166 F. Supp. 2d at 1275, the Central District of California considered a Motion to Remand after Plaintiff had filed a First Amended Complaint and Defendant removed the matter. In granting the Motion to Remand, the Court held as follows:

> Defendants argue that Plaintiffs addition of the RICO claim to the FAC has so "fundamentally altered the nature of the case" (Opposition at 6) that their right to removal, admittedly squandered by way of their untimely removal of the initial complaint, has been "revived."
>
> This Court does not agree. **First, given the strict construction which the Court must apply to the removal statutes, on procedural as well as substantive issues, the wisdom of such a judicially created exception might be questioned as an initial matter. There seem to be no reported cases in the Ninth Circuit of any court actually *applying* the "revival exception" to salvage an otherwise-waived statutory right of removal. Indeed, the *only* reported case, cited by Defendants or discovered in the Court's own research, which actually *relies* on this exception is Johnson**; even Wilson, the case generally credited with its creation, found that it did not apply on the facts of that case.
>
> Second, given the strict construction which the Court must give to the removal statutes, this "exception" must in any case be of an exceedingly narrow scope, to function exclusively as an "escape hatch" in those cases in which the facts identified in Wilson as being enough to overcome the dual policy interests served by the thirty day time limit are found; i.e. where "a plaintiff, seeking to mislead the defendant about the true nature of his suit and thereby dissuade him from removing it, included in his initial complain filed in state court an inconsequential but removable federal count unlikely to induce removal and then, after the time for removal had passed without action by the defendant, amended the complaint to add the true and weighty federal grounds that he had been holding back." Wilson, 668 F.2d at 965. As the Wilson court noted, the amendments must "change the original complaint so drastically that the purposes of the 30-day limitation would not be served by enforcing it." Id. at 1279. (Emphasis added).

In Rubstello, supra, 2005 WL 150924, the Court, in granting a Motion to Remand (and denying a separate Motion to Dismiss), addressed the narrow applicability of the revival doctrine:

There is a "narrow, judicially-created exception" to the requirement that an initially removable pleading must occur within 30 days of the first pleading. Dunn v. Gaiam, 166 F. Supp. 2d 1273, 1279 (C.D. Cal. 2001). The "revival exception" allows a defendant in a few instances to "revive" the ability to remove a suit after the 30-day limit has expired when a plaintiff voluntarily changes the nature of the action such that "substantially a new suit begun that day." Samura, 715 F. Supp. at 972 (quoting Wilson v. Intercollegiate (Big Ten) Conf. Athletic Assoc., 668 F.2d 962, 965 (7th Cir. 1982).

. . . The "revival exception" rarely has been used successfully given the stringent qualifications. "There seem to be no reported cases in the Ninth Circuit of any court actually applying the 'revival exception' Dunn, 166 F. Supp. 2d at 1279. In fact, at least one district court in the Ninth Circuit has questioned the wisdom of the exception's use at all. Id. "Indeed, the only reported case...which actually relies on this exception is Johnson v. [Heublein]; even Wilson [v. Intercollegiate (Big Ten) Conference Athletic Association], the case generally credited with its creation, found that it did not apply on the facts of the case." Id.

Finally, in Scott, supra, 2006 WL 1663565, the Court granted a Motion to Remand, holding:

The procedure for removal is set forth by 28 U.S.C.§1446. Pursuant to the first paragraph of 28 U.S.C. §1446(b), an action must be removed within 30 days of a defendant's receipt of the initial pleading setting forth a removable claim, otherwise, the served defendant waives his right of removal. Cantrell v. Great Republic Ins. Co., 873 F.2d 1249, 1256 (9th Cir. 1989). More, the mere addition of defendants to the initial pleading, or changes in the complaint which create a "new" basis for removal, generally do not "undo the waiver." See Samura v. Kaiser Foundation Health Plan, Inc., 715 F. Supp. 970, 972 (N.D.Cal. 1989) (stating that "[I]f the case is removable from the outset, it must be removed within the thirty-day period specified by §1446(b); subsequent events do not make it 'more removable' or 'again removable.'"(citation omitted)). Once waived, the right to removal is generally waived forever, regardless of the changes to the case. Dunn v. Gaiam, 166 F. Supp. 2d 1273, 1278-79 (C.D. Cal.2001). In this case, the Plaintiff's initial pleading filed in state court on May 3, 2005, alleges violations of the federal Fair Labor Standards Act. The Defendant concedes, in Defendant's Memorandum in Opposition to Plaintiff's Motion for Remand, that the action was removable on its face when originally filed. Thus, because the action was removable when it was first filed, the thirty-day period began with service on the initial Complaint and has closed.

The second paragraph of 28 U.S.C.1446(b), provides that if the claim was not removable at the time of the initial pleading, an action must be removed within 30 days of the defendant first ascertaining, based on an amended pleading or other papers, that the case is or has become removable. Because this action was initially removable, however, the ability to use the amended pleading as a basis for removal based on the second paragraph of 28 U.S.C.1446(b) does not apply. Richey v. Upjohn Drug Co., 139 F.3d 1313, 1316 (9th Cir. 1998) (stating that "[t]he second paragraph addresses a defendant's right to remove beyond the initial period of 30 days, if the case only becomes removable sometime after the initial commencement of the action"). Scott, supra, 2006 WL 1663565.

1 Further.

2 "Although the "revival exception" has been used sparingly in other circuits. there does not

3 appear to be a reported case of its application in the Ninth Circuit." Id.

### B. 7-ELEVEN DOES NOT ADDRESS THE MULTIPLE NOTICES REGARDING THE AMENDMENT, WHICH RENDER THE REMOVAL UNTIMELY

**Please Note**: As addressed above and below. Plaintiff disputes 7-Eleven's sudden assertion of the "Revival Doctrine." However. even if the Court were to consider the application of this doctrine. it would still fail as untimely. As set forth below. 7-Eleven was aware of the amendments as early as June 2007. and failed to remove within 30 days.

The Motion to Remand presented six (6) separate documents which served to "notify" 7-Eleven -under section 1446(b) - of the Amended claims. which triggered the 30 day time period to remove. The six (6) separate documents each. and individually. rendered 7-Eleven's removal untimely.

Notably. 7-Eleven totally ignores these documents in its Opposition papers. and does not provide any objection to them. Thus. based upon their entry alone. it is clear that the removal is untimely.

7-Eleven's *only* (indirect) attempt to deflect consideration of these documents is an extremely brief citation to Murphy Brothers. supra. 526 U.S. at 344. which 7-Eleven boldly states "disposes of (Plaintiff's) argument." However. 7-Eleven fails to factually analyze this case: upon such analysis. it is clear that the law within does not apply to the instant matter. as two entirely different factual scenarios are present. Bluntly. Murphy addresses issues where a Defendant had yet to be served with a first summons and complaint: the instant matter (and all of Plaintiff's cited law) deals with subsequent notices where all parties have responded to the initial pleading.

In Murphy. the Supreme Court considered a matter where - upon an attempt to first serve a Complaint - plaintiff faxed a "courtesy copy" of the file stamped complaint to the Defendant. but did not properly serve the Complaint and proof of summons until approximately 14 days later. Id. at 348. The Appellate Court held that the 30-day removal period begun once the Complaint had been sent via facsimile. Id. at 347.

In reversing, the Supreme Court - in the process of summarizing its holding- also rejected 7-Eleven's current position:

> *Held*: A named defendant's time to remove it triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, **but not b mere receipt of the complaint unattended by any formal service**. Pp. 1326-1330. (a) **Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant. In the abscence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. (Citations). Accordingly, one becomes a party officially,** and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within the party must appear and defend. Murphy, supra., at 344-45. (Emphasis added.)

Clearly, the Supreme Court is addressing the requirements of *initial* service, upon a named defendant who was not yet a party to the litigation. This is not the instant case; here it is undisputed that original service was effectuated over 10 months ago.

Importantly, if one were to accept 7-Eleven's argument that the Murphy holding applies to "notice" issues by and through a First Amended Complaint, the Murphy ruling would have voided the portion of 28 U.S.C. 1446(b) regarding "other paper."

To summarize, 7-Eleven **admits** that Plaintiff's Labor Code section 2699 allegation exposes itself to $51,500,000 in liability. (Please see Notice of Removal, pg. 8, lines 14-23). Given the undisputed fact that 7-Eleven knew that the damages claimed under 2699 exceeded the federal jurisdictional requirements, 7-Eleven should have removed after receiving "other papers" as early as June 1, 2007, when the 2699 claim was first addressed. 7-Eleven waited to remove this case until January 10, 2008, the instant Notice of Removal is untimely.

C. **AS 7-ELEVEN DOES NOT DISPUTE THE *IDENTICAL* ALLEGATIONS WITHIN THE ORIGINAL AND FIRST AMENDED COMPLAINTS, THERE IS NO "REVIVAL" AND REMOVAL WAS UNTIMELY**

The Opposition makes no reference to the undisputed fact that the majority of the allegations within both the original and the First Amended Complaint are identical. Given the long standing rule that any Amendment must create an "entirely new and completely different" lawsuit, Revival did not occur and th Removal was untimely.

### 1. Controlling law on "Revival Doctrine"

The limitations regarding the "revival doctrine" were first defined by the United States Supreme Court, over 120 years ago. In Fletcher v. Hamlet, 116 U.S. 408 (1886), Plaintiffs sued a commercial firm, and the individual principles of that firm. After the firm and one of the individuals answered in state court, a Defendant later brought into the suit removed the matter. Following a successful motion to remand, the United States Supreme Court addressed the matter. The Supreme Court affirmed the order to Remand holding as follows:

> It is conceded that the suit was not removable when the petition for removal was filed, unless the service of process on Fletcher on the 4th of June *so changed the character of the litigation as to make it substantially a new suit begun that day*. In our opinion, such was not the effect of the new process. Fletcher, supra, at 410.

Case law following the Fletcher decision has all confirmed that the Amended Complaint must create an entirely new lawsuit:

The Johnson Court stated that the Amendment must start a "virtually new, more complex, and substantial case . . . ." Johnson v. Heublein Inc., 227 F.3d 236, 242 (2000).

The Cliett Court stated that the Amendment must start an "entirely new and completely different claim." Cliett v. Scott, 233 F.2d 269, 270 (1956).

The Dunn Court states that "revival" is extremely limited: "there is a narrow, judicially-created exception to this rule which holds that the right to removal may be "revived" where the plaintiff files an amended complaint that so changes the nature of the action as to constitute substantially a new suit begun that day (citations)." Dunn, supra, 166 F. Supp. 2d at 1279.

The Rubstello Court states that "if the case is removable from the outset, it must be removed within the thirty-day period specified by 1446(b); subsequent events do not make it 'more removable' or 'again removable.' (citations). Rubstello, supra, 2005 WL 1503924.

### 2. The First Amended Complaint is not "*entirely* new and *completely* different," and did not "make it a substantially new suit begun that day"

7-Eleven goes to great lengths to argue that the First Amended Complaint served to "constitute essentially a new lawsuit." Notably, however, 7-Eleven completely ignores the simple comparison of the original and First Amended Complaint. Upon such comparison, it is clear that the two pleadings

are substantially similar, in that the majority of the allegations are identical.

To wit, Paragraphs 1 through 13 within both the original and the First Amended Complaint are identical. (Please see Motion to Remand, Exhibits "A" and "K").

Additionally, the Violation of Labor Code Cause of Action, within both pleadings, is identical. (Please see Motion to Remand, Exhibits "A" and "K").

The Violation of Business and Profession Code 17200 claim is substantially identical, in that the only change is that the term "Defendant Employer" is replaced by "Defendant 7-Eleven."

In fact, from the initial allegations through to the Prayer for Relief, the Amended Complaint is overwhelmingly the "same lawsuit." Given this fact, as well as 7-Eleven's admissions that the allegations within both pleadings allow for removal, "revival" is improper.

### 3. 7-ELEVEN'S LEGAL CITATIONS DO NOT SUPPORT ITS POSITION

The deficiency of the Opposition is illustrated via an analysis of the case law 7-Eleven cites to support its position. As set forth below, the cases cited by 7-Eleven -via "selected excerpts"- do not stand for the propositions alluded to via the selective editing. Succinctly, an analysis of the cited law clearly shows that the cases all deal with "***entirely new and completely different claims***;" where there is "***no resemblance***" between the original and Amended Complaints. As it cannot be disputed that the First Amended Complaint is not an "entirely new and completely different claims," the law cited by 7-Eleven has no applicability to the instant matter.

#### a. Johnson v. Heublein, 227 F.3d 236(2000)

The Opposition primarily relies upon Johnson, supra, 227 F.3d at 236.

In Johnson, the 5th Circuit Court of Appeals addressed a District Court's denial of a Motion to Remand. In doing so, the Court considered when an Amended Complaint triggered a "revival," sufficient to allow for a new Removal time period. As established below, "revival" triggers only upon a completely new complaint, something that undisputably does not exist in the present case.

> The district court correctly found that ***"the allegations contained in the [amended complaint] bear no resemblance whatsoever to the allegations of the [original complaint]*** . . . . [T]he parties to the original action are now aligned in a completely different manner . . . ." Id. at 242. (Emphasis added).

1  Further,

2  ***Because the amended complaint starts a virtually new, more complex, and substantial case against the co-defendants upon which no significant proceedings have been held***, the removal will not result in delay, waste or undue tactical advantage to a party. Nor does the removal impair proper allocation of state and federal judicial responsibilities. Id. (Emphasis added).

Here, it cannot be disputed that the overwhelming majority of the "allegations contained in the amended complaint" bear a strong resemblance to "the allegations of the original complaint." In fact, as set froth above and within the original Motion to Remand, the allegations within the Amended Complaint are in large part *identical* to those within the original Complaint. As such, the Johnson case does not support the Opposition.

### b.   Cliett v. Scott, 233 F.2d 269 (1956)

7-Eleven cites to Cliett, supra, 233 F.2d at 270, for the proposition that removal is proper - via revival - when a "new and different claim" is brought via an Amended Complaint. However, upon analysis, it is clear that the Cliett court cited (repeatedly) the controlling term as "***entirely*** new and ***completely*** different claim," and defined it within a context where there were no overlapping causes of action between the original and the amended complaint. Id. At 270-71. (Emphasis added).

It Cliett, the 5th Circuit addressed a district court decision denying a Motion to Remand. As in Johnson, the Appellate Court's own summary of facts, in affirming, establishes the error within 7-Eleven's attempt to argue the decision supports its opposition.

> Based upon a judgment, declaring that plaintiffs and defendants were joint owners of the property rendered on March 14, 1938, by the United States District Court for the Southern District of Texas, and affirmed by this court in March 1939, Cliett v. Scott, 102 F.2d 725, the suit sought a judgment for the amounts claimed and a lien upon defendants; half interest in te property to secure their payment.
>
> On September 29, 1947, over six years after the suit was filed, the defendants filed an answer to plaintiffs' suit, denying their claims and a counterclaim which, acknowledging that the property was jointly owned, sought an accounting from plaintiffs for amounts due to them from plaintiffs for the use and occupation of the property.
>
> On March 24, 1951, the plaintiffs filed a first amended petition. In and by it they sued in trespass to try title, claiming title by limitation to all the property in controversy, and in the alternative, only, resasserting their original claim for a money recovery . . . .
>
> The district court, pointing out in a memorandum opinion that, though, by

> appearing and answering the original petition, the defendants did submit themselves to jurisdiction of the state court with respect to the claim asserted therein, *the amended petition set up an entirely new and completely different claim* . . . . Id. at 270.

The court then summarized, and decided, the legal question at issue:

> On the issue of remand, appellants' reliance is placed wholly in the fact, that the removal statute, Sec. 144, Title 28 U.S.C., accords the right to remove to defendants only, and the claim that defendants, having not only submitted to the jurisdiction of the state court but having invoked its jurisdiction by becoming cross-plaintiffs ceased to be defendants and became in effect plaintiffs.
>
> The appellees' position, is, and that of the district judge was, that while defendants did consent to the jurisdiction of the state court over the claim for accounting filed by plaintiffs, and did file a counter claim, either permissive or compulsory, and this did not change their status as defendants, and under settled law, *when plaintiffs filed an entirely new and different suit,* defendants right to remove revived.
>
> We think it is clear that the position of appellee and the district judge is the correct one. Id. at 271.

### c. **Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999)**

7-Eleven cites to Murphy Brothers, supra, 526 U.S. at 344 to assert that the Court should disregard the established law that Removal triggers on "first notice." However, Murphy is patently inapplicable to the instant matter. Murphy addressed service of an original Complaint where *no prior service* had been effectuated, while the instant matter (as well as the other cases 7-Eleven cites to) addresses an Amended Complaint, where "original service" is not an issue. Id. At 348.

Here, it is clear that any "other paper," subsequent to initial service, which serves to place a Defendant on notice, starts the 30 day removal period. 7-Eleven failed to remove after no less than 7 prior "notices." The instant attempt is therefore untimely.

## II. CONCLUSION

Based on the foregoing reasons, this Court should grant Plaintiff's Motion to Remand to the Imperial County Superior Court.

Dated: February 25, 2008                    SULLIVAN & CHRISTIANI, LLP

/s/ Alison M. Miceli

---
William B. Sullivan,
Alison M. Miceli,
Attorneys for Plaintiff,
KIMBERLY ALEKSICK