William B. Sullivan [CSB No. 171637]
Alison M. Miceli [CSB No. 243131]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff KIMBERLY ALEKSICK

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY ALEKSICK, individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiff, <br> v. <br><br> 7-ELEVEN, INC., a Texas Corporation; MICHAEL TUCKER, an individual; and DOES 1-50, Inclusive, <br><br> Defendants | CASE NO. 08-CV-59 <br><br> (CLASS ACTION) <br><br> **PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ERIC WELTER** <br><br> *Oral Argument Requested* <br><br> *Document Electronically Filed* <br><br> Date: March 21, 2008 <br> Time: 9:30 a.m. <br> Dept.: 4 <br> Judge: Hon. William Q. Hayes |

Plaintiff Kimberly Aleksick ("Plaintiff") objects to Exhibits A, B, C, D, E, and F attached to the Declaration of Eric Welter filed in Reply to Plaintiff KIMBERLY ALEKSICK's Opposition to Defendant 7-ELEVEN's Motion for Judgment on the Pleadings.

### DEFINITIONS

For purposes of this objection, the following definitions and supporting authority shall apply where indicated herein:

**Authentication:**     **Federal Rules of Evidence Rule 901**

(a) The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to

support a finding that the matter in question is what its proponent claims.

**Foundation:** **Federal Rules of Evidence Rule 602**

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.

**Relevance:** **Federal Rules of Evidence Rules 401 and 402**

Evidence must be relevant for it to be admissible.

**Hearsay:** **Federal Rules of Evidence Rule 801**

A statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

**Exhibit "A"**

Plaintiff objects to Exhibit A attached to the Declaration of Eric Welter filed in Reply to Plaintiff KIMBERLY ALEKSICK's Opposition to Defendant 7-ELEVEN's Motion for Judgment on the Pleadings as set forth below.

Paragraph 2.

Attached as Exhibit A is a true and correct copy of a letter dated June 1, 2007, from Eric C. Sohlgren, local counsel for Defendant 7-Eleven, to William B. Sullivan, counsel for Plaintiff, in which 7-Eleven provided Mr. Sullivan with a copy of its franchise agreement with Defendant Tucker.

**Grounds for Objections:**

Lack of authentication; lack of foundation; relevance; hearsay.

1 **Authority for Objections:** Please see Definitions, pages 1-2.

In Eric Welter's Declaration, he attaches as Exhibit A the June 1, 2007 letter from Eric Sohlgren to William Sullivan which includes a copy of the Franchise Agreement. These documents are patently irrelevant as they are outside the bounds of the pleadings and what the Court is allowed to consider on a Motion for Judgment on the Pleadings. Code of Civ. Proc. § 438(d); Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1990).

These documents are also hearsay, in that they are offered in evidence to prove the truth of the matter asserted, yet are made and/or allegedly authenticated by one other than the declarant.

Furthermore, Eric Welter does not represent that he has "personal knowledge" of the June 1, 2007 letter from Eric Sohlgren to William Sullivan or the Franchise Agreement because he did not draft or sign either of these documents. The only signature that appears on the June 1, 2007 letter is Eric Sohlgren's and the only signatures that appear on the Franchise Agreement are "Tom Lesser," "Steve Bonnville," "Michael Tucker," and "Jami Tucker." As such, these documents lack foundation and are not properly authenticated.

**Exhibit "B"**

Plaintiff objects to Exhibit B attached to the Declaration of Eric Welter filed in Reply to Plaintiff KIMBERLY ALEKSICK's Opposition to Defendant 7-ELEVEN's Motion for Judgment on the Pleadings as set forth below.

Paragraph 3.

Attached as Exhibit B are true and correct copies of documents produced by 7-Eleven in discovery to counsel for Plaintiff in connection with Defendant 7-Eleven, Inc.'s Responses and Objections to Plaintiff's Request for Production of Documents, Set Two (Bates Nos. 7-ELEVEN-00241 to 7-ELEVEN-00420), in which 7-Eleven produced to Plaintiff a complete copy of its franchise agreement with Defendant Tucker.

**Grounds for Objections:**

Lack of authentication; lack of foundation; relevance; hearsay.

1 | **Authority for Objections:** Please see Definitions, pages 1-2.

2 | In Eric Welter's Declaration, he attaches as Exhibit B documents produced by 7-Eleven in discovery, which include a copy of the Franchise Agreement. These documents are patently irrelevant as they are outside the bounds of the pleadings and what the Court is allowed to consider on a Motion for Judgment on the Pleadings. Code of Civ. Proc. § 438(d); Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1990).

These documents are also hearsay, in that they are offered in evidence to prove the truth of the matter asserted, yet are made and/or allegedly authenticated by one other than the declarant.

**Exhibit "C"**

Plaintiff objects to Exhibit C attached to the Declaration of Eric Welter filed in Reply to Plaintiff KIMBERLY ALEKSICK's Opposition to Defendant 7-ELEVEN's Motion for Judgment on the Pleadings as set forth below.

<u>Paragraph 4.</u>

Attached as Exhibit C are true and correct copies of documents produced by 7-Eleven in discovery to counsel for Plaintiff in connection with Defendant 7-Eleven, Inc.'s Responses and Objections to Plaintiff's Request for Production of Documents, Set Two (Bates Nos. 7-ELEVEN-00421, 7-ELEVEN-00529 to 7-ELEVEN-00571), which include a copy of 7-Eleven's franchise agreement from the 2007 California Uniform Franchise Offering Circular.

**Grounds for Objections:**

Lack of authentication; lack of foundation; relevance; hearsay.

**Authority for Objections:** Please see Definitions, pages 1-2.

In Eric Welter's Declaration, he attaches as Exhibit C documents produced by 7-Eleven in discovery, which include a copy of 7-Eleven's Franchise Agreement from the 2007 California Uniform Franchise Offering Circular. These documents are patently irrelevant as they are outside the bounds of the pleadings and what the Court is allowed to consider on a Motion for Judgment on the Pleadings. Code of Civ. Proc. § 438(d); Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1990).

1  These documents are also hearsay, in that they are offered in evidence to prove the truth of
2  the matter asserted, yet are made and/or allegedly authenticated by one other than the declarant.
3  **Exhibit "D"**
4  Plaintiff objects to Exhibit D attached to the Declaration of Eric Welter filed in Reply to
5  Plaintiff KIMBERLY ALEKSICK's Opposition to Defendant 7-ELEVEN's Motion for Judgment
6  on the Pleadings as set forth below.
7  Paragraph 5.
8  Attached as Exhibit D are true and correct copies of documents produced by 7-Eleven in
9  discovery to counsel for Plaintiff in connection with Defendant 7-Eleven, Inc.'s Responses and
10 Objections to Plaintiff's Request for Production of Documents, Set Two (Bates Nos. 7-ELEVEN-
11 00851, 7-ELEVEN-00959 to 7-ELEVEN-00974), which include a copy of 7-Eleven's franchise
12 agreement from the 2003 California Uniform Franchise Offering Circular.
13 **Grounds for Objections:**
14 Lack of authentication; lack of foundation; relevance; hearsay.
15 **Authority for Objections:** Please see Definitions, pages 1-2.
16 In Eric Welter's Declaration, he attaches as Exhibit D documents produced by 7-Eleven in
17 discovery, which include a copy of 7-Eleven's Franchise Agreement from the 2003 California
18 Uniform Franchise Offering Circular. These documents are patently irrelevant as they are outside
19 the bounds of the pleadings and what the Court is allowed to consider on a Motion for Judgment on
20 the Pleadings. Code of Civ. Proc. § 438(d); Hal Roach Studios, Inc. v. Richard Feiner and Co., 896
21 F.2d 1542, 1550 (9th Cir. 1990).
22 These documents are also hearsay, in that they are offered in evidence to prove the truth of
23 the matter asserted, yet are made and/or allegedly authenticated by one other than the declarant.
24 **Exhibit "E"**
25 Plaintiff objects to Exhibit E attached to the Declaration of Eric Welter filed in Reply to
26 Plaintiff KIMBERLY ALEKSICK's Opposition to Defendant 7-ELEVEN's Motion for Judgment
27 on the Pleadings as set forth below.
28

Paragraph 6.

Attached as Exhibit E are true and correct copies of documents produced by 7-Eleven in discovery to counsel for Plaintiff in connection with Defendant 7-Eleven, Inc.'s Responses and Objections to Plaintiff's Request for Production of Documents, Set Two (Bates Nos. 7-ELEVEN-01250, 7-ELEVEN-01354 to 7-ELEVEN-01391), which include a copy of 7-Eleven's franchise agreement from the 2006 California Uniform Franchise Offering Circular.

**Grounds for Objections:**

Lack of authentication; lack of foundation; relevance; hearsay.

**Authority for Objections:** Please see Definitions, pages 1-2.

In Eric Welter's Declaration, he attaches as Exhibit E documents produced by 7-Eleven in discovery, which include a copy of 7-Eleven's Franchise Agreement from the 2006 California Uniform Franchise Offering Circular. These documents are patently irrelevant as they are outside the bounds of the pleadings and what the Court is allowed to consider on a Motion for Judgment on the Pleadings. Code of Civ. Proc. § 438(d); <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1550 (9th Cir. 1990).

These documents are also hearsay, in that they are offered in evidence to prove the truth of the matter asserted, yet are made and/or allegedly authenticated by one other than the declarant.

**Exhibit "F"**

Plaintiff objects to Exhibit F attached to the Declaration of Eric Welter filed in Reply to Plaintiff KIMBERLY ALEKSICK's Opposition to Defendant 7-ELEVEN's Motion for Judgment on the Pleadings as set forth below.

Paragraph 7.

Attached as Exhibit F is a true and correct copy of Defendant 7-Eleven, Inc.'s Responses and Objections to Plaintiff's Request for Production of Documents, Set Two, which according to the proof of service were sent to William B. Sullivan, counsel for Plaintiff on August 16, 2007.

**Grounds for Objections:**

Lack of authentication; lack of foundation; relevance; hearsay.

**Authority for Objections:** Please see Definitions, pages 1-2.

In Eric Welter's Declaration, he attaches as Exhibit F documents produced by 7-Eleven in discovery and the proof of service. These documents are patently irrelevant as they are outside the bounds of the pleadings and what the Court is allowed to consider on a Motion for Judgment on the Pleadings. Code of Civ. Proc. § 438(d); <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1550 (9th Cir. 1990).

These documents are also hearsay, in that they are offered in evidence to prove the truth of the matter asserted, yet are made and/or allegedly authenticated by one other than the declarant.

Dated: March 3, 2008                                                                                       **SULLIVAN & CHRISTIANI, LLP**

/s/ Alison M. Miceli
_____
William B. Sullivan,
Alison M. Miceli,
Attorneys for Plaintiff,
KIMBERLY ALEKSICK