# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY ALEKSICK, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br>vs.<br>7-ELEVEN, INC., a Texas Corporation; MICHAEL TUCKER, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 08cv59 WQH (WMc)<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Motion to Remand (Doc. # 7) filed by Plaintiff Kimberly Aleksick.

## Background

  On or about April 16, 2007, Plaintiff Kimberly Aleksick ("Plaintiff") filed a class action Complaint against 7-Eleven, Inc. ("7-Eleven") and its franchisee Michael Tucker (collectively referred to as "Defendants") in the Superior Court for the State of California, County of Imperial. (Doc. # 1). The Complaint alleges a class of "approximately five thousand (5000)" present and former employees, and that Plaintiff worked as a "Sales Associate" of "Defendants" from 2005 until she was involuntarily terminated on February 20, 2007. *Complaint,* ¶ 11, 18. The Complaint contains factual allegations that "Defendants" engaged in the following unlawful conduct: requiring "Plaintiff and other

members in her class" to perform work during their mandated meal and rest periods; failing to provide "Plaintiff and the other members in her class" with their mandated off-duty meal and rest breaks; failing to provide "Plaintiff and other members in her class" with one hour of pay for each meal and rest period during which they performed work; failing to compensate "Plaintiff and other members of the class" for work performed in excess of eight hours a day and/or forty hours a week; failing to provide "Plaintiffs and other members of the class" with statutorily compliant itemized wage sheets; and requiring "Plaintiffs and other members of the class" to purchase and clean working uniforms using their own wages. *Id.* ¶¶ 20-34. The Complaint alleges that as a result of this conduct, "Defendants" violated sections 226.7, 510, 512, 2082 of the California Labor Code and have engaged in unlawful, unfair and/or fraudulent business practices in violation of section 17200 of the California Business and Professions Code. The Complaint seeks an order certifying the proposed class, compensatory damages and waiting time penalties for the California Labor Code violations, compensatory damages, lost back pay, injunctive relief, restitution pursuant to section 17200 of the California Business and Professions Code, an award of interest, an award of attorney's fees, and punitive and exemplary damages to the extent permissible. *Complaint,* p. 10-11.

On December 11, 2007, Plaintiff filed a First Amended Complaint ("FAC") in the Superior Court of California. The FAC alleges causes of action against Defendants for violations of the California Labor Code and California Business and Professions Code that are virtually identical to the allegations in the original Complaint. The FAC alleges additional causes of action against 7-Eleven for negligence, negligence per se, negligent interference with prospective economic advantage and for civil penalties pursuant to section 2699 of the California Labor Code. In support of the cause of action for negligence, the FAC alleges that 7-Eleven owed each class member a duty to ensure that each member was fully and completely paid all wages earned, and breached this duty by failing to comply with state requirements regarding the payment of minimum and overtime wages, and wages for non-complaint meal and rest periods. *FAC* ¶¶ 23-27. In support of

the cause of action for negligence per se, the FAC alleges that 7-Eleven has a statutory duty to ensure that each class member was fully and completely paid all wages earned and breached this duty by failing to comply with these statutory requirements. *FAC* ¶¶ 28-37. In support of the cause of action for negligent interference with prospective economic advantage, the FAC alleges that an economic relationship existed between 7-Eleven franchisees and their employees and that 7-Eleven interfered with this relationship by requiring third-party franchisees to use 7-Eleven as a "Bookkeeper/ Payroll Provider" and then using an "illegal 'rounding' technique" to deprive each member of the class of full compensation for wages earned. *FAC* ¶¶ 38-44. The FAC seeks an order certifying the proposed class, compensatory damages and waiting time penalties for the California Labor Code Violations, compensatory damages, lost back pay, injunctive relief, restitution pursuant to section 17200 of the California Business and Professions Code, an award of interest, an award of attorney's fees, and punitive and exemplary damages to the extent permissible. *Complaint,* p. 10-11.

On January 10, 2008, 7-Eleven removed this action to federal court. (Doc. # 1).

On January 24, 2008, Plaintiff filed a Motion to Remand. (Doc. # 7). On February 15, 2008, 7-Eleven filed a Response in Opposition to the Motion to Remand. (Doc. # 13). On February 25, 2008, Plaintiff filed a Reply. (Doc. # 18).

## **Analysis**

Plaintiff moves to remand the case to state court on grounds that 7-Eleven's notice of removal was untimely. Plaintiff contends that the California Labor Code violations alleged in the original Complaint "clearly establish" a potential damages amount over $5,000,000.00, and that the original Complaint alleges a class of approximately 5,000 former and present employees and diversity. *Mot. to Remand,* p. 12. Plaintiff contends that the original Complaint, filed on April 16, 2007, gave 7-Eleven sufficient notice that the action was removable under the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff contends that the notice of removal, which was filed nearly nine months after the original Complaint, was untimely because the notice of removal was not filed within "30 days of

1 defendant's receipt of an initial pleading setting forth a removable claim." 28 U.S.C. §
2 1446(b). Plaintiff further contends that the Ninth Circuit does not apply the so-called
3 "revival doctrine," which allows an amendment to a complaint to revive the period of
4 removal in a state court case if the amendment "changes the character of the litigation so as
5 to make it a substantially new suit." *See Braud v. Transport Serv. Co. of Ill.,* 445 F.3d 801,
6 806 (5th Cir. 2006). Plaintiff contends that even if the Ninth Circuit did recognize the
7 "revival doctrine," the doctrine is inapplicable to this case because the FAC is not "entirely
8 new and completely different" from the original Complaint such that the FAC constitutes a
9 "substantially new suit." *Reply,* p. 7.

10      7-Eleven contends that its "potential liability" on all causes of action in the original
11 Complaint was conditioned on a finding that 7-Eleven was Plaintiff's "employer along with
12 its franchisee Tucker." *Opposition,* p. 12. 7-Eleven contends that it was not Plaintiff's
13 employer because Tucker was an independent contractor of 7-Eleven, and that the
14 "practical effect of this fact-based determination would be to limit the scope of any
15 potential class action to Tucker's two stores." *Id.* 7-Eleven contends that the FAC changed
16 the nature of the case as against 7-Eleven because the FAC asserts three new negligence
17 claims against 7-Eleven only, which seek to impose direct liability against 7-Eleven and
18 may give rise to punitive damages. *Id.* at 13. 7-Eleven opposes the Motion to Remand on
19 grounds that the "well-settled 'revival exception'" restores 7-Eleven's right to remove this
20 action because the FAC "so changed the nature of this action as to constitute a new lawsuit
21 against 7-Eleven." *Opposition,* p. 1, 10.

22      When "considering a motion to remand, the district court accepts as true all relevant
23 allegations contained in the complaint and construes factual ambiguities in favor of the
24 plaintiff." *Willy v. Coastal Corp.,* 855 F.2d 1160, 1163-64 (5th Cir. 1988); accord *City of*
25 *Ann Arbor Emples. Ret. Sys. v. Gecht,* 2007 U.S. Dist. LEXIS 21928 (N.D. Cal. 2007). "In
26 measuring the amount in controversy, a court must assume that the allegations in the
27 complaint are true and assume that a jury will return a verdict for the plaintiff on all claims
28 made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.

1  Supp. 2d 992, 1001 (C.D. Cal. 2002).

2  Pursuant to 28 U.S.C. section 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). There is a "strong presumption" against removal jurisdiction, and courts construe removal statutes restrictively. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Pursuant to section 1446(b), an action must be removed within 30 days of a defendant's receipt of an initial pleading setting forth a removable claim. Otherwise, the defendant waives his right of removal. 28 U.S.C. § 1446(b); *see Cantrell v. Great Republic Inc. Co.,* 873 F.2d 1249, 1256 (9th Cir. 1989). "If the case is removable at the outset, it must be removed within the initial thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable.'" *Samura v. Kaiser Foundation Health Plan, Inc.,* 715 F. Supp. 970, 972 (N.D. Cal. 1989). Once waived, the right to removal is "generally waived for all time (and for all defendants), regardless of subsequent changes in the case." *Dunn v. Gaiam,* 166 F. Supp. 2d 1273, 1278-79 (C.D. Cal. 2001).

The so-called "revival exception" to the waiver of the right to removal is a "narrow, judicially-created exception" which holds that a right to removal may be "revived" in cases "where the plaintiff files an amended complaint that so changes the nature of [the] action as to constitute substantially a new suit begun that day." *Dunn,* 166 F. Supp. 2d at 1278-79*;* quoting *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Assoc.*, 668 F.2d 962, 965 (5th Cir. 1982). Circumstances which may trigger the "revival doctrine" include where a "plaintiff, seeking to mislead the defendant about the true nature of his suit and thereby dissuade him from removing it, included in his initial complaint filed in a state court an inconsequential but removable federal count unlikely to induce removal and then, after the time for removal had passed without action by the defendant, amended the complaint to add the true and weighty federal grounds that he had been holding back." *Wilson,* 668 F.2d at 965; *see also Dunn,* 166 F. Supp. at 1279. There "seem to be no reported cases in the Ninth Circuit of any court actually applying the 'revival exception' to salvage an otherwise-

waived statutory right of removal." *Dunn,* 166 F. Supp. at 1279.

The original Complaint alleged a class of 5,000 present and former employees, California Labor Code violations that, if proven, would exceed $5,000,000.00, and diversity. Accepting as true all relevant allegations in the original Complaint, the Court finds that the original Complaint, which was filed on April 16, 2007, was removable under CAFA. 7-Eleven concedes that the original Complaint was removable under CAFA and relies solely on the argument that the "revival exception" applies because the FAC so changed this action as to constitute a substantially new lawsuit against 7-Eleven.

The original Complaint was removable under CAFA, and the addition of negligence claims asserting direct liability against 7- Eleven does not make the case "more removable" or "again removable." *See Samura,* 715 F. Supp. at 972. There is also no indication that in filing the original Complaint, Plaintiff was seeking to mislead 7-Eleven about the true nature of this action to dissuade 7-Eleven from removing it. Accepting as true the allegations in the original Complaint and the FAC, the additions to the FAC do not change the scope in 7-Eleven's "potential liability, the alignment of the parties, or the general gravamen of the complaint, so dramatically as to overlook" 7-Eleven's waiver of the right to remove the case. *See Dunn,* 166 F. Supp. 2d at 1280 (holding that the addition of ten causes of action, including a claim under the federal RICO statute, to an initial complaint asserting causes of action arising in contract did not revive the right of removal). The Court finds that the FAC does not constitute a "substantially new suit." *See Dunn,* 166 F. Supp. 2d at 1278-79. Given the strict construction courts apply to the removal statutes and the "strong presumption" against removal jurisdiction, the Court concludes that the notice of removal, which was filed nearly nine months after the original Complaint was filed and served, was untimely. The Court will grant the Motion to Remand.

///
///
///
///

**Conclusion**

IT IS HEREBY ORDERED that the Motion to Remand (Doc. # 7) is **GRANTED.** The Court **REMANDS** this action to state court.

DATED: March 25, 2008

**WILLIAM Q. HAYES**
United States District Judge